LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan Limited, a Republic of Seychelles company, individually and d/b/a Porn.com; MXN Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual; *et. al.*,<br><br>Defendants. | Case No.  CV 16-1269 PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>(Before the Hon. David G. Campbell) |

Plaintiff AMA Multimedia LLC ("AMA") hereby responds to and opposes Defendants GLP 5, Inc. and Netmedia Services, Inc.'s (collectively "Defendants") request for an extension of time to respond to the Complaint in this matter.

First and foremost, Defendants misstate the factual background of this matter. This lawsuit arose after AMA made multiple good faith attempts to resolve its disputes with the Defendants **pre**-**litigation**.  *See*, Declaration of Adam Silverman attached here as **Exhibit 1**, incorporated by this reference.  While settlement discussions were not fruitful,

Defendants had notice of the lawsuit and an actual copy of the lawsuit in-hand since at least April 25th of this year – well before the lawsuit was even filed or served. *Id*.[1] Defendants' counsel, Erica Van Loon, was a party to the settlement discussions and was retained by some of the Defendants at that time. *Id*. Therefore, it is inaccurate for this Court to believe that Ms. Van Loon or the Defendants have not "had an opportunity to fully investigate the claims" or to "analyze the applicable law and facts" about this case. This is a stalling tactic and nothing more. *See*, **Exhibit 1**.

Second, this Court can be assured that Defendants are engaged in gamesmanship because Defendants' motion misstates that AMA counsel "flatly rejected" a professional courtesy of extending time to answer the Complaint. *See*, Declaration of undersigned counsel attached as **Exhibit 2**, incorporated by this reference. Rather, the Defendants have avoided service and have caused great expense and delay. *Id*. When Ms. Van Loon asked for a 30-day extension of time, AMA merely suggested that 30 days was acceptable if Ms. Van Loon would, in turn, accept service for the remaining Defendants. *Id*. Ms. Van Loon had already represented that she would "likely be retained by all of the defendants in this case." *Id*. Yet, she refused to accept service. *Id*. That is the epitome of gamesmanship.

Next, Defendants' request for an extension of time is predicated on its "likelihood" of needing to file "multiple motions to dismiss." Such a suggestion defies this Court's procedure. *See* Doc. 7, on file (Order re: Rule 12(b) motions discouraged).

---

[1] Mr. Silverman's Declaration is not included to disclose the **content** of the settlement discussions, but rather Mr. Silverman establishes that: 1) Defendants have known about this lawsuit since at least April of this year; 2) Defendants have purposefully avoided service of this lawsuit; and 3) Defendants filed a separate lawsuit in Barbados (but improperly effectuated service) and seek more time from this Court while that matter is pending before the Barbados Court. In short, Mr. Silverman asks this Court to consider the gamesmanship at play here.

1  This Court is abundantly clear that Fed. R. Civ. P. 12(b) motions are discouraged and that 2 parties must meet and confer, attempting to cure pleading deficiencies in lieu of motion 3 practice. Ms. Van Loon did not attempt to discuss any deficiencies but rather just 4 blanketly asked for a 30-day extension and then threatened a unilateral motion based on 5 "professional discourtesy." *See*, **Exhibit 2**. This does not justify a good faith basis for an 6 extension of time, nor does it meet this Court's procedure.

7  Finally, Defendant's counsel provides a declaration from Philip Bradbury 8 disclosing that he is the sole director, president, and secretary of GLP 5, Inc. *See*, Doc. 9 10-2, on file (Declaration of Philip Bradbury.) It should be noted that his Declaration 10 does not state that he is a shareholder or owner, of GLP 5, Inc., such that the liability of 11 this Complaint will not fall upon him. His own social media accounts state that he is a 12 Vice President at Netmedia Services, a separate co-defendant in this case. Mr. Bradbury 13 simply cannot be the only or "sole" person to assist in responding to this Complaint. 14 Furthermore, though Defendants suggest that "Mr. Bradbury will be in a remote part of 15 … Canada" and unable to help respond to the Complaint in this matter, Defendants have 16 had notice of this case and a copy of the Complaint since **April**, so it was not a surprise. 17 *See*, **Exhibit 1**. Mr. Bradbury attests that he has long known about his impending 18 vacation because "his family has upheld this tradition during the same week, every year, 19 for the past 61 years," so he should have factored that into this very important federal 20 court case. *See*, Doc. 10-2, *supra*. This is particularly true if Mr. Bradbury now claims 21 to be the "sole" person with knowledge and information about Defendant GLP 5's 22 defenses in this action.

23  For all of these reasons, AMA respectfully asks this Court to deny any extension 24 of time for Defendants GLP 5, Inc. and Netmedia Services, Inc. to answer the Complaint 25 against them. Additionally, if Ms. Van Loon intends to represent the remaining 26 Defendants as she has pronounced she is "likely" to do, AMA respectfully asks this Court

1  for an Order that Ms. Van Loon accept service for those defendants *or* that this Court
2  allow alternative service (by serving Ms. Van Loon in lieu of personal service) since she
3  has admitted she will be representing all of the Defendants and since at least Defendant
4  David Koonar has continually and systematically avoided/refused service.  (Affidavits of
5  attempted service can certainly be provided to the Court if necessary.)
6      DATED this 6th day of June, 2016.

**MANOLIO & FIRESTONE, PLC**

By:  /s/ Veronica L. Manolio
    Veronica L. Manolio
    8686 E. San Alberto Dr., Suite 200
    Scottsdale, Arizona 85258
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants GLP 5, Inc.
and Netmedia Services Inc.*

By:   /s/ Gina Murphy