IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>　　　　　　　　Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

　　　The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte* Motion for Leave for Alternative Service, having considered the issues raised therein, and being otherwise fully advised, it is hereby found that:

　　　Plaintiff seeks leave to serve Defendant David Koonar by alternative means pursuant to Fed.R.Civ.P. 4(h)(2) and Fed.R.Civ.P. 4(f)(3). Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the

manner prescribed by Rule 4(f) for individuals. Sufficient facts and evidence have been presented in this matter, including that:

1. Plaintiff located three physical addresses in Canada and in Italy that were purportedly associated with Defendant David Koonar.

2. Plaintiff has attempted service or investigated each of these addresses.

3. Each of these address have failed to be valid service addresses for Defendant David Koonar.

4. Plaintiff has routinely communicated with Defendant Koonar through the email address: producertm@gmail.com, including as recently as April 27, 2016, two days before this lawsuit was filed.

5. It appears from the undisputed evidence provided to the Court that Defendant David Koonar was represented by counsel, Corey Silverstein, in those settlement communications, and present counsel in this case (Erica Van Loon) was copied on at least one of the communications as sworn to this Court.

6. Defendant David Koonar appears to be listed as an Officer and Director of a named (and served) Defendant, GLP 5, Inc.

7. Defendant David Koonar conducts business through the internet, such that service by/through email would give sufficient notice and an opportunity to respond.

8. Issuing an Order allowing service via email would not be prohibited by international agreement.

In the absence of a valid street/physical address having been provided to Plaintiff, and in the likelihood that Defendant David Koonar already knows about this lawsuit (despite that Plaintiff cannot personally serve Defendant in either Canada or Italy), Plaintiff AMA cannot personally serve Defendant Koonar in either Canada or Italy. In view of the difficulty surrounding personal service, and good cause appearing,

- 3 -

1   **IT IS HEREBY ORDERED** granting Plaintiff AMA's Ex Parte Motion for
2   Alternative Service on Defendant David Koonar.  Plaintiff AMA may effectuate service
3   of process on Defendant David Koonar via his last known and and self-listed e-mail
4   address: producertm@gmail.com.  Service on Defendant David Koonar shall be deemed
5   valid upon transmission of an email to this Defendant, and Plaintiff shall file an
6   Affidavit/Certificate of Service with the Court.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

- 3 -