ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorney for Defendants*
*GLP 5, Inc. and Netmedia Services Inc.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

Defendants GLP 5, Inc. ("GLP 5") and Netmedia Services Inc. ("Netmedia"), by and through their counsel of record, file this Opposition to Plaintiff AMA Multimedia LLC's ("AMA") *Ex Parte* Motion for leave for Alternative Service ("Motion").

## I. INTRODUCTION

AMA burdens this Court with a needless *Ex Parte* Motion after conceding that it tried to serve Defendant David Koonar ("Koonar") at his business address a sum total of **once** and was told that he was not in that day. Declaration of Philip Bradbury ("Bradbury Decl.") at ¶ 3. With merely one attempt at service, AMA claims it "has exhausted all possible address options and is unable to locate a valid specific address for Defendant Koonar." Mot. at 4. Contrary to AMA's self-serving contentions, AMA has a valid business address for Mr. Koonar, 1785 Turner Road, Windsor, Ontario, Canada ("Turner Location"). Bradbury Decl., ¶ 2. In fact, AMA served co-defendant Netmedia at this same address on its first attempt and was told that Mr. Koonar was not in the office the day such service was attempted. *Id*. ¶ 3; Mot. at 4. Thus, AMA has not been diligent in attempting personal service and this Court's intervention is unnecessary.

Further, AMA counsel's continued gamesmanship in this matter is troubling. AMA filed this *Ex Parte* Motion less than two hours after meeting and conferring with counsel for GLP 5 and Netmedia on their contemplated motion to dismiss or stay this action. Declaration of Erica Van Loon ("Van Loon Decl."), ¶ 2, Ex. A. At no time during the call, did Ms. Manolio advise that she was filing this eleven page *Ex Parte* Motion or bother asking if she had Mr. Koonar's correct address before rushing into court for feigned emergency relief. *Id*. at ¶ 3. Ms. Manolio previously refused to extend the professional courtesy of agreeing to a first request for extension for GLP 5 to respond to the complaint, forcing GLP 5 to move this Court ex parte for an

extension.[1]  Dkt. 10.  Such tactics should not be tolerated and AMA should try to properly serve Mr. Koonar at his office or current residence before requesting alternative measures from the Court.  For its part, defendants' counsel will work with AMA counsel to set a specific date and time for service on Mr. Koonar at his principal place of business, the Turner Location.  Van Loon Decl. ¶ 5.

## II.  ARGUMENT

Before seeking an order of the court for alternative service, a plaintiff needs to "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  This Court has denied such requests where the plaintiff fails to show that personal service is impracticable.  *Alvarez v. Cty. of Maricopa*, 2010 WL 2594315, at *11 (D. Ariz. June 23, 2010) (denying motion for order authorizing alternative service where the plaintiff had made only *one* attempt to serve a defendant.)  Further, defendants' counsel is unaware of any case allowing personal service of a Canadian individual defendant via email.  Here, AMA fails to show that personal service of Mr. Koonar is impracticable after only one attempt at service at his office and none at his current residence.  AMA's motion should be denied and AMA should first make a diligent attempt at personal service.

### A.  AMA Has Not Been Diligent in Attempting Personal Service

According to AMA, it attempted to serve Mr. Koonar at three addresses: 538 Lisa Crescent, Windsor, Ontario, Canada ("Lisa Crescent Location"), 5060 Tecumseh Road East, Windsor, Ontario N8T 1C1 ("Tecumseh Location"), and the Turner Location.  Mot. at 3-4.  However, two of the three addresses are clearly not suitable for personal service of Mr. Koonar.  AMA acknowledges that Mr. Koonar is not the current owner of the Lisa Crescent Location.  *Id*. at 3.  AMA also accedes that the

---

[1] The Court granted GLP 5's motion the same day AMA filed its opposition.  Dkt. Nos. 11, 13.

Tecumseh Location is a "UPS Store/USPS Post Office Box, and personal service was not possible at [the Tecumseh Location.]" *Id.* Serving an outdated address or a P.O. Box should not be deemed a good faith attempt at personal service.

Further, AMA clearly recognizes that Mr. Koonar can be served at the Turner Location as this is also the office address of Netmedia. AMA knows that Mr. Koonar is affiliated with Netmedia, a co-defendant in this case, and was able to serve Netmedia at the Turner Location on June 1, 2016 on its first attempt. Mot. at 3-4; Dkt. 22-1, Declaration of Adam Silverman in support of AMA's Motion, ¶ 7; Dkt. 22-2, Affidavit of Attempted Service of David Lupton ("Lupton Affidavit"), ¶ 5. AMA's process server, David Lupton, affirmed that when he served Netmedia on June 1, 2016, he asked for Koonar but was told that "Koonar was not on site at the moment[.]" Lupton Affidavit, ¶ 5. Lupton did not return to the Turner Location. Instead, he "believe[d]" that one of his associates visited the Turner Location on June 7, 2016 but "was not buzzed into the secured office building" for unknown reason. *Id.* at ¶ 6. But that associate did not provide any sworn testimony to show that she actually visited the Turner Location on June 7 and was denied access to the office building. Thus, AMA's alleged second attempt on June 7 is not based on reliable evidence and should not be considered.

Despite having access to a valid business address for personal service, AMA only made one attempt at service at Mr. Koonar's principal place of business. Yet, AMA claims it "has exhausted all possible address options and is unable to locate a valid specific address for Defendant Koonar." Mot. at 4. Worse, AMA blames Mr. Koonar for its failure to serve and incredulously claims evasion, arguing, "[t]here is valid and justifiable reason to believe that Mr. Koonar is intentionally avoiding service and/or listing incorrect fictitious address(es) online so that personal service cannot be effectuated." *Id.* As illustrated above, AMA had access to a valid business address for Mr. Koonar, it just did not bother to diligently serve him there. Further, defendants' counsel is now agreeing to work with AMA counsel to set a specific date

1190461

and time for service of Mr. Koonar at the Turner Location. Van Loon Decl. ¶ 5. As AMA has not tried to serve Mr. Koonar with any diligence, its *Ex Parte* Motion should be denied.

### B. AMA's Gamesmanship Should Be Discouraged

About an hour and a half before filing the instant *Ex Parte* Motion, counsel for AMA, Ms. Manolio, was on the phone with counsel for Netmedia and GLP 5, meeting and conferring on a motion to dismiss or stay contemplated by Netmedia and GLP 5. Van Loon Decl., ¶ 2, Ex. A.  Ms. Manolio made no reference to the *Ex Parte* Motion she was planning to imminently file during the duration of this call. *Id.* at ¶ 3. Nor did she ask defendants' counsel for confirmation of Koonar's business or residential address or state she was having trouble effecting service. *Id.*  This is not the first time Ms. Manolio has acted unprofessionally in this matter. Indeed, she staunchly denied GLP 5's first request for an extension to respond to the complaint and stated she would only agree to this routine professional courtesy if GLP 5's counsel accepted service on every defendant's behalf. *Id*. at ¶ 4.  Such tactics should not be allowed.

### III. CONCLUSION

Based on the foregoing, Defendants GLP 5 and Netmedia respectfully request that the Court deny AMA's Motion.

DATED:  June 28, 2016

Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
ERICA J. VAN LOON

*Attorney for Defendants*
*GLP 5, Inc. and Netmedia Services Inc.*