LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>    Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S REPLY ON ITS MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

Plaintiff AMA Multimedia, LLC (hereinafter "AMA") sought alternative service (by electronic mail) on Defendant David Koonar ("Koonar").  While counsel for Defendants Netmedia Services, Inc. and GLP 5, Inc. (Ms. Erica Van Loon) has no standing to "oppose" alternative service on a party she does not represent, she boldly informed this Court she would "now agree[] to work with AMA counsel to set a specific date and time for service of Mr. Koonar…." Doc. 23 at p. 4, l. 28.  AMA attempted to accept Ms. Van Loon's offer, but it was not genuine in the first instance.

## I.  INTRODUCTION

Unfortunately, Court intervention is necessary here because the Defendants continue to play games and avoid service. Defense counsel has now gone so far as to mislead this Court about "agreeing to work with AMA counsel" on service while she pretends that it is AMA engaged in "gamesmanship." Her position is disingenuous.

AMA demonstrates sufficient grounds for alternative service on Mr. Koonar, as supported by the law. Defendants' position is unsupported by the law or the facts as they have occurred to date. Most importantly, AMA is not asking that any party be harmed or made to waive defenses; AMA merely asks this Court to make Defendants actually appear and defend and stop making a mockery of the protection(s) that personal service is intended to offer. Personal service is not a means of thwarting or evading a lawsuit; personal service is only meant to provide actual notice to parties. Defendants here can never argue a lack of "notice" but only want to engage in games.

## II.  REBUTTAL FACTS

### A.  There Were Multiple Attempts at Service on Mr. Koonar.

Contrary to Ms. Van Loon's assumptions, AMA attempted service of process on David Koonar at least six (6) times. *See*, Doc. 22-2 (on file); *see also*, Affidavit of Attempted Service of Carrie Schram attached here as **Exhibit A**, incorporated by this reference. Service was attempted on the residential address listed for Mr. Koonar online. *Id*. When that address proved to be invalid, a secondary online address was attempted. *Id*. That address was a P.O. Box, which the UPS Post Office Drop Box employee "confirmed that David Koonar" maintained. *Id*. at ¶4. This is not an "outdated" P.O. Box as argued in the Opposition; the UPS store confirmed Koonar's present status as a customer owning this box. *Id*. Service was attempted by leaving a business card, contact information and a request for Mr. Koonar directly. *Id*.

There were then four (4) separate attempts to serve Mr. Koonar at his known business address, Netmedia Services, Inc., 1785 Turner Road, Windsor, Ontario, N8W 3J9. *Id.* at ¶6. The process server (having previously served Netmedia at this same location) made 4 separate attempts/appearances to serve Mr. Koonar, but she was **expressly denied access or entry to the building**. *Id.*

## B. Defendant's Counsel Will Not Unconditionally Agree to Assist in Service of Defendant Koonar.

Ms. Van Loon accuses AMA of "gamesmanship" because AMA did not ask her directly for Mr. Koonar's address during a meet and confer telephone conference. There was no game involved; Ms. Van Loon had previously **expressly declined** to accept service for Mr. Koonar. *See*, Doc. 11-2 at ¶¶6-8. She was even asked to ask Mr. Koonar directly if he would "reconsider" and accept service. *Id.* at ¶10. Neither Ms. Van Loon nor Defendant Koonar would cooperate in completing service. *Id. all.* Therefore, there was no reason to "ask" again during the June 27th telephone conference that was about an entirely different topic– Defendants' Motion to Dismiss.

While Defendants are busy accusing AMA of "gamesmanship," they ignore that their own Declarant, Philip Bradbury, swore to this Court he was the "sole director, secretary, and president of GLP 5 Inc." (*See* Doc. 10-2). Defendant's basis for asking for an extension of time was due to (i) Ms. Van Loon stating she had just been retained and needed to "catch up" on the case (even though she was included on settlement emails from over a month prior to Defendant being served thus giving her more time than usual), and (ii) Mr. Bradbury having a family vacation, and him being the only person who could answer the Complaint. *See*, Doc. 10. Defendant Bradbury lied, with Defendant's counsel potentially being complicit in that lie as they both ignored that the State of Michigan paperwork provides that Mr. Koonar (not Philip Bradbury) is the person who holds these positions. *See*, Doc. 22-1. While Defendant Koonar holds

himself out to the State of Michigan as President, Secretary, Treasurer, and Director of GLP 5, Inc., with a Bingham Farms, MI address; while Defendants failed to address this issue when "opposing" whether Mr. Koonar should be alternatively served; and, while it has become abundantly clear the extension of time was a stall tactic, the only part(ies) who can be called on "gamesmanship" here are **Defendants**. *Id. all.*

Mr. Koonar previously (and intentionally) listed himself as having a Treviso, Italy address (*see*, Doc. 11-1), in Court filings. He lists himself with a Bingham Farms, MI address, in GLP 5, Inc. corporate documents. *See*, Doc. 10-2. Ms. Van Loon claims he works at the "valid business address" in Windsor, Ontarior, but prior court papers and corporate filings mislead the public. Ms. Van Loon also told this Court she would "work with AMA counsel" to complete service on Mr. Koonar, calling AMA's request "needless" and Court intervention "unnecessary." Yet, when AMA counsel specifically asked Ms. Van Loon for an agreement, she recanted. *See*, Declaration of Counsel as **Exhibit B** here. Very pointedly, undersigned counsel wrote to Ms. Van Loon:

> Finally, I received your opposition to our Motion for Leave for Alternative Service. I did not bring up that motion with you during our call because, as you told me previously, you would not accept service. I was not playing games with you – you expressly denied cooperation previously. I did not see any value in asking you for alternative addresses or asking again for what you had already denied. However, **in your Opposition, you agree to "work with AMA counsel to set a specific date and time for service on Mr. Koonar at his principal place of business." If you/your Client is willing to cooperate now, why don't we simply make an Agreement for service via email and utilize the procedures of efficiency that the Court encourages? I will be happy to withdraw the Motion for Leave upon an agreement/Stipulation for service. Please let me know if we can accomplish this without further Court intervention, as it has been my goal all along when asking for your cooperation in accepting service for the remaining Defendants.**

*See*, **Exhibit B** (emphasis added).

Ms. Van Loon would not agree to email service and did not provide any time/date/procedure for personal service on Mr. Koonar as she avowed to this Court. *Id.*

- 4 -

1 Instead, Ms. Van Loon offered "mutual agreed upon" service or "mutual dismissal" of
2 Mr. Koonar from this lawsuit and Mr. Silverman from the Barbados Complaint. *Id*.
3 That game **defies** what she told this Court.

4 Undersigned made **another** attempt to leave the Barbados Complaint/mutual
5 agreement out of this, again offering to take up Ms. Van Loon on her offer to "work
6 with AMA counsel" exactly as she promised this Court in her Declaration (Doc. 23-1).
7 *See*, **Exhibit B**. Undersigned asked for a "specific date and time for personal service of
8 Mr. Koonar at his principal place of business," just as offered. *Id.* None was given. *Id.*

### C. There is No Dispute About the History or Mr. Koonar's Email.

10 Finally, it is most important that this Court note: Defendants do not dispute
11 that Mr. Koonar was personally engaged in email communications with AMA just 2
12 days prior to the filing of this lawsuit. Defendants do not dispute that Mr. Koonar had
13 advance knowledge that this lawsuit was going to be filed; that Mr. Koonar was
14 engaged in settlement discussions with AMA; that Mr. Koonar asked for "time" to
15 evaluate the settlement; or, that he ran out and filed the Barbados Claim knowing this
16 lawsuit was about to be filed. Ms. Van Loon does not even dispute that she,
17 personally, was copied on those email communications.

18 Furthermore, Defendants do not dispute that Mr. Koonar routinely communicates
19 through the email address producertm@gmail.com, nor that email is a regular and
20 customary part of Mr. Koonar's business.

### III. REBUTTAL LAW AND ARGUMENT

23 Contrary to Defendants' arguments, AMA is not required to demonstrate multiple
24 "diligent attempt[s] at personal service" before this Court can grant alternative service.
25 Quite opposite, in *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002),
26 the Ninth Circuit reasoned that there are "no qualifiers or limitations" on the availability

- 5 -

of alternative service of process under Fed.R.Civ.P. 4(f)(3). *Id*. at 1014-1015. The *Rio* Court clarified that a party is not required to attempt service of process under Rule 4(f)(2) before seeking alternative service, and neither the Rule's text nor structure dictates prior attempts be made. *Id*. Not even the advisory committee notes of Rule 4(f)(3) hint that alternative service must come after attempts at personal service. *Id*. In fact, the advisory committee notes indicate that alternative service of process **is specifically available without first attempting service by other means**. *Id*. Alternative service can be granted "even if other means of service remain incomplete or unattempted." *Id*.

While Ms. Van Loon wishes to argue about the number/attempts at personal service on Mr. Koonar, this Court has wide discretion to determine the particularities and necessities of this given case. *Id*. at 1016, disapproving of *Graval v. P.T. Bakrie & Bros.*, 986 F.Supp. 1326, 1330 (C.D. Cal. 1996). Trial courts like this Court have the leeway to allow alternative service by publication, ordinary mail, delivery to the defendant's attorney, fax, and email. *Id*. at 1016 (other citations omitted). In *Rio* one of the precise facts on which the trial court relied was that counsel was "consulted" by the defendants but then "politely declined" to accept service. *Id*. at 1013, 1016. Another explicit fact in the *Rio* case was that the foreign defendant maintained email for business purposes and preferred communication via email. *Id*. at 1013. Those facts mirror our own.

Ms. Van Loon has acknowledged that she is "likely" to represent all of the Defendants in this action, yet she has declined to accept service for Mr. Koonar (whether "politely" or not). *See*, Doc. 10-1; Doc. 11-2. Even when asked to "reconsider" accepting service and to allow efficiency of this proceeding, defense counsel refused cooperation. *See*, **Exhibit B**. Like in the *Rio* case, these facts should permit for alternative service on Mr. Koonar (via counsel or via email).

As conceded in the "Opposition," Mr. Koonar conducts business solely, or largely, using the Internet. Mr. Koonar is technologically advanced and familiar with

- 6 -

multitudes of online platforms, as this case surrounds online media, websites, and infringement via online interaction; computer technology is a focal point of the action. Mr. Koonar's known email address is valid and has been a successful mode of direct communication with him, including that Ms. Van Loon herself has been copied and has been privy to email communications between AMA and Mr. Koonar preceding this litigation. Again, under the *Rio* analysis and its progeny, these facts justify alternative service by email.

Service by email and/or service on Ms. Van Loon/her firm are proper here.

## IV.  CONCLUSION

Following *Rio Props., supra*, 284 F.3d at 1017, we should not lose sight of what service of process is about. Personal service is not intended as a "shield," but is only a way to verify that a party has proper **Notice** of the pendency of an action and the opportunity to respond. *Id.* All that is required by Rule 4(f)(3) Fed.R.Civ.P. is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." The facts of this matter show that Defendant David Koonar is more than "likely" apprised of the lawsuit already, as he is the "President, Secretary, Treasurer, and Director of GLP 5, Inc." – a party already served. Mr. Koonar is more than "likely" aware of the lawsuit since Ms. Van Loon has avowed she had authority to set a "specific date and time for personal service of Mr. Koonar." *See*, Doc. 23-1. And, Mr. Koonar is more than "likely" aware of this lawsuit since he was given advance Notice and a copy of the Complaint before suit was ever filed. *See*, Doc. 22-1. This Court should now authorize alternative means for service – either via email, via counsel, or both – on Defendant David Koonar. At a minimum, there is no reason to delay service to Mr. Koonar at the email address: producertm@gmail.com, a regular and efficient means of communicating with this Defendant.

AMA also respectfully requests that it be awarded its attorneys' fees and costs for having to seek alternative relief, especially when Defendants agreed to set a time for service and then did not follow through on the offer/avowal made to the Court.

DATED this 7th day of July, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants GLP 5, Inc.
and Netmedia Services Inc.*

By: /s/ Gina Murphy