EXHIBIT B

LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**DECLARATION OF VERONICA MANOLIO IN SUPPORT OF PLAINTIFF AMA MULTIMEDIA, LLC'S REPLY ON ITS MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

I, Veronica Manolio, declare:

1. I am a principal attorney with the law firm of Manolio & Firestone, PLC, attorneys for AMA Multimedia, LLC ("AMA"), Plaintiff in this matter; I have personal knowledge of the facts contained herein this declaration and, if called and sworn as a witness, could and would competently testify thereto.

2. This Declaration is limited to the issues surrounding Plaintiff's request for alternative service on Defendant David Koonar.

3.     Following the Motion for Leave for Alternative Service (Doc. 22) that I filed on June 27, 2016, and Ms. Van Loon's Response/Opposition (Doc. 23) filed on June 28, 2016, I personally reached out to Ms. Van Loon via email to accept her offer to "work with AMA counsel to set a specific date and time for service on Mr. Koonar at his principal place of business" as she avowed in Doc. 23, on file with this Court. A true and correct copy of my email communication is attached to this Declaration as **Exhibit 1**.

4.     Ms. Van Loon recanted her offer and instead made a **new** offer that she would agree to a mutual service of the Barbados Complaint on Adam Silverman, in exchange for service on David Koonar and/or she would agree to mutual dismissal of these two individuals. *See*, **Exhibit 1** at p. 2.

5.     I responded to Ms. Van Loon and reminded her that she had "informed the Court" she would assist "in effectuating personal service on Koonar," and I once again asked her to give us the terms for which personal service could be completed **without further Court involvement**. *See*, **Exhibit 1** at p. 1.

6.     Ms. Van Loon has not responded to my email and has never provided any terms for cooperation or assistance to have Mr. Koonar personally served as she avowed to this Court that she would.

I declare under the penalty of perjury under the laws of both Arizona and of the United States of America that the foregoing is true and correct.

Executed on the 7th day of July, 2016 at Scottsdale, Arizona.

*/s/ Veronica L. Manolio*
Veronica L. Manolio

- 2 -

# EXHIBIT 1

| | |
|---|---|
| **From:** | Veronica L. Manolio |
| **Sent:** | Wednesday, July 06, 2016 12:04 PM |
| **To:** | 'Erica Van Loon' |
| **Cc:** | Spencer Freeman |
| **Subject:** | RE: AMA v. Porn.com |

Erica,

I spoke to my client, and he rejects the offer of mutually agreeing to service of the Barbados claim, or dismissing Mr. Koonar from this case.  Furthermore, he is adamant that he is not "evading" service of the Barbados claim, and he believes your client may not have even attempted service at this time.  But he has separate counsel in the Barbados matter, and I do not represent in that case.

Regardless, when you filed your Declaration and informed the Court you would assist or cooperate in effectuating personal service on Koonar, you did not mention this would be an exchange or negotiation.  So I am giving you an opportunity to assist before I need to file any Reply.

Please give me the terms by which you will agree to arrange service on Mr. Koonar, as you told the Court you would do voluntarily.  I'm asking that you outline the terms (email is perfectly fine) by the end of the day today, so that I can avoid filing any Reply, and we can resolve this amicably.  I am sure the Court will be pleased if we can avoid further involvement.


*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

---

**From:** Erica Van Loon [mailto:evanloon@glaserweil.com]
**Sent:** Tuesday, July 05, 2016 1:26 PM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Cc:** Spencer Freeman <sfreeman@freemanlawfirm.org>
**Subject:** RE: AMA v. Porn.com

Veronica,

The information we relayed to you regarding Netmedia and GLP 5 is accurate.

Your conduct in this matter speaks for itself.

We already sent you the bases for our motion to stay on June 21 and met with you by phone on June 27, but are happy to meet and confer again on this issue. Let us know when you would like to do so.

1

As for service of Mr. Koonar, we understand that Mr. Silverman has been evading service of the Barbados complaint. It would make the most sense to set up a mutual agreed upon date and time for service of both individuals. Alternatively, we would also agree to a mutual dismissal of these individually named defendants from each suit. Let us know how you would like to proceed.

Best,
Erica

---

**From:** Veronica L. Manolio [mailto:vmanolio@mf-firm.com]
**Sent:** Friday, July 1, 2016 11:50 AM
**To:** Erica Van Loon
**Cc:** Spencer Freeman
**Subject:** AMA v. Porn.com

Erica,

Thank you for the time on the phone on Monday regarding your client's potential motion to dismiss for lack of jurisdiction. As both Spencer and I indicated, we followed up with our client on the factual issues.

On the phone, you represented that there was no jurisdiction for GLP 5 because GLP 5 was only a transaction/processing company. You specifically stated that GLP 5 was NOT operating as Traffic Force. However, the Terms of Service for TrafficForce.com contradicts your argument and establishes that GLP 5 Inc. is Traffic Force. Therefore, we believe your client is not being entirely candid – either with us or with you.

Regarding Netmedia Services, you stated that Netmedia had very minimal role, although undefined, with Porn.com and nothing to do with the allegations in the lawsuit and nothing to do in the United States. Again, we have reason to believe that Netmedia Services is part of the overall operation of Porn.com. It appears to be the company that employs everyone and likely the only real operational company.

Because our initial research shows a different picture than your representations, we think your client(s) are showing an unwillingness to be truthful and are playing a game of "corporation shuffle" of sorts. Absent any proof from your side, we simply cannot agree to dismissal of either GLP 5, Inc. or Netmedia Services at this juncture. The allegations stand and, at a minimum, the issues are ripe for discovery.

Obviously, if you have evidence that contradicts our position or that supports your verbal assertions, we welcome the opportunity to receive and review the evidence and will absolutely reconsider our positions/allegations. But the verbal indications you gave do not seem to comport with actual evidence/documentation.

I also realize that we failed to discuss the potential Motion for Stay on Monday. Please let us know your arguments that would warrant such a stay in these circumstances.

Finally, I received your opposition to our Motion for Leave for Alternative Service. I did not bring up that motion with you during our call because, as you told me previously, you would not accept service. I was not playing games with you – you expressly denied cooperation previously. I did not see any value in asking you for alternative addresses or asking again for what you had already denied. However, in your Opposition, you agree to "work with AMA counsel to set a specific date and time for service on Mr. Koonar at his principal place of business." If you/your Client is willing to cooperate now, why don't we simply make an Agreement for service via email and utilize the procedures of efficiency that the Court encourages? I will be happy to

withdraw the Motion for Leave upon an agreement/Stipulation for service.  Please let me know if we can accomplish this without further Court intervention, as it has been my goal all along when asking for your cooperation in accepting service for the remaining Defendants.

I look forward to hearing back from you.  If you can please answer the question about alternative service by mid-next week (due to the holiday), I would appreciate that.  I would love to resolve it amongst ourselves rather than to "bicker" or keep throwing around the words "gamesmanship" in Judge Campbell's Court.  Let us get to the meat/substance of this matter and stop wasting time on procedural issues.

Enjoy the long weekend.


Sincerely,

*Veronica*


### PLEASE NOTE OUR NEW ADDRESS

**Veronica L. Manolio**
*Attorney at Law*
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
(480) 222-9106 - Fax
www.mf-firm.com

**NOTICE:**  The information contained in this e-mail message is attorney privileged and confidential information, intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone at (480) 222-9100 or reply by e-mail and delete and/or discard the message.

Although this e-mail and any attachments are believed to be free of any virus or other defect that may affect any computer or computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by MANOLIO & FIRESTONE, PLC for any loss or damage arising in any way from this communication.  Thank you.