ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorney for Defendants*
*GLP 5, Inc. and Netmedia Services Inc.*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>           Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>           Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE** |

Defendants GLP 5, Inc. ("GLP 5") and Netmedia Services Inc. ("Netmedia"), by and through their counsel of record, file this Surreply to Plaintiff AMA Multimedia LLC's ("AMA") *Ex Parte* Motion for leave for Alternative Service ("Motion").

## I.   INTRODUCTION

As demonstrated in GLP 5 and Netmedia's Opposition to AMA's Motion ("Opposition"), AMA has not been diligent or reasonable in attempting personal service of Mr. Koonar. AMA's own records indicate that there was only one attempt at personal service of Mr. Koonar at his business address, the Turner Location. Dkt. 22-2, at 6-8. It is also no surprise that AMA's attempts to personally serve a P.O. Box were futile.

Further, AMA counsel's repeated ad hominem attacks on defendants' counsel and defendants are unwarranted. First, defendants' counsel was not retained in this matter until May 4, 2016 and was not copied on settlement communications with opposing counsel before such engagement. Supplemental Declaration of Erica J. Van Loon ("Suppl. Van Loon Decl."), ¶ 2. Second, Philip Bradbury has truthfully declared under oath that he is the sole director, president, and secretary of Defendant GLP 5, Inc. Supplemental Declaration of Philip Bradbury ("Suppl. Bradbury Decl."), ¶¶ 2-3, Ex. 1.

Finally, defendants counsel's email to AMA's counsel to request mutual personal service of Mr. Koonar and of AMA's managing member and President, Adam Silverman, was reasonable and appropriate under the circumstances. Defendants' counsel was advised after the filing of the Opposition that Mr. Silverman has been evading service of the related Barbados complaint. Suppl. Van Loon Decl., ¶ 3. As admitted in AMA's moving papers, Mr. Silverman has directly sent settlement communications to defendants in this action via email, so AMA counsel's statement that Mr. Silverman is not her client is simply not credible. Mot. at 3. Defendants counsel's offer to mutually serve Mr. Koonar and Mr. Silverman at an agreed upon date and time remains open. For this reason and the reasons stated in the Opposition, AMA's *ex parte* application to serve Mr. Koonar by email should be denied.

## II. ARGUMENT

### A. AMA Has Not Been Diligent; Defendants Are Only Aware of One Attempt at Serving of Mr. Koonar at a Valid Address

Any attempt to personally serve a P.O. Box would be futile. AMA's continued reliance on such tactics to show diligence in attempting to personally serve Mr. Koonar is absurd. Even after learning that it could serve Mr. Koonar at the Turner Location, AMA has refused to make any further attempts at personal service there and instead wastes time on this non-emergency *ex parte* request.

Despite AMA's claims that it "attempted service of process on David Koonar at least six (6) times[,]" the evidence it provided to the Court shows that it made at best a total of four attempts: one attempt at the Lisa Crescent Location, one attempt at the Tecumseh Location, and one plausible and one unverified attempt at the Turner Location. Dkt. 22-2, at 6-8; Dkt. 26-1, at 2-4. As conceded by AMA, the Lisa Crescent Location and the Tecumseh Location are not suitable for personal service. Mot. at 3. Further, GLP 5 and Netmedia are only aware of one attempt at service of Mr. Koonar at the Turner Location on June 1, 2016. *See* Declaration of Philip Bradbury in support of Defendants' Opposition to Plaintiff's Ex Parte Motion for Alternative Service, Dkt. 23-2, ¶ 3. AMA's arguments that it has been diligent in trying to serve Mr. Koonar are simply not credible.

### B. Mutual Service of Koonar and Silverman Is Warranted

After filing their Opposition, defendants' counsel learned that Adam Silverman, managing member and President of AMA, has been evading service of the related action pending before the Supreme Court of Barbados, *Cyberweb LTD, et al. v. AMA Multimedia LLC, et al.*, Claim No. CV600-2016 ("Barbados Action"). Suppl. Van Loon Decl., ¶¶ 3-5, Exs. A-B; Declaration of Adam Silverman in support of Plaintiff AMA Multimedia, LLC's Ex Parte Motion for Leave for Alternative Service, Dkt. 22-1, ¶ 2. Defendants have made a total of thirteen attempts at serving Mr. Silverman, to no avail. Supp. Bradbury Decl., ¶¶ 4-5. As AMA points out in its Reply, "[p]ersonal service is not intended as a 'shield,' but is only a way to verify that a party has proper **Notice** of the pendency of an action and

opportunity to respond." Reply at 7 (emphasis original). As a managing member and President of AMA and the person at AMA who has corresponded with defendants regarding settlement, Mr. Silverman should already have notice of the Barbados Action yet continues to evade service of process. Defendants counsel's offer to mutually agree to a date and time to personally serve Mr. Koonar and Mr. Silverman at the same time still stands.

### III. CONCLUSION

Based on the foregoing, Defendants GLP 5 and Netmedia respectfully request that the Court deny AMA's Motion.

DATED: July 13, 2016

Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
ERICA J. VAN LOON

*Attorney for Defendants*
*GLP 5, Inc. and Netmedia Services Inc.*