# **EXHIBIT D**

# **Barbados Corporation Search**

CYBERWEB LTD.

# 28629            (IBC)

Date Inc.         2007-04-30

Certificate of Amendment dated 2015-01-13      (name change)

Prior name:  MXN LTD.

Nature of Business:     Internet Marketing, company primarly in the USA

Registered Office:      "Coconut Creek House"
                        Derricks, St.James

Mail Address:           "Coconut Creek House"
                        Derricks, St.James

Directors as of: 2013-09-20

Paul Raynor Keating      -    4 Eaton Place, Flat 4 London SW1X 8AD, U.K.

Kristen Edward Richardson  -  63 Edgehill Heights, St.Thomas


Previous Registered Office  -  Suite 29 1st Floor Beckwith Mall.

2008-02-17:
Resignation of David Singh Koonar

# EXHIBIT E

# Email Thread From Ross Alan Re: Content Partnership Agreement



---------- Forwarded message ----------
From: **Ross Allan** <ross@netmsi.com>
Date: Tue, Sep 18, 2012 at 4:55 AM
Subject: Re: paidperview.com
To: Lewis Thornton <lewis@fuckyoucash.com>
Cc: Adam Silverman <silverman.adam@gmail.com>, Glen Camara <glen@netmsi.com>


Excellent Lewis. Glad you are almost ready to get going.
If you need anything further, Glen or Kris are only too happy to help.


Ross


On Sun, Sep 16, 2012 at 9:22 PM, Lewis Thornton <lewis@fuckyoucash.com> wrote:
> Hi Ross,
>
> Thank you for the assistance. I have been talking with Kris and had this all sorted / approved and ready to go. Our media guys will start uploading clips Monday morning.
>
> Thank you Ross, hope you are well and talk soon.
>
> Kind Regards,
>
> Lewis
>
>
> On 14/09/2012 5:46 PM, Ross Allan wrote:
>
>> Hey Lewis
>>
>> I'm cc'ing Glen on this email who will be able to answer those questions for you better, I'm not as familiar with Paidperview as he is.
>>
>> Glen can you answer the questions below for Lewis? Also, let him know if his videos were approved yet.
>>
>>
>> Thanks in advance
>> Ross

On Mon, Sep 10, 2012 at 10:56 PM, Lewis Thornton <lewis@fuckyoucash.com> wrote:
> Hi Ross,
>
> Thank you, I have gone a head and added a few of our sites in which are now pending. I am awaiting a new banner for one of our other sites before I add that tomorrow.
>
> Could you please approve the sites, also, are we able to edit the banner displayed for PornPros as I see that was already added in by the admin.
>
> Thank you Ross, once its all approved I will have my media staff start uploading.
>
> Talk soon,
>
> Kind Regards,
>
> Lewis
>
>
> On 10/09/2012 11:22 PM, Ross Allan wrote:
>> Hey Lewis
>>
>> Your account is approved and ready for use.
>> From here you can do everything in the admin, you need to go in and add your sites, you'll need a 200x80 banner for every site for under the player page.
>> If you want to have a Channel, you can create them, Adam mentioned he didn't so just skip that part.
>>
>> Other than that, everything is really easy, you can start uploading your videos too, we'll approve everything for you and you'll start to get videos live.
>> If you need any help with anything at all feel free to call me at the office on 519 987 0600. I'm leaving the office today to fly home to Scotland for 10 days, I'll still be checking in on emails and will actually be in a better time zone for you given you are in Australia. So let me know what you need.
>>
>>
>> Thanks
>> Ross
>>
>> On Mon, Sep 10, 2012 at 12:51 AM, Lewis Thornton <lewis@fuckyoucash.com> wrote:
>>> Hi Ross,
>>>
>>> I wanted to touch base with you and discuss getting this set up. What do you guys need to get this going?
>>>
>>> I have created an account at PaidPerView under the username "pornpros" - Please advise on how to proceed from here.

8/7/2016

We have a large selection of content from our Passion-HD and PureMature sites, as well as our PornPros network. Let me know if you need anything in terms of marketing material or further.

Thanks Ross, talk soon.

Kind Regards,

Lewis

On 8/09/2012 4:44 AM, Ross Allan wrote:
> Sounds good Lewis. Have a great weekend!
>
> On Thu, Sep 6, 2012 at 9:25 PM, Lewis Thornton <lewis@fuckyoucash.com> wrote:
>> Hi Adam,
>>
>> Sounds good mate, I am keen to see get our videos on porn.com. Lets discuss this and get back to you soon Ross.
>>
>> Thank you,
>>
>> Kind regards,
>>
>> Lewis
>>
>> On 7/09/2012 2:00 AM, Adam Silverman wrote:
>>> Lewis,
>>>
>>> Check it out, basically a tube submission progrma for porn.com that also includes a payout for views. Ross, who works for the program contacted me.
>>>
>>> I think it's worth a test, hit me up privately to discuss. There is a channel option, I think we should turn this down and simply submit our videos and give it a test run.
>>>
>>> -a.
>>>
>>> --
>>> Respectfully Yours,
>>>
>>> Adam Silverman

8/7/2016

--
Lewis
lewis@fuckyoucash.com
ICQ 338 009 296

--
Ross Allan
Traffic Force
ICQ: 164643450
Skype: Rosscoe17

--
Lewis
lewis@fuckyoucash.com
ICQ 338 009 296

--
Ross Allan
Traffic Force
ICQ: 164643450
Skype: Rosscoe17

--
Lewis
lewis@fuckyoucash.com
ICQ 338 009 296

--
Ross Allan
Traffic Force
ICQ: 164643450
Skype: Rosscoe17

--
Lewis
lewis@fuckyoucash.com
ICQ 338 009 296

8/7/2016

--
Ross Allan
Traffic Force
ICQ: 164643450
Skype: Rosscoe17


--
Respectfully Yours,

Adam Silverman

8/7/2016

# EXHIBIT F

# Statement of Claim
# Barbados Claim





DRAWN AND PREPARED BY

**ZARINA KHAN**
ATTORNEY-AT-LAW
Prospect Chambers
"Summerland House"
Prospect Road, St James
BB24003, Barbados

SUPREME COURT OF BARBADOS

IN THE HIGH COURT OF JUSTICE

CLAIM NO. CV 600/2016

BETWEEN:

**CYBERWEB LTD**

**NETMEDIA SERVICES INC**

**SAGAN LTD**

**GLP 5 INC**

**GIM CORP**

**DAVID KOONAR**                                                                                 **CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**

**ADAM SILVERMAN**                                                                             **DEFENDANTS**

### STATEMENT OF CLAIM

1. The Claimants collaborate to carry on business online on the world-wide-web.

   1.1 The First Claimant, Cyberweb Ltd, is an International Business Company incorporated in Barbados and licensed under the International Business Companies Act CAP of the Laws of Barbados and having its registered office situate at Coconut Creek House, Derricks in the parish of Saint James in Barbados.

   1.1.1 Cyberweb Ltd is in the owner and/or operator of one or more Internet web sites, which provide inter-alia specific types of entertainment formatted for a defined category of users.



1.2 The second named Claimant, Netmedia Services Inc., is a limited liability company incorporated in Canada and which has its registered office situate at 5060 Tecumseh Road East, Windsor, Ontario Canada.

1.2.1 Netmedia has a technical services agreement with Cyberweb Ltd. pursuant to which it provides certain general services pertaining to maintenance and operation of Cyberweb Ltd. websites

1.3 The Third named Claimant, Sagan Ltd., is a company incorporated in the Seychelles and has its registered office situate at Suite 9 Asuya Estate, Revolution Avenue, Victoria Mahe in the Seychelles.

1.3.1 Sagan Ltd. is the legal owner and/or operator and/or operator of one or more internet web sites which provide inter-alia specific types of entertainment formatted for a defined category of users.

1.4 The Fifth named Claimant, GIM CORP, is an International Business Company incorporated in Barbados and licensed under the International Business Companies Act CAP of the Laws of Barbados and having its registered office situate at Coconut Creek House, Derricks in the parish of St James in Barbados.

1.5.1 GIM Corp is an aggregator of content for use on websites. It obtains such content from third parties by purchase or license for distribution via the websites owned and/or operated by the other Claimants as stated herein.

2. On or about the 10th day of September, 2012 GIM Corp entered into an agreement titled "Content Partner Revenue Sharing Agreement" (hereafter "RSA") with the Defendants whereby the Defendants agreed to provide certain web content for distribution by GIM Corp and its affiliates on websites owned and/or operated by the Claimants as hereinbefore stated at paragraph 1.

2.1 The RSA was entered into in the following manner:
   (i) On the 10th September 2012 at 00:49:09 a.m. the Defendants made an online application for an account with GIM Corp from the IP address 110.142.72.225;
   (ii) GIM Corp sent to the Defendants an Email confirmation on 2012-09-10 00:49:29 of the Defendants' request for the account from the IP address 110.142.72.225;
   (iii) The opening of the account was approved by GIM Corp on the 2012-09-10 at 09:07:36 a.m.

 (iv) The contract was entered into by the Defendant 2012-09-10 at 20:54:40 p.m. by the Defendant logging in and accepting the terms of the contract by utilizing a click through acceptance on the internet.

3. The RSA formed an integral part of GIM Corp "Revenue Sharing Program" created and operated by the Claimant GIM Corp.

3.1 Agreeing to the RSA was a condition precedent to participation in that Revenue Sharing Program. If the Defendant/customer did not agree to the RSA they were not given access to the revenue sharing program and could not upload their content or materials.

4. In consideration thereof the Defendants became part of the GIM Corp Revenue Sharing Program and entitled to share in certain of the revenues generated under that Program.

4.1 The RSA and Revenue Sharing Program allowed for the Defendant content owners who had agreed to license their content under the RSA to provide content to GIM Corp and, in exchange for permitting GIM Corp to distribute such content to receive a percentage of certain advertising revenues earned in connection with the display of such content on various websites, including those owned and/or operated by one or more of the other Claimants including the websites referred to in paragraph 1 herein.

4.2 The RSA specifically provided the Licensee and its affiliates thereunder the right to make available for stream or download content provided by the Licensor. Such rights are articulated in the definition of the Purpose of the RSA, which recites as facts the following:

> Clause B "Licensee (here, Defendants) desires to provide the Content to end users of a single/(group of) website(s) (the "Website(s)") on the Worldwide Web, who's advertisements are controlled by the Traffic Force Advertising Management System, ("Traffic Force"), at which Licensee can stream and provide downloading of video and audio Content over electronic devices, including without limitation desktop and laptop computers, handheld receivers and wireless phones, to end users. (the "Purpose"). "

> Clause C "Licensor desires to make the Content available to Licensee for use on the Website(s) in order to be eligible to take part in the Content Partner Advertising Revenue Sharing Program (currently located on http://www.paidperview.com), and obtain compensation therewith. "

4.3 The defined term "Websites", as provided above, "includes those websites on the worldwide web, whose advertisements are controlled by the Traffic Force Advertising

Management System, ("Traffic Force"), at which Licensee can stream and provide downloading or video and audio content over electronic devises...(the "purpose")"

4.4 Each of the Claimants, including Cyberweb Ltd., Netmedia Services Inc., and Sagan Ltd. derive benefits under the RSA, including as follows:

    4.4.1 The website(s) owned/controlled by Cyberweb Ltd. (and any other Claimant) is supported by an advertising management system - Traffic Force;

    4.4.2 SAGAN LTD provides services to and for the benefit of Cyberweb Ltd., including, without limitation, domain name management services.

    4.4.3 Claimant Netmedia Services Inc. provides technical programming, design and other services, which may be related to the uploading of content to websites that are supported by an advertising management system - Traffic Force for the benefit of Traffic Force, GIM Corp., SAGAN Ltd., and Cyberweb Ltd.; and,

    4.4.4 GIM CORP. owns and operates the Revenue Sharing Program pursuant to which customers, including Defendants, who have agreed to the RSA participate and pursuant to which such customers, including Defendants, benefit from revenues generated from advertisements appearing on the websites owned and/or operated by Claimants which are supported by an advertising management system - Traffic Force.

5. Subsequent to consenting to the RSA and the creation of their account the Defendants accessed their account using their identification and password and repeatedly uploaded content and received payment for same pursuant to the RSA.

5.1 The Defendants and each of them have uploaded content and received payments under the RSA and they continue to do so. The Defendant or either of them continue to upload content to the Claimants websites and last logged on and uploaded content on the 25th May 2016.

6. The RSA to which the Claimants will refer as may be necessary for its full terms, meaning and effect, expressly provided inter-alia as follows:

    10.5 Choice of Law. This Agreement shall be governed by and construed in accordance with the laws of Barbados, without regard to conflicts of law principles. Any legal action arising out of or relating to this Agreement must be instituted in a court in Barbados and the parties submit to the jurisdiction of any such court. .... If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the remaining provisions of this Agreement shall not be affected or impaired thereby".

1. Grant of Licence
1.1 Subject to the terms and conditions set forth in this Agreement, with respect to any and all Content that Licensor submits or provides to Licensee, Licensor grants Licensee a non-exclusive, nontransferrable worldwide license during the Term to use, publish, display, and distribute the Content on the Web site(s), solely for the Purpose.
1.2 Subject to the terms and conditions set forth in this Agreement, Licensor grants Licensee the right to use Licensor's Brand Names and Trade Names for the purpose of the promotion of the Content on the Websites and/or the Program, in advertisements, and press releases. Any such advertisements or press releases shall be made in the sole and absolute discretion of Licensee.

2. Term and Termination
2.1 Unless terminated earlier pursuant to this Agreement, the term of the Agreement ("Term") shall be for an initial period of one (1) calendar month commencing on the Effective Date. After the expiration of the initial period, or any subsequent Term, this Agreement shall renew for an additional one (1) month period, in perpetuity, unless either party gives notice to the other prior to the expiration of the initial period, or any subsequent Term, of its intention to terminate this Agreement on that expiration date.

6.1 The Content covered under the RSA includes content that is submitted or provided. The breadth of content and sources is further referred to and provided for in clauses 3.9, 4.1, and Exhibit A of the RSA which provide for content that is not submitted directly by the Licensor. Exhibit A also sets out the minimum requirements for content and which expressly includes high resolutions images, high resolution Box Art, fact sheets, a list of actors in each scene etc.

6.2 The RSA further grants the Claimant GIM Corp the right to use such content in any manner co consistent with the "Purpose" which is stated in Background, Paragraph B of the RSA to be to "stream and provide downloading of video and audio Content over electronic devices, including, without limitation, desktop and laptop computers, handheld receivers and wireless phones, to end users."

6.3 Paragraph 1.3 of the RSA grants a broad license to use the brand names and trade names of the customer, including the Defendants, for the purpose of promotion of the Content on the Website(s) and/or the Program, in advertisements and press releases and that any such use shall be made in the sole and absolute discretion of the Claimant GIM Corp.

Paragraph 5.1 reasserts that the Claimant GIM Corp has sole and absolute discretion as to the manner and methodologies applied in maintaining and promoting the Website(s).

6.4 Paragraph 3.2 of the RSA defines the advertising revenues to be shared and is limited to advertisements actually appearing on the Websites. There is no provision for any other revenue sharing.

6.5 Paragraph 6.1 includes a representation and warranty by Defendants stating that "Licensor shall not at any time during the Term of this Agreement do anything or authorize other parties to do anything contrary to the rights licensed to Licensee under this Agreement."

6.6 Paragraph 7.3 contains an express limitation of liability provision, which excludes consequential, incidental, special or indirect damages, unless otherwise prohibited by Bardbados law.

6.7 Paragraph 9 contains a comprehensive confidentiality provision pursuant to which confidential information received from the other must be held in strict confidence.

6.8 Paragraph 10.3 provides that the rights of GIM Corp under the RSA are freely assignable without need of notice or consent.

6.9 Paragraph 10.8 provides that ambiguities shall not be construed against GIM as the drafting party.

6.10   Having regard to the express provisions for Choice of Law under the RSA the Claimants are entitled to and do claim that the RSA is entirely and solely justiciable only in Barbados and that the issue of jurisdiction be determined as a preliminary issue.

7. The Defendants never terminated the RSA and it remained in full force and effect at all material times and the Claimants repeat paragraph 6 hereof.

8. On or about April, 2016 the Defendants threatened in writing to issue a claim in the USA against the Claimants and each of them, alleging infringement of copyright of content materials, brand names and trademarks provided to the Claimants pursuant to the RSA unless the Claimants' paid them the sum of US$.2,000,000.00.

9. In breach of the RSA and in particular clause 6.1 and 10.5 thereof the Defendants have since commenced that suit.

9.1 The Defendants have also filed a Notice of Application with Certificate of Urgency in this suit stating at paragraph 6 of the Certificate of Urgency that they filed suit in the state of Arizona, USA and exhibited a copy (KP 1) of the claim as filed. This action CV 600/2016 was filed on 27 April, 2016. The Defendants suit said to have been filed in Arizona USA was stated as having been filed on 28 April, 2016.

10. By virtue of the Defendants threatened and actual breach of the RSA the Claimants have suffered and are continuing to suffer loss and damage including but not limited to incurring of costs the particulars whereof shall be served prior to or at Case Management for which the Claimants are entitled to and do claim damages together with interest including interest pursuant to section 35 of Cap 117A at such rate and for such period deemed fit.

11. By virtue of the Defendants threatened and actual breach of the RSA the Claimants have suffered and are continuing to suffer loss and damage occasioned by the Defendants' actions and consequential uncertainty as to the Claimants' rights to direct or indirectly use, publish, display and/or distribute the content pursuant to the RSA.

In the premises the Claimants are entitled to and claim the following declaratory and other relief:

i. A Declaration that the RSA made between GIM Corps and the Defendants herein on 10th September, 2012 is entirely and solely justiciable only in the Courts of Barbados.
ii. A Declaration that all of the Claimants herein are entitled to rely on the rights granted by the Defendants to GIM Corp under the RSA.
iii. A Declaration that all of the Claimants herein are entitled to publicize and or distribute Content materials including copyright content materials provided by the Defendants to GIM Corp under the RSA.
iv. Injunctive relief to restrain the Defendants from taking any further step whatsoever in the proceedings which it has commenced in the United States of America until determination of this suit.
v. Damages for loss and damage suffered by the Claimants occasioned by the Defendants threatened or actual breach of the RSA
vi. Interest pursuant to section 35 of Cap 117A at such rate and for such period deemed fit;
vii. Costs including contractual costs pursuant to the RSA.
viii. Further or other relief deemed fit.

CERTIFICATE OF TRUTH

I Kristen Richardson director of Cyberweb Ltd certify that all facts set out in this Statement of Claim are true to the best of my knowledge, information and belief and that I am duly authorized to make this statement on behalf of all of the Claimants.

Dated the 09· day of June 2016

...................................
*Claimant's signature*

CERTIFIED A TRUE COPY

_____
LEGAL ASSISTANT
A-9