MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD. formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br>Defendants. | Case No.: 2:15-cv-1269-PHX-DGC<br><br>**DECLARATION OF KAREN PERREIRA IN SUPPORT OF PLAINTIFF AMA MULTIMEDIA, LLC'S OPPOSITION TO DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES, INC. MOTION TO STAY PROCEEDINGS** |

I, Karen Perreira, declare:

1. I am an attorney at law licensed to practice before the Courts of Barbados.. I am a principle attorney with InterCaribbean Legal, a law firm located in St. Michael, Barbados. Unless otherwise stated, I have personal knowledge of the facts contained herein this declaration and, if called and sworn as a witness, could and would competently testify thereto.

2. InterCarribbean Legal has been retained to represent AMA Multimedia, LLC and Mr. Adam Silverman in the Supreme Court of Barbados regarding a Claim Form filed by Cyberweb, Ltd., Netmedia Services, Inc., Sagan Ltd., GLP 5, Inc., GIM Corp., and David Koonar ("Barbados Claim").

3. The Barbados Claim was filed on April 27, 2016. A true and correct copy of the Barbados Claim as filed on April 27, 2016, is attached hereto as Exhibit A.

4. Under the Rules of the Supreme Court, of Barbados, a party is required to obtain permission of the Court before serving a Claim Form issued in Barbados in countries outside of Barbados.

5. It is my understanding, from instructions received from the Defendants, that on or about April 28, 2016, a process server acting on behalf of the Claimants in the Barbados Claim appeared at AMA Multimedia, LLC's offices in Law Vegas to serve a copy of the Barbados Claim.

6. A review of the records of proceeding at the Supreme Court Registry in Barbados revealed that as at the 28th April 2016, The Claimants had not obtained the permission of the Supreme Court of Barbados to conduct foreign service. It was not until June 2016 that permission was granted. In April 2016, the Claimants did not have permission to conduct foreign service.

7. I am instructed by the defendants that, as of the date of this declaration, service has not yet been achieved on either AMA Multimedia, LLC or Mr. Silverman.

8. Having not been served and not entering an appearance in the suit, AMA Multimedia LLC or Mr. Silverman, have not submitted to the jurisdiction of the Barbados Court.

9. The Barbados Claim that was filed on April 27, 2016 was not supported by the Claimant's statement of claim or affidavit or other documents required by the Rules of the Court. While the Claim Form is permitted by the rules to be served without a statement of Claim or other supporting documents, this is done in cases where the court gives permission or where the Claim Form has included all information relating to the nature of the claim, and identifies and annexes documents necessary for the support of Claim. Where permission is sought and obtained for the exclusion of the statement of claim a copy of that order must be served with the Claim Form.

10. My experience in Barbados courts is that civil litigation can take a long time. For instance, in the Barbados claim, if jurisdiction is challenged, it may likely be until the first half of 2017 before that issue is resolved. It is not uncommon for civil litigation to extend several years in the Barbados courts.

11. A corporate search was carried out at the Division of Corporate Affairs and Intellectual Property Office in Barbados in relation to the Corporate entities named as Claimants in the Barbados Claim. Of the companies named two corporations, G.I.M. Corp and Cyberweb Ltd were found to be companies registered in Barbados.

12. Both companies in Barbados are registered as an International Business Company ("IBC").

13. An IBC, in general, is a resident of Barbados, and is a company that is licensed to carry on business in manufacturing, trade or commerce from within Barbados

DECLARATION OF KAREN PERREIRA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES MOTION TO STAY PROCEEDINGS

3

for customers residing outside of Barbados. An IBC may therefore manufacture, process or otherwise prepare products for export outside of Barbados or provide services to non-residents of Barbados. An IBC must not carry on a trade in buying or selling goods and services in Barbados.

14. The primary benefits of designating an IBC is to attract a low tax on profits and gains. There is little to no tax, when dividends and/or royalties are paid by the IBC to a person who is a non-resident of Barbados.

15. The Court in Barbados will not, and cannot apply U.S. Copyright laws.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Execute on the 27th day of July, 2016 at St. Michael, Barbados.

Karen Perreira

# EXHIBIT A



DRAWN AND PREP... BY

ZARINA KH.. N
ATTORNEY-AT-LAW
P... pect Chambers
"S... ... land House"
Prospect ...oad, St James
BB24003, Barbados

**CLAIM FORM**

**Form 1**

*(Rule 8.1(4))*

**SUPREME COURT OF BARBADOS
IN THE HIGH COURT OF JUSTICE**

CLAIM NO. CV600/2016

**BETWEEN:**

**CYBERWEB LTD
NETMEDIA SERVICES INC
SAGAN LTD
GLP 5, INC
GIM CORP
DAVID KOONAR**                                            **CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC
ADAM SILVERMAN**                                          **DEFENDANTS**

The Claimants, **CYBERWEB** LTD formerly MXN LTD of Coconut Creek House, Derricks in the parish of St. James, Barbados; **NETMEDIA SERVICES INC** of 5060 Tecumseh Rd. East, Windsor, ON Canada; **SAGAN LTD** of Suite 9, Ansuya Estate, Revolution Avenue, Victoria, Mahe, Seychelles; **GLP 5, INC** of 30150 Telegraph Road, STE 444, Bingham Farms, MI, 48025-4549 USA, **GIM CORP** of Coconut Creek House, Derricks in the parish of St. James, Barbados AND **DAVID KOONAR** of Asolo (Treviso – Italy), Via Santa Caterina 35 claim jointly and severally against the Defendants, **AMA MULTIMEDIA, LLC** of Las Vegas, Nevada, USA and **ADAM SILVERMAN** of Las Vegas, Nevada, USA.

**(SET OUT BRIEFLY THE NATURE OF THE CLAIM, ANY SPECIFIC AMOUNT CLAIMED AND ANY OTHER REMEDY SOUGHT FROM THE COURT)**

1. Injunctive relief to restrain anticipatory breach of contract and or breach of the Claimant - GIM CORP- rights in an Agreement entitled Content Partner Revenue Sharing Agreement made between GIM CORP and the Defendants herein on or about the 10th day of September, 2012 ("Content Partner Revenue Sharing Agreement").

2. A Declaration that the Content Partner Revenue Sharing Agreement is entirely and solely justiciable only in the Courts of Barbados pursuant to Barbados law and without regard to conflicts of laws principles.

3. A Declaration that all of the Claimants herein are entitled to rely on the rights granted by the Defendants to GIM CORP under the Content Partner Revenue Sharing Agreement.

4. A Declaration that all of the Claimants herein are, pursuant to the Content Partner Revenue Sharing Agreement, entitled to publicize and or distribute materials submitted provided to or otherwise made available to the Claimants by the Defendants or either of them, including without limitation, materials as to which Defendants claim or otherwise assert copyright interests, .

5. Relief for breach of the Content Partner Revenue Sharing Agreement by Defendants, including, without limitation, damages for and order restraining breach and or further breach or violation of representations and warranties that Defendant(s) would not, directly or indirectly, undertake any action (or authorize others to undertake any action) in conflict with the rights of GIM CORP, including those rights held by GIM CORP pursuant to the Content Partner Revenue Sharing Agreement.

6. Interest pursuant to section 35 of Cap 117A;

7. Costs including costs provided for under the Content Partner Revenue Sharing Agreement.

8. Further or other relief deemed fit.

**(THE FOLLOWING IS TO BE COMPLETED ONLY WHERE THE CLAIM IS FOR A SPECIFIED AMOUNT)**

|  | $ |
|---|---|
| Amount Claimed |  |
| Interest |  |
| Court fees |  |
| Attorney's Fixed Costs on issue |  |
| Total Amount Claimed |  |

I Kris Richardson certify that all facts set out in this Claim Form are true to the best of my knowledge, information and belief.

Dated the 27 day of April 2016

........................................
*Claimant's signature*

## NOTICE TO THE DEFENDANT

### See the notes in Form 1A served with this Claim Form.

This Claim Form must contain or have served with it either a Statement of Claim or a copy of a court order entitling the Claimant to serve the Claim Form without a Statement of Claim.

If you do not complete the form of Acknowledgment of Service served on you with this Claim Form and deliver or send it to the Registry (address below) so that it is received there within FOURTEEN DAYS of service of the Claim Form on you, the Claimant will be entitled to apply to have judgment entered against you. See Rules 9.2(4) and 9.3(1).

The form of Acknowledgment of Service may be completed by you or by an attorney-at-law acting for you.

You should consider obtaining legal advice with regard to this Claim.

**This Claim Form has no validity if it is not served within twelve months of the date below unless it is accompanied by an order extending that time.**

The Court has fixed the                day of                2016, at                am/pm, as the time and date for a directions hearing in this Claim. You or your representative must attend that hearing, unless the Court dispenses with your attendance, or orders may be made against you in your absence.

You are referred to Part 27, and particularly rule 27.4, of the Rules of the Supreme Court.

The Registry is located at The Law Courts, Bridgetown, telephone number 246-426-3461, FAX (246)426-2405. The office is open to the public between 8.15 a.m. and 3.30 p.m. Mondays to Fridays except on public holidays.

Dated the                day of                2016

The Claimant's address for service is Zarina Khan, and Ivan Alert Attorneys-at-Law of and whose address for service is Prospect Chambers, Summerland House, Prospect Road, St James. Telephone No. 622 0050, Fax No. 438 7266.

Filed by Zarina Khan, in association with Ivan Alert, Attorneys-at-Law of Prospect Chambers, "Summerland House", Prospect Road, Prospect, St James, Barbados.

## ACKNOWLEDGMENT OF SERVICE OF CLAIM FORM

### Form 3

*(Rule 8.12 (1)(a) and Part 9)*

### SUPREME COURT OF BARBADOS
### IN THE HIGH COURT OF JUSTICE

**CLAIM NO.** [            ]

**BETWEEN:**

**CYBERWEB LTD**
**NETMEDIA SERVICES INC**
**SAGAN LTD**
**GLP 5, INC**                                                             **CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**                                            **DEFENDANT**

**WARNING:** If this document is not fully completed and returned to the Registry at the address below within FOURTEEN DAYS of service of the Claim Form on you, the Claimant will be entitled to apply to have judgment entered against you. If he does so you will have no right to be heard by the Court except as to costs or the method of paying any judgment unless you apply to set the judgment aside (and it may not be possible for you to succeed in having it set aside).

1. Have you received the Claim Form with the above Claim number?                              YES/NO

2. If so, when?                                                                                                         __/__/__
                                                                                                                                  Date

3. Did you also receive the Claimant's Statement of Claim?                                          YES/NO

4. If so, when?                                                                                                         __/__/__
                                                                                                                                  Date

5. Are your names properly stated in the Claim Form?                                                 YES/NO

   If not, what are your full names?
   ...........................................................................................................................................

6. Do you intend to defend the Claim?                                                                         YES/NO

   (If so you must file a Defence within 28 days of the date of service of the Claim Form on you.)

7. Do you admit the whole of the claim made in the Claim Form?                                YES/NO

   (If you do you should either

   (a) pay the claim directly to the Claimant or his attorney-at-law, or;

   (b) complete the form of application to pay the claim by instalments.

   If you pay the whole debt together with the costs and interest as shown in the Claim Form within FOURTEEN DAYS you will have no further liability for costs.)

**FORM 3** - *cont'd*

*(Rule 8.12(1)(a) and Part 9)*

8. If you do not admit the whole of the claim, do you admit any part of the claim?      YES/NO

    (If you do you may

    (a) pay the money that you admit direct to the Claimant or his attorney-at-law; or

    (b) complete the form of application to pay the claim by instalments.)

9. If so, how much do you admit? ...................................................................................

    (If you dispute the balance of the claim you must also file a Defence within TWENTY-EIGHT DAYS of the date of service of the Claim Form on you or judgment may be entered against you for the whole amount claimed.)

10. What is your own address?      ...................................................................................
    ...................................................................................
    ...................................................................................

11. What is your address for service?
    (If you are acting in person you must give an address to which documents may be sent either from other parties or from the court. You should also give your telephone number and FAX number, if any.)

    ...................................................................................
    ...................................................................................
    ...................................................................................

12. Dated the            day of            2016

                    ...................................................................................
                    Attorney-at-Law for the Defendant
                    Defendant in person

The Registry is located at The Law Courts, Bridgetown, telephone number (246)426-3461, FAX (246)426-2405. The Office is open to the public between 8:15 a.m. and 3:30 p.m. Mondays to Fridays except on public holidays.

Filed by Zarina Khan, and Ivan Alert Attorneys-at-Law of Prospect Chambers, "Summerland House", Prospect Road, Prospect, St James, Barbados.

SUPREME COURT OF BARBADOS

IN THE HIGH COURT OF JUSTICE

CLAIM NO. CV601/2016

BETWEEN

CYBERWEB LTD
FOSHAN LTD
NETMEDIA SERVICES INC
SAGAN LTD
GLP 5, INC
DAVID KOONAR                                             CLAIMANTS

AND

AMA MULTIMEDIA LLC
ADAM SILVERMAN                                           DEFENDANTS

CLAIM FORM

ZARINA KHAN
ATTORNEY-AT-LAW