LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>                             Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>                             Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

**I.     INTRODUCTION**

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA" or the "Plaintiff") Moves for Leave to Conduct Jurisdictional Discovery (hereinafter this "Motion").

Defendants Netmedia Services, Inc. and GLP 5, Inc. have filed a motion to dismiss this action for lack of personal jurisdiction, each claiming to have no connection with the forum. Each Defendant is alleged to have material involvement, including ownership and/or operation, of the web site www.Porn.com. In each instance, there is

sufficient evidence connecting the Defendant(s) with Porn.com and the forum to warrant leave for jurisdictional discovery to further extent the true extent of these connections.

Porn.com is clearly marketed in and targeted to U.S. viewers. There are multiple companies which operate crucial and necessary aspects of Porn.com, including Netmedia and GLP 5, each being significantly connected to each other. This has become nothing more than a "shell game." Netmedia, admittedly maintaining Porn.com, operates from Turner Road with phone number 519-987-0600, as does Cyberweb, GIM, and Traffic Force. Cyberweb owns Porn.com. GIM is part owner of Cyberweb. GIM operates the Content Partnership Program for Porn.com. Traffic Force provides ad banners for Porn.com. GIM handles money for Traffic Force. Netmedia maintains Porn.com and Traffic Force. Netmedia's employees are Traffic Force's and/or Porn.com's personnel for operations. GLP 5 is Traffic Force.

By all appearances, GLP is an alter ego of Netmedia, and Netmedia is the real operator and alter-ego of Traffic Force and Porn.com. If the court determines that AMA has not yet established a *prima facie* case for personal jurisdiction over Netmedia and/or GLP 5, leave should be granted to explore the substantial connections between these companies and Porn.com.

**II.   FACTUAL BACKGROUND**

Porn.com is a video streaming site which generates revenue through its Content Partnership Program ("CPA") and advertising banners displayed on the web site. *Declaration of Adam Silverman ("Silverman Decl.),* attached here as **Exhibit A**. Traffic Force is an advertising company that in sells and purchases advertising on behalf of many video streaming sites, including Porn.com. It is alleged in the First Amended Complaint ("FAC") that Netmedia is one of several operators and/or owners of Porn.com and Traffic Force. FAC, ¶6.

Defendant NetMedia admits in its motion that it provides "maintenance" to the web site Porn.com. NetMedia has not been completely forthright with the Court regarding its entire role with Porn.com – NetMedia is intentionally vague and has a much more significant role in the operation of Porn.com. In fact, in a Court filing in Barbados, it is stated that Netmedia has a technical services agreement to for maintenance *and operation* of Porn.com, including programming and design. Further, it is also specifically stated that Netmedia's role relates to uploading content to the web sites. *Silverman Decl.,* p 6, ¶ 30-33.

Evidence further indicated that Netmedia is sufficiently tied to Porn.com and Traffic Force, and the other entities associated with these web sites, such that Netmedia owns or operates Porn.com and Traffic Force, or is an alter ego or agent of those that own or operate Porn.com.

Netmedia Services, Inc. is located at 1785 Turner Road, Windsor, Ontario, Canada, with a phone number of (519) 987-0600. *Declaration of Jason Tucker In ("Tucker Decl."),* **Exhibit B** here, at p 3, ¶14. The building located at this address has a single placard on the building, denoting Netmedia Services at its sole occupant. *Id. at* p. 4, ¶15. Sharing this same phone number and address are Cyberweb, GIM, and the management team of GLP 5, Inc./Traffic Force. *Id. at* p 4, ¶16, 21. Cyberweb is stated to own and operate Porn.com.[1] GIM is part owner of Cyberweb. *See Decl. Phil Bradbury,* p 3, ¶ 15 (Dkt. No. 27-3). GIM operates the Content Partnership Program for Porn.com. *Silverman Decl.,* p 4, ¶22. Traffic Force provides ad banners for Porn.com. *Silverman Decl.,* p 4, ¶22. GIM handles money for Traffic Force. *Declaration of Alexandr Heit ("Heit Decl."),* as **Exhibit C** here, at p 2-3, ¶ 5-9.

---

[1] While Defendants claim Cyberweb owns and operates Porn.com, it is represented to the public on Porn.com Terms of Service *and* with the United States Copyright Office that Sagan Ltd. owns and operates Porn.com.

- 3 -

Netmedia maintains Porn.com and Traffic Force. *See* Dkt. No. 27-3 at ¶ 12. Netmedia's employees are Traffic Force's personnel for operations. *Tucker Decl.,* p 5, ¶ 22; *Silverman Decl.,* p 5, ¶26-27.

AMA has a Contract with Porn.com and is instructed to mail checks to Cybernet at NetMedia's address. *Id. at,* p 5, ¶24. Further, representatives of Netmedia began negotiations with Adam Silverman, a managing partner of AMA Multimedia, LLC, for the purchase of web sites – with the use of the same personnel as Traffic Force. *Decl. Id. at* p 5, ¶ 26. Personnel of Netmedia handle all business relationships of Traffic Force and Porn.com.

All known operators or entities associated with Porn.com, including its stated owner Cyberweb and its ad broker GLP 5 Inc., are connected to 1785 Turner Road. Netmedia Services is the sole listed occupant of 1785 Turner Road. Netmedia Services collects payments for Porn.com at 1785 Turner Road. Moreover, in a claim filed in Barbados, and again asserted in the instant motion, Netmedia Services claims rights through a Content Partnership Agreement with GIM to the AMA videos posted on Porn.com. *Silverman Decl.,* p 2, ¶4, p 6, ¶30-33. If Netmedia Services has no ownership or operator relationship to Porn.com, its Barbados filing and its request to stay, filed herein, would be *clearly* in bad faith.

The logical and obvious conclusion is that Netmedia Services is the umbrella company under which Cyberweb and GLP 5 operate and/or owns Porn.com and TrafficForce.com in conjunction with other owners and operators – as it has tacitly admitted by asserting rights to videos posted on Porn.com through the Content Partnership Agreement. The relationships between these entities and Porn.com and/or Traffic Force are not mutually exclusive. In furtherance of this fact, is that Phil Bradbury is allegedly holding all official positions of GLP 5, while GLP 5 simultaneously has no employees, and Mr. Bradbury himself is listed as a Vice

President of Netmedia Services (the state of Michigan shows Defendant Koonar as holding all of these positions, and he too, is an executive of Netmedia).  *Silverman Decl.,* p 5, ¶28.  These companies are alter-egos of each other, not separate/unrelated.

Porn.com has *significant* contacts with the United States.  The listed owner of Porn.com is Cyberweb Ltd., a company registered in Barbados.  The company's corporate filings in Barbados state that Cyberweb is an "Internet Marketing" company with the "business primarily in the USA."  *Silverman Decl.,* p 5, ¶D.

United States viewers are the predominant viewers of Porn.com.  According the statistics complied by SimilarWeb, Porn.com receives 52.2 million visits between January 2016 and June 2016.  United States Internet users were by far the largest source of viewers, comprising 23.26% of the 52.2 million viewers.  (The second largest group was significantly smaller, Germany at 7.99%.)  *Tucker Decl.,* p 5, ¶ 26-27.

Porn.com utilizes hosting through a United States company in Massachusetts, Reflected Networks and/or Swiftill Inc.[2]  The HTML, or code, of Porn.com is hosted through Viking Host B.V., which is hosted on servers in Amsterdam.  Viking host is either an alter-ego or reseller of Swiftwill Inc. and/or Reflected.net, and relies on Swiftwill Inc. for its connectivity.  *Silverman Decl.,* p 2-3, ¶ 8-13.

However, while the HTML (code) is hosted in Amsterdam, the videos displayed to U.S. viewers are actually distributed from servers located in the U.S. and Arizona. Through Reflected Networks, Porn.com utilizes a Content Delivery Network, Limelight, located in Arizona, to distribute the Porn.com videos.  *Silverman Dec.,* p 3, ¶14-16.  In simpler terms, Limelight's Arizona and U.S.-based servers distributed the infringed videos; TrafficForce.com and all of the banners it distributes are hosted by Reflected Networks, in the United States.  *Silverman Decl.,* p 3, ¶ 17.

---

[2] Swiftwill and Reflected.net are part of the same family of companies, with similar, if not identical ownership.

Porn.com, through its CPA, has significant ties to U.S. content producers. Further, Porn.com displays advertisements from U.S. companies that are geo-targeted to U.S. viewers. *Tucker Decl.,* p 6, ¶ 28.

GLP 5, Inc., at all relevant times herein, is represented to be TrafficForce.com. In direct contradiction to GLP 5, Inc.'s representations to this Court, Traffic Force's own Terms of Service, publically available on Traffic Force's web site, *specifically states that GLP 5, Inc. IS Traffic Force.*[3] GLP 5,Inc. has represented to all users of TrafficForce.com and its payment providers to be "Traffic Force."  Traffic Force's business is to place banner ads for clients on Internet video streaming sites.  This requires a relationship with the entity desiring a banner ad, an advertiser, and a video streaming web site where the banner ads will be displayed. *Silverman Decl.,* p 4, ¶18-20.  Traffic Force both solicits business in Arizona and conducts business in Arizona, including having entered into a contractual relationship to display banner ads on a video streaming site based in Arizona. *Tucker Decl.,* p 6-7, ¶30-35; *Heit Decl.,* p 2-3, ¶5-9.  The banner ads by Traffic Force are the subject of GLP 5's inclusion in this suit.

Traffic Force sends representatives, who also happen to be employees of Netmedia, to an industry trade show held yearly in Phoenix, Arizona called *The Phoenix Forum. Tucker Decl.,* p 6, ¶31.  These other "Traffic Force" representatives are also employees of Netmedia, the same as the facts show with Phil Bradbury. *Id*. At this trade show, Traffic Force solicits US-based and Arizona-based content producers and web site owners to utilize Traffic Force to for the placement of banner ads on streaming sites on behalf of the content producers. *Tucker Decl.,* p 6-7, ¶32-35.

Traffic Force, at times material to the allegations in the complaint, has a relationship with Oppenheit, LLC, a limited liability company based in Arizona, to place

---

[3] Since the filing of this lawsuit, Traffic Force's Terms of Service has changed, now indicating that GLP 5, Ltd. is Traffic Force.

- 6 -

1 banner ads on the a video streaming site, shooshtime.com, owned and operated by
2 Oppenheit, LLC.  Traffic Force paid Oppenheit, LLC nearly $6,000 per month to display
3 its banner ads on shooshtime.com.  Payments for placement of Traffic Force's banner ads
4 came from GIM Corp. – the same company as listed in the asserted CPA as the basis for
5 rights to use AMA's content on Porn.com.  *Heit Decl.,* p 2-3, ¶ 5-9.

## III.   ARGUMENT

District courts have broad discretion to grant discovery to establish jurisdiction. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *see also Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977).  "The Court must weigh the prejudice to the complaining party if discovery is denied." *Andrews v. Pride Indus.*, 2015 U.S. Dist. LEXIS 27959, 2015 WL 1014133, at *5 (E.D. Cal. Mar. 6, 2015) (citing *Laub*, 342 F.3d at 1093). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." *Id*.  The Ninth Circuit may find an abuse of discretion where a court denies discovery where such discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Rutsky & Co. Ins. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (other citations omitted).  The district court has broad discretion

to permit or deny discovery. *Id.* The district court properly exercises its discretion to refuse jurisdictional discovery "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995).

In *In re Infosonics Corp. Derivative Litig.*, No. 06cv1336 BTM(WMc), 2007 U.S. Dist. LEXIS 20450, at *5-6 (S.D. Cal. Mar. 21, 2007), Plaintiffs' claim of personal jurisdiction was based on more than bare allegations. Defendants admitted to travel to California approximately three or four times a year to attend Board or committee meetings. To the extent that the defendants gained knowledge, took actions, or failed to take actions during these Board or committee meetings that gave rise to Plaintiffs' claims, defendants' contacts with California would be sufficient to satisfy a "minimum contacts" test. Defendants purposefully availed themselves of the privilege of conducting Board and committee business in the forum state, and, to the extent Plaintiffs' claims arose out of defendants' forum-related activities, exercising jurisdiction is fair and reasonable.

In the instant case, AMA's claim for jurisdiction is neither attenuated nor based on bare allegations in the face of specific denials made by the defendants. To the contrary, AMA has established actual facts which specifically link Netmedia and GLP 5 to Porn.com, link Netmedia and GLP 5 to each other, *and* link Netmedia and GLP 5 to the other defendants in this matter who are stated to own and operate Porn.com.

Given that Netmedia's office and its shared personnel are integrally linked with the operations of Porn.com, it seems clear that Netmedia and GLP 5 are sufficiently involved with Porn.com such that the forum related activities of the site are attributable to Netmedia and GLP 5. However, this may be made murky by Netmedia's general denials of involvement with Porn.com operations, Netmedia's statements that it provides "maintenance" without defining such tasks, and GLP 5's statement that it only provides credit card processing while representing to the public that **GLP 5 *is* Traffic Force**.

- 8 -

1       Moreover, court filings in Barbados further connect the defendants to each other and Porn.com *and* contradict Netmedia's assertions in the instant matter of minimal involved with Porn.com. These court filings clearly state that Netmedia operates Porn.com, including duties that related to the upload of content on Porn.com. It is also clearly stated that Netmedia was assigned rights to AMA content pursuant to a Content Partnership Agreement AMA had specific to Porn.com. *See*, **Exhibit D** here, (Amended Barbados Claim).

      Discovery on these matters will resolve the murk created by the defendants. Discovery will determine Netmedia's actual relationships with Cyberweb, GLP 5, and GIP, which AMA established do exist; Netmedia's actual involvement with the Porn.com web site, which AMA has established exists; and GLP 5's relationships with Netmedia and the other Porn.com defendants, which AMA has also established to exist.

      Further, to the extent that the Defendants argue that the web site Porn.com does not have sufficient contact with the United States, jurisdictional discovery will establish the precise extent that Porn.com is distributed to United States viewers, through the sites Google analytics reports, as well as their direct contacts with United States servers, United States based advertisers and advertiser brokers. In each instance, AMA has established that Porn.com is distributed significantly to United States viewers, videos are distributed from United States based servers, and that the owners/operators of Porn.com have established relationships with United States based advertisers. ***These are not attenuated jurisdictional allegations, but based in fact presented to the Court***.

## IV. CONCLUSION

      Defendants Netmedia and GLP 5 have denied sufficient involvement with Porn.com and Traffic Force and denied sufficient connections with the stated owners and operators of Porn.com. These denials are in direct conflict with actual evidence

presented by AMA. If the Court determines, in response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, that AMA has not established a prima facie case for jurisdiction, then it is necessary to further explore and define these real and established connections between Netmedia, GLP 5, the remaining defendants, and the operation of Porn.com.

For the reasons stated herein, it is respectfully requested that the Court grant leave to conduct jurisdictional discovery.

DATED this 9th day of August, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants GLP 5, Inc.*
*and Netmedia Services Inc.*


By: /s/ Gina Murphy

- 10 -