LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.** |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA" or "Plaintiff") hereby requests that this Court grant leave for alternative service in this matter on Defendant Cyberweb, Ltd. ("Cyberweb," formerly MXN, Ltd.), a Barbados Company.

AMA has attempted service on Cyberweb through the Hague, but the Barbados Supreme Court has confirmed that Cyberweb is **"not at th[e] address"** it listed, the location is **"closed down,"** and Cyberweb's "present whereabouts are unknown." Cyberweb is not only avoiding service but **does not actually reside** in Barbados.

## I. INTRODUCTION AND FACTUAL BACKGROUND

### A. Cyberweb Has Adequate Notice of this Proceeding.

For the purpose of efficiency to this Court (and in the interest of saving time and money), AMA will not regurgitate the full background of the parties here. Suffice it to say that this Court now has evidence and a strong reason to believe that Sagan, Ltd., NetMedia Services, Ltd., and GLP 5, Inc. (d/b/a Traffic Force), David Koonar and Cyberweb, Ltd. are all inter-related and/or closely related. *See, e.g.,* Dkts. 11, 22, 26; AMA's Opposition to Defendants' Motion to Dismiss and Motion to Stay (Dkts. 32-33). In seeking dismissal, Defendants candidly admit that "Porn.com [] is owned and operated by defendant Cyberweb, Ltd." Dkt. 27-1 at p. 6, ll. 12-13.

Maybe most importantly, several of the Defendants – including Cyberweb – recently filed an "Amended Barbados Claim" **admitting** the interaction among the parties, such admissions including:

1. That Cyberweb owns and operates www.Porn.com.
2. That NetMedia, Inc. has an agreement with Cyberweb, Ltd. for "maintenance and operation of" Cyberweb's websites, including www.Porn.com;
3. That "Cyberweb Ltd., Netmedia Services, Inc., and Sagan Ltd." **all** "derive benefits from" one another;
    a. While Cyberweb owns/controls www.Porn.com, Traffic Force is the site's advertising management system;
    b. Sagan, Ltd. provides services to and for the benefit of Cyberweb, Ltd.; and
    c. NetMedia, Inc. provides support/uploads content to www.Porn.com, for the benefit of "Traffic Force, GIM Corp., SAGAN Ltd., and Cyberweb Ltd."; and

4.  Each Cyberweb, Sagan, NetMedia, and Traffic Force, wish to benefit from an Agreement that a sister-entity (GIM Corp.) held with AMA. *See*, **Exhibit A** attached here and incorporated by this reference.

Based on these facts, there is **no doubt** that Cyberweb knows about this lawsuit.

**B.     Cyberweb Has Intentionally Avoided Service and Increased Costs.**

As a brief reminder to this Court, AMA respectfully asked Defendants' counsel to accept service for all of the Defendants after she clearly stated that she was "more than likely" going to represent all of the Defendants in this suit. *See, e.g*., Dkt. 11-2 (at ¶¶6-8), Dkt. 26. Ms. Van Loon refused to accept service for all of the Defendants and, since then, AMA has been made to incur significant costs for service:

**1.**     AMA attempted service on Cyberweb via a "Request for Service Abroad of Judicial or Extrajudicial Documents," under the Hague Convention. *See*, **Exhibit B**, incorporated here. The Summons, Complaint, and Exhibits were all provided to the Registrar of the Supreme Court of Barbados to effectuate service. *Id*. A Marshall of the Supreme Court of Barbados swore, under oath, that:

a)   He made "several inquiries" for Cyberweb, Ltd.;

b)   Cyberweb, Ltd. was "not at th[e] address" listed as its business address;

c)   The "Beckwith Mall is closed down," (which is where Cyberweb was publically listed to reside/exist); and

d)   Cyberweb, Ltd.'s "present whereabouts are unknown."

*Id*. (**Exhibit B**) at Affidavit of the Supreme Court of Barbados.

**2.**     AMA was forced to serve Sagan, Ltd., through the Hague Convention, in the Republic of Seychelles, because Ms. Van Loon refused cooperation. Dkts. 11-2, 26.

**3.**     AMA has yet been able to serve Defendant David Koonar (despite multiple attempts in Canada), and AMA was forced to spend money/resources seeking alternative service by email and/or through counsel. Dkts. 22, 26. (Which was granted. Dkt. 35)

- 3 -

Further increasing the costs of this litigation, Defendants' counsel filed piece-meal "Motion(s) to Dismiss for Lack of Personal Jurisdiction" for Defendants NetMedia and GLP 5 (Dkt. 27) and an Opposition to Alternative Service on David Koonar. Dkt. 23. Meanwhile, counsel confirmed in her pleading (Dkt. 23) that David Koonar shares the same business location/ address as NetMedia – the business that oversees "maintenance and operation" of www.Porn.com for Cyberweb, and the business that uploads content to www.Porn.com for the benefit of Cyberweb. *See*, **Exhibit A**.

As of this week, Ms. Van Loon has confirmed that now Sagan, Ltd. was served, and she intends to file ***another*** Motion to Dismiss. *See*, **Exhibit C**, attached and incorporated by this reference.

**C.   Alternative Service on Cyberweb is Warranted and Reasonable.**

Every other business/entity Defendant (Sagan, Ltd., NetMedia Services, Ltd., and GLP 5, Inc. (d/b/a Traffic Force) has now been served. This Court has allowed AMA to effectuate alternative service on Defendant David Koonar individually. Dkt. 35. And, while motion practice is definitely underway, and a Scheduling Conference is set, Cyberweb continues to play games in avoiding its appearance in this Court proceeding.

Cyberweb, Ltd. has appeared (and filed claims for relief) in the Barbados Claim, listing its "address for service is Zarina Kahn, and Ivan Alert Attorneys-at-Law," with a listed address and fax number for service of process. *See*, **Exhibit D**, incorporated here.

**II.   LAW AND ARGUMENT**

As fully outlined in the prior Motion for Alternative Service and Reply (Dkts. 22, 26), the Due Process clause requires only that service be <u>reasonably calculated to apprise interested parties of the pendency of the action</u> and afford them an opportunity to present their objections. *See, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Service of process is not, and has never been, a "game" for people to avoid. When parties make service a "game," alternative service is appropriately granted. For example, in *Nanya Tech. Corp. v. Fujitsu, Ltd.,* the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4 (f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam, January 26, 2007), citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).

In this matter, Cyberweb certainly has "notice of the pendency" of this action, as Cyberweb "owns and operates Porn.com," and Cyberweb admits that it is intertwined with Defendants Netmedia and Sagan Ltd., and that it uses Traffic Force. *See*, **Exhibit A**; *see also*, Dkt. 27-1 at p. 6, ll. 12-13 ("Porn.com [] is owned and operated by defendant Cyberweb, Ltd.") Cyberweb is also "most likely" to be represented by the same counsel, Erica VanLoon, *See, e.g.*, Dkt. 10-1 at p. 7 of 7; Dkt. 11-2 at ¶¶6-8.

AMA has asked for cooperation in serving the Defendants. Dkt. 10-1 at p. 6 of 7; Dkt. 11-2; Dkt. 26 at p. 4; Dkt. 26-2 at pp. 3, 5-7). Defendants rejected cooperation. *Id*.

AMA has expended significant time and resources on service, while Defendants avoid service and engage in piece-meal "Motion(s) to Dismiss." Dkts. 27; **Exhibit C**.

All of these facts are typical of "losing sight of what service of process is about," which is only to give notice and an opportunity to respond. *Naya Tech; Rio Props., supra.*

Fed.R.Civ.P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon Individuals in a Foreign Country by other means not prohibited by international agreement as may be directed by the court," which enables the court to devise a method of service responsive to the unique facts of the particular case, including service by mail to the defendant's last known address, by ordinary mail, by email, or other means. Fed.R.Civ.P. Rule 4. *Rio Props., supra,* at 1014-1015. The Rules do not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2), including by diplomatic channels before petitioning the court for alternative relief under Rule 4(f)(3), although AMA has actually attempted service via diplomatic channels. *Id.*; *see*, **Exhibit B**.

Service by email has been widely approved of after the Ninth Circuit allowed it in *Rio Properties,* and district courts now routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007). Since *Rio Props.*, electronic service by email **or by facsimile** under Rule 4(f)(3) has been widely approved. *See, e.g., MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (authorizing service by e-mail). *See also Bank Julius Baer & Co. Ltd. v. Wikileaks*, No. C. 08-00824 JSW, 2008 WL 413737 (N.D.Ca. Feb. 13, 2008) (authorizing e-mail service); *D'Acquisto v. Triffo*, 2006 WL 44057 (E.D. Wis. 2006) (same); *Williams v. Adver. Sex, LLC*, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (same); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email, facsimile and ordinary mail); *New England Merchs. Nat'l Bank*, 495 F.Supp. at 80 (authorizing service by telex, a precursor to facsimile correspondence); *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011) (authorizing email service).

In this case, Cyberweb, Ltd. is **known** to be reachable by its Barbados counsel, as Cyberweb has asserted affirmative claims for relief through that counsel. *See*, **Exhibit D** (original Notice of Claim in Barbados). That counsel lists itself as an "agent" for service of process on Cyberweb. *Id*. Counsel clearly lists its "Fax No." under its Notice for service of process. *Id*.

Next, Cyberweb, Ltd. is **known** to have "closed down" or moved from the address it lists publically. **Exhibit A**.

Cyberweb, Ltd. is **known** to be "more than likely" represented by Ms. VanLoon. *See*, Dkt. 11-2 (at ¶¶6-8), Dkt. 26.

And, Cyberweb, Ltd. is **known** to be affiliated with David Koonar/Netmedia, Inc., who share the same physical location and phone numbers. *See*, Dkt. 23. Mr. Koonar is reachable by email at producertm@gmail.com. Dkt. 35.

Thus, it would preserve the integrity of this proceeding if Cyberweb, Ltd. is permitted to effectuate alternative service by serving Barbados counsel (via facsimile), by serving current defense counsel in this case (by email), and/or by serving David Koonar (by email) at his known email address. *See, Rio Props.*, 284 F.3d 1017-18 (individuals doing business online were most likely to be reached via email; alternative service comports with constitutional notions of due process.)

### III. CONCLUSION

There can be no doubt that Defendant Cyberweb, Ltd. has knowledge of this suit.

Defendants in this case have been **<u>intentionally</u>** avoiding service and/or playing games, while AMA is forced to spend significant resources serving parties who are already represented in this lawsuit and already well-apprised of the litigation. Moreover, Defendants are wasting this Court's time, energy and resources by their piece-meal "Motion(s) to Dismiss." This path is just plain wasteful.

There is no doubt that Cyberweb does not actually maintain a Barbados location. Cyberweb is represented by counsel in Barbados, and Cyberweb is an Internet-aimed entity that regularly transacts business through electronic means.

For these reasons, it is more than justified that AMA should be permitted to "serve" Cyberweb, as an alternative to personal service, by any of the following means:

1. Sending a copy of the Summons, Amended Complaint, and related documents to Cyberweb, Ltd.'s Barbados counsel via facsimile (which number is listed on the actual Barbados Claim that Cyberweb, Ltd. caused to be filed);

2. Sending an email copy of the Summons, Amended Complaint, and related documents to Defendants' counsel, Erica Van Loon, who is "more than likely" to be retained by Cyberweb, Ltd. (and she has appeared for the other business entities, which are closely related to Cyberweb, Ltd.); and/or

3. Sending an email copy of the Summons, Amended Complaint, and related documents to David Koonar, the industry-known owner of www.Porn.com, whose email address is readily known as producertm@gmail.com (and who shares a physical location with NetMedia, Inc. in Ontario, Canada).

AMA also respectfully asks this Court for an award of its attorneys' fees and costs for having to seek this alternative service when Cyberweb does not maintain an actual place of business (and could have agreed to accept service).

DATED this 9th day of August, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
    Veronica L. Manolio
    8686 E. San Alberto Dr., Suite 200
    Scottsdale, Arizona 85258
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and provide a copy to the following ECM/CF registrants:


By:   /s/ Gina Murphy

- 9 -