ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorney for Defendants
Sagan Limited,
GLP 5, Inc. and
Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1
II. ARGUMENTS ........................................................................................................ 3
    A. The Parallel Proceedings Are Substantially Similar ................................... 3
    B. The Relevant Authority Supports A Stay .................................................... 5
    C. Exceptional Circumstances Warrant A Stay Of Proceeding. ...................... 7
III. EVIDENTIARY OBJECTIONS ........................................................................... 10
IV. CONCLUSION ..................................................................................................... 11

i
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   134 S. Ct. 568 (2013)................................................................................................6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................4

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962).....................................................................................5

*Colorado River Water Conservation Dist. v. U.S.*,
   424 U.S. 800 (1976)..............................................................................................6, 7

*CRC Info. Sys., Inc. v. Quebencor World (USA) Inc.*,
   Case No. 03-cv-0591 (D. Ariz. July 21, 2003) ...................................................3, 6, 7

*Creative Tech. Ltd., v. Aztech Sys. Pte, Ltd.*,
   61 F.3d 696 (9th Cir. 1995).......................................................................................3

*Del Aguila v. Genentech-Roche Transitional Benefit Plan*,
   2015 WL 2089636 (N.D. Cal. May 4, 2015)............................................................7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007).....................................................................................4

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
   817 F.2d 75 (9th Cir. 1987).......................................................................................3

*In re Spiewak*,
   1997 WL 143954 (9th Cir. Mar. 26, 1997) .............................................................11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   12 F.3d 908 (9th Cir. 1993)...................................................................................5, 6

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................5

*Lecor, Inc., v. U.S. Dist. Ct. for the Cent. Dist. of Calif.*,
   502 F.2d 104 (9th Cir. 1974).....................................................................................5

*Leyva v. Certified Grocers of California, Ltd.*,
   593 F.2d 857 (9th Cir.1979) .....................................................................................6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988).....................................................................................4

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989)...................................................................................5

*Orozco v. Borenstein*,
   2012 WL 3762408 (D. Ariz. Aug. 29, 2012) ..........................................................11

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

*Rahco Int'l, Inc. v. Laird Elec.*, Inc.,
  502 F. Supp. 2d 1118 (E.D. Wash. 2006) ..................................................................3

*Seven Arts Pictures PLC v. Fireworks Entm't, Inc.*,
  244 F. App'x 836 (9th Cir. 2007) .................................................................3, 6, 7

*Televisa S.A. de C.V. v. Koch Lorber Films*,
  382 F. Supp. 2d 631 (S.D.N.Y. 2005) ......................................................................7

*Tri-Valley Cares v. Dep't of Energy*,
  203 F. App'x 105 (9th Cir. 2006) .........................................................................11

## OTHER AUTHORITIES

*Ann Taylor Schwing*,
  1 Cal. Aff. Def. § 19:3 (2d Ed. 2016) ......................................................................5

i
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants GLP 5, Inc. ("GLP 5") and Netmedia Services Inc. ("Netmedia") (collectively, "Defendants") hereby submit this reply memorandum of law in support of their Motion to Stay Proceeding Pending Resolution of the Barbados Action (hereinafter, "Motion"). ECF No. 27.

## I.   INTRODUCTION

The crux of AMA's Opposition is that this action and the Barbados action ("Barbados Action") are not "substantially similar." AMA claims the actions are not "substantially similar" because the Barbados court cannot adjudicate AMA's copyright claims, and thus cannot fully resolve the instant action. This argument is unavailing.

AMA's copyright claims will only survive if the Barbados court rules against the Barbados defendants on the contract issues. And even if the Barbados court were to rule against the Barbados defendants on their contract claims, AMA concedes that the Barbados courts could adjudicate any remaining copyright claims provided the Barbados court has jurisdiction over AMA. ECF No. 33 ("Oppo.") at 10, 16. And the Barbados court clearly has jurisdiction over AMA because AMA **expressly consented to the jurisdiction of the Barbados courts** when it agreed to the forum selection clause at issue here.[1] AMA seems to suggest that the forum selection clause is limited to contract claims, can only be enforced by signatories, and that a stay requires that the two actions have identical parties. However, each of these assertions is contrary to Ninth Circuit precedent. In fact, the forum selection clause is controlling here and requires that the Court dismiss this action outright.[2]

AMA's arguments regarding the purported absence of "exceptional circumstances" are equally unavailing. The parties agree that factor 1 (location of *res*) is inapplicable. Factor

---

[1] AMA clearly admits to having entered into the Agreement. *Id.* at 6.

[2] Dismissal, and alternatively a stay, was sought pursuant to Defendants' original Motion which asserted the forum-selection clause as a basis therefor. In this regard, the Motion should be considered to include a motion to dismiss based upon *forum non-conveniens*.

1
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

2 is, at worst, neutral. AMA argues that Arizona is a more convenient forum, but it is no more convenient for Netmedia and GLP 5 than Barbados. And AMA agreed to litigate this dispute in Barbados, and thus cannot credibly claim inconvenience if it is required to litigate there. Factor 3 favors a stay. The requested stay would prevent, rather than cause, piecemeal litigation. As discussed above, the Barbados court can resolve all claims asserted by AMA. In fact, the forum selection clause unequivocally requires that defenses based on the Agreement be adjudicated by the Barbados court. Factor 4 favors a stay. It is simply a fact that the Barbados Action was initiated first, and nothing AMA has alleged can change that. Factor 5 favors movants or is at least neutral. AMA's claims may be based on copyright law, but the contract-based defenses of Netmedia and GLP 5 are based on the law of Barbados. Factor 6 favors a stay. AMA has presented absolutely no evidence that Barbados courts are unable to adequately protect its interests. Indeed, only the Barbados courts can resolve all the issues between these parties. AMA freely consented to the jurisdiction of the Barbados courts, and cannot now complain when it its required to litigate in such courts. Factor 7 also favors a stay. While AMA asserts that its Arizona action is not vexatious, reactive, or filed in bad faith, AMA brought this action in clear defiance of a forum selection clause designating Barbados as the exclusive forum for disputes (such as this one) relating to the Agreement. AMA deliberately avoided naming G.I.M. Corp ("GIM") as a defendant in its Arizona action hoping to evade the very agreement it signed. But, if AMA's agency or alter ego assertions are to be believed, then AMA itself considers all of the defendants "parties" to the Agreement. Factor 8 favors a stay. It is AMA, not Netmedia and GLP 5, that is clearly forum shopping. Arizona has no connection to this dispute. None of the parties, including AMA itself, are based here, no significant conduct occurred here, and Arizona is not the locus of harm.

    For the reasons outlined in detail below and in Defendants' Motion, this Court should grant Defendants' Motion to Stay Proceeding Pending Resolution of the Barbados Action.

///

///

## II. ARGUMENTS

### A. The Parallel Proceedings Are Substantially Similar

AMA claims this action and the Barbados Action are not "substantially similar" because the Barbados court purportedly cannot adjudicate AMA's copyright claims, and because the parties in the two actions are not identical. Both arguments lack merit.

AMA argues that the Barbados court cannot adjudicate its copyright claims. But, in its Opposition, AMA concedes that "a foreign court may apply U.S. copyright law." *Id.*[3] In fact, AMA states that that the *Seven Arts Pictures* and *CRC* courts granted stays based, in part, on their recognition that foreign courts could adjudicate copyright claims. *Id.* at 11, 12. Further, the Barbados court is fully equipped to deal with and apply the law of another jurisdiction as necessary. Declaration of Ivan Alert ("Alert Decl."), ¶ 14.

AMA nonetheless argues that the Barbados courts lack personal jurisdiction over AMA. This is absurd. AMA **expressly consented to the jurisdiction of the Barbados courts** when it agreed to the forum selection clause in the Agreement. ECF No. 27-3, Ex. 5 (Content Partner Revenue Sharing Agreement) at ¶10.5 (pg. 30) ("Any legal action arising out of or relating to this Agreement must be instituted in a court located in Barbados and the Parties submit to the jurisdiction of any such court."). It is black letter law that willing agreement to a forum selection clause waives any right to contest jurisdiction. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987) (party that agreed to clause stating that "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" it "cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction."); *Rahco Int'l, Inc. v. Laird Elec.*, Inc., 502 F. Supp. 2d 1118, 1122 (E.D. Wash. 2006) ("[P]arties may consent to the jurisdiction of a particular court through the use of a forum-selection clause in a contract, regardless of

---

[3] *Citing Creative Tech. Ltd., v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696 (9th Cir. 1995) (Singapore courts are free to apply U.S. copyright law).

3
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

minimum contacts.") (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14 (1985)).

AMA wrongly argues that its copyright claims are outside the scope of the forum selection clause. But AMA's copyright claims cannot be adjudicated without analyzing whether the Agreement authorizes the allegedly infringing conduct, and thus such claims fall squarely within the forum selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("The [tort] claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract. Therefore, because the tort causes of action alleged by Manetti–Farrow relate to 'the central conflict over the interpretation' of the contract, they are within the scope of the forum selection clause.")

AMA is also wrong to the extent it contends the forum selection clause cannot be enforced by non-signatories. Related entities can enforce a forum selection clause, and AMA alleges that Netmedia, GLP 5, and GIM (the entity that signed the Agreement with AMA) are not just related, but are alter egos. ECF No. 32 at 4 ("all of these entities are alter egos of one another – not separate, unrelated entities."). *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("The forum selection clauses apply equally to [non-signatories] BVNA and BV Canada because any transactions between those entities and Holland America took place as part of the larger contractual relationship between Holland America and Bureau Veritas."); *Manetti-Farrow,* 858 F.2d at 513 ("Manetti–Farrow argues the forum selection clause can only apply to Gucci Parfums, which was the only defendant to sign the contract. However, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.' [ ] We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.") (citations omitted).

Similarly unavailing is AMA's argument that the Agreement is only between GIM and AMA, thus the Defendants are improper plaintiffs in the Barbados Action. First, Barbados law, not U.S. law, would determine whether such were true or not. Second, AMA granted GIM the right to use the copyrighted content via the Agreement. ECF No. 27-3, Ex.

4

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

5. The Agreement allows GIM to use the licensed content on websites whose advertisements are controlled by the Traffic Force Advertising Management System, including Porn.com. *Id.* at ¶ B. Because AMA's claims are predicated on Defendants' alleged interactions with Traffic Force and/or Porn.com (Oppo. at 1), each Defendant has a distinct beneficial interest in the Agreement. A party with a beneficial interest has "'an actual and substantial interest in the subject matter of the action,' and stands to be 'benefited or injured' by a judgment in the action." *Ann Taylor Schwing*, 1 Cal. Aff. Def. § 19:3 (2d Ed. 2016).

And while AMA argues that the actions are not parallel because GLP 5 is no longer a party to the Barbados Action, the Ninth Circuit routinely holds that a court may stay proceedings in favor of suit in another jurisdiction where the parties and issues are not identical. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)); *see also Lecor, Inc., v. U.S. Dist. Ct. for the Cent. Dist. of Calif.*, 502 F.2d 104, 105 (9th Cir. 1974) (the court has power to stay proceedings even where parties in both actions are not identical). Indeed, AMA relies on *Nakash v. Marciano,* which explicitly states that the parties need *not* be identical to find parallelism and substantial similarity between two proceedings. *Nakash v. Marciano,* 882 F.2d 1411, 1417 (9th Cir. 1989) (finding substantial similarity even though federal action was limited to parties in their personal capacity but state action also included additional "corporate entities owned and operated by the parties.").

It bears noting that while AMA now attempts to distinguish the named Defendants in this action, AMA simultaneously argues in its concurrently-filed Opposition to GLP 5 and Netmedia's Motion To Dismiss that all the entities referenced in its pleadings are alter egos of one another. ECF No. 32 at 4 ("all of these entities are alter egos of one another – not separate, unrelated entities."). AMA cannot claim otherwise for purposes of this Motion.

### B. The Relevant Authority Supports A Stay

AMA relies heavily on *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908 (9th Cir. 1993), to support its contention that a stay of proceeding is unwarranted, but *Intel* is clearly distinguishable. As AMA notes, the *Intel* court predicated its ruling on its conclusion

5
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

that the concurrent state court proceeding in that case would potentially not resolve all issues in the federal action. Oppo. at 10. Here, the Barbados court has jurisdiction to resolve any copyright claims AMA wishes to assert in that forum.[4] Alert Decl., ¶ 14. In fact, the Barbados court's jurisdiction is **_exclusive_**. As the Supreme Court has stated, when determining whether venue is proper, the existence of a forum-selection clause "represents [the parties] agreement as to the most proper forum, and should be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568, 574 (2013) (internal citations omitted).[5]

AMA next argues that *CRC* and *Seven Arts* are distinguishable because, unlike here, those courts had jurisdiction over the plaintiffs therein and thus were able to adjudicate the U.S. copyright claims. However, as discussed above, the Barbados court is fully able to adjudicate AMA's copyright claims.

AMA also notes that in both *CRC* and *Seven Arts* the centrality of foreign law was an important factor supporting the stay. AMA states that in *CRC*, "the court found that a stay under *Colorado River* was appropriate because the license agreements at issue had to be governed under Canadian law." Oppo. at 12. Similarly, AMA states that in *Seven Arts,* a key jurisdictional fact was that "the [Master Services Agreement] had a Canadian forum selection clause." *Id.* at 11. However, foreign law is also central to the instant case, because Defendants' contract-based defenses are governed by Barbados law. Thus, AMA's attempts

---

[4] The concurrent forum in *Intel* was a U.S. state court, which lacks subject matter jurisdiction to adjudicate copyright claims. However, as AMA concedes, foreign courts are not precluded from adjudicating U.S. copyright law claims. *Id*. at 10, 12.

[5] In fact, outright dismissal of this action is **required** under the doctrine of *forum non conveniens. Atlantic Marine Coast,* 134 S. Ct. at 574 ("When a forum-selection clause points to a state or foreign forum, the clause may be enforced through the doctrine of *forum non conveniens*."). And were the court to deem *forum non conveniens* dismissal improper, a *Leyva* stay would nonetheless be proper here. *Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863–64 (9th Cir.1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

to distinguish *CRC* and *Seven Arts* actually support a stay here.

And as in the instant case, the copyright issues in C*RC* and *Seven Arts Pictures* are inextricably linked with issues of foreign contract law. In *CRC,* the court noted that "determining QW's rights under the license agreement is an essential first step in resolving the parties' disputes." *CRC Info. Sys., Inc. v. Quebencor World (USA) Inc.*, Case No. 03-cv-0591 at 11 (D. Ariz. July 21, 2003). And in *Seven Arts Pictures* the court stayed the copyright infringement action pending resolution of a Canadian contract interpretation action, even where the parties were not identical, because the domestic action was "inextricably related to the Canadian contract action." *Seven Arts Pictures PLC v. Fireworks Entm't, Inc.*, 244 F. App'x 836, 837 (9th Cir. 2007). The court noted that the "central issue in both [the present] case and the Canadian Action is a determination of the rights of each party pursuant to the" underlying agreements. *Id.*[6]

Thus, *CRC* and *Seven Arts Pictures* fully support Defendants' request for a stay.

### C. Exceptional Circumstances Warrant A Stay Of Proceeding.[7]

AMA criticizes Defendants' analysis of the *Colorado River* factors, claiming Defendants "only address *some* of the factors in the test, trying to tilt the court to stay." Oppo. at 2. But as AMA later concedes, "[n]o single factor of the 'exceptional circumstances' test is dispositive, and no mechanical process is applied." *Id.* at 14.[8] Nonetheless, to address AMA's purported concerns Defendants will address each factor.

*First*, as AMA admits, no tangible property is at stake, making this factor irrelevant. *Id.*

---

[6] Plaintiff makes no attempt to distinguish *Televisa* which similarly stayed a copyright infringement action pending resolution of a French action, which would resolve issues of ownership to the films in question. *Televisa S.A. de C.V. v. Koch Lorber Films*, 382 F. Supp. 2d 631, 634-35 (S.D.N.Y. 2005).

[7] Dismissal, and alternatively a stay, was sought pursuant to Defendants' original Motion which asserted the forum-selection clause as a basis therefor. In this regard the motion should be considered to include a motion to dismiss based upon *forum non-conveniens*.

[8] *See also: Del Aguila v. Genentech-Roche Transitional Benefit Plan*, 2015 WL 2089636 at *1 (N.D. Cal. May 4, 2015) (quoting Atlantic Marine).

*Second*, Arizona is not a convenient forum. GLP 5 is a Michigan corporation. ECF No. 27-1 at 1. While AMA challenges GLP 5's Michigan residency, it states that GLP 5, along with Netmedia, Traffic Force, Cyberweb, and GIM[9] are all residents of Ontario, Canada. ECF No. 32 at 2. Thus, by AMA's own admission, none of the Defendants are residents of Arizona. Though AMA points out that Defendants' counsel in this action is in Los Angeles, Defendants have hired separate Barbados counsel to handle the Barbados Action. Thus, there is no inconvenience to Defendants' Los Angeles counsel.

And as explained in Defendants' concurrently–filed Reply in Support of Motion to Dismiss For Lack of Jurisdiction, AMA's contention that "Defendants specifically target U.S. viewers" is incorrect.

*Third,* the desirability of avoiding piecemeal litigation warrants a stay. A stay would prevent, rather than cause, piecemeal litigation. The Barbados court can resolve all claims asserted by AMA in this case, but the forum selection clause precludes this Court from adjudicating any claims relating to the Agreement.

*Fourth*, the Barbados court was the first to obtain jurisdiction, warranting a stay of proceeding. Plaintiff argues that this factor should be given little weight because "[t]o date, there has been little to no progress in the Barbados claim." Oppo. at 16. But this is untrue. The original Claim Form was filed with the Supreme Court of Barbados on April 27, 2016. ECF No. 27-3, Ex. 4. The Amended Claim Form was subsequently filed on June 9. Alert Decl., Ex. A. In addition to the claims originally asserted, the Amended Claim Form sought to restrain the Barbados defendants from progressing the Arizona proceeding until a determination of the Barbados Action issued. *Id.* at ¶ 13. Since the commencement of the Barbados Action, three hearings have been held. The first hearing was scheduled for May 27, wherein the Barbados plaintiffs sought leave to serve foreign defendants out of jurisdiction. *Id.* at ¶ 7. During that same hearing, the Barbados defendants sought to strike

---

[9] Plaintiff's assertion that GIM and Cyberweb are residents of Ontario is incorrect. Both companies are Barbados corporations.

1  plaintiffs' informal service. *Id.* The court ultimately adjourned each matter until a second
2  hearing on June 13. *Id.* At that hearing, the court ordered the plaintiffs to file an affidavit in
3  reply to the defendants' application to set aside informal service by June 20. *Id.* at ¶ 9. The
4  defendants were similarly granted liberty to file their own affidavit in response by June 27.
5  *Id.* The matters were then further adjourned until a third hearing on July 18. *Id.* At the third
6  hearing, the court granted plaintiffs' application to serve out of jurisdiction and dismissed
7  defendants' application to stay and set aside informal service. *Id.* at ¶¶ 10-11.

8        To the extent AMA identifies any purported delays, they are a result of the Barbados
9  defendant Adam Silverman's consistent attempts to avoid service of the amended claims. In
10 addition, AMA is wrong to suggest "the claim filed by Defendants in Barbados was done
11 contrary to Barbados law and procedure." Oppo. at 5. Under Barbados law, a proceeding is
12 deemed formally commenced on the date entered on the Claim Form by the Registry. Alert
13 Decl., at ¶¶ 1-2. And contrary to AMA's assertion, Barbados law only requires that service
14 be completed within one year of filing the Claim Form. *Id.* at ¶ 3.

15       Further, the Barbados plaintiffs properly sought leave to conduct out of jurisdiction
16 service. *Id.* at ¶ 4. In Barbados, when the defendants reside out of jurisdiction, the plaintiffs
17 are required to obtain permission of the Court before completing service. *Id.* Here, the
18 Barbados plaintiffs filed the proper application for permission to serve out of jurisdiction on
19 April 27 along with a Certificate of Urgency. *Id.* An affidavit in further support of plaintiffs'
20 application was subsequently filed on May 20. *Id.* In comport with the Registry's
21 recommendation, the Barbados plaintiffs informally served defendants before the court ruled
22 on the pending application. *Id.* at 5. This was purely a courtesy to put defendants on notice
23 of the pending action. *Id.*

24       Finally, AMA makes a last ditch attempt to disparage the Barbados Action by arguing
25 it was commenced in bad faith. ECF No. 33-1. The facts shows otherwise. Counsel for
26 AMA sent defendants a draft complaint that AMA intended to file for the purpose of
27 initiating negotiations. Declaration of Philip Bradbury In Support of Defendants' Reply In
28 Support Of Their Motion To Stay Proceeding Pending Resolution of the Barbados Action

9
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

("Bradbury Decl."), at ¶ 3. The parties then engaged in protracted settlement discussions for several months. *Id.* at ¶ 4. During that time, defendants conducted a thorough internal investigation of the claims asserted by AMA and became aware that defendants had potential claims against AMA for anticipatory breach and breach of contract of the Agreement. *Id.* at ¶¶ 4-5. Thereafter, GLP 5 and the other defendants commenced the Barbados Action in good faith against AMA and Silverman on April 2, in the parties' contractually-designated forum for resolution of their disputes. *Id.* at ¶ 5. AMA cannot credibly claim that promptly asserting one's rights in this manner constitutes bad faith conduct.

*Fifth*, while U.S. law governs AMA's copyright claims, Barbados law governs Defendants' defenses based on the Agreement. Thus, factor 5 is neutral.

*Sixth*, AMA affirmatively consented to jurisdiction in Barbados. Thus, Barbados is the only court with jurisdiction to resolve AMA's copyright claims by fully adjudicating both AMA's affirmative claims and Defendants' license defense.

*Seventh*, while AMA asserts that its Arizona action is not vexatious, reactive, or filed in bad faith, AMA brought this action in clear defiance of a forum selection clause designating Barbados as the exclusive forum for disputes (such as this one) relating to the Agreement. That constitutes bad faith. Thus, factor 7 favors a stay.

*Eighth*, AMA, not Netmedia and GLP 5, is clearly forum shopping. No parties, including AMA, are based in Arizona, no significant conduct occurred here, and Arizona is not the locus of harm. Thus, factor 8 favors a stay.

Balancing the above factors shows that extraordinary circumstances do exist, warranting dismissal, or alternatively a stay pending an interpretation of the Agreement in Barbados.

III. **EVIDENTIARY OBJECTIONS**

Plaintiff relies on the Silverman declaration to inappropriately make legal conclusions and unfounded accusations. But a declaration is improper where it is "replete with legal argument and analysis, not properly included in a declaration." *Orozco v. Borenstein,* 2012

10

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951

WL 3762408, at *1 (D. Ariz. Aug. 29, 2012) (denying Plaintiff's motion for leave to file a second declaration that included improper legal analysis and argument). Further, declarations are routinely stricken where the declarant lacks personal knowledge and where the declaration asserts impermissible legal conclusions, opinions from lay witnesses, and hearsay. *Tri-Valley Cares v. Dep't of Energy,* 203 F. App'x 105, 108 (9th Cir. 2006) (affirming exclusion of declarations that contained impermissible legal conclusions and opinions from lay witnesses); *see also In re Spiewak,* 1997 WL 143954, at *1 (9th Cir. Mar. 26, 1997) (finding no abuse of discretion in striking declaration where "it was not based on personal knowledge, and many of the statements in the declaration are either legal conclusions or hearsay."). The Silverman declaration is based on inappropriate legal conclusions and should be entirely stricken. Alternatively, at a minimum, paragraphs 11-13, 16, 21, 24, 25, 32, 33, 35, 42, 45, and 47-56 should be stricken from the Silverman declaration.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Defendants GLP 5 and Netmedia respectfully request that the Court grant Defendants' Motion to Stay the Proceeding Pending Resolution of the Barbados Action.

DATED:  August 26, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By:  /s/ Erica J. Van Loon

ERICA J. VAN LOON
Attorney for Defendants
Sagan Limited,
GLP 5, Inc. and
Netmedia Services Inc.

11

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S REPLY ISO THEIR MOTION TO STAY
PROCEEDING PENDING RESOLUTION OF THE BARBADOS ACTION

1231951