DRAWN AND PREPARED BY

_____
IVAN A. ALERT Esq.
Attorney-at-Law
"Summerland House"
Prospect Road, Prospect,
St. James, BB24003, Barbados
Tel: (246) 425-3862; Fax: (246) 425-3046
Email: ivanalert@caribsurf.com

1 | ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
2 | GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
3 | 10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
4 | Telephone: (310) 553-3000
Facsimile: (310) 556-2920
5 |
  | *Attorney for Defendants*
6 | *Sagan Limited,*
  | *GLP 5, Inc. and*
7 | *Netmedia Services, Inc.*

8

9

10

11

12

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

13 | AMA MULTIMEDIA LLC, a Nevada
14 | limited liability company,
15 |                    Plaintiff,
16 | v.
17 | SAGAN LIMITED, a Republic of Seychelles
   | company, individually and d/b/a
18 | PORN.COM; CYBERWEB LTD., formerly
   | MXN LTD., a Barbados Company,
19 | individually and d/b/a PORN.COM;
   | NETMEDIA SERVICES INC., a Canadian
20 | Company, individually and d/b/a
   | PORN.COM; GLP 5, Inc., a Michigan
21 | Company individually and d/b/a
   | Trafficforce.com; DAVID KOONAR, an
22 | individual; and John Does 1-20,
23 |                    Defendants.

CASE NO.: CV16-1269 PHX DGC

Hon. David G. Campbell

**DECLARATION OF IVAN ALERT**

24

25

26

27

28

1227886

**Glaser Weil**

## DECLARATION OF IVAN ALERT

I, IVAN ALERT, declare and state as follows:

I am an attorney. I am duly licensed to practice before all courts of Barbados and I am one of the attorneys of record for Cyberweb Ltd., Netmedia Services, Inc., Sagan Ltd., G.I.M. Corp., GLP 5, Inc. and David Koonar (collectively "Barbados Plaintiffs"), in connection with the action pending before the Supreme Court of Barbados, *Cyberweb Ltd., et al. v. AMA Multimedia LLC, et al.,* Claim No. CV600-2016 ("Barbados Action"). I make this declaration in support of GLP 5, Inc. ("GLP") and Netmedia Services Inc.'s ("Netmedia") (collectively "Defendants") Reply In Support of Their Motion to Stay Proceeding Pending Resolution of the Barbados Action. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

1.      The Barbados Action was started by filing of the claim form in the Registry on April 27, 2016. The Registry entered and issued the claim form on that same date. Amended Claims were subsequently filed on June 9, 2016. Attached hereto as Exhibit A is a true and correct copy of the claim form.

2.      Under The Barbados Supreme Court (Civil Procedure) Rules 2008 ("CPR") Part 8 – How to Start Proceedings - a claim is issued on the date entered on the claim form by the Registry and whether or not the claim form is issued on the same day, a claim made in it is brought by the claimant on the day on which the claim form is filed in the Registry. Here, the date of filing and the date entered by the Registry on the claim form were one and the same, April 27, 2016. Thus, the proceeding was formally started on April 27, 2016.

3.      Service of court process i.e. a claim is a separate and distinct issue from starting or commencing proceedings. Part 8 Rule 8.10 provides that after a claim form has been issued it may be served on the defendant in accordance with Part 5 (service of claim form within jurisdiction) or Part 7 (service out of the jurisdiction). The general rule is that a claim form may only be served within 12 months after the date when it was issued – Part 8 Rule 8.10. The claimant may make an application to extend the period within which to serve

1
DECLARATION OF IVAN ALERT

1 | the claim form.

2 |     4.      In the Barbados Action, the Barbados Defendants were not residents of

3 | Barbados. As such, service of process out of the jurisdiction was necessary. Under the CPR,

4 | a party is required to obtain permission of the Court before serving process out of the

5 | jurisdiction. The Barbados Plaintiffs filed an application for permission to serve the claim

6 | form in the Barbados Action out of the jurisdiction and on the Barbados Defendants on April

7 | 27, 2016. A Certificate of Urgency was also filed on April 27, stating that the application

8 | was an urgent one. A certificate of urgency is usually filed to move the chief justice to

9 | consider and approve an earlier than usual date for hearing of matters deemed urgent. An

10 | affidavit in support of the application to serve the Barbados Defendants out of the

11 | jurisdiction was filed on May 20, 2016.

12 |     5.      On April 27, 2016, upon the claim form being issued by the Registry, a copy

13 | of the claim form bearing the issue seal of the Registry was given to the Barbados Plaintiffs

14 | with advice that it be communicated (not served) to the Barbados Defendants to alert them

15 | that the Barbados Action had been filed and to facilitate their early retention of legal

16 | representation in Barbados. It became evident from subsequent proceedings that the

17 | Barbados Defendants were so alerted on April 28, 2016.

18 |     6.      The Barbados Defendants filed an application on May 19, 2016 purporting that

19 | they had been "served" the claim form without permission of the Barbados court and asked

20 | for an order that the service of the claim form be set aside and all subsequent proceedings in

21 | the claim be stayed.

22 |     7.      The Court set a hearing for both applications (the Barbados Plaintiffs

23 | application for permission to serve out of the jurisdiction and the Barbados Defendants

24 | application to set aside purported service and stay) on May 27, 2016. When the matters

25 | came on for hearing the learned trial Judge Madam Justice Margaret Reifer determined that

26 | she would hear and deal with the Barbados Plaintiffs application first and stand down the

27 | Barbados Defendants application for hearing immediately after. That was done and upon

28 | hearing, the Barbados Plaintiffs application for leave to serve out of the jurisdiction was

GlaserWeil

DECLARATION OF IVAN ALERT

1  adjourned to June 13, 2016. The hearing of the Barbados Defendants application was then

2  called on for hearing. When that matter was called there was no answer or appearance by the

3  attorney for the Barbados Defendants, Karen Perreira. The learned trial judge therefore also

4  adjourned that matter to June 13, 2016.

5         8.     On June 9, 2016, the Barbados Plaintiffs filed an Amended claim form and a

6  detailed statement of claim. A Notice of Discontinuance was also filed on that very date

7  discontinuing the Barbados Action by two of the Barbados Plaintiffs - GLP 5 and David

8  Koonar - against the Barbados Defendants. As such those two were no longer Plaintiffs in

9  the Barbados Action. The application for leave to serve out of the jurisdiction was also

10  amended to include service of the statement of claim and that amended application was also

11  filed on June 9, 2016.

12         9.     When the matters aforementioned came on for hearing on June 13, 2016 the

13  learned trial judge on hearing the Barbados Plaintiffs application for leave to serve process

14  out of the jurisdiction granted permission to serve the claim form and statement of claim

15  together with a copy of her Order on the Defendants in Las Vegas, Nevada or at such other

16  place in the United States as they may be found.  The Barbados Defendants application to

17  set aside purported service and for a stay was heard immediately after. On hearing that

18  application the learned trial Judge ordered the Barbados Plaintiffs to file an affidavit in reply

19  to the Barbados Defendants application to set aside purported service and for a stay by June

20  20, 2016. The Barbados Defendants were also granted liberty to file an affidavit in response

21  by June 27, 2016. That application was then adjourned to July 11, 2016. The affidavit

22  ordered of the Barbados Plaintiffs was filed on June 16, 2016 and the affidavit in response

23  was filed on June 28, 2016.  That application was then heard on July, 11, 2016. The learned

24  trial Judge reserved her decision to July 18, 2016.

25        10.    On July 18, 2016 the learned trial Judge delivered her decision. The Barbados

26  Defendants application to stay and to set aside what they purported was service was

27  dismissed and they were ordered to pay the Barbados Plaintiffs costs of that application to

28  be agreed and if not agreed to be assessed.

1227886

**Glaser Weil**

1    11.    The documents ordered to be served together with all other relevant

2    documents of proceedings in Barbados were provided to the Barbados Plaintiffs in order to

3    have them affect service on each of the Defendants named in the Barbados Action.

4    Defendant AMA Multimedia LLC was served on August 5, 2016.

5    12.    Under the CPR aforementioned, a claim form and a statement of claim are also

6    known as statements of case. Part 20 of the CPR makes provision for changes to a statement

7    of case. A statement of case may be amended without the court's permission at any time

8    prior to a case management conference and the filing of a defence.

9    13.    In the claim form filed on April 27, 2016, the Barbados Plaintiffs specifically

10   claimed inter-alia an Order restraining breach and or further breach or violation of

11   representations and warranties that the Barbados Defendants would not directly or indirectly

12   undertake any action in conflict with the rights of G.I.M. Corp. including the rights held by

13   G.I.M. Corp. pursuant to the Content Partner Revenue Sharing Agreement. This claim was

14   largely repeated in the amended claim form filed on June 9, 2016. In the amended claim

15   form an order was sought restraining each of the Defendants named in the Barbados Action

16   from taking any step or further step in the proceedings which they have commenced in

17   Arizona in the United States of America against the Barbados Plaintiffs until determination

18   of the Barbados Action and or from breaching or otherwise violating representations and

19   warranties that the Barbados Defendants would not directly or indirectly undertake any

20   action (or authorize others to undertake any action) in conflict with the rights of G.I.M.

21   Corp. including those rights held by G.I.M. Corp. pursuant to the Content Partner Revenue

22   Sharing Agreement.

23   14.    In my professional opinion, where a Barbados Court has jurisdiction and is

24   exercising that jurisdiction to determine any matter or issue before it and it determines that

25   the proper law to be applied to determine such an issue is the law of another jurisdiction then

26   it will determine what that law is, even with the opinion of experts in such law, and apply

27   such law.

28

DECLARATION OF IVAN ALERT

1227886

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on August 22, 2016 at St. James, Barbados.


_____

IVAN ALERT


IVAN A. ALERT Esq.
Attorney-at-Law
"Summerland House"
Prospect Road, Prospect,
St. James, BB24003, Barbados

DECLARATION OF IVAN ALERT

1227886

Exhibit A





## AMENDED CLAIM FORM

### Form 1

*(Rule 8.1(4))*

### SUPREME COURT OF BARBADOS
### IN THE HIGH COURT OF JUSTICE

CLAIM NO. | CV 600/2016

DRAWN AND PREPARED BY

**ZARINA KHAN**
ATTORNEY-AT-LAW
Prospect Chambers
"Summerland House"
Prospect Road, St James
BB24003, Barbados

FILED
JUN 09 2016
REGISTRY
BARBADOS

RECEIVED
JUN 09 2016

**BETWEEN:**

**CYBERWEB LTD**
**NETMEDIA SERVICES INC**
**SAGAN LTD**
**GLP 5 INC**
**GIM CORP**
**DAVID KOONAR**

**CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**
**ADAM SILVERMAN**

**DEFENDANTS**

The Claimants, **CYBERWEB LTD** formerly MXN LTD of Coconut Creek House, Derricks in the parish of St. James, Barbados; **NETMEDIA SERVICES INC** of 5060 Tecumseh Rd. East, Windsor, ON Canada; **SAGAN LTD** of Suite 9, Ansuya Estate, Revolution Avenue, Victoria, Mahe, Seychelles; **GLP 5 INC** of 30150 Telegraph Road, STE 444, Bingham Farms, MI, 48025-4549 USA, **GIM CORP** of Coconut Creek House, Derricks in the parish of St. James, Barbados **AND DAVID KOONAR** of Asolo (Treviso – Italy), Via Santa Caterina 35 claim jointly and severally against the Defendants, **AMA MULTIMEDIA, LLC** of Las Vegas, Nevada, USA and **ADAM SILVERMAN** of Las Vegas, Nevada, USA.

## (SET OUT BRIEFLY THE NATURE OF THE CLAIM, ANY SPECIFIC AMOUNT CLAIMED AND ANY OTHER REMEDY SOUGHT FROM THE COURT)

1.    Injunctive relief to restrain anticipatory breach of contract and or breach of the Claimant - GIM CORP- rights in an Agreement entitled Content Partner Revenue Sharing Agreement made between GIM CORP and the Defendants herein on or about the 10th day of September, 2012 ("Content Partner Revenue Sharing Agreement").



2.   A Declaration that the Content Partner Revenue Sharing Agreement is entirely and solely justiciable only in the Courts of Barbados pursuant to Barbados law and without regard to conflicts of laws principles.

3.   A Declaration that all of the Claimants herein are entitled to rely on the rights granted by the Defendants to GIM CORP under the Content Partner Revenue Sharing Agreement.

4.   A Declaration that all of the Claimants herein are, pursuant to the Content Partner Revenue Sharing Agreement, entitled to publicize and or distribute content materials submitted provided to or otherwise made available to the Claimants by the Defendants or either of them, including without limitation, content materials as to which Defendants claim or otherwise assert copyright interests.

5.   An order restraining each of the Defendants from taking any step or further step in the proceedings which they have commenced in Arizona in the United States of America against the Claimants until determination of this suit and or from breaching or otherwise violating representations and warranties that Defendant(s) would not, directly or indirectly, undertake any action (or authorize others to undertake any action) in conflict with the rights of GIM CORP, including those rights held by GIM CORP pursuant to the Content Partner Revenue Sharing Agreement.

6.   Damages for breach of the Content Partner Revenue Sharing Agreement by Defendants.

7.   Interest pursuant to section 35 of Cap 117A;

8.   Costs including costs provided for under the Content Partner Revenue Sharing Agreement.

9.   Further or other relief deemed fit.

(THE FOLLOWING IS TO BE COMPLETED ONLY WHERE THE CLAIM IS FOR A SPECIFIED AMOUNT)

|  | $ |
|---|---|
| Amount Claimed | |
| Interest | |
| Court fees | |
| Attorney's Fixed Costs on issue | |
| Total Amount Claimed | |

**CERTIFICATE OF TRUTH**

I Kris Richardson director of Cyberweb Ltd certifies that all facts set out in this Amende Claim Form are true to the best of my knowledge, information and belief and that I am duly authorized to sign this statement on behalf of all of the Claimants.

Dated the   9   day of June 2016

......................................
*Claimant's signature*

CERTIFIED A TRUE COPY

LEGAL ASSISTANT

A9.

## NOTICE TO THE DEFENDANT

### See the notes in Form 1A served with this Claim Form.

The Claim Form must contain or have served with it either Statement of Claim or a copy of a court order entitling the Claimant to serve the Claim Form without a Statement of Claim.

If you do not complete the form of Acknowledgement of Service served on you with this Claim Form and deliver or send it to the Registry (address below) so that it is received there within FOURTEEN DAYS of service of the Claim Form on you, the Claimant will be entitled to apply to have judgment entered against you. See Rules 9.2(4) and 9.3(1).

The form of Acknowledgement of Service may be completed by you or by an attorney-at-law acting for you.

You should consider obtaining legal advice with regard to this Claim.

**This Claim Form has no validity if it is not served within twelve months of the date below unless it is accompanied by an order extending that time.**

The court has fixed the                     day of                     20                     ,
at                     am/pm, as the time and date for a directions hearing in this Claim. You or your representative must attend that hearing, unless the Court dispenses with your attendance, or orders may be made against you in your absence.

You are referred to Part 27, and particularly rule 27.4, of the Rules of the Supreme Court.

The registry is located at the Law Courts, Bridgetown, telephone number 246-426-3461, FAX (246)426-2405. The office is open to the public between 8:15 a.m. and 3:30 p.m. Monday to Fridays except on public holidays.

Dated the                     day of                     2016

The claimant's address for service is that of his attorney-at-law ZARINA KHAN, Attorney-at-Law of and whose address for service is "Summerland House" Prospect Road, Prospect, Saint James, BB 24003; Tel: 622-0050/1; Fax: 438-7266.

**Filed by Zarina Khan,** Attorney at law for the Claimants of and whose address for service is "Summerland House" Prospect Road, Prospect, Saint James, BB 24003; Tel: 622-0050/1; Fax: 438-7266.

# ACKNOWLEDGEMENT OF SERVICE OF CLAIM FORM

## Form 3

(Rules 8.12(1)(a),9.1(2)(a) and 9.2(1)(b))

### SUPREME COURT OF BARBADOS
### IN THE HIGH COURT OF JUSTICE

**CLAIM NO.** | CV 600/2016

**BETWEEN:**                                                                                     **CLAIMANT**

**AND**
**DEFENDANT**

**Warning:** If this document is not fully completed, and returned to the Registry at the address below within FOURTEEN DAYS of the claim form on you, the Claimant will be entitled to apply to have judgment entered against you. If he does so you will have no right to be heard by the Court except as to costs or the method of paying any judgment unless you apply to set the judgment aside (and it may not be possible for you to succeed in having it set aside.

| | | |
|---|---|---|
| 1. | Have you received the Claim Form with the above Claim Number? | YES/NO |
| 2. | If so, when? | / / |
| 3. | Did you receive the Claimant's Statement of Claim? | YES/NO |
| 4. | If so, when? | |
| 5. | Are your names properly stated in the Claim Form? | YES/NO |
| | If not, what are your full names? | |
| 6. | Do you intend to defend the Claim? | YES/NO |
| | (If so you must file a Defence within 28 days of service of the Claim Form on you.) | |
| 7. | Do you admit to the whole claim in the Claim Form? | YES/NO |

(If you do you must either

(a) pay the claim directly to the Claimant or his attorney-at-law, or;

(b) complete the form of application to pay by monthly installments.

If you pay the whole debt together with the cost and interest as shown in the Claim Form within FOURTEEN DAYS, you have no further liability for costs.)

**FORM 3** – Cont'd
(Rule 8.12(1)(a) and Part 9)

8.  If you do not admit to the whole of the claim, do you admit to any part of the claim?  YES/NO

(If you do you may

(a) pay the money that you admit direct to the Claimant or his attorney-at-law; or

(b) complete the form of application to pay the claim by installments.)

9.  If so, how much do you admit? ...................................................................................................................

(If you dispute the balance of the claim you must also file a Defence within TWENTY-EIGHT DAYS of the date of service of the Claim Form, on you or judgment may be entered against you for the whole amount claimed.)

10. What is your address? ...............................................................................................................

...................................................................................................................

...................................................................................................................

11. What is your address for service?

...................................................................................................................

...................................................................................................................

...................................................................................................................

Dated the                                    day of                                    20

..................................................................................
**Attorney-at-Law for Defendant**
**Defendant in person**

The Registry is located at the Law Courts, Bridgetown, telephone number 246-426-3461, FAX (246)426-2405. The office is open to the public between 8:15 a.m. and 3:30 p.m. Monday to Fridays except on public holidays.

**Filed by** (Attorney at law filing the acknowledgement & Full Address)



## DEFENCE AND COUNTERCLAIM

### Form 5

(Rules 8.12(1)(e))

**SUPREME COURT OF BARBADOS
IN THE HIGH COURT OF JUSTICE**

**CLAIM NO.** _____

**BETWEEN:**

**AND**

I dispute the Claim on the following grounds:

I                    [full name of defendant]          certify that I believe that the facts
stated in this
Defence are true.

My address for service is:

lephone no.

Dated the                  day of                              20

Signed _____
                    Defendant

**Form 5** – Cont'd

(Rules 8.12(1)(b) and 10.2(1))

We are acting for the defendant, and our address for service is:

Dated the                 day of                        20

Signed _____
                    Attorney-at-Law for the Defendant

The Registry is located at The Law Courts, Bridgetown, telephone number (246)426-3461, FAX (246)426-2405. The Office is open to the public between 8:15 am. and 3:30 p.m. Mondays to Fridays except on public holidays.

### COUNTERCLAIM

I claim against the Claimant
(Set out details of the remedy or relief sought)

on the following grounds:

I    [full name of Defendant] certify that I believe that the facts stated in the Counterclaim are true. My address for service is:

Signed _____
                    Defendant

Dated the _____

[SEE NOTE ON DEFENCE FORM]

We are acting for the Defendant, and our address for service is:

Signed _____
                    Attorney-at-Law for the Defendant

Dated the _____

Filed by (specify name and address of Attorney-at-Law or firms of Attorneys-at-Law filing the Defence)

## Form 5 – Cont'd

### (Rules 8.12(1)(b) and 10.2(1))

NOTES:

(a) The Defendant may set out his defence in any way he chooses — it is not necessary to use this form.

(b) The Defendant must:
- state which allegations in the Claim Form he admits;
- which he denies;
- which he neither admits nor denies because he does not know whether they are true; and
- identify any documents which he considers necessary to his cast

(c) The Defendant must give his reasons for denying any allegations made by the Claimant.

(d) The Defendant must set out clearly all the facts on which he relies to dispute the Claim and must set out any different version of events on which he relies.

(e) The Defendant may not be allowed to give evidence about any fact which is not set out in the Defence.

(f) Where the Defendant wishes to counterclaim he must:
- specify any remedy that he seeks against the Claimant;
- include a short statement of all facts on which he relies; and
- identify any documents which he considers necessary to his case.

(g) Where the Defendant is represented by an attorney-at-law he must also sign the Form and give his address for service.

(h) These notes are not exhaustive — see the Rules and particular Part 10

[UNLESS THE FORM OF COUNTERCLAIM IS CLEARLY PART OF THE FORM OF DEFENCE, THESE NOTES WILL NEED TO BE ON BOTH

SUPREME COURT OF BARBADOS

IN THE HIGH COURT OF JUSTICE

CLAIM NO.

CV600 of 2016

BETWEEN:

CYBERWEB LTD
NETMEDIA SERVICES INC
SAGAN LTD
GLP 5 INC
GIM CORP
DAVID KOONAR

**CLAIMANTS**

AND

AMA MULTIMEDIA LLC
ADAM SILVERMAN

**DEFENDANTS**

<u>AMENDED CLAIM FORM</u>

ZARINA KHAN
ATTORNEY-AT-LAW



FILED

APR 27 2016

SUPREME COURT OF BARBADOS
IN THE HIGH COURT OF JUSTICE

REGISTRY
BARBADOS

CLAIM NO.  CV600|2016

DRAWN AND PREPARED BY

.....................................
ZARINA KHAN
ATTORNEY-AT-LAW
Prospect Chambers
"Summerland House"
Prospect Road, St James
BB24003, Barbados



RECEIVED
APR 27 2016

**BETWEEN:**

**CYBERWEB LTD**
**FOSHAN LTD**
**NETMEDIA SERVICES INC**
**SAGAN LTD**
**GLP 5, INC**
**DAVID KOONAR**

**CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**
**ADAM SILVERMAN**

**DEFENDANTS**

## APPLICATION FOR COURT ORDER

The Claimants apply to the court pursuant to Part 7 rule 7.5 of the CPR 2008 for an order that:

Leave be granted to serve the Claim in this action out of the jurisdiction and personally on the Defendant in Las Vegas, Nevada, USA.

A draft of the order sought is attached.

An affidavit in support accompanies this application.



Dated the 27 day of    April    , 2016

_____
Zarina Khan
Attorney-at-Law for the Claimants

CERTIFIED A TRUE COPY

LEGAL ASSISTANT
A.9.

**SUPREME COURT OF BARBADOS**

**IN THE HIGH COURT OF JUSTICE**

CLAIM NO. `600b206`

BETWEEN:

**CYBERWEB LTD**
**FOSHAN LTD**
**NETMEDIA SERVICES INC**
**SAGAN LTD**
**GLP 5, INC**
**DAVID KOONAR**

**CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**
**ADAM SILVERMAN**

**DEFENDANTS**


**APPLICATION FOR COURT ORDER**


**ZARINA KHAN**
**ATTORNEY-AT-LAW**



DRAWN AND PREPAR...

**ZARINA KHAN**
ATTORNEY-AT-LAW
Prospect Chambers
"Summerland House"
Prospect Road, St James
BB24003  Barbados

**SUPREME COURT OF BARBADOS**
**IN THE HIGH COURT OF JUSTICE**

CLAIM NO.   CV 600/2016

**BETWEEN**

CYBERWEB LTD
FOSHAN LTD
NETMEDIA SERVICES INC
SAGAN LTD
GLP 5, INC
DAVID KOONAR

**CLAIMANTS**

**AND**

AMA MULTIMEDIA LLC
ADAM SILVERMAN

**DEFENDANTS**

**AFFIDAVIT**

I Zarina Khan, Attorney-at-Law of Prospect Chambers, "Summerland House" Prospect Road, Prospect in the parish of Saint James, Attorney-at-Law for the Claimants/Applicants MAKE OATH AND SAY as follows:

1. This affidavit is made at the request of the Registration Department of the Supreme Court of Barbados that an "affidavit of urgency" be filed.

2. Pursuant to my instructions and documents provided me by the Applicants it has come to my knowledge that the Defendants contrary to written agreements, which provide for Barbados and its courts to be and have exclusive jurisdiction in respect thereof, have issued pre-action notices stating their intention to file proceedings in Nevada, USA against the Claimants shortly. The intended claims include claims for damages and for injunctive relief which may totally destroy the Claimants on-line web based business.

3. It is my professional opinion that the Application filed herein on the 27th day of April, 2016 for leave to serve the Claimants Claim filed herein on 27 April, 2016 out of the jurisdiction is an urgent one. It is intended and urgent that the proceedings instituted in the Courts of Barbados be formally and properly brought to the attention of the Defendants prior to any of the aforementioned intended proceedings in USA.

SWORN TO by the Deponent the said          )
**ZARINA KHAN** at "Summerland House"   )
Prospect in the parish of Saint James          )
on the 6th day of May 2016          )

Before me:

**Justice of the Peace**
This affidavit is filed on behalf of the Claimants/Applicants.

Rozanne A. Parris-Bryan
Justice of the Peace



Barbados

CERTIFIED A TRUE COP

LEGAL ASSISTA

**SUPREME COURT OF BARBADOS**

**IN THE HIGH COURT OF JUSTICE**

CLAIM NO.

**BETWEEN**

**CYBERWEB LTD**
**FOSHAN LTD**
**NETMEDIA SERVICES INC**
**SAGAN LTD**
**GLP 5, INC**
**DAVID KOONAR**                                                    **CLAIMANTS**

**AND**

**AMA MULTIMEDIA LLC**
**ADAM SILVERMAN**                                                  **DEFENDANTS**


**AFFIDAVIT OF ZARINA KHAN**

Sworn on the 6th day of May    2016

Filed on the         day of         2016

This Affidavit is filed on behalf of the Claimants/Applicants.


**ZARINA KHAN**
**ATTORNEY-AT-LAW**