ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*
*Sagan Ltd., GLP 5, Inc. and Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269-PHX-DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' OPPOSITION TO AMA'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.** |

DEFENDANTS' OPPOSITION TO AMA'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.

1231736

Defendants Sagan, Ltd. ("Sagan"), GLP 5, Inc. ("GLP 5") and Netmedia Services Inc. ("Netmedia") (collectively, "Defendants"), by and through their counsel of record, file this Opposition to Plaintiff AMA Multimedia LLC's ("AMA") Motion for Leave for Alternative Service on Cyberweb, Ltd. ("Motion").

## I. INTRODUCTION

AMA burdens the Court with this needless Motion. But the facts of this case are simple. AMA was put on notice of Cyberweb's correct address on April 27, 2016 when the Claim Form was filed in the related Barbados action, *Cyberweb, et al. v. AMA Multimedia, et al.,* Claim No. CV600-2016 ("Barbados Action"). Motion, Ex. D. On June 9, AMA was further put on notice of Cyberweb's correct address when the Amended Claims were filed in the Barbados Action. ECF No. 33-3, Ex. F. Despite AMA's knowledge of this information, AMA attempted service on Cyberweb at an incorrect address on July 12. Motion, Ex. B. Based on that one unsuccessful service attempt, AMA brought the instant Motion on August 9, needlessly burdening Defendants and this Court with unnecessary motion practice. Since then, Defendants' counsel has attempted to notify AMA of Cyberweb's proper address, but AMA has disregarded Defendants' good faith efforts and continued to litigate the instant Motion. Declaration of Erica J. Van Loon in Support of Defendants' Opposition to AMA's Motion for Leave for Alternative Service on Cyberweb, Ltd. ("Van Loon Decl."), Ex. B.

Meanwhile, AMA's President, Adam Silverman, has consistently evaded service in the related Barbados Action. Indeed, Defendants have made a total of eighteen attempts to serve Mr. Silverman, to no avail. Declaration of Philip Bradbury in Support of Defendants' Opposition to AMA's Motion for Leave for Alternative Service on Cyberweb, Ltd. ("Bradbury Decl."), ¶¶ 3-6. As a managing member and President of AMA, and the person at AMA who has corresponded with Defendants regarding settlement, Mr. Silverman was adequately put on notice of the Barbados Action from the onset of that matter. Mr. Silverman even acknowledged the Barbados Action in a recently filed declaration, stating "[c]ontrary to Defendants' allegations, neither AMA Multimedia nor I am avoiding service." ECF No. 33-2, at ¶ 15. But still, to this day, Mr. Silverman continues to evade service and

1
DEFENDANTS' OPPOSITION TO AMA'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.

1231736

his correct address for service remains unknown.

Unlike Mr. Silverman, Cyberweb is not evading service. To no fault of Cyberweb, AMA disregarded the address listed in the Claim Form and Amended Claims and chose to attempt service on Cyberweb at an incorrect location. AMA should attempt to properly serve Cyberweb at its correct address before requesting alternative measures from the Court. For its part, Defendants' counsel will work with AMA's counsel to set a specific date and time for service on Cyberweb at its correct address, provided that AMA disclose the correct address and provide a specific date and time for service of Mr. Silverman of the Barbados Action.

## II.     ARGUMENT

Before seeking an order of the court for alternative service, a party must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir. 2002). This Court has denied such requests where the plaintiff fails to show that personal service is impracticable. *Alvarez v. Cty. of Maricopa,* 2010 WL 2594315, at *11 (D. Ariz. June 23, 2010) (denying motion for order authorizing alternative service where the plaintiff had made only one attempt to serve a defendant). Here, AMA fails to show that personal service of Cyberweb, Ltd. ("Cyberweb") is impracticable. Thus, AMA's Motion should be denied and AMA should be required to make a diligent attempt at personal service.

### A.     AMA Has Not Been Diligent In Attempting Personal Service

According to AMA, it attempted service on Cyberweb at Lower Broad Street, Suite 29 1st Floor, Beckwith Mall, Bridgetown Barbados, W.I. Motion at 3, Ex. B. But this address is simply wrong. And AMA is well aware that it has attempted service on Cyberweb at the incorrect address. Indeed, the proper address for Cyberweb was included in the original Claim Form filed on April 27, in the Barbados Action. *Id.*, Ex. D. The proper address was again included in the Amended Claims filed on June 9. ECF No. 33-3, Ex. F. In both filings, the location of Cyberweb is clearly listed as Coconut Creek House, Derricks in the parish of St. James, Barbados ("Coconut Creek Address"). Motion, Ex. D; ECF No. 33-3, Ex. F.

1  Further Mr. Silverman, President of AMA, has already conceded knowledge of Cyberweb's
2  Coconut Creek Address in AMA's recently filed Opposition to GLP 5 and Netmedia's
3  Motion to Dismiss. ECF No. 38-3, Ex. D. Despite citing extensively to the Amended Claims
4  and attaching the Claim Form to the instant Motion, and in light of Silverman's express
5  knowledge of Cyberweb's proper address, AMA disingenuously argues that Cyberweb's
6  "present whereabouts are unknown." Motion at 3.

7  Additionally, AMA obsessively points to the fact that Ms. Van Loon, counsel for
8  GLP 5, Sagan, and Netmedia, did not agree to accept service on behalf of Cyberweb at the
9  outset of this case. Motion at 3. But Ms. Van Loon is not required to accept service of a
10 foreign defendant. Further, counsel for AMA has blatantly refused to accept service on
11 behalf of Mr. Silverman of the Barbados complaint. First, following the filing of AMA's *Ex
12 Parte* Motion for Leave for Alternative Service, ECF No. 22, Defendants' counsel offered to
13 mutually agree to a date and time to personally serve Mr. Koonar and Mr. Silverman. *See*
14 ECF No. 23 at 3-4; *see also* ECF No. 28 at 3. She did so, not once, but twice. *Id.* Second,
15 after Mr. Silverman asserted by declaration that "[c]ontrary to Defendants' allegations,
16 neither AMA Multimedia nor I am avoiding service," Ms. Van Loon contacted Ms. Perreira,
17 AMA's Barbados counsel, requesting that she accept service on his behalf. Van Loon Decl.,
18 Ex. A. Ms. Perreira flatly refused, stating "I will not be accepting service on Mr. Adam
19 Silverman's behalf in the subject suit, as to do so I may be subjecting Mr. Silverman to the
20 Jurisdiction of the court in Barbados." *Id.*

21 Despite Defendants' continued efforts to rid this Court of unnecessary motion
22 practice by proposing amicable solutions to effectuating service, AMA has remained
23 unwilling. As a result, Defendants have been forced to attempt service on Mr. Silverman
24 eighteen times, exhausting valuable time and resources. Bradbury Decl., ¶¶ 3-6. And as
25 previously noted, Mr. Silverman was not only put on notice of the Barbados Action from the
26 initial and amended Claim Form, but has also expressly informed this Court that he is aware
27 of the Barbados Action and will not avoid service. ECF No. 33-2, at ¶ 15. Thus, there is no
28 credible reason supporting Ms. Perreira's objection to accepting service on his behalf. At the

3
DEFENDANTS' OPPOSITION TO AMA'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.

1231736

1  least, Ms. Perreira should inform Defendants of the correct address to serve Mr. Silverman.

2  In a further showing of good faith, Ms. Van Loon has also put AMA on notice of
3  Cyberweb's Coconut Creek Address. Indeed, Ms. Van Loon contacted Ms. Perreira to
4  inform AMA of Cyberweb's proper address on August 15. Van Loon Decl., Ex. B.
5  Specifically, after informing AMA of Cyberweb's correct address, Ms. Van Loon reminded
6  AMA that "AMA's Motion for Leave for Alternative Service on Cyberweb, *id.* ECF No. 36,
7  is unnecessary and a waste of judicial resources." *Id*. But AMA disregarded Ms. Van Loon's
8  good faith attempt to progress this matter, and has persisted with this needless Motion.

9  Accordingly, AMA's Motion should be denied. In the alternative, the Court should
10 compel AMA to disclose the correct address for service of Mr. Silverman, and order mutual
11 service of Cyberweb and Mr. Silverman of the respective complaints at an agreed upon date,
12 time and location by counsel for both parties.

13 **III.  CONCLUSION**

14 Based on the foregoing, Defendants Sagan, GLP 5, and Netmedia respectfully request
15 that the Court deny AMA's Motion or order mutual service of Cyberweb and Mr. Silverman
16 of the respective complaints at an agreed upon date, time and location by counsel for both
17 parties.

19 DATED: August 26, 2016                GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP


                                          By:  /s/ Erica J. Van Loon

                                          ERICA J. VAN LOON
                                              *Attorney for Defendants*
                                              *Sagan Ltd., GLP 5, Inc. and Netmedia*
                                              *Services, Inc.*

4
DEFENDANTS' OPPOSITION TO AMA'S MOTION FOR LEAVE FOR ALTERNATIVE SERVICE ON CYBERWEB, LTD.

1231736