ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorney for Defendants
Sagan Limited,
GLP 5, Inc. and
Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232340

## **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| **I.** | INTRODUCTION | 1 |
| **II.** | ARGUMENTS | 1 |
| | **A.** AMA Seeks An Impermissible Fishing Expedition | 1 |
| | **B.** The Requested Discovery Would Be Futile | 2 |
| **III.** | OBJECTIONS TO EVIDENCE | 6 |
| | **A.** Declaration of Jason Tucker | 7 |
| | **B.** Declaration of Adam Silverman | 7 |
| **IV.** | CONCLUSION | 7 |

i
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232340

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
   877 F.2d 793 (9th Cir. 1989) ............................................................................................. 3

*Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
   134 S. Ct. 568 (2013) .................................................................................................... 1, 6

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) ........................................................................................... 2

*Calder v. Jones,*
   465 U.S. 783 (1984) ........................................................................................................... 4

*Daimler AG v. Bauman,*
   134 S. Ct. 746 (2014) ......................................................................................................... 3

*Getz v. Boeing Co.*,
   654 F.3d 852 (9th Cir. 2011) ............................................................................................. 2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   104 S.Ct. 1868 (1984) ........................................................................................................ 3

*In re Spiewak,*
   1997 WL 143954 (9th Cir. Mar. 26, 1997) ....................................................................... 7

*Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*,
   No. CV–10–1068–PHX–GMS, 2011 WL 333337 (D. Ariz. Jan. 31, 2011) ...................... 6

*Peter Strojnik, P.C. v. Signalife, Inc.*,
   No. 08–1116-PHX-FJM, 2009 WL 605411 (D. Ariz. Mar. 9, 2009) ................................ 2

*Razore v. Tulalip Tribes of Wash.*,
   66 F.3d 236 (9th Cir. 1995) ............................................................................................... 2

*Thomas v. Kadish*,
   748 F.2d 276 (5th Cir. 1984) ............................................................................................. 3

*Tri-Valley Cares v. Dep't of Energy,*
   203 F. App'x 105 (9th Cir. 2006) ...................................................................................... 7

*Upper Deck Int'l B.V. v. Upper Deck Co.*,
   No. 11cv1741-LAB (CAB), 2012 WL 1713453 (S.D. Cal. May 15, 2012) ...................... 2

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ....................................................................................................... 5

ii
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S OPPOSITION TO PLAINTIFF AMA
MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232340

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants GLP 5, Inc. ("GLP 5") and Netmedia Services Inc. ("Netmedia") (collectively, "Defendants") hereby submit this Opposition to AMA Multimedia LLC's Motion for Leave to Conduct Jurisdictional Discovery.

## I. INTRODUCTION

AMA seeks open-ended discovery in order to "explore" the connections between the Defendants and various other entities. However, it either fails to identify the specific facts that it believes will be revealed in discovery, or fails to explain why specific facts will alter the jurisdictional analysis. This type of fishing expedition is prohibited.

In addition, the jurisdictional discovery AMA seeks would be futile. Even if one accepts AMA's allegations as true, they do not support jurisdiction. AMA's jurisdiction claim is predicated on its agency and alter ego theories. However, AMA's agency theory has been rejected by the U.S. Supreme Court, and AMA fails to even address, let alone provide evidence to support the fraud or injustice prong of the alter ego test. And even if one accepts AMA's alter ego theory, AMA has not proffered evidence of sufficient contacts by these alleged alter egos to support jurisdiction.

Finally, even if the Court were to find jurisdiction under AMA's alter ego theory, it would nonetheless be required to dismiss, or at minimum stay, this case. As explained in moving Defendants' concurrently-filed Reply in Support of Motion for Stay, under *Atlantic Marine* the court must dismiss this action based on the forum selection clause in the Content Partner Revenue Sharing Agreement ("CPA") executed by AMA and applicable to this matter. *Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 574 (2013).

For these reasons, AMA's request for jurisdictional discovery should be denied.

## II. ARGUMENTS

### A. AMA Seeks An Impermissible Fishing Expedition

In its motion, AMA seeks open-ended discovery regarding the relationships among Defendants and their affiliates. ECF No. 34 at 2 ("If the court determines that AMA has not

1
DEFENDANTS GLP 5, INC. AND NETMEDIA SERVICES INC.'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232340

yet established a *prima facie* case for personal jurisdiction over Netmedia and/or GLP 5, leave should be granted to explore the substantial connections between these companies and Porn.com."). AMA vaguely asserts that discovery will determine "Netmedia's actual relationships with Cyberweb, GLP 5, and GIM," "Netmedia's actual involvement with the Porn.com web site," and "GLP 5's relationships with Netmedia and the other Porn.com defendants." *Id.* at 9.

The problem with AMA's request is that it never identifies the specific facts that it believes jurisdictional discovery will uncover, let alone explains how these specific facts, if uncovered, will support jurisdiction. This is fatal to its motion. *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of jurisdictional discovery, where plaintiffs' allegations of jurisdictional contacts were "purely speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that might give rise to personal jurisdiction); *Peter Strojnik, P.C. v. Signalife, Inc.*, No. 08–1116-PHX-FJM, 2009 WL 605411, at *4 (D. Ariz. Mar. 9, 2009) ("The mere hunch, however, that discovery might yield some jurisdictionally helpful facts isn't sufficient.") (*citing Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Upper Deck Int'l B.V. v. Upper Deck Co.*, No. 11cv1741-LAB (CAB), 2012 WL 1713453, at *9 n. 6 (S.D. Cal. May 15, 2012) (denying a request for jurisdictional discovery because "UDC has nothing other than blind hope that additional, helpful jurisdictional facts will turn up, and that's an inadequate basis for allowing jurisdictional discovery").[1]

**B.     The Requested Discovery Would Be Futile**

Courts may deny jurisdictional discovery "when it is clear that further discovery

---

[1] AMA does identify evidence it seeks regarding Porn.com (the extent to which Porn.com is distributed to U.S. viewers, and the location of Porn.com's servers) (ECF No. 34 at 9), but this evidence appears to be cumulative of evidence AMA has already proffered. *See* ECF No. 32 at 5 (stating that U.S. viewers constitute 23 percent of all Porn.com viewers, and discussing Porn.com's servers). AMA makes no attempt to explain why this cumulative evidence would alter the jurisdictional analysis, and thus justify jurisdictional discovery. *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 240 (9th Cir. 1995) (affirming denial of request for jurisdictional discovery because "[a]dditional discovery would not affect the jurisdictional analysis.").

would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). That is precisely the case here. As discussed in Defendants' Reply in Support of Motion to Dismiss (filed concurrently herewith, and incorporated by reference) even if one accepts AMA's jurisdictional fact allegations (as opposed to legal conclusions) as true, jurisdiction over Netmedia and GLP 5 is improper as a matter of law.

In determining jurisdiction, the Court may reference only the actions of the Defendants. Absent allegations proving that defendant is the alter ego of others, personal jurisdiction is not founded upon the conduct of the "others." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868, 1873 (1984); *Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984).

In its Opposition to Defendants' Motion to Dismiss, AMA does not even attempt to argue that the individual contacts of Netmedia or GLP 5 support jurisdiction in this Court. Instead, AMA's entire Opposition is predicated on its (erroneous) assertion that, under an alter ego or agency theory, Netmedia and GLP 5 are subject to jurisdiction based on the contacts of others. However, AMA's agency and alter ego theories are non-starters.

While AMA argues that the Court may impute contacts to Netmedia and GLP 5 based on an agency theory, the U.S. Supreme Court in *Daimler AG* squarely rejected this theory. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 759 (2014) (expressly rejecting this standard, stating that this test impermissibly "stacks the deck, for it will always yield a pro-jurisdiction answer.").[2]

AMA's alter ego argument is similarly unavailing. To support its alter ego argument, AMA concedes it must prove that failure to disregard separate identities would result in a

---

[2] In addition, AMA is attempting to claim that Netmedia and GLP 5 are the agents of "others" for the purposes of arguing that the actions of the "others" establish jurisdiction. The fatal flaw in this argument is that even if an agency were found to exist, it would bind the principal based upon the actions of the agent. Thus, a finding that Netmedia and GLP 5 are the agents of "others" would act to bind the "others" (as principals) based upon the conduct of Netmedia or GLP 5 (as agents). It would not, however, act to bind Netmedia or GLP 5 (as agents) based upon the acts of the "others" (as principals).

1  fraud or injustice.  However, AMA's First Amended Complaint does not even allege that
2  this element exists here, and AMA provides no evidence to support such a finding.  Nor does
3  AMA proffer evidence that Netmedia and GLP 5 control the day-to-day activities of their
4  purported alter egos.

5  Moreover, even if one assumed, for purposes of argument, that jurisdiction in this
6  case could be based on the collective contacts of the various entities cited by AMA (which it
7  cannot), these collective contacts are not sufficient to support jurisdiction.

8  AMA is wrong when it argues that GLP 5 has minimum contacts with Arizona based
9  on conduct by its alleged alter ego, TrafficForce.com.  Even if GLP 5 and Traffic Force
10 were alter egos, AMA's allegations concerning Shooshtime.com do not satisfy the second
11 prong of the *Calder* test (express aiming).  Traffic Force obtains advertising **space** and then
12 acts as a middleman, selling the advertising **space** to third party clients who wish to place
13 advertisements. Traffic Force does not place its own advertisements on Shooshtime and
14 itself does not aim anything at anyone in Arizona.  In addition, AMA provides no evidence
15 that the advertisements in question actually appeared or were specifically targeted at the
16 Arizona market, rather than the national or worldwide market.  In fact, Shooshtime has
17 servers all over the world and provides global services.

18 The Shooshtime.com allegations also do not support the third prong of the *Calder* test
19 (causing harm that the defendant knows is likely to be suffered in the forum), because AMA
20 has proffered no evidence that any specific advertisements hosted on the Shooshtime
21 network appeared or infringed AMA's copyrights.  The Heit declaration, on which AMA
22 relies, is silent on this issue.  Moreover, in his declaration, Mr. Heit states that the
23 advertisement space brokered by Traffic Force is for "popunder advertisements."  ECF No.
24 34-3, at ¶ 5.  Popunder advertisements appear in a separate browser window, remain
25 invisible until the user closes its current browser window, and contain only a link provided
26 by the advertiser which when activated by the user transfers the user to a different website.
27 Traffic Force does not store content for popunders; it merely stores the URL link.
28 Declaration of Ross Allan in Support of Defendants GLP 5, Inc. and Netmedia Services

Inc.'s Reply in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction, at ¶¶ 5, 6 (concurrently filed herewith). Thus, any harm caused by a popunder is caused by the third party advertiser, not Traffic Force, on a different website.

Similarly, AMA's arguments concerning tradeshow appearances and general solicitation of advertisement space fail to satisfy the third prong of the *Calder* test because they do not involve intentional acts that **cause harm** Defendants know is likely to be suffered in the forum. Simply put, solicitation of business and attendance at trade shows are not torts.

AMA also fails to show "individual targeting" of the United States by Porn.com, as required to establish jurisdiction over Netmedia under AMA's alter ego theory. AMA admits that the actual Porn.com website is hosted on servers located in Amsterdam, and that the vast majority (77 percent) of its users are outside the United States. ECF No. 34 at 5. AMA cites the number of U.S.-based Porn.com visitors as a basis for jurisdiction. *Id.* However, AMA concedes that jurisdiction over Netmedia exists in no individual state, thus implicitly acknowledging that a large number of forum website visitors (such as California's millions of Porn.com visitors) does not, by itself, confer jurisdiction. *Id.* AMA further argues that some Porn.com content is delivered through various Content Delivery Networks, including Reflected Networks and Limelight (and that Limelight has its headquarters in Arizona). However, this does not establish targeting by Porn.com because, as AMA admits (1) Porn.com is hosted in Amsterdam and (2) defendants do not have a direct relationship with Limelight. ECF No. 32-2 ("Silverman Decl."), at ¶¶ 11, 14 (Limelight is a subcontractor of Reflected Networks").

Similarly, AMA's reliance on alleged geo-location of advertisements by third-party advertisers is improper under recent Supreme Court precedent limiting the jurisdictional inquiry to conduct of the defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) ("the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") (internal quotations omitted). And while AMA asserts that

1  Porn.com uses a U.S. DMCA agent, there is nothing jurisdictional about having a DMCA
2  agent.  At most the DMCA agent shows mere awareness that Porn.com is available in the
3  United States.  This falls well short of "individual targeting" of the United States.
4  *Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, No. CV–10–1068–PHX–GMS, 2011 WL
5  333337, at *3 (D. Ariz. Jan. 31, 2011) (advertisements placed in a national magazine did not
6  individually target Arizona) (listing numerous similar cases).  Thus, even if sufficiently
7  presented (which is not the case) AMA's jurisdictional alter ego theory regarding Netmedia
8  must fail.

9        Finally, if the Court were to find jurisdiction under AMA's alter ego theory, it would
10  nonetheless be required to dismiss.  As explained in moving Defendants' concurrently-filed
11  Reply in Support of Motion for Stay, if Netmedia and GLP 5 are in fact alter egos of the
12  various related entities cited by AMA, then Netmedia and GLP 5 are also parties to the CPA
13  at issue in the Barbados action, and under *Atlantic Marine* the court must dismiss this action
14  based on the CPA's forum selection clause.  *Atlantic Marine Coast,* 134 S. Ct. at 574.  In
15  fact, moving defendants are entitled to enforce this forum selection clause even if (as is the
16  case) they are merely related entities, and not alter egos.[3]

### III. <u>OBJECTIONS TO EVIDENCE</u>

18        It is axiomatic that anyone can say anything.  Merely saying something does not
19  make it true and assertions in the form of declarations do not rise above speculation.  Merely
20  asserting a thing does not render speculation into fact.  Such it is with the declarations
21  submitted by AMA which are based almost entirely upon speculation and innuendo
22  presented in form intended to mislead.  Although insufficient even if accepted, Defendants

---

[3] AMA's treatment of the CPA attempts to sway the court through a gross misrepresentation by claiming that Defendants' positions in this action and the Barbados action are somehow at odds.  They are not.  AMA has admitted to entering into the CPA, which is between GIM (not a party) and AMA.  ECF No. 32-2, ¶ 29.  The Agreement clearly permits GIM to use and distribute AMA content, including derivative works and marketing materials, to any entity or website which is operating the Traffic Force system.  Such is **not** an admission that these other entities are the agents or alter egos of the other.  Rather, under the CPA, GIM is authorized to use AMA's content.  Thus, any entities that facilitate GIM's use of AMA's content cannot be liable for infringement of AMA's copyrights.

are moved to object to the assertion of 'facts' which are nothing of the sort.

Courts routinely strike declarations that consist of statements made without personal knowledge or which are based upon legal conclusions, opinions, and hearsay. *See Tri-Valley Cares v. Dep't of Energy,* 203 F. App'x 105, 108 (9th Cir. 2006); *see also In re Spiewak,* 1997 WL 143954, at *1 (9th Cir. Mar. 26, 1997) (striking declaration was appropriate where "it was not based on personal knowledge, and many of the statements in the declaration are either legal conclusions or hearsay."). Defendants feel compelled to object to these declarations as follows:

### A.   **Declaration of Jason Tucker**

Mr. Tucker lacks personal knowledge of defendants' business relationships and other matters he attests to, and accordingly the following should be stricken from the record: paragraphs 10, 11, 13, 16-18, 20-24, 28, 30, 32, 37 and corresponding Exhibits A, C, G, and H of the Tucker Declaration (ECF No. 34-2). Paragraph 26 should be stricken as vague and conclusory, and paragraphs 33-35 should be stricken as hearsay.

### B.   **Declaration of Adam Silverman**

Mr. Silverman lacks personal knowledge of defendants' business relationships and also asserts inappropriate legal conclusions. Accordingly the following should be stricken from the record: paragraphs 7, 8, 10, 11-14, 17-21, 25, 26, 28, 32, 33, 42, 45, and 47-56, along with corresponding Exhibits B and C of the Silverman Declaration. Paragraphs 26 should be stricken as hearsay. The Statement of Claim speaks for itself, and Mr. Silverman's characterization of that document in paragraphs 31-33 should be stricken on that basis and under the secondary evidence rule.

## IV.   CONCLUSION

Based on the foregoing, Defendants GLP 5 and Netmedia respectfully request that the Court deny the instant motion in its entirety.

| | |
|---|---|
| 1  DATED:  August 26, 2016 | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
| | |
| | By: /s/ Erica J. Van Loon |
| | ERICA J. VAN LOON |
| | *Attorney for Defendants Sagan Limited, GLP 5, Inc. and Netmedia Services, Inc.* |