LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>                    Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF**<br>**AMA MULTIMEDIA, LLC'S**<br>**REPLY ON ITS**<br>**MOTION FOR LEAVE FOR**<br>**ALTERNATIVE SERVICE ON**<br>**CYBERWEB, LTD.** |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA" or "Plaintiff") once again asks this Court to allow alternative service on Defendant Cyberweb, Ltd. ("Cyberweb") while Defendants only highlight their waste of time and resources.

First and foremost, AMA seeks intervention because service of process is meant simply to allow proper notice of AMA's claims.  Cyberweb clearly has notice. Next, AMA seeks intervention because the Defendants run a bunch of shell entities. Finally, the "correct address" Cyberweb lists is not a legitimate location – the address is incomplete and unavailable for service of process.

## I. REBUTTAL TO DEFENDANTS' "FACTS" AND INTRODUCTION

Importantly, it is Defendants Sagan, Ltd. ("Sagan"), GLP, 5, Inc. ("GLP 5") and Netmedia Services, Inc. ("Netmedia") who oppose alternative service. None of these Defendants have standing to oppose alternative service on **another** Defendant. *See, e.g., Cardona v. Kreamer*, 225 Ariz. 143, 235 P.3d 1026 (2009)(Party opposing alternative service can make a limited appearance to oppose service). Moreover, this Court has held that when a party has knowledge of a lawsuit and intentionally makes no effort to appear, answer or defend the Complaint, and/or oppose the matter, its conduct can be deemed "culpable" for adverse actions taken against them. *See, e.g., Dolezal v. Fritch*, 2008 U.S. Dist. LEXIS 103404, 2008 WL 5215335 (D. Ariz. Dec. 12, 2008)(This Court found the defendants "culpable" for the default judgment entered against them when they played games on service of process, despite having clear knowledge that the lawsuit existed.)

Next, AMA **did** attempt to locate Cyberweb via the address it listed on its "Barbados Claim" and on its online filings. *See*, Declaration of Veronica L. Manolio attached here as **Exhibit A**, incorporated by this reference. However, the address it uses as its "registered office" is an **incomplete** address stated only as, "Coconut Creek House, Derricks in the parish of Saint James in Barbados." *Id.*; *see also*, Doc. 36-1 at p. 2 of 15. Undersigned counsel personally made multiple attempts to get a complete/full address to provide process servers for Cyberweb, but the "Coconut Creek House, Derricks" is not listed anywhere online as a permissible, deliverable address. *See*, **Exhibit A**. The only **substantiated** address that remains publicly available is the address to which service was attempted. *Id.*[1]

---

[1] The only **actual** address listed in the Claim Form (in the Barbados Action that Defendants filed in bad faith) is Barbados counsel. That Barbados counsel/lawyer is not listed as the registered agent for service of process of Cyberweb.

Finally, Defendants argue that Cyberweb should not be alternatively served because Mr. Silverman "evaded service in the [] Barbados Action." Not only is their argument flawed – Mr. Silverman did **not** evade service; Cyberweb attempted service at a defunct California address when Mr. Silverman has resided in Las Vegas, NV for years – but it is irrelevant. This Court is not in the business of dealing out a "tit for tat" between the parties. Cyberweb does not get to play games with service by arguing that Mr. Silverman avoided service in an entirely different proceeding.

## II. REBUTTAL LAW AND ARGUMENT

This Court has wide discretion to determine when alternative service of process is permitted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). There is no requirement that service must be "impracticable," nor is there any requirement that a plaintiff make multiple attempts at service before alternative service can be granted. *Id*. Cyberweb (and its related entities) misstate the law and the facts. The facts and circumstances that justify alternative service are largely undisputed.

Notably, the Defendants do not dispute that Cyberweb "**does not actually reside in Barbados**" as pled in the Motion for Alternative Service. Defendants only argue that Cyberweb's Barbados counsel should have been served. (Doc. 46 at p. 3)[2] Cyberweb does not list its Barbados' counsel's address as any registered agent for service of process, and the "Coconut Creek" address is incomplete. **Exhibit A.**

---

[2] Also notably, defense counsel suggests that she "attempted to notify AMA of Cyberweb's proper address" and that AMA disregarded Cyberweb's good faith efforts. Doc. 46 at p. 5. The email that defense counsel provided was a communication to **Barbados** counsel. Doc. 46-1. Defense counsel did not provide a copy of such communication to counsel in **this** case. *See*, **Exhibit A**. Defendants suggest that an email to *another* lawyer (out of the country) is a good faith effort to complete service in this matter. *Id*. That position is simply not reasonable.

Cyberweb is listed in multiple places online under the physical address used for service of process. **Exhibit A**. That address, "Lower Broad Street, Suite 29 1st Floor, Beckwith Mall, Bridgetown, Barbados, W.I.," is a complete address to which the service of process could be effectuated (it actually houses businesses) whereas the "Coconut Creek House" does not show as a valid or deliverable address. *Id*.

### A. AMA Is Not Required to Make Multiple Attempts at Service.

AMA made a diligent attempt to serve a valid, known address by using the Hague Convention and effectuating service through the Supreme Court of Barbados. Doc. 36-2; **Exhibit A**. It was the Barbados Supreme Court Marshal who determined Cyberweb's "present whereabouts are unknown." *Id*. The Court Marshal swore, under oath, that he made "several inquiries for the defendant company," Cyberweb. *Id*. The Barbados Supreme Court did not make one simple attempt at an incorrect address but made "several inquiries" to receive information that Cyberweb's whereabouts are unknown. *Id*.

Unlike the Defendants' suggestion, AMA was not required to make attempts at service before asking this Court for assistance. *Rio Props., supra*, 284 F.3d at 1015-16. There is no hierarchy of preferred methods of service of process. *Id*. at 1016. And, a party such as AMA is ***not required*** to attempt service of process by those means or methods enumerated in Rule 4(f)(2) of the Fed.R.Civ.Pro. before asking the Court for alternative service. *Id*. Court-directed service is "as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" Fed.R.Civ.Pro. *Id*., citing *Forum Financial Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23-24 (D. Me. 2001).

There is no qualifier or limitation that makes alternative service available only after attempting process by other means. *Id*. Simply put, this Court can grant alternative service without AMA having even *attempted* traditional service. Nonetheless, AMA did attempt service of process. *See*, **Exhibit A**.

Cyberweb has made clear that it is playing games because Mr. Silverman of AMA allegedly "evaded service" of the Barbados Claim. However, the undisputed facts demonstrate that Cyberweb has knowledge and notice of this lawsuit; Cyberweb has not made any effort to appear, answer, or defend the Complaint (nor has it offered to accept service), and its conduct can be deemed "culpable" for avoidance of service of process. These facts amply support that this Court should exercise discretion to allow for alternative service.

### B. Cyberweb Has Not Acted in Good Faith Regarding Service.

As outlined in fn. 2, supra, Defendants' counsel claims she made "good faith" attempts to resolve the service issue by communicating to Barbados counsel. Undersigned counsel has no relationship to the Barbados lawyer, Karen Perreira, and defense counsel did not make any "good faith efforts" in this case. *See*, **Exhibit A**.

This Court should consider that Defendants argue alternative service is improper because of an unrelated service issue on Mr. Silverman, and this Court should further consider that Defendants do not dispute that Cyberweb has adequate knowledge of this lawsuit. The Defendant parties do not dispute they are intertwined with one another. Defendants do not dispute that Cyberweb owns and operates www.Porn.com nor that Cyberweb, NetMedia, and Sagan all claim to work together regarding the website(s).

There was simply no "good faith" made by Cyberweb or any other Defendant to accept service or effectuate service in this lawsuit, despite Cyberweb's notice and full knowledge of its existence. This fact, alone, allows this Court to grant alternative service to encourage efficiency in moving this case forward.

### III. CONCLUSION

Because the Defendants are all intertwined and/or collectively run and operate www.Porn.com, there is no doubt that Cyberweb, Ltd. has knowledge of this lawsuit.

1  Cyberweb lists an incomplete address for service of process in multiple online sites. The last known physical address was provided to effectuate service.  Not only was that address unsuccessful, but the Barbados Supreme Court made "several inquiries" to find Cyberweb and could not locate such a company in Barbados.  This is likely because, as Defendants concede in their Response, Cyberweb does not actually reside in Barbados.  There is no physical Barbados location for this entity.

For all of these reasons, AMA asks this Court to allow for alternative service on Cyberweb so that this case can move forward with all of the necessary parties. AMA also asks for an award of its attorneys' fees and costs in bringing this motion. A proposed Order was submitted to this Court with the original motion.

DATED this 6th day of September, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and provide a copy to the following ECM/CF registrants:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants Sagan Limited,
GLP 5, Inc. and Netmedia Services Inc.*

By: /s/ Gina Murphy