

ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorney for Defendants David Koonar,*
*Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>    Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM NON CONVENIENS, OR TO STAY PROCEEDINGS**<br><br>**ORAL ARGUMENT REQUESTED** |

GlaserWeil

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**I.**   INTRODUCTION AND STATEMENT OF RELEVANT FACTS ......................... 1

**II.**   ARGUMENT ........................................................................................ 3

    **A.**   This Court Lacks Personal Jurisdiction Over Defendant Koonar ................. 3

        **1.**   Legal Standard ................................................................... 3

        **2.**   Defendant Koonar Is Not Subject to General Jurisdiction ................. 4

        **3.**   Defendant Koonar Is Not Subject To Specific Jurisdiction .............. 4

            **a.**   Purposeful Direction ................................................. 5

            **b.**   Causation ................................................................ 7

            **c.**   Reasonableness ........................................................ 7

    **B.**   If The Court Concludes It Has Jurisdiction Over Defendant Koonar, It Must Dismiss This Action Under The Doctrine Of *Forum Non Conveniens* ...................................................................................... 9

            **a.**   The CPA Grants GIM A License To Use AMA's Content .... 9

            **b.**   The CPA's Forum Selection Clause Applies To Defendant Koonar And This Action ................................... 10

    **C.**   If The Court Does Not Dismiss This Action It Should Stay It ................... 12

            **a.**   The Court Should Stay This Action Under *Leyva* ............... 12

            **b.**   The Court Should Stay This Action Under *Colorado River* ...................................................................... 14

**III.**   CONCLUSION ................................................................................. 17

1235888

**Glaser Weil**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*40235 Washington St. Corp. v. Lusardi,*
  976 F.2d 587 (9th Cir. 1992)..............................................................................15

*Adema Tech. v. Wacker Chem. Corp.,*
  2016 WL 4045297 (9th Cir. July 28, 2016) .......................................................12

*Am. Hotel & Lodging Ass'n v. City of Los Angeles,*
  2015 WL 10791930 (C.D. Cal. Nov. 5, 2015).....................................................14

*American Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.,*
  843 F.2d 1253 (9th Cir. 1988)............................................................................15

*Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas,*
  134 S. Ct. 568 (2013) ...........................................................................................2

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ..............................................................................................7

*Calder v. Jones,*
  465 U.S. 783 (1984) ..........................................................................................1, 5

*CMAX, Inc. v. Hall,*
  300 F.2d 265 (9th Cir. 1962)..............................................................................13

*Colorado River Water Conservation Dist. v. U.S.,*
  424 U.S. 800 (1976)..........................................................................3, 14, 15, 16

*Dole Foods Co. v. Watts,*
  303 F.3d 1104 (9th Cir. 2002)...........................................................................7, 9

*Fontes v. Time Warner Cable Inc.,*
  2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) ...................................................14

*Gates Learjet Corp. v. Jensen,*
  743 F.2d 1325 (9th Cir. 1984)..............................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915 (2011) ..............................................................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984) ..............................................................................................4

*Hillis v. Heineman,*
  2009 WL 2222709 (D. Ariz. Jul. 23, 2009) ......................................................10

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.,*
  485 F.3d 450 (9th Cir. 2007)..............................................................................11

*Houston Cas. Co. v. Metheny,*

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

2016 WL 615651 (E.D. Cal. Feb. 16, 2016) ...................................................... 14

*Int'l Shoe Co. v. Washington,*
326 U.S. 310 (1945) .......................................................................................... 3

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
342 U.S. 180 (1952) ........................................................................................ 14

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) ............................................................................ 3

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) ............................................................................................ 12

*Manetti–Farrow, Inc. v. Gucci Am.*, Inc.,
858 F.2d 509 (9th Cir.1988) ........................................................................... 11

*Marano Enter. of Kansas v. Z-Teca Rest., L.P.*,
254 F.3d 753 (8th Cir. 2001 ............................................................................ 11

*Mavrix Photo, Inc. v. Brand Tech., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ................................................................. 3, 4, 5

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
460 U.S. 1 (1983) ............................................................................................ 15

*Neuromech, LLC v. Kiro Kids Pty. Ltd.*,
2011 WL 333337 (D. Ariz. Jan. 31, 2011) ...................................................... 6

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) .......................................................................... 6

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) .......................................................................... 3

*Ross Small v. GE Capital*, Inc.,
2016 WL 4502460 (C.D. Cal. June 9, 2016) .................................................. 14

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................................................................... 5, 6

*Seven Arts Pictures PLC v. Fireworks Entm't, Inc.*,
244 F. App'x 836 (9th Cir. 2007) ............................................................. 15, 16

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................................ 3

*Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*,
252 F. Supp. 2d 917 (D. Ariz. 2003) ............................................................... 4

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ...................................................................................... 5

## **OTHER AUTHORITIES**

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

Collins English Dictionary ...................................................................................................10

Glaser Weil

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

Defendant David Koonar ("Defendant Koonar") hereby submits this memorandum of points and authorities in support of his motion to dismiss plaintiff AMA Multimedia LLC's ("AMA") First Amended Complaint, or in the alternative to stay proceedings pending resolution of a related action pending before the Supreme Court of Barbados, *Cyberweb LTD, et al. v. AMA Multimedia LLC, et al.*, Claim No. CV600-2016 ("Barbados Action").[1]

## I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS

AMA's First Amended Complaint ("FAC") fails to allege any evidence to support a finding of personal jurisdiction over Defendant Koonar.[2] Other than merely identifying Defendant Koonar in Paragraph 8 and incorrectly alleging that Koonar is an owner/operator of Porn.com in Paragraph 46, there are no allegations directed specifically at Defendant Koonar. Rather, all allegations are directed at defendants collectively without any attempt to specify the alleged conduct of any particular party. Such lumping of defendants is impermissible. *See Calder v. Jones,* 465 U.S. 783, 790 (1984).

Defendant Koonar does not have any contacts (let alone substantial ones) with Arizona. Defendant Koonar is a resident of Canada, not the United States. Declaration of David Koonar In Support Of Defendant David Koonar's Motion To Dismiss For Lack Of Jurisdiction Or Forum Non Conveniens, Or To Stay Proceedings ("Koonar Decl.") at ¶ 2. He does not have any bank accounts, property interests, offices or employees in the United States, nor does he own or lease equipment in the United States. *Id*. at ¶ 4. Accordingly, the Court does not have personal jurisdiction over Defendant Koonar.

And even if the Court had personal jurisdiction over Defendant Koonar (which it does not), it would be required to dismiss this action under the doctrine of *forum non*

---

[1]Counsel for Defendant Koonar met and conferred with AMA's counsel regarding this motion on August 30, 2016. Declaration of Erica J. Van Loon In Support of Defendant David Koonar's Motion To Dismiss For Lack Of Jurisdiction Or Forum Non Conveniens, Or To Stay Proceedings ("Van Loon Decl.") at ¶ 2, Ex. A.

[2]Defendants GLP 5, Inc., Netmedia Services Inc., and Sagan Limited have also filed motions to dismiss or stay this action. *See* ECF. Nos. 27, 42.

1235888

*conveniens* pursuant to the forum selection clause in the Content Partner Revenue Sharing Agreement ("CPA") between AMA and G.I.M. Corp. ("GIM"). Under the CPA, AMA granted GIM the right to use, publish, display and distribute AMA's copyrighted content, including the materials at issue in this action. The CPA states that "any legal action arising out of or relating to this Agreement must be instituted in a court located in Barbados and the Parties submit to the jurisdiction of any such court." *Id.*, Exh. A at ¶ 10.5. Defendant Koonar is the President of GIM, and under Ninth Circuit law he is entitled to enforce the forum selection clause as a related party. Moreover, the instant action clearly arises out of or relates to the CPA, because the CPA expressly governs GIM's liability to AMA for any wrongful conduct (not just breach of the CPA), AMA's assertion of its copyright claims is a breach of the CPA, and the CPA provides GIM (and thus, Defendant Koonar) with a license defense. Accordingly, the forum selection clause applies here, and this action must be dismissed. *Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas,* 134 S. Ct. 568, 574 (2013) (holding that a forum selection clause can be enforced under the doctrine of *forum non conveniens,* and stating the existence of a forum-selection clause "represents [the parties] agreement as to the most proper forum, and should be 'given controlling weight in all but the most exceptional cases.'") (internal citations omitted).

Finally, if the court does not dismiss this action it should stay it. Prior to the filing of this action, named defendants filed an action against AMA and AMA's President, Adam Silverman, in the Supreme Court of Barbados, seeking injunctive relief to restrain anticipatory breach of contract or breach of the CPA. ECF No. 32-4 (Silverman Decl.) at 10-17. The Barbados claims require the Barbados court to determine a threshold issue in this case -- whether AMA has licensed GIM to use the AMA materials that are the subject of AMA's copyright claim. In fact, the Barbados courts are the only courts that have jurisdiction to determine this issue. It would be grossly inefficient to allow this action to proceed during the pendency of the Barbados Action, and AMA (which, by agreeing to the forum selection clause in the CPA, has consented to the jurisdiction of the Barbados courts) will not be prejudiced by a stay. Accordingly, a stay of this action is appropriate under the

1235888

Court's inherent power to control its own docket. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (finding that a trial court may stay an action pending resolution of an independent proceeding if a stay would be efficient and fair); *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818-19 (1976)  (stating that a district court may stay a federal suit in light of concurrent proceedings for reasons of "wise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation.").

For these reasons, Defendant Koonar requests that this Court dismiss this action for lack of personal jurisdiction, dismiss this action pursuant to the CPA's forum selection clause, or stay this action pending the outcome of the Barbados Action.

## II.   ARGUMENT

### A.   This Court Lacks Personal Jurisdiction Over Defendant Koonar

#### 1.   Legal Standard

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). AMA needs to make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Due process requires that the nonresident defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). General jurisdiction exists when the defendant's "affiliations with the forum State are so 'continuous and systematic; as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction exists when "a suit aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v.*

3

1235888

*Hall*, 466 U.S. 408, 414 (1984). Arizona lacks both general and specific jurisdiction over Defendant Koonar.

### 2.    Defendant Koonar Is Not Subject to General Jurisdiction

General jurisdiction exists when the defendant's "affiliations with the State are so 'continuous and systematic; as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations,* 564 U.S. at 919. General jurisdiction clearly does not exist over Defendant Koonar.

As AMA concedes, Defendant Koonar resides in Canada. Koonar Decl. at ¶ 2. He is not an officer, director, or shareholder of any U.S. entity. *Id*. at ¶ 3. He does not have any bank accounts, offices or employees in the United States, nor does he own or lease real estate or other personal property, including equipment, in the United States. *Id*. at ¶ 4. He has no contacts with Arizona.

Courts regularly find such circumstances inadequate to support general jurisdiction. *See, e.g., Mavrix Photo,* 647 F.3d at 1225 (finding no general jurisdiction where defendant had no offices or staff and was not registered to conduct business in California); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 (9th Cir.1984) (holding Arizona lacked general jurisdiction over defendant who solicited an agreement in Arizona, visited Arizona a number of times, entered into purchase agreements with the plaintiff that contained an Arizona choice of law and forum provision, purchased parts from the plaintiff in Arizona, sent many letters and telexes and made numerous telephone calls to Arizona); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 935 (D. Ariz. 2003) (finding no general jurisdiction where defendant maintained its books and principal place of business in New Mexico and only performed occasional business in Arizona).

### 3.    Defendant Koonar Is Not Subject To Specific Jurisdiction

To determine whether a court has specific jurisdiction over a defendant, the Ninth Circuit uses a three-part test:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully

4

1235888

avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of defendant's forum-related activities; and (3) the exercise of personal jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of establishing the first two prongs of the test before the burden shifts to the defendant to show that the exercise of specific personal jurisdiction is unreasonable. *Id.*

### a.    <u>Purposeful Direction</u>

In tort cases, the inquiry under the first prong is whether a defendant purposefully directed his activities at the forum state. *Mavrix,* 647 F.3d at 1228 (applying purposeful direction analysis to a copyright infringement action). The courts evaluate purposeful direction under the *Calder* effects test, which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). AMA has failed to meet the purposeful direction test because it does not allege that Defendant Koonar committed any intentional act that was expressly aimed at Arizona and caused harm to be suffered in Arizona.

First, AMA does not specifically allege that Defendant Koonar committed any intentional act. It makes allegations with regard to Defendants collectively, and such allegations have no probative value. *Calder*, 465 U.S. at 790. In fact, Defendant Koonar has committed no intentional acts directed at Arizona. He is not an officer, director, or shareholder of any U.S. entity. Koonar Decl. at ¶ 3. He does not have any offices or employees in the United States, nor does he own or lease equipment in the United States. *Id.* at ¶ 4.

Second, AMA fails to allege any intentional acts of Defendant Koonar that were expressly aimed at Arizona. As discussed above, AMA fails to allege any specific

1235888

intentional acts by Defendant Koonar.[3] And even if the alleged contacts of Porn.com were somehow attributed to Defendant Koonar (which would be improper), the only Arizona-specific allegation is that Porn.com uses the servers of an Arizona based company, Limelight. FAC at ¶ 10. However, AMA admits that Porn.com does not have a contract with Limelight. ECF No. 32-2 (Silverman Decl.) at ¶¶ 11, 14 (Limelight services are provided through Reflected Networks, and AMA, a Reflected customer, does not contract with Limelight). No other alleged Porn.com activities specifically target Arizona. Thus, AMA fails to make a showing of express aiming. *See Neuromechanical, LLC v. Kiro Kids Pty. Ltd.*, 2011 WL 333337, at *3 (D. Ariz. Jan. 31, 2011) (finding the court lacked personal jurisdiction where defendant's nation-wide advertisements were not expressly aimed at Arizona residents); *Schwarzenegger*, 374 F.3d at 805 (stating that express aiming requires "something more than mere foreseeability [of causing injury in another State]").

Finally, even if AMA could establish the first two prongs of the *Calder* test (which it cannot), AMA cannot establish it suffered any harm in Arizona as a result of any alleged intentional act of Defendant Koonar. As a preliminary matter, there is no allegation that Defendant Koonar participated in or directed any specific activity that harmed AMA. In addition, AMA has virtually no connection with this State and thus could not have suffered harm here. When the bad act occurred in cyberspace and did not specifically target any user, the harm is deemed to be suffered where the corporation maintained its principal place of business. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, AMA admits that it is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada. FAC at ¶ 1. It distributes its products through DVD sales and via its websites. *Id.* at ¶ 28. The alleged bad acts occurred in cyberspace and did not specifically target Arizona. *See id.* at ¶¶ 109, 114, 116, 130-136, 141-147, 151-153. Applying Ninth Circuit precedent, no alleged harm was suffered by AMA in Arizona. Thus, AMA cannot

---

[3] In the FAC, AMA alleges generally on information and belief that Defendant Koonar "owns and/or operates Porn.com." FAC at ¶ 8. He does not. Koonar Decl. at ¶ 6.

Glaser Weil

1235888

establish it suffered any harm in this forum as a result of Defendant Koonar's alleged intentional acts.

In sum, AMA fails to meet its burden of establishing purposeful direction. Accordingly, this Court lacks personal jurisdiction over Defendant Koonar.

### b.   Causation

The second requirement for establishing specific jurisdiction is that the contacts constituting purposeful direction must be the ones that give rise to the suit. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). The court looks for "but for" causation, i.e. whether the dispute arises out of forum-related activities that would not have occurred "but for" defendant's contacts. *Id*. As AMA has not established that Defendant Koonar has any contacts with the state of Arizona, or that he committed any act expressly aimed at Arizona, AMA cannot establish "but for" causation.

### c.   Reasonableness

Exercising jurisdiction over Defendant Koonar would be completely unreasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985) (stating that the exercise of jurisdiction must comport with fair play and substantial justice to be considered reasonable.).

In determining whether jurisdiction is reasonable, the Ninth circuit considers seven factors:

> (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Foods Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

Here, none of the factors support exercising jurisdiction over Defendant Koonar. First, as shown above, AMA fails to establish that Defendant Koonar has directed any activities at the forum. He has no property, offices or employees in Arizona. Koonar Decl. at ¶ 4. Thus, Defendant Koonar has not purposefully injected himself into this State's affairs.

**Glaser Weil**

7

1235888

1  This factor favors Defendant Koonar.

2      Second, the burden on Defendant Koonar to litigate this matter in Arizona is

3  substantial. Defendant Koonar is a resident of Canada. *Id.* at ¶ 2. It would be burdensome

4  and costly for Defendant Koonar to travel to Arizona for trial and other proceedings in this

5  case. *Id*. Accordingly, the second factor also supports a finding of unreasonableness.

6      Third, the home forum of Defendant Koonar, Canada, has a far more compelling

7  interest in regulating his behavior. Canada has a sovereign interest over Defendant Koonar.

8  Accordingly, this factor also favors Defendant Koonar.

9      Fourth, Arizona does not possess a particular interest in adjudicating this dispute. No

10  party in this action is organized under the laws of Arizona or has its principal place of

11  business in Arizona. The sole connection to this forum is defendants' alleged use of servers

12  provided by Limelight, a non-party Arizona based company. FAC at ¶ 10. Yet Defendant

13  Koonar does not have a contract with Limelight. ECF No. 32-2 (Silverman Decl.) at ¶¶ 11,

14  14 (Limelight's services are provided through Reflected Networks, and Reflected customers

15  such as AMA do not have a contract with Limelight). As this case deals with alleged

16  copyright infringement of AMA's content, Arizona has no particular interest in adjudicating

17  the dispute where no party is an Arizona citizen. And, of course, this State has no overriding

18  interest in injecting itself into the overriding contractual dispute which is the exclusive

19  province of the Barbados court. This factor also favors Defendant Koonar.

20      Fifth, this Court would be the least judicially efficient forum for resolution of the

21  dispute. No party is organized or has its principal place of business in this State. The alleged

22  harm suffered by AMA did not occur in this State. No Arizona law is implicated in this

23  action. Further, as argued below, there is an overriding contractual issue concerning

24  defendants' contractual right to use the AMA content at issue under the CPA. Any dispute

25  arising out of or related to the CPA or the actions of the parties is exclusively subject to

26  Barbados law, jurisdiction and venue. Thus, this factor favors Defendant Koonar.

27      Sixth, AMA is incorporated in Nevada and has its principal place of business there.

28  FAC at ¶ 1. AMA has no special tie to Arizona and the alleged harm it suffered did not

8

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

Glaser Weil

1   occur here. Therefore, this factor also favors Defendant Koonar.

2        Finally, given the contractual issue argued below, an alternative forum clearly exists

3   in which defendants' right to use the subject content can be determined.

4        All seven *Dole* factors favor Defendant Koonar. Thus, it would be unreasonable to

5   exercise jurisdiction over Defendant Koonar.

6        As AMA has failed to establish that Defendant Koonar has minimum contacts with

7   this State, and Defendant Koonar has presented compelling evidence showing jurisdiction

8   over him here would be wholly unreasonable, the Court should dismiss this action as to

9   Defendant Koonar for lack of general and specific personal jurisdiction.

10       **B.**     **If The Court Concludes It Has Jurisdiction Over Defendant Koonar, It**

11                  **Must Dismiss This Action Under The Doctrine Of *Forum Non Conveniens***

12              **a.**     **The CPA Grants GIM A License To Use AMA's Content**

13       In this action, AMA alleges that defendants uploaded the allegedly infringing content

14   without AMA's approval or consent, thereby committing direct copyright infringement.

15   FAC at ¶ 82. Even if defendants uploaded such content, defendants would have the right to

16   do so, by virtue of the rights granted to GIM under the CPA. Specifically, the CPA provides

17   GIM a broad license to use content AMA submits or provides to it in any manner consistent

18   with the "Purpose" of the CPA, including the right to use, publish, display, and distribute the

19   content on the "Websites." Koonar Decl., Ex. A at ¶ 1.1. "Websites" is defined as those

20   "who's [sic] advertisements are controlled by the Traffic Force Advertising Management

21   System." *Id.* at ¶ B. The CPA defines "Purpose" as the right to "stream and provide

22   downloading of video and audio content over electronic devices, including without

23   limitation desktop and laptop computers, handheld receivers and wireless phones, to end

24   users." *Id.* The rights under the CPA extend to AMA's content however obtained. For

25   example, ¶ 3.9 contemplates the use of content obtained from various websites, including

26   those controlled by AMA.

27       The Barbados court will likely interpret the CPA to grant broad license rights to GIM.

28   Specifically, the Barbados court will conclude that AMA materials made available to the

9

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888

**Glaser Weil**

public are "provided" to GIM within the meaning of the CPA, and thus licensed. This would be consistent with the ordinary meaning of "provides" (which includes "to put at the disposal of; furnish or supply").[4] More importantly, this would be consistent with the language elsewhere in the CPA. For example, the CPA expressly contemplates that GIM may obtain and use website content. *Id.* at ¶ 3.9 ("[i]n the event that the Content originates and/or is associated with an existing website associated with Licensor…"

The Barbados court will also determine defendants' rights to use individual static images (e.g. thumbnails) of the content as well as AMA's trade names and brand names. The CPA expressly contemplates and permits wide discretion regarding the use of such materials. *Id.* at ¶ 1.3 (granting GIM rights to use such content in its "sole and absolute discretion"); *Id.* at Exhibit A (outlining the minimum content requirements to be made available, including "High Resolution images of the Content, (for headshots of the actors, sample images, and promotional design)").

### b.   The CPA's Forum Selection Clause Applies To Defendant Koonar And This Action

Section 10.5 of the CPA states as follows:

> This Agreement shall be governed by and construed in accordance with the laws of Barbados, without regard to conflicts of law principles. Any legal action arising out of or relating to this Agreement **must** be instituted in a court located in Barbados and the Parties submit to the jurisdiction of any such court.

*Id.* at ¶ 10.5 (emphasis added).

Defendant Koonar is the President of GIM. Koonar Decl. at ¶ 8. Accordingly, he is entitled to enforce this forum section clause.[5] *Hillis v. Heineman*, 2009 WL 2222709 (D. Ariz. Jul. 23, 2009) ("Courts have made clear that shareholders, officers, and directors of a

---

[4] Online version of Collins English Dictionary. Van Loon Decl. at ¶ 3, Ex. B.

[5] Notably, in its FAC, AMA treats all Defendants as parties to the CPA. ECF No. 16 at ¶ 63 ("Defendants are an advertising affiliate for Plaintiff…Plaintiff and Defendants share in the revenue generated by Internet traffic directed to Plaintiff's paid membership sites…").

Glaser Weil

1  corporation may be bound by a forum selection clause in a corporate contract.) (internal

2  quotations omitted); *Marano Enter. of Kansas v. Z-Teca Rest., L.P.*, 254 F.3d 753, 757 (8th

3  Cir. 2001) ("[Plaintiff] is a shareholder, officer, and director of Marano Enterprises, which

4  was a party to the agreements. As such, he is, without question, 'closely related' to the

5  disputes arising out of the agreements and properly bound by the forum-selection

6  provisions."); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456

7  (9th Cir. 2007) ("The forum selection clauses apply equally to [non-signatories] BVNA and

8  BV Canada because any transactions between those entities and Holland America took place

9  as part of the larger contractual relationship between Holland America and Bureau

10  Veritas."); *Manetti–Farrow, Inc. v. Gucci Am.*, Inc., 858 F.2d 509, 514 n. 5 (9th Cir.1988)

11  ("the alleged conduct of the nonparties is so closely related to the contractual relationship

12  that the forum selection clause applies to all defendants.").[6]

13       In addition, the CPA's forum selection clause applies to "[a]ny legal action arising

14  out of or relating to this Agreement." Koonar Decl., Ex. A at ¶ 10.5. AMA's copyrights fall

15  squarely within the scope of the CPA's forum selection clause.

16       AMA's copyright claims "arise" out of the CPA because the CPA by its own terms

17  expressly governs GIM's liability to AMA for **any** wrongful conduct (not just breach of the

18  CPA). Section 7.1 of the CPA states:

19            Licensee shall defend, indemnify and hold Licensor harmless
20            from any and all loss, cost, liability, damage and expense
          (including reasonable attorneys' fees and other legal costs)
          incurred by Licensor arising out of or in connection with
21            Licensee's breach of its obligations under this Agreement or a
          violation of the terms or conditions of this Agreement or **any**
22            **other act or omission of Licensee**.

23  *Id.* at ¶ 7.1 (*emphasis added).

24       And AMA's copyright claims "relate" to the CPA because they constitute a breach of

25  _____

26  [6] If AMA were to assert that Defendant Koonar is the alter ego or agent of GIM or any other

27  defendant, this would further confirm Defendant Koonar's standing to enforce the CPA's
forum selection clause.

28

1235888

Glaser Weil

the CPA. Section 6.1 states that "[AMA] shall not at any time during the Term of this Agreement do anything or authorize other parties to do anything contrary to the rights licensed to [GIM] under this Agreement."). By asserting its copyright claims, AMA seeks to deprive GIM of its contractual right to use AMA's content (as granted under the CPA), thus violating Section 6.1.

Similarly, AMA's copyright claims "relate" to the CPA because the CPA provides GIM and parties acting on behalf of GIM (such as Defendant Koonar) with a license defense. Because AMA's copyright claims cannot be fully adjudicated without determining whether the CPA grants a license authorizing the alleged copyright uses at issue here, AMA's copyright claims fall squarely within the forum selection clause. *Manetti-Farrow,* 858 F.2d at 513 ("The [tort] claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract. Therefore, because the tort causes of action alleged by Manetti–Farrow relate to 'the central conflict over the interpretation' of the contract, they are within the scope of the forum selection clause.").

Accordingly, the forum selection clause applies here, and this action must be dismissed under the doctrine of *forum non conveniens*. *Atlantic Marine Coast,* 134 S. Ct. at 574 (holding that forum selection clause can be enforced under the doctrine of *forum non conveniens*, and stating that the existence of a forum-selection clause "represents [the parties] agreement as to the most proper forum, and should be given controlling weight in all but the most exceptional cases.") (internal citations omitted); *Adema Tech. v. Wacker Chem. Corp.*, 2016 WL 4045297, at *1 (9th Cir. July 28, 2016) ("plaintiff bears the burden of showing why the court should disregard the forum-selection clause" and forum selection clause designating a foreign forum is enforceable unless the plaintiff can "clearly show that enforcement would be unreasonable or unjust.") (*quoting M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

### C.   If The Court Does Not Dismiss This Action It Should Stay It

#### a.   The Court Should Stay This Action Under *Leyva*

In *Leyva*, truck drivers sued their employer for unpaid wages under the federal Fair

Glaser Weil

1235888

1   Labor Standards and under their collective bargaining agreement. The district court stayed

2   both counts under the Federal Arbitration Act. On appeal, the Ninth Circuit held that the

3   collective bargaining count was subject to arbitration, but that the FLSA count was not. The

4   Ninth Circuit stated that under its inherent power to control its own docket a trial court may

5   properly stay an action pending resolution of an independent proceeding which bears upon

6   the case:

> [S]ound reasons may exist . . . to support the district court's determination to stay the action under the powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it. . . . . A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

13  *Leyva,* 593 F.2d at 863–64. When considering a stay, the Court should balance "the possible

14  damage which may result from the granting of a stay, the hardship or inequity which a party

15  may suffer in being required to go forward, and the orderly course of justice measured in

16  terms of the simplifying or complicating of issues, proof, and questions of law which could

17  be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

18  These factors support a stay here.

19          Prior to the filing of this action, named defendants Cyberweb, Netmedia and Sagan

20  collectively filed suit in the Supreme Court of Barbados against AMA and Adam Silverman

21  for injunctive relief to restrain anticipatory breach of the CPA or breach of the CPA.[7] ECF

22  No. 32-4 at 10-17. GIM is also a party to the Barbados Action. Among other things, the

23  Barbados Action seeks a declaration that defendants are licensed under the CPA to use the

24  AMA content that is the subject of AMA's copyright infringement claims in this action.

25  ECF No. 27-3 (Bradbury Decl., Exh. 4 at ¶ 4 (seeking "[a] Declaration that all of the

26

27  _____

[7] GLP 5 and David Koonar were originally named as plaintiffs in the Barbados Action but

28  have since been removed as claimants. ECF No. 27-3 ("Bradbury Decl.") at ¶ 13.

Glaser Weil

Claimants herein are, pursuant to the CPA, entitled to publicize and or distribute materials submitted, provided or otherwise made available to the Claimants by the Defendants or either of them, including without limitation, materials as to which Defendants claim or otherwise assert copyright interests."). If defendants prevail in the Barbados Action, AMA's copyright claims will no longer be viable.

A stay of this action pending resolution of the Barbados Action would be efficient for the Court's docket. As discussed above, the Barbados Action has, at a minimum, the potential to resolve this action. In fact, in light of the forum selection clause it is the only appropriate forum for the adjudication of this action. And a stay of this action would be fair to the parties. By agreeing to the forum selection clause, AMA expressly consented to the jurisdiction of the Barbados courts, and agreed that those courts were the sole forum for disputes relating to the CPA. It cannot contend that it would be prejudiced by a stay that effectuates the forum selection clause. And Defendant Koonar would suffer a hardship if he is required to defend this action. If this action is neither dismissed nor stayed, Defendant Koonar will be deprived of the benefit of the CPA's forum selection clause, because this Court will address issues that, under the forum selection clause, are under the exclusive domain of the Barbados courts. Accordingly, under *Leyva* a stay of this action pending resolution of the Barbados Action would be appropriate. *See also Ross Small v. GE Capital, Inc.*, 2016 WL 4502460 (C.D. Cal. June 9, 2016) (applying *Leyva* and granting stay); *Houston Cas. Co. v. Metheny*, 2016 WL 615651 (E.D. Cal. Feb. 16, 2016) (same); *Fontes v. Time Warner Cable Inc.*, 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) (same); *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 2015 WL 10791930 (C.D. Cal. Nov. 5, 2015) (same).

**b.**   **The Court Should Stay This Action Under *Colorado River***

A district court may stay a federal suit due to concurrent proceedings for reasons of "wise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 818-19 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). When analyzing whether "wise judicial administration" supports a decision to stay proceedings,

Glaser Weil

courts consider six factors:

> (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction. . . . (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties.

*40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23-26 (1983)). No single factor is dispositive. *Colorado River,* 424 U.S. at 818-19. Instead, the factors are to be applied in a "pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988) (quoting *Moses Cone,* 460 U.S. at 16).

On facts similar to those in the instant case, courts in the Ninth Circuit have granted stays based on *Colorado River.* For example, in *CRC,* this court granted a stay of proceedings in a copyright infringement action pending resolution of a Canadian contract matter interpreting a license agreement. *CRC Info. Sys., Inc. v. Quebecor World (USA), Inc.*, Case No. 03-cv-0591, ECF No. 33 at 10-12 (D. Ariz. July 21, 2003). The *CRC* court noted that even though the parallel proceedings involved different parties and claims, each party shared a common interest in the interpretation of the license agreement at issue in the Canadian action, because it would dictate each parties' interests in the copyright matter. *Id.* at 8. Applying the *Colorado River* factors, the *CRC* court found a stay was warranted because "Canadian law governs the contract's interpretation[;]" "the parties involved in the negotiation and execution of the license agreement [were] located in Ontario[;]" "the Ontario forum can adequately protect the parties' contractual rights[;]" and "it is unnecessary and imprudent to allow duplicative litigation." *Id* at 11-12.

Likewise, in *Seven Arts Pictures*, the district court stayed a copyright infringement action pending resolution of a Canadian contract interpretation action, even where the

---

15

1  parties were not identical, because the domestic action was "inextricably related to the

2  Canadian contract action." *Seven Arts Pictures PLC v. Fireworks Entm't, Inc.*, 244 F. App'x

3  836, 837 (9th Cir. 2007) (denying the plaintiff/appellant's request for reconsideration of

4  district court's denial of its motion to lift the stay). The district court noted that the "central

5  issue in both [the present] case and the Canadian Action is a determination of the rights of

6  each party pursuant to the [underlying agreements]," and applying the *Colorado River*

7  factors, found a stay warranted. *Seven Arts Pictures PLC v. Fireworks Entm't, Inc.*, Case

8  No. 05-cv-2905, ECF No. 38 at 9 (C.D. Cal. Aug. 16, 2005).

9      Here, as in *CRC* and *Seven Arts Pictures*, a parallel proceeding is pending in a non-

10  U.S. forum. As in *CRC* and *Seven Arts Pictures*, AMA and Defendant Koonar share a

11  common interest in the interpretation of the license agreement at issue in the foreign

12  proceeding because it would dictate each party's interests in the copyright matter. As in

13  *CRC* and *Seven Arts Pictures*, the license agreement here is governed by the law of the non-

14  U.S. forum. And as in *CRC* and *Seven Arts Pictures,* the copyright claim here is inextricably

15  linked to the parallel proceeding because, as discussed above, the CPA provides a defense to

16  AMA's copyright claims. In fact, in light of the forum selection clause the Barbados courts

17  are the exclusive forum for the adjudication of the parties' rights under the CPA, and thus a

18  stay is required in order to avoid piecemeal litigation and inconsistent results.

19      Moreover, as in *CRC* and *Seven Arts Pictures* the non-U.S. forum here can

20  adequately protect the parties' interest. AMA concedes that "a foreign court may apply U.S.

21  copyright law." ECF No. 33 at 10 ("While a foreign court may apply U.S. copyright law, it

22  cannot do so without jurisdiction over the parties.*"*). And AMA expressly consented to the

23  jurisdiction of the Barbados courts when it agreed to the forum selection clause in the CPA.

24  Koonar Decl., Exh. A at ¶10.5 ("Any legal action arising out of or relating to this Agreement

25  must be instituted in a court located in Barbados and the Parties submit to the jurisdiction of

26  any such court."). Further, the Barbados court is fully equipped to deal with and apply the

27  law of another jurisdiction as necessary. ECF No. 45-1 ("Alert Decl.") at ¶ 14.

28      Finally, the instant action was filed *after* the Barbados Action was filed, and on the

16

Glaser Weil

same day it was informally served on AMA. ECF No. 27-3 (Bradbury Decl., Ex. 4 (Barbados action filed on April 27, 2016); ECF No. 1 (instant action filed on April 28, 2016). Thus, the Barbados Action claims priority, weighing in favor of the defendants' motions to stay proceedings. *See CRC*, Case No. 03-cv-0591, ECF No. 33 at 10-12.

Overall, "wise judicial administration" supports a decision to stay the instant proceeding until the Barbados court adjudicates the issues before it. Accordingly, Defendant Koonar's motion to stay should be granted in the interest of judicial efficiency.

## III.   CONCLUSION

Based on the foregoing, Defendant Koonar respectfully requests that this Court dismiss the FAC as to Defendant Koonar, or in the alternative, grant his motion to stay the proceedings pending resolution of the Barbados Action.

DATED: September 6, 2016                 Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By:  /s/ Erica J. Van Loon
ERICA J. VAN LOON

*Attorney for Defendants David Koonar,
Sagan Limited, GLP 5, Inc. and Netmedia
Services Inc.*

MPA ISO DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM
NON CONVENIENS, OR TO STAY PROCEEDINGS

1235888