ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*
*David Koonar, Sagan Ltd., GLP 5, Inc., and Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM NON CONVENIENS, OR TO STAY PROCEEDINGS** |

DECLARATION OF ERICA J. VAN LOON ISO DEFENDANT KOONAR'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR FORUM NON CONVENIENS, OR TO STAY PROCEEDINGS

1235702

# DECLARATION OF ERICA J. VAN LOON

I, Erica J. Van Loon, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am a Partner in the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, admitted pro hac vice as attorney of record herein for Defendant David Koonar. I make this declaration in support of Defendant David Koonar's Motion to Dismiss For Lack Of Jurisdiction Or Forum Non Conveniens, Or To Stay Proceedings. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. On August 30, 2016, I emailed Plaintiff AMA Multimedia LLC's counsel specifying the grounds for the instant motion, and stating my availability for a meet and confer. Plaintiff's counsel responded by email that same day, stating that, in light of previous briefing on similar issues, a further meet and confer was not necessary. Thus, we were unable to agree that the First Amended Complaint is curable by a permissible amendment. A true and correct copy of that email exchange is attached hereto as Exhibit A.

3. Attached hereto as Exhibit B is a true and correct print out of the webpage http://www.collinsdictionary.com/dictionary/english/provide.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on September 6, 2016 at Los Angeles, California.

/s/ Erica J. Van Loon
Erica J. Van Loon

# Exhibit A

| | |
|---|---|
| From: | Erica Van Loon |
| To: | Veronica L. Manolio |
| Subject: | RE: AMA v. Sagan, Ltd., et al |
| Date: | Tuesday, August 30, 2016 3:28:00 PM |
| Attachments: | image006.png |

Veronica,

Mr. Koonar's response to the Complaint is due on September 6, not tomorrow. I am sorry you feel there is no value in a meet and confer, but that is your choice. We will file complete briefing as to Mr. Koonar as the factual arguments pertaining to him are distinct, but you are more than welcome to incorporate your opposition by reference, as you see fit.

Best,
Erica

**From:** Veronica L. Manolio [mailto:vmanolio@mf-firm.com]
**Sent:** Tuesday, August 30, 2016 3:02 PM
**To:** Erica Van Loon
**Subject:** RE: AMA v. Sagan, Ltd., et al

Hi Erica,

I believe Mr. Koonar's Answer/Responsive Pleading is due tomorrow, so I am a bit shocked that this is the first time I have heard about this issue.

Nonetheless, if your arguments are identical (and I believe they are), I think there is no value in a Meet & Confer. I have no problem in skipping the formality since we have already previously discussed the issues at length.

Additionally, my suggestion is that we stop duplicating pleadings/proceedings where we can. To the extent that the issues you are raising for Mr. Koonar are identical to those you already raised for GLP 5, Inc., NetMedia and Sagan, why don't you just incorporate them by reference? I will not argue that you are waiving anything. But let's just argue the points that are **different** and save the time and money for both sides (as well as for Judge Campbell).

What do you think?

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

**From:** Erica Van Loon [mailto:evanloon@glaserweil.com]
**Sent:** Tuesday, August 30, 2016 2:34 PM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Subject:** AMA v. Sagan, Ltd., et al

Dear Veronica,

Pursuant to Judge David G. Campbell's Order regarding motions to dismiss, ECF No. 7, we request to meet and confer with you regarding Defendant David Koonar's plan to bring a motion to dismiss AMA Multimedia LLC's ("AMA") First Amended Complaint. The specific issues that may be addressed in the motion are similar to those set forth in the motions already pending by defendants GLP 5, Inc. and Netmedia Services, Inc., ECF No. 27, and Sagan, Ltd., ECF No. 42, and are as follows.

First, Mr. Koonar will seek dismissal of this action on the ground that this Court lacks personal jurisdiction over him. *Agahi v. Khorrami,* No. CV-15-01640-PHX-JJT, 2016 WL 492630, at *5 (D. Ariz. Feb. 9, 2016) (A court must dismiss an action against a defendant "where it does not have personal jurisdiction"). Here, Mr. Koonar is a resident of Canada with no particular ties to the United States, let alone Arizona.  He has no offices or employees in Arizona or the United states, and does not do business with anyone in Arizona or the United States.

Second, if the Court concludes it has jurisdiction over Mr. Koonar, Mr. Koonar will request that this Court dismiss this action pursuant to the forum selection clause in the Content Partner Revenue Sharing Agreement.  This clause identifies the Barbados courts as the exclusive forum for the claims asserted in this action.

Third, if the Court does not dismiss this action, Mr. Koonar will request that this Court stay this action pending resolution of the Barbados action against AMA.  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir.1979); *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 818-19 (1976).

Please promptly advise a time that you are available to meet and confer. We are available on Wednesday or Thursday to meet by phone.


Best Regards,
Erica Van Loon




**Erica J. Van Loon | Partner and Head of the Trademark, Copyright and Media Practice**

10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6260 | Fax: 310.785.3560
E-Mail: evanloon@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit B

# provide | Definition, meaning & more | Collins Dictionary

provide

*Powered by* COBUILD

(prəvaɪd )

Word forms: provides , providing , provided

Definitions

COBUILD Advanced British English Dictionary

1. verbIf you provide something that someone needs or <u>wants</u>, or if you provide them with it, you give it to them or make it available to them. [V n] ⇒ I'll be glad to provide a copy of this. [V n] ⇒ They would not provide any details. [V n + with] ⇒ The government was not in a position to provide them with food.provider Word forms: providers countable noun [+ of] ⇒ They remain the main providers of sports facilities.2. verbIf a law or agreement provides that something will happen, it states that it will happen. [formal] [V that] ⇒ The treaty provides that, by the end of the century, the United States must have removed its bases. [V that] ⇒ The Act provides that only the parents of a child have a responsibility for that child's financial support.