LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>       Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>       Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF<br>AMA MULTIMEDIA, LLC'S<br>REPLY ON ITS MOTION<br>FOR LEAVE TO CONDUCT<br>JURISDICTIONAL DISCOVERY**<br><br>(Before the Hon. David G. Campbell) |

## I. INTRODUCTION

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA" or the "Plaintiff") seeks Jurisdictional Discovery (Doc. 34) because the Defendants all allege they have "no connection" to this forum. Defendants have further maintained that they have no "real" relationship to one another and cannot be subjected to jurisdiction by this Court. Contradicting these assertions, these same Defendants (along with Cyberweb, Ltd.) tell a Barbados Supreme Court that all of them are all sufficiently related to "derive benefits" from a single Revenue Sharing Agreement ("RSA") with AMA.

As Defendants assert/argue in their Response (Doc. 47), "merely saying something does not make it true" and its declarations "do not rise above speculation." *Id*. at p. 9. Neither AMA nor this Court is required to accept Defendants' "word" regarding the parties' relationships and/or the parties' conduct in the United States and in Arizona. Neither AMA nor this Court must accept "as true" the "facts" that the Defendants use to avoid this lawsuit in this Court. Defendants are "merely saying" things, regardless of truth. If there is *any* question as to the Defendants' interrelation with one another and/or their relationship(s) with www.Porn.com, then AMA should be granted minimal jurisdictional discovery before this Court should dismiss or stay this case.

## II.  REBUTTAL ARGUMENT ON JURISDICTION

Jurisdictional discovery is appropriate where "pertinent facts bearing on the question of jurisdiction are controverted" or if a "more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). AMA has set forth pertinent facts regarding jurisdiction. For example, AMA clearly set forth in its motion, www.Porn.com is marketed and targeted in the United States (to U.S. viewers). Each of the Defendants here operate crucial and necessary aspects of www.Porn.com, and each of the Defendants are significantly connected to one another.[1]  Although Defendants **dispute or controvert** AMA's allegations of Defendants' relationships, further questions of jurisdiction/relationships should be subject to discovery. *Id*.

---

[1] At the time AMA filed its Motion for Jurisdictional Discovery (Doc. 34), Sagan, Ltd. ("Sagan") had not yet appeared in this case. Sagan was served thereafter. Doc. 41. Sagan has now filed another Motion to Dismiss, opposing jurisdiction. Doc. 42. Meanwhile, Defendants Cyberweb, Ltd., Netmedia Services, Inc., GLP 5, Inc., Sagan and David Koonar all filed (and served) an Amended Barbados Action that specifically sets forth how those parties are each related to one another and/or should "derive benefits from" a written Agreement with AMA. *See, e.g.,* Doc. 36-1.

**A.     The Requested Jurisdictional Discovery Is Not a "Fishing Expedition."**

AMA does not seek "open-ended discovery," nor is this a fishing expedition. The very term "fishing expedition" is used by parties when they want to hide critical facts.

Relying on *Getz v. Boeing Co.,* Defendants argue that "speculative" facts do not support jurisdictional discovery. 654 F.3d 852, 860 (9th Cir. 2011). In the *Getz* matter, however, the Court found that the allegations of personal jurisdiction were "attenuated" and "based on bare allegations." *Id*. By contrast, AMA has clearly pled (with support) specific facts, transactions, and conduct that may give rise to jurisdiction here:

- Porn.com is a video streaming site which generates revenue through its Content Partnership Program ("CPA") and advertising banners displayed on the web site.
- Traffic Force is an advertising company that in sells and purchases advertising on behalf of many video streaming sites, including Porn.com.
- Netmedia is one of several operators and/or owners of Porn.com and Traffic Force. FAC, ¶6.
- NetMedia admits that it provides "maintenance" to the web site Porn.com.
- In a Court filing in Barbados, Defendants admit that Netmedia has a technical services agreement to for maintenance and operation of Porn.com, including programming and design.
- Netmedia's role relates to uploading content to the web sites.
- Netmedia is located at 1785 Turner Road, Windsor, Ontario, Canada, with a phone number of (519) 987-0600. The building located at this address has a single placard, denoting Netmedia as its sole occupant.
- Cyberweb, GIM, and the management team of GLP 5, Inc./Traffic Force all share the same phone number and address as Netmedia.

- 3 -

- Defendants claim that Cyberweb owns and operates Porn.com.
- GIM is part owner of Cyberweb.
- GIM operates the Content Partnership Program for Porn.com.
- Traffic Force provides ad banners for Porn.com.
- GIM handles money for Traffic Force.
- Netmedia maintains Porn.com and Traffic Force.
- Netmedia's employees are Traffic Force's personnel for operations.
- AMA has a Contract with Porn.com and is instructed to mail checks to Cybernet at NetMedia's address.
- Representatives of Netmedia began negotiations with AMA for the purchase of web sites – with the use of the same personnel as Traffic Force.
- Personnel of Netmedia handle all business relationships of Traffic Force and Porn.com.
- All known operators or entities associated with Porn.com, including its stated owner Cyberweb and its ad broker GLP 5 Inc., are connected to 1785 Turner Road.
- Netmedia collects payments for Porn.com at the Turner Road address.
- Netmedia claims rights to the AMA videos posted on Porn.com through a Content Partnership Agreement with GIM.
- Netmedia is the umbrella company under which GLP 5 and Cyberweb operate and/or owns Porn.com and TrafficForce.com in conjunction with other owners and operators – as it has admitted by asserting rights to videos posted on Porn.com through a Content Agreement with AMA.
- Phil Bradbury allegedly holds all official positions of GLP 5, while GLP 5 simultaneously states it has no employees.

- 4 -

- Mr. Bradbury himself is listed as a Vice President of Netmedia (yet the state of Michigan shows Defendant Koonar as holding all of these positions, and he too, is an executive of Netmedia).
- These companies are alter-egos of each other, not separate/unrelated.
- Porn.com has significant contacts with the United States.
- Cyberweb Ltd., a company registered in Barbados, claims to own Porn.com, and the company's corporate filings state that Cyberweb is an "Internet Marketing" company with the "business primarily in the USA."
- United States viewers are the predominant viewers of Porn.com.
- Porn.com utilizes hosting through a United States company in Massachusetts, Reflected Networks and/or Swiftill Inc.
- The HTML, or code, of Porn.com is hosted through Viking Host B.V., which is hosted on servers in Amsterdam. However, while the HTML (code) is hosted in Amsterdam, the videos displayed to U.S. viewers are actually distributed from servers located in the U.S. and Arizona.
- Through Reflected Networks, Porn.com utilizes a Content Delivery Network, Limelight, located in Arizona, to distribute the Porn.com videos.
- Limelight's Arizona and U.S.-based servers distributed the infringed videos; TrafficForce.com and all of the banners it distributes are hosted by Reflected Networks, in the United States.
- Porn.com, through its CPA, has significant ties to U.S. content producers.
- Porn.com displays advertisements from U.S. companies that are geo-targeted to U.S. viewers.
- Traffic Force's own Terms of Service, publically available on Traffic Force's web site, specifically states that GLP 5, Inc. IS Traffic Force.

- • GLP 5,Inc. has represented to all users of TrafficForce.com and its payment providers to be "Traffic Force."
- • Traffic Force's business is to place banner ads for clients on Internet video streaming sites.  This requires a relationship with the entity desiring a banner ad, an advertiser, and a video streaming web site where the banner ads will be displayed.
- • Traffic Force solicits business in Arizona and conducts business in Arizona, including having entered into a contractual relationship to display banner ads on a video streaming site based in Arizona.
- • The banner ads by Traffic Force are the subject of GLP 5's inclusion in this suit.
- • Traffic Force sends representatives, who also happen to be employees of Netmedia, to an industry trade show held yearly in Phoenix, Arizona called *The Phoenix Forum*.
- • At this trade show, Traffic Force solicits US-based and Arizona-based content producers and web site owners to utilize Traffic Force to for the placement of banner ads on streaming sites on behalf of the content producers.
- • Traffic Force, at times material to the allegations in the complaint, has a relationship with Oppenheit, LLC, a limited liability company based in Arizona, to place banner ads on the a video streaming site, shooshtime.com, owned and operated by Oppenheit, LLC.
- • Traffic Force paid Oppenheit, LLC nearly $6,000 per month to display its banner ads on shooshtime.com.  Payments for placement of Traffic Force's banner ads came from GIM Corp. – the same company as listed in the asserted CPA as the basis for rights to use AMA's content on Porn.com.

*See*, First Amended Complaint ("FAC")(Doc. 16); Motion for Leave (Doc. 34).

Although the Defendants do not **agree** with AMA's allegations, it is untrue that AMA has made "blanket" or bare allegations. *Id. all.* Moreover, the detailed allegations regarding Defendants' relationships with one another are supported by sworn Declarations/Affidavits. *Id.* Any conflicts between AMA's affidavits or declarations must be resolved in **AMA's** favor. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). Affidavits or declarations are sufficient admissible evidence to be used by this Court on a jurisdictional analysis. *Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857, 862 (9th Cir. 2003)(other citations omitted).

AMA's allegations – namely that the Defendants are all inter-related, and that the Defendants have each specifically conducted business in the United States **and** Arizona – would be the subject(s) of jurisdictional discovery. AMA has not failed to "identif[y] specific facts" it believes weigh on jurisdiction; AMA has not failed to show how jurisdiction is appropriate. Rather, AMA put forth a bold, detailed pattern of the Defendants' transactions but has been made to jump through proverbial "hoops" while Defendants constantly open new entities, move locations and/or "shift" business to new entities to avoid jurisdiction.

AMA respectfully asks that, if discovery is necessary to this Court, it be permitted to take discovery limited to the allegations of specific conduct and inter-relationships of the parties as set forth above.

### B. Jurisdictional Discovery Would Not be "Futile."

Defendants cite *America West Airlines, Inc. v. GPA Grp., Ltd.* but ignore the essential holding that "where pertinent facts bearing the question of jurisdiction are in dispute, **discovery should be allowed**." 877 F.2d 793, 801 (9th Cir. 1989)(Emphasis added). This Court should only deny jurisdictional discovery if it would not provide a basis for jurisdiction.

To circumvent AMA's alter ego theories, the Defendants argue that Traffic Force (a known alter ego for GLP 5, Inc.) "obtains advertising **space** and then acts as a middleman," selling the space to third parties. Response (Doc. 47) at p. 4, emphasis in original. Defendants argue factually that "Traffic Force does not place its own advertisements on Shooshtime," and they argue that "Shooshtime has servers all over the world." None of these "facts" are supported by any affidavit/declaration/evidence. These are mere arguments by **counsel**. By contrast, AMA properly set forth how the parties' relationships with one another and relationships to www.Porn.com provide contacts with the U.S. and in Arizona. *See*, Doc. 16; Doc. 34, as cited above. AMA has expressly provided how Traffic Force/GLP 5 sends representatives to Arizona to solicit business and enter contracts with Arizona companies; and, AMA demonstrates how Traffic Force/GLP 5 intentionally enter contractual relationships with Arizona businesses for display of banner ads. *See*, Doc. 38 at pp. 11-17. AMA's allegations are sufficient to meet the *Calder* effects test. *Id.; see also, Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984). However, if there is any doubt whether *Calder* is satisfied, then AMA should be granted discovery to demonstrate precisely how www.Porn.com is distributed to United States viewers, through the site's Google analytics reports, as well as the Defendants' direct contacts with United States and Arizona-based servers, U.S. and Arizona-based advertisers, and/or advertiser brokers. This Court should not rely on the unsupported arguments of counsel that no such "effects" have occurred or will occur.

### III.  RESPONSE TO "OBJECTIONS TO EVIDENCE"

Defendants argue that the Declarations of Jason Tucker and Adam Silverman are based on innuendo and speculation. Yet, each of the Declarations was specific in identifying **where** information was received and the basis for each opinion/statement.

- 8 -

On a jurisdictional discovery analysis, this Court is urged to rely on the declarations or affidavits of the parties. *See, Mattel, supra*, 354 F.3d at 862. Conflicts between AMA's affidavits or declarations and the "facts" asserted by Defendants must be resolved in AMA's favor. *Schwarzenegger, supra,* 374 F.3d at 800. Therefore, Defendants' suggestion that this Court should "strike" portions of the Silverman and Tucker Declarations violates the "rules" regarding jurisdictional discovery and jurisdictional bases. This Court should not strike the Declarations/evidence but rather, if any question exists, allow discovery on the pointed issues raised by AMA.

## IV.   CONCLUSION

At a minimum, the parties dispute the facts surrounding personal jurisdiction of this Court. Defendants are not entitled to "dismissal" or a "stay" and oppose jurisdictional discovery simply by arguing facts. At this juncture, this Court should give AMA the benefit of every allegation, and the allegations of the Defendants' relationships and contact with the U.S. and Arizona are fulsome. If there is any question whether personal jurisdiction should be exercised by this Court, AMA again asks this Court for minimal jurisdictional discovery.

DATED this 6th day of September, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
 Veronica L. Manolio
 8686 E. San Alberto Dr., Suite 200
 Scottsdale, Arizona 85258
 *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing.  Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants GLP 5, Inc.*
*and Netmedia Services Inc.*


By:  /s/ Laura Fuentez