LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

Erica J. Van Loon (admitted *PHV*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
*Attorney for Defendants Sagan Limited, GLP 5, Inc., Netmedia Services, Inc. and David Koonar*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br><u>Rule 16 Case Management Conference</u>:<br><br>September 21, 2016 at 4:30 p.m. |

Counsel for Plaintiff AMA Multimedia, LLC ("AMA"), and counsel for Defendants Sagan, Ltd., GLP 5, Inc., Netmedia Services, Inc., and David Koonar ("Defendants") (collectively "Parties"), hereby confirm that they have conducted a joint meeting and submit this Joint Case Management Report pursuant to Fed.R.Civ.P. 26(f) and this Court's Order Setting Rule 16 Case Management Conference (Doc. 30).

/ / /

/ / /

1. **The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report.**

Ms. Veronica L. Manolio on behalf of AMA, and Ms. Erica Van Loon on behalf of Defendants, conferred by telephone on September 2, 2016 for the purpose of developing this Joint Report. Each of the counsel assisted in the preparation of this Joint Report.

2. **A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

**Plaintiff** – AMA Multimedia, LLC, a Nevada limited liability company. No parent corporate entity or affiliated companies/corporations.

**Defendants**

Sagan Limited ("Sagan") is a Seychelles corporation. Sagan has no parent corporations or entities.

GLP 5, Inc. ("GLP 5") is a Michigan corporation. GLP 5 is owned by GLP 5, Ltd., a Seychelles corporation.

Netmedia Services Inc. ("Netmedia") is a Canadian company. Netmedia is owned by Imagination Capital Corporation, a Canadian corporation.

David Koonar is an individual.

3. **A short statement of the nature of the case.**

**Plaintiff's Position**

AMA, the producer, distributor and exclusive licensor of its own motion pictures in the U.S. (and throughout the world), holds over 900 U.S. Copyright Registrations for its audiovisual work and 12 Trademarks for its brands. Defendants conduct business as www.Porn.com and compete against AMA in the distribution, display and sale of adults-

- 2 -

only audiovisual works through Internet distribution. AMA learned that www.Porn.com is/was attracting Internet user attention through the combination of offering "free" viewing of AMA's copyrighted material and the unauthorized use of AMA's trademarks in order to entice users into paid membership(s) with www.Porn.com. Defendants, collectively, have impermissibly obtained and then displayed AMA's copyrighted adult entertainment content. Defendants then disguised this content as if they were posted on Porn.com by third party users. These acts, which attract millions of Internet users, have distracted from AMA's actual services and its right to revenue from its copyrighted content. These acts caused significant monetary damages to AMA.

**Defendants' Statement of the Nature of the Case**

Defendants all reside outside this forum and have not individually targeted or otherwise purposefully directed any conduct at this forum. In addition, if the court had jurisdiction over Defendants (which it does not), it would be required to dismiss this action under the doctrine of *forum non conveniens*. Specifically, the Content Partner Revenue Sharing Agreement ("CPA"), between plaintiff AMA and G.I.M. Corp. ("GIM"), states that "any legal action arising out of or relating to this Agreement must be instituted in a court located in Barbados and the parties submit to the jurisdiction of any such court." Defendants have the right to assert the CPA and its forum selection clause as intended third party beneficiaries of the CPA, which expressly permits, among other things, their use, publication, and distribution of the content at issue in this action. . And AMA's copyright infringement claims arise under or are related to the CPA because, among other things, AMA's claims in this action violate the rights granted to GIM (and thus to the Defendants herein), under the CPA, and the license granted under CPA provides a defense to AMA's copyright claims.

Finally, even if the Court had jurisdiction over Defendants (which it does not) and even if this were an appropriate forum (which it is not), a stay of this action would be

warranted pending resolution of an earlier-filed litigation in Barbados in which, among other things GIM and Defendants herein seek declaratory relief as to their rights under the CPA ("Barbados Action"). The named Defendants and GIM filed the Barbados Action against AMA and Adam Silverman, the President of AMA, seeking injunctive relief to restrain anticipatory breach of contract or breach of contract.  The crux of the Barbados Action is that, pursuant to a CPA, AMA previously granted GIM (and via GIM Defendants herein) the right to use, publish, display and distribute AMA's copyrighted content, including the materials at issue in this action.  The Barbados court will assess and determine the rights and obligations of the parties under the Agreement. If GIM is authorized to use the AMA content at issue, then it is authorized to delegate its rights to defendants pursuant to the CPA, no copyright infringement has occurred, and Defendants cannot be liable.  Thus, as a matter of efficiency and in the interests of justice, the Court, under the court's inherent power to manage its own docket, should stay this action pending resolution of the Barbados action.

Finally, if the Court were to reach the merits of AMA's claims against Defendants (which it should not),  AMA's claims against Defendants clearly lack merit.  As a preliminary matter, Defendants do not own or operate Porn.com. Thus, without even reaching this issue of whether AMA's allegations are accurate, Defendants could not be liable for any infringement alleged by AMA.

**4.    The jurisdictional basis for the case, describing the basis or jurisdiction and citing specific jurisdictional statues.**

**Plaintiff's Position**

This Court has subject matter jurisdiction over the federal claims pursuant to 17 U.S.C. §101, *et. seq.*, Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. §1121, 15 U.S.C. §1125, 28 U.S.C. §1331, and 28 U.S.C. §1338.

This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §§1391(b), (c) and/or (d) and 28 U.S.C. §1400(a), and Fed.R.Civ.P. 4(k)(2).

**Defendants' Position**

Defendants dispute personal jurisdiction over any of the Defendants, and there are currently pending Motions to Dismiss or Alternatively, to Stay Proceeding Pending Resolution of the Barbados Action ("Motion to Dismiss or Stay") based on the lack of personal jurisdiction. (Docs. 27, 42, 49).

**5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared.**

**Plaintiff's Position**

Defendant Cyberweb, Ltd. has not yet been served because the Barbados location of the entity does not actually exist. Plaintiff has attempted service, and there is currently a pending Motion for Alternative Service before this Court. (Docs. 36, 48).

**Defendants' Position**

Defendant Cyberweb, Ltd. has not yet been served because Plaintiff AMA knowingly served the wrong address.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings).**

**Plaintiff's Position**

Plaintiff does not currently expect to add parties and/or amend the pleadings, however, if either jurisdictional discovery or initial case discovery reveals additional parties/actors, Plaintiff reserves the right to add those parties as necessary.

**Defendants' Position**

None anticipated at this time.

**7.    A listing of the contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

**Plaintiff's Position**

Plaintiff anticipates that a Motion for Summary Judgment will be filed (at least) on the issue of liability.  There may be additional motion(s) under Rules 702-706, if expert testimony is necessary to prove the various infringement(s) by Defendants.

**Defendants' Position**

Defendants anticipate that at least one Motion for Summary Judgment will be filed regarding the alleged infringement.  Motions under Federal Rules of Evidence 702-705 may be needed in case expert testimony is presented.

**8.    Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial.**

The parties agree that this case is suitable for reference to a U.S. Magistrate and jointly request a settlement conference.  The parties have further agreed that, if necessary, they may hire a private mediator/settlement conference judge after the case progresses.

**9.    The status of related cases pending before other courts or other judges of this Court.**

Another Plaintiff (Hydentra HLP Int. Limited) has sued Sagan, Netmedia, Koonar, and other entities not named in this case related to alleged copyright infringements by www.Porn.com.  That case is pending before the Honorable David K. Duncan as CV-16-1494-DKD but is in a more infant phase than this matter (as service of process is currently being attempted via the Hague/ foreign service of process) in that matter.  On September 6, 2016, Judge Duncan ordered Plaintiff to show good cause why that case should not be dismissed pursuant to Rule 4(m).

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3)).**

**Plaintiff's Position**

On February 3, 2016, Plaintiff served on Defendants a preservation letter, demanding preservation of all evidence, including electronically stored information. As of this Report, the form of such evidence is unknown to Plaintiff. Plaintiff believes that all electronically stored evidence should be produced in the same medium and manner that it was collected and stored in the ordinary course of business.

**Defendants' Position**

Defendants currently are not aware of any issues related to discovery of electronically stored information, and agree to work with Plaintiff to the extent that any such issues arise.

**11.    A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3)).**

**Plaintiff's Position**

Plaintiff is currently unaware of any claims to privilege or work product,

**Defendants' Position**

Defendants agree to work with Plaintiff to the extent any issues relating to claims of privilege or work product arise.

**12.    A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted on this case.**

The Parties are currently unaware of any need for a Rule 502(d) Order.

- 7 -

13. <u>**A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**</u>

    a.    **The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case.**

### Plaintiff's Position

Plaintiff anticipates Interrogatories and Requests for Production to be served on all Defendants regarding the following topics: (1) Role in operation of Porn.com; (2) Manner in which videos are obtained for viewing/display on Porn.com; (3) Manner in which Plaintiff's videos, enumerated in the First Amended Complaint, were obtained for viewing/display on Porn.com; (4) Identification of all individuals involved in the collection of and display of Plaintiff's videos on Porn.com; (5) Defendants contractual relationships with advertisers at the time Plaintiff's videos were displayed on Porn.com; (6) Monies collected from advertisers at the time Plaintiff's vides were displayed on Porn.com; (7) Communications from, to, and between Defendants and Defendants' representatives/employees regarding the streaming of videos on Porn.com; (8) Copies of databases supporting the collection of videos and the streaming of videos on Porn.com. Each of these seek information necessary for Plaintiff to fulfill the elements of the claims asserted in the First Amended Complaint. Plaintiff further anticipates Requests for Admissions, the substance of which will be dictated by evidence collected during discovery. Plaintiff anticipates the need for depositions of Defendant Koonar, Mr. Bradbury, Mr. Ross, and other representatives/employees of Defendants identified in discovery. Plaintiff understands that these depositions may take place at the individuals' place of residence in Canada.

### Defendants' Position

Defendants contend this matter should be dismissed for lack of jurisdiction and *forum non conveniens* or, at a minimum, stayed pending resolution of the Barbados

- 8 -

Action. Should this matter not be dismissed, anticipate written discovery regarding at least the following topics, each is relevant to a party's claim or defense:

- ☐ Registration, ownership and validity of the copyrights at issue;
- ☐ The Agreement entered between AMA and GIM;
- ☐ Distribution methods used, acknowledged or approved by AMA (by way of acquiescence or otherwise) for its asserted copyrighted works.
- ☐ AMA's alleged damages and lost profits;

Defendants also anticipate taking depositions of Adam Silverman, Jason Tucker, Spencer Freeman, and other witnesses, including representatives/employees of AMA, who have information relevant to a party's claim or defense. Defendants understand that the depositions of Adam Silverman, Jason Tucker, and Spencer Freeman may take place at the individuals' place of residence within the United States.

**b.  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

The Parties do not have suggested changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**c.  The number of hours permitted for each deposition.**

The Parties agree that depositions should be limited to four (4) hours in length, but for those depositions of the "Key Witnesses," who may take up to the presumptive limit of eight (8) hours. As of the time of this filing, the Parties believe that the "Key Witnesses" include the following individuals:

1) Adam Silverman, as likely to be deposed in his individual capacity and as a 30(b)(6) representative of the Plaintiff.

2) Philip Bradbury, as likely to be deposed in his individual capacity and as a 30(b)(6) representative of one or more of the Defendants.

3)   David Koonar, as likely to be deposed in his individual capacity and as a 30(b)(6) representative of one or more of the Defendants.

4)   Spencer Freeman, as likely to be deposed in his individual capacity and as a 30(b)(6) representative of Plaintiff AMA.

5.   Jason Tucker, as likely to be deposed in his individual capacity and as a 30(b)(6) representative of third party, Battleship Stance.

Depositions of each of the "Key Witnesses" shall not exceed 8 hours. The Parties agree to work together in good faith should this agreement need to be modified and/or should any other persons be listed as "Key Witnesses.

**14.   A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures.**

Plaintiffs and Defendants can be prepared to exchange initial disclosures at any time upon reasonable notice. Both parties are in agreement that it makes practical sense for the Court to rule on Defendants' currently pending Motions to Dismiss or Stay, before exchanging such disclosures.

**15.   Proposed specific dates for each of the following:**

The Parties have thoroughly discussed the need for discovery and the amount of discovery that will occur if the Defendants' Motions to Dismiss or Stay are denied. However, the Parties agree that discovery will be stayed until this Court determines the pending Motions to Dismiss or Stay. This would conserve resources for both the Court and the Parties. Therefore, counsel have attempted to come up with a realistic schedule if discovery were to begin once the Court decides the pending Motions to Dismiss or Stay, likely by December of this year or January 2017.[1]

---

[1] Notwithstanding anything in this Report, Defendants reserve the right to seek immediate appellate relief should their motions to dismiss or stay be denied. Defendants further reserve the

a. A deadline for the completion of fact discovery: **Friday, May 19, 2017**

b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): **Friday, March 31, 2017**

c. A deadline for the completion of all expert depositions: **May 19, 2017**

  Defendants: Friday, June 16, 2017

d. A date by which the parties shall have engaged in face-to-face good faith settlement talks: **November 18, 2016**

  Defendants: February 17, 2017

e. A deadline for filing dispositive motions: **Friday, July 14, 2017**

**16. Whether a jury trial has been requested and whether the request for a jury trial is contested.**

The Parties request a jury trial.

**17. The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

**Plaintiff's Position**

Plaintiff has been willing and continues to be willing to entertain settlement discussions. Plaintiff believes that given the manner of Defendants' filing in Barbados, Defendants have fully disengaged from settlement discussion. Plaintiff is further willing to have the matter referred to a Magistrate for a settlement conference.

**Defendants' Position**

The Parties have had initial discussions regarding settlement prior to the filing of the Barbados Action, without any success. Defendants believe that further settlement

---

right to seek a stay of this action while any such appellate petitions are pending.

discussions would not be helpful until the Court decides the pending Motions to Dismiss or Stay. If any Defendants remains in this action, the Parties will then be in a better position to resume settlement discussions after some fact discovery has occurred.

18. **<u>Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.</u>**

**<u>Plaintiff's Position</u>**

The Parties are currently unaware of any other matters that will aid the Court or the parties in resolving this case.

Dated this 14 day of September, 2016.

**MANOLIO & FIRESTONE, PLC**

By:   /s/ Veronica L. Manolio
        Veronica L. Manolio
        8686 E. San Alberto Drive, Suite 200
        Scottsdale, Arizona 85258
        *Attorneys for Plaintiff*

**GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP**

By:   /s/ Erica J. Van Loon
        Erica J. Van Loon
        10250 Constellation Blvd.
        Los Angeles, CA 90067
        *Attorney for Defendants Sagan Limited, GLP 5, Inc., Netmedia Services, Inc. and David Koonar*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this case:

Veronica L. Manolio, SBN 020230
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
vmanolio@mf-firm.com
*Attorney for Plaintiff AMA Multimedia, LLC*


Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorney for Defendants Sagan Limited, GLP 5, Inc.,
Netmedia Services, Inc. and David Koonar*

By: ___/s/ Dan Liu___

- 13 -