1  ERICA J. VAN LOON (admitted *Pro Hac Vice*)
   evanloon@glaserweil.com
2  GLASER WEIL FINK HOWARD
3    AVCHEN & SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 553-3000
5  Facsimile:   (310) 556-2920
6
7  *Attorney for Defendants David Koonar,*
   *Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*
8
9              IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF ARIZONA
10
11 AMA MULTIMEDIA LLC, a Nevada          CASE NO.: CV16-1269 PHX DGC
   limited liability company,
12                                        Hon. David G. Campbell
                  Plaintiff,
13                                        **DEFENDANTS' REQUEST FOR**
   v.                                     **JUDICIAL NOTICE**
14
15 SAGAN LIMITED, a Republic of
   Seychelles company, individually and d/b/a
16 PORN.COM; CYBERWEB LTD., formerly
   MXN LTD., a Barbados Company,
17 individually and d/b/a PORN.COM;
18 NETMEDIA SERVICES INC., a Canadian
   Company, individually and d/b/a
19 PORN.COM; GLP 5, Inc., a Michigan
   Company individually and d/b/a
20 Trafficforce.com; DAVID KOONAR, an
   individual; and John Does 1-20,
21
22                Defendants.
23
24
25
26
27
28

1238095

Glaser Weil

## I.  REQUEST FOR JUDICIAL NOTICE

Defendants David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc. (collectively, "Defendants"), hereby Request that the Court take Judicial Notice of the following:

1.  The existence of the Order of the Supreme Court of Barbados in the matter of *Cyberweb Ltd., et al. v. AMA Multimedia LLC and Adam Silverman*, denying Barbados Defendants' Application to set aside service of Barbados Claimants' Claim Form (the "Barbados Court Order," attached hereto as Exhibit A to the Declaration of Ivan Alert In Support Of Defendants' Request For Judicial Notice).[1]

2.  The contents of the Barbados Court Order, including the Barbados Court's assertion of jurisdiction over the parties' dispute as to whether the Barbados claimants are licensed to use the AMA materials at issue in the instant action. Barbados Court Order at ¶ 7 ("This Court in granting such order was satisfied that this jurisdiction is the proper place in which to bring the claim.").

Defendants make this Request in support of their respective motions to dismiss or stay. *See* ECF Nos. 27, 42, 49.

## II.  BASIS FOR REQUEST

### 1.  Applicable Law

Under Federal Rule of Evidence 201(b), the court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed.R.Evid. 201(d); *Mullis v.*

---

[1] Barbados counsel for Defendants received the Barbados Court Order on September 8, 2016.  Declaration of Ivan Alert In Support of Defendants' Request For Judicial Notice, at ¶ 2.

1  *United States Bank*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).  A court may take judicial

2  notice of documents filed in other U.S. courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,

3  442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a

4  settlement in another case that bore on whether the plaintiff was still able to assert its claims

5  in the pending case); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136

6  F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case

7  where the same plaintiff asserted similar and related claims).  And U.S. Courts regularly

8  take judicial notice of foreign court documents as well.  *See, e.g., Tahaya Misr Investment,*

9  *Inc. v. Helwan Cement S.A.E.Eyeglasses,* 2016 WL 4072332 (C.D. Cal. 2016) (taking

10 judicial notice of Egyptian pleadings)*; Willcox v. Lloyds TSB Bank, PLC,* 2014 WL 7339181

11 (D. Hawai'i, 2014) (taking judicial notice of "foreign court decisions"); *In re Ex Parte*

12 *Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (taking

13 judicial notice of "foreign court documents" from Switzerland); *Luxpro Corp. v. Apple Inc.*,

14 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011) (taking judicial notice of Taiwanese and

15 German court orders).

16     Moreover, courts may take judicial notice of both the existence and content of court

17 rulings in related matters. *Transmission Agency of Northern California v. Sierra Pacific*

18 *Power Co.*, 295 F.3d 918 (9th Cir. 2002) (taking judicial notice of opinion of administrative

19 law judge because  "the existence of the ongoing litigation within FERC is an adjudicative

20 fact relevant to this case" and "the existence of the opinion is not in dispute, nor are its

21 contents."); *Shaw v. Hahn*, 556 F.3d 1128, 1129 fn. 1 (9th Cir. 1995) (taking judicial notice

22 of existence and content of trial court order in prior federal case); *U.S. ex rel. Robinson*

23 *Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1991) (taking judicial

24 notice of existence and content of potentially dispositive California state court judgment);

25 *Operating Engineers' Pension Trust Fund v. Clark's Welding and Mach.*, 2009 WL 1324049

26 (C.D. Cal. 2009) (taking judicial notice of contents of Order of Dismissal in prior case);

27 *Bogart v. Daley*, 2001 WL 34045761, at *2 (D. Or. June 28, 2001) (taking judicial notice of

28 opinions and pleadings: "the existence and content of opinions and pleadings are matters

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

1238095

1  capable of accurate and ready determination by resort to official court files that cannot

2  reasonably be questioned.").

3          **2.**      **The Court Should Take Judicial Notice Of The Barbados Court**

4                       **Order And Its Contents**

5       Defendants request that the Court take judicial notice of both the existence and

6  content of the Barbados Court Order, including the Barbados Court's assertion of

7  jurisdiction over the parties' dispute as to whether the Barbados claimants are licensed to use

8  the AMA materials at issue in the instant action.

9       The existence and content of the Barbados Court Order, including the Barbados

10  Court's assertion of jurisdiction, are beyond dispute. Declaration of Ivan Alert In Support of

11  Request For Defendants' Judicial Notice, Exh. A (Barbados Court Order) at ¶ 7 ("This Court

12  in granting such order was satisfied that this jurisdiction is the proper place in which to bring

13  the claim."); *Id*. at ¶ 2 (authenticating Barbados Court Order).

14       And the Barbados Court Order is directly relevant to Defendants' pending motions to

15  dismiss or stay. The Barbados Claim seeks a declaration that "all Claimants herein are,

16  pursuant to the Content Partner Revenue Sharing Agreement, entitled to publicize and or

17  distribute materials . . .  made available to the Claimants by Defendants or either of them,

18  including without limitation, materials as to which Defendants claim or otherwise assert

19  copyright interests." ECF 27-3 (Bradbury Declaration), Exh. 5 at ¶ 4 (Claim Form submitted

20  to Supreme Court of Barbados).  By asserting jurisdiction to adjudicate this claim, the

21  Barbados Court Order directly rebuts AMA's contention that the Barbados Courts lack

22  jurisdiction over the parties' dispute, and directly contradicts AMA's contention that the

23  Barbados courts would not provide an adequate forum for the adjudication of the parties'

24  dispute. *See* ECF No. 33 (AMA's Opposition to Motion to Stay of Defendants GLP 5 and

25  Netmedia) at 15, 17.

26       In addition, the Barbados Court's assertion of jurisdiction over the parties' dispute

27  supports dismissal of this action under principles of international comity. Adjudicatory

28  comity "involves the discretion of a national court to decline to exercise jurisdiction over a

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

1238095

**Glaser Weil**

1  case before it when that case is pending in a foreign court with proper jurisdiction." *Mujica*

2  *v. AirScan Inc.*, 771 F.3d 580, 599 (9th Cir. 2014) (dismissing U.S. action in deference to

3  Columbian action involving same subject matter) (citations omitted).  In general, when a

4  matter is already pending in a foreign court with proper jurisdiction, "deference to the

5  foreign court is appropriate so long as the foreign proceedings are procedurally fair and  . . .

6  do not contravene the laws or public policy of the United States." *Id.*[2]  In light of the

7  Barbados Court's assertion of jurisdiction over the parties' dispute, and given that Barbados

8  courts will adjudicate AMA's copyright claims if necessary (Declaration of Ivan Alert In

9  Support of Request For Defendants' Judicial Notice at ¶ 3), the Barbados courts are an

10  adequate forum.

11  Accordingly, the Court should take judicial notice of the Barbados Court's assertion

12  of jurisdiction, along with the existence and other content of the Barbados Court Order.

13  *Bogart,*  2001 WL 34045761, at *2 ("the existence and content of opinions and pleadings are

14  matters capable of accurate and ready determination by resort to official court files that

15  cannot reasonably be questioned.")

16  _____

17  [2]  The Ninth Circuit in *Mujica* explained that, in assessing a request for dismissal
under the international comity doctrine, courts should weigh (1) the strength of the U.S.'s

18  interests in using a foreign forum, (2) the strength of the foreign government's interests, (3)
and the adequacy of the foreign forum. *Id*. at XX.  With respect to both the U.S. and foreign

19  country's interests, courts should consider nonexclusive factors including: (a) the location of
the conduct in question, (b) the nationality of the parties, (c) the character of the conduct in

20  question, (d) the foreign policy interests of the United States, and (e) any public policy
interests. *Id*. at 604, 607.  Here, these factors favor dismissal. The United States' interest in

21  adjudicating this matter is weak because, among other things, all but one of the Defendants
reside outside the United States, Plaintiff AMA has consented to the jurisdiction of the

22  Barbados courts, Porn.com's servers (and thus the alleged infringing conduct) are located

23  outside the United States, and Barbados courts will adjudicate AMA's U.S. copyright law
claims, if necessary.  Declaration of Ivan Alert In Support of Request For Defendants'

24  Judicial Notice, at ¶ 3 (Barbados court would apply U.S. copyright law to AMA's claims, if
applicable).  The interest of the Barbados courts is strong because, among other things,

25  named Defendant CyberWeb, Ltd. (owner and operator of the allegedly infringing website)

26  is a Barbados company, *id*. at  ¶ 15, and Barbados is designated by the CPA as the exclusive

27  forum for the resolution of disputes (including this one) arising under or related to the CPA.

28

Glaser Weil

## III.    <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully requests that this Court take judicial notice of the existence and content of the Barbados Court Order, including the Barbados Court's assertion of jurisdiction.

DATED: September 20, 2016                    Respectfully submitted,

                                             GLASER WEIL FINK HOWARD
                                               AVCHEN & SHAPIRO LLP

                                             By: /s/ Erica J. Van Loon
                                             ERICA J. VAN LOON

                                             *Attorney for Defendants David Koonar,*
                                             *Sagan Limited, GLP 5, Inc. and Netmedia*
                                             *Services Inc.*

5

1238095