# Exhibit A

**BARBADOS**

[Unreported]

## IN THE SUPREME COURT OF JUDICATURE
## HIGH COURT
## CIVIL DIVISION

No. 600 of 2016

BETWEEN:

CYBERWEB LTD
NETMEDIA SERVICES INC.
SAGAN LTD
GLP 5 INC.
GIM CORP
DAVID KOONAR                                                      CLAIMANTS

AND

AMA MULTIMEDIA LLC
ADAM SILVERMAN                                        DEFENDANTS

Before the Honourable Madam Justice Margaret A. Reifer, Judge of the High Court

Date of Hearing: 2016 July 19th

Appearances:

Ms. Zarina Khan in association with Mr. Ivan A. Alert Attorneys-at-Law for the Claimants/Respondents
Ms. Tanya Goddard in association with Ms. Karen A. Perreira Attorneys-at-Law for the Defendants/Applicants

## RULING

### The Application

[1] This Application by the Defendants to this action was filed May 19th 2016 together with an Affidavit in Support of even date. It seeks an order pursuant to **CPR Part 9.7** that the service of the Claim Form by which this claim was commenced be set aside.

[2] Paragraph 4 of the said Affidavit deposed to the fact that "on the 28th April 2016, the Claimants caused service on the Defendants/Applicants a Claim Form issued by the Supreme Court of Barbados in this suit and dated the 27th April 2016..."

[3] It is instructive, in the opinion of this Court, that the following matters are deposed to in paragraph 9 of the said Affidavit as follows:

> "9. Upon being retained as Attorney at Law for the Defendants for the purpose stated at paragraph 1 hereof, I carried out a search at the Supreme Court Registry on the suit and my search revealed that, together with the Claim Form dated the 27th April 2016, the Claimants filed an application under CPR 7 for an order of the court to serve the Claim Form outside the jurisdiction. This Application was at the time of my search not supported by any affidavit or other document. Also filed at the Supreme Court Registry together with the Claimants' Application was a Draft Order and a certificate of urgency."

### Relevant Facts

[4] It is of significance that the Claimants/Respondents' Application for Service outside of the jurisdiction and the Defendants/Applicants' Application to set

2

[5]     aside service were both set down before this judge on 27th May 2016 as Duty Judge, as they were both filed under Certificates of Urgency.

[5]     This Court in contemplation of the Overriding Objective of the **CPR** attempted to hear both Applications together. Counsel for the Defendants/Applicants insisted that she was not party to the Claimants' Application and adamantly refused to be present.

[6]     The Claimant's Application being first in time was heard first.

[7]     By Order dated the 13th June 2016, this Court being satisfied pursuant to **Part 7.3(2), 7.3(3)** and **7.5(1)**, leave was granted to the Claimant to serve the Amended Fixed Date Claim Form and Statement of Claim filed June 9th 2016. This Court in granting such order was satisfied that this jurisdiction is the proper place in which to bring the claim.

[8]     At said hearing, leave was granted to the Claimants/Respondents to file their Affidavits in Response to the Defendants' Application abovementioned, and to the Defendants to file a further Affidavit.

[9]     Counsel Ms. Khan filed her Affidavit of June 16th 2016 wherein she deposes that there was no service of process on the Defendants/Applicants, merely a communication to the Defendants/Applicants to *'alert them and facilitate their early engagement of representation in Barbados'*.

3

**Disposal**

[10] This Application is dismissed with costs to the Claimants/Respondents for the following reasons:

1. There is nothing to challenge/rebut the Claimants/Respondents' position that there was no service on April 28th 2016, merely a communication of the filing for the reasons set out in Ms. Khan's Affidavit of June 16th 2016. In addition, the date of the filing of the Application for Leave (April 27th 2016) speaks volumes when one considers that the Defendants/Applicants filed their Application on May 19th 2016 at which time the Defendants/Applicants' counsel admitted at paragraph 9 of her Affidavit in Support that she had conducted searches which revealed the existence of the Application of April 27th 2016. This Court finds as a fact that there was no service of the Claim Form on April 28th 2016 as alleged.

2. In any event, had there been service, it is within the power and discretion of this Court to grant retrospective permission where a claim form has been served without permission and by so doing cure defective service: see Part 26.4(1) to (4). The Learned Author of **The Caribbean Civil Court Practice at page 96 Note 5.5** speaks volubly to the practicality of refusing an application such as this when he makes reference to the case of **Kosa v Nesheim [2006] EWHC 2710** where **Briggs J** held that the claimant had an arguable case and it was one which ought to be heard. **Briggs J** further held that whilst it was true that the failure to seek permission for service outside the jurisdiction had been the result of a mistake on the part of the claimant's lawyers, the instant case was not one where it would have been appropriate for the claimant to have sought a financial remedy from his solicitors. To have refused the claimant retrospective permission to serve outside the jurisdiction would have placed greater importance upon disciplining lawyers for procedural failures, than the pursuit of justice, and that would have clearly been contrary to the Overriding Objective. Furthermore, as in this case, the circumstance of that case were such that, had that permission been refused, the claimant would have been likely to have succeeded in an application to have brought fresh proceedings out of time as provided and

4

validated his cause of action. I wholeheartedly endorse that reasoning and apply it unreservedly to these present circumstances.

3. The Costs of this Application shall be the Claimants' in any event. Every opportunity was given to the Defendants/Applicants to save costs by the hearing of both applications together and it was refused. The costs of this Application should therefore be agreed by the parties failing which they shall be assessed.

**MARGARET A. REIFER**
Judge of the High Court