LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>                    Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S RESPONSE TO DEFENDANTS' REQUEST FOR "JUDICIAL NOTICE"**<br><br>(Before the Hon. David G. Campbell) |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA") hereby responds to the recent "Request for Judicial Notice" filed by Defendants (Doc. 55).

Defendants have asked this Court to take "judicial notice" of a Barbados Court Order and rely on it to deny personal or subject matter jurisdiction in this case. Although the Barbados Court Order merely dealt with whether the Barbados plaintiffs had properly *served* the Barbados defendants, the Defendants in this case misrepresent that the Barbados Court made a *substantive* finding that Barbados would assert jurisdiction over all of the parties and all of the claims at issue in this litigation.

1  Contrary to the Defendants' request, this Court should only judicially "note" that
2  the Barbados Court decided that:
3  a)  Foreign service on AMA and Adam Silverman could not be set aside
4  because service had not yet been completed; and
5  b)  The Barbados Court was simply allowing the Claim Form to move forward
6  in the Barbados jurisdiction.[1]
7  Both AMA and Adam Silverman **still retain their right to dispute jurisdiction**
8  **in Barbados** as those substantive grounds have not been raised in the Barbados Court.
9  Defendants in this case are not filing in candor when asking this Court to take "judicial
10 notice" that the Barbados Court has made any substantive rulings about personal or
11 subject matter jurisdiction whatsoever.
12 For these reasons, Defendants' "request" for judicial notice must be disregarded,
13 and the various Motions to Dismiss should be denied for the reasons already briefed.
14 DATED this 27th day of September, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

---

[1] The Barbados Order cites the British/UK Civil Procedure Rules ("CPR"), Part 7.3(2), 7.3(3) and 7.5(1) in the paragraph finding that "jurisdiction" is in the proper place. *See*, Doc. 55 at 55-2, p. 4 of 6. Those procedural rules specifically refer to "How to start proceedings" with a proper "Claim Form." It appears that, under Part 11 of the CPR, Defendants AMA and Adam Silverman retain their rights to dispute personal jurisdiction and/or subject matter jurisdiction just as they would here in the United States. *See, e.g.*, CPR, Part 11(1)(a), (b).

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants GLP 5, Inc.
and Netmedia Services Inc.*


By:  \_\_\_/s/ Gina Murphy_____