LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>                              Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br>                              Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF<br>AMA MULTIMEDIA, LLC'S<br>MOTION FOR LEAVE<br>TO CONDUCT JURISDICTIONAL<br>DISCOVERY REGARDING<br>DEFENDANT DAVID KOONAR**<br><br>(Before the Hon. David G. Campbell) |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA" or "Plaintiff") hereby moves this Court for an Order allowing Jurisdictional Discovery (limited) on Defendant David Koonar.  This request is based on good cause shown in the following.

**I.      INTRODUCTION**

David Koonar has moved to dismiss, claiming no connection with this forum. Meanwhile, AMA has alleged that Mr. Koonar has material involvement including ownership and/or operation of www.Porn.com as President of NetMedia Services, Inc.

AMA similarly sought jurisdictional discovery for NetMedia Services, Inc. and GLP 5, Inc. in response to each of their motions to dismiss. Doc. 34. The Court has now granted limited jurisdictional discovery to AMA (Doc. 64), and AMA believes that the Court's Order includes discovery related to Defendant David Koonar. *Id*. This request is only filed in an abundance of caution should there be any question by Defendants that discovery is limited (that Mr. Koonar is somehow **not** covered by the discovery Order).

## II.   FACTUAL BACKGROUND

In addition to the facts asserted in Doc. No. 34, relevant to the instant motion is that David Koonar is the President of NetMedia Services, Inc. *See*, Declaration of Adam Silverman In Support of Motion for Jurisdictional Discovery on Defendant Koonar, attached here as **Exhibit A** and incorporated by this reference, p. 2, ¶3.

## III.   ARGUMENT

District courts have broad discretion to grant discovery to establish jurisdiction. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also, Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). "The Court must weigh the prejudice to the complaining party if discovery is denied." *Andrews v. Pride Indus.*, 2015 U.S. Dist. LEXIS 27959, 2015 WL 1014133, at *5 (E.D. Cal. Mar. 6, 2015) (citing *Laub*, 342 F.3d at 1093). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." *Id*. The Ninth Circuit may find an abuse of discretion where a court denies

discovery where it "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Rutsky & Co. Ins. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.' *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

In the copyright context, where a corporation or similar entity is the alleged infringer, the plaintiff may also hold individual "corporate officers, shareholders, and employees . . . personally liable for the corporation's infringements" by showing that such individuals "are a 'moving, active conscious force behind the corporation's infringement,' regardless of whether they are aware that their acts will result in infringement." An individual, including a corporate officer, who has the ability to supervise activity infringing copyright and has a financial interest in that activity, *or* who personally participates in that activity is personally liable for the infringement. *S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985); *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2015 U.S. Dist. LEXIS 141340, at *7-8 (W.D. Wash. Oct. 15, 2015); *Carson v. Verismart Software, Inc.*, No. C 11-03766 LB, 2012 U.S. Dist. LEXIS 42120, 2012 WL 1038662, at *5 (N.D. Cal. Mar. 27, 2012) (quoting *Adobe Sys. v. Childers*, No. 5:10-cv-03571-JF/HRL, 2011 U.S. Dist. LEXIS 14534, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011) (*citing Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 U.S. Dist. LEXIS 16861, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004)); *see also Comm. For Idaho's High Desert, Inc. v. Yos*t, 92 F.3d 814, 823 (9th Cir. 1996) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." (internal quotations and alterations omitted)).

In determining the liability of corporate officers "it is immaterial whether such individuals are aware that their acts will result in infringement." *Novell, Inc. v. Unicom Sales, Inc., No*. C-03-2785 MMC, 2004 U.S. Dist. LEXIS 16861, 2004 WL 1839117, at 17 (N.D. Cal. Aug. 17, 2004). An individual, including a corporate officer, who . . . personally participates in that infringing activity is personally liable for the infringement. This direct personal liability is possible because "[c]opyright is a strict liability tort; therefore, there is no corporate veil and all individuals who participate are jointly and severally liable." *Blue Nile, Inc. v. Ideal Diamond Solutions, Inc.*, Case No. C10-380TSZ, 2011 U.S. Dist. LEXIS 85223, 2011 WL 3360664, at *2 (W.D. Wash. Aug. 3, 2011).

Here, David Koonar is the President of NetMedia Services, Inc. In this role, he has direct and ultimate control over the actions of his own employees (the NetMedia programmers) and the actual infringing content that his NetMedia employees acquired and uploaded to www.Porn.com.

AMA's claim for jurisdiction over David Koonar is neither attenuated nor based on bare allegations in the face of his specific denials. To the contrary, AMA has established actual facts that specifically link NetMedia to Porn.Com, and the only reasonable alternative now is to allow AMA to further "link" NetMedia and Porn.com by showing precisely what control Mr. Koonar has over the control and operation of NetMedia (and, therefore, Porn.com). Should this Court believe that there are not presently enough facts to warrant personal jurisdiction over NetMedia and its President, AMA should at least be granted the ability to take discovery to obtain further facts about NetMedia's operation of Porn.com, Mr. Koonar's control over the operations of NetMedia (including financial operations), and the display of content on Porn.com. Such discovery should include third party discovery on those vendors associated with Porn.com, including Limelight and Reflected. AMA must be permitted to discover which entit(ies) paid bills for the operations of www.Porn.com and what entit(ies)

hired/used employees to address issues on behalf of www.Porn.com. Since www.Porn.com is a website and not a separate or distinct **entity**, AMA respectfully requests jurisdictional discovery regarding each of the Defendants but particularly how Defendant David Koonar is personally involved with them and/or their contribution to the Porn.com website.

## IV. CONCLUSION

For the reasons stated herein (and the other pending jurisdictional discovery motions by incorporation), AMA respectfully requests that the Court grant leave to conduct jurisdictional discovery on Defendant David Koonar.

DATED this 7th day of October, 2016.

**MANOLIO & FIRESTONE, PLC**

By:  /s/ Veronica L. Manolio
    Veronica L. Manolio
    8686 E. San Alberto Dr., Suite 200
    Scottsdale, Arizona 85258
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants David Koonar,
Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*

By:  /s/ Gina Murphy