LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>          Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>          Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S OPPOSITION TO DEFENDANT DAVID KOONAR'S MOTION TO STAY**<br><br>(Before the Hon. David G. Campbell) |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA") respectfully requests that this Court deny Defendant Koonar's Motion to Stay Proceedings Pending the Outcome of the Barbados Claim.

Defendant Koonar's Motion to Stay is mostly a reiteration of the Motions filed by Defendants Netmedia Services, Inc., GLP 5, Inc., and Sagan Ltd. (Doc. 27; Doc. 42). Rather than recite the same factual and legal analyses a third time, AMA hereby incorporates all procedural facts and legal analyses set forth in its prior-filed Oppositions. *See specifically*, Doc. Nos. 33 and 52.

1   Additionally, AMA believes that the Court's recent Order (Doc. 64) denying a
2   Stay of this matter as requested by Defendants GLP 5 and NetMedia Services should
3   apply to all Defendants, David Koonar included.  To the extent that Defendants believe
4   David Koonar's Motion is somehow different, AMA files this brief Response in an
5   abundance of caution.
6   The one difference raised in Defendant Koonar's Motion is the presentation of
7   *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979),
8   suggesting that a stay of this action is appropriate under the Court's inherent power to
9   control its docket.  In *Leyva,* the Court confirmed the rule that a trial court may, when it
10  is efficient for its own docket and the fairest course for the parties, stay an action pending
11  resolution of an independent proceeding **which bears upon the case**.
12  For the same reasons that the Barbados claim is not substantially similar to the
13  instant action, the Barbados case does not "bear upon this case."   The Barbados action is
14  a declaratory action for breach of contract – the Content Partnership Agreement ("CPA").
15  The CPA permits AMA to submit and provide promotional content, and the parties
16  would then share in generated revenue.  However, the CPA is clear that any and all
17  content not expressly licensed by AMA is **reserved to AMA**.  The CPA is further clear
18  that AMA must affirmatively take actions to **provide and deliver** content that is to be
19  used under the CPA.  To the extent that the Defendants (Koonar included) believe a
20  Barbados Court can "undo" the CPA and blanketly permit them to go out and locate,
21  obtain, and display AMA content with unfettered discretion, they are wrong.  To the
22  extent that Defendants (Koonar included) argue that a Barbados Court can "undo" the
23  CPA to strip AMA of all of its authority and rights to provide content, they are wrong.
24  The Barbados Claim may determine if AMA breached the CPA, but (conversely) the
25  Barbados Court cannot grant Defendants an unrestricted right in AMA's copyrighted
26  works.  Thus, resolution of the Barbados action does not "bear upon" this case.

AMA respects this Court's need and desire to run an efficient docket. However, a stay in this case simply is not appropriate because nothing to be determined in the Barbados Court should bear upon the rulings in this matter.

DATED this 7th day of October, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants David Koonar,
Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*

By: /s/ Gina Murphy