ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

*Attorney for Defendants Cyberweb Ltd., David Koonar,*
*Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>                    Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

1232181

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................... 1

II.     LEGAL STANDARD FOR JURISDICTIONAL DISCOVERY ........................... 1

III.    ARGUMENTS ...................................................................................... 2

        A.      AMA's Motion Fails To Set Forth Any Basis For Granting Leave To
                Conduct Jurisdictional Discovery .................................................. 2

                1.      AMA's Infringement Allegations Against Mr. Koonar Do Not
                        Serve As A Basis For Jurisdiction....................................... 2

                2.      AMA Has Not Met The Relevant Standard For Jurisdiction ............ 3

        B.      AMA's Proposed Discovery Will Not Uncover Facts Justifying An
                Exercise Of Jurisdiction Over Mr. Koonar .................................... 7

IV.     CONCLUSION .................................................................................... 8

**Glaser Weil**

i

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR
LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232181

# TABLE OF AUTHORITIES

Page

# FEDERAL CASES

*Adobe Sys. Inc. v. Childers*,
  No. 5:10-cv-03571-JF/HRL, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011)...................4, 5

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
  666 F. Supp. 2d 1109 (C.D. Cal. 2009) .........................................................................3

*Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009).................................................................................1, 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .......................................................................................................2

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*,
  788 F.2d 535 (9th Cir. 1986)..........................................................................................1

*Carson v. Verismart Software*,
  No. C 11–03766 LB, 2012 WL 1038662 (N.D. Cal. Mar. 27, 2012) ...........................4, 5

*Comm. For Idaho's High Desert, Inc. v. Yost*,
  92 F.3d 814 (9th Cir. 1996).............................................................................................5

*Getz v. Boeing Co.*,
  654 F.3d 852 (9th Cir. 2011)...........................................................................................7

*Johnson v. Mitchell*,
  No. CIV S-10-1968-GEB, 2012 WL 691765 (E.D. Cal. Mar. 2, 2012) ...........................2

*Lehigh Valley Indus. v. Birenbaum*,
  527 F.2d 87 (2d Cir. 1975)..............................................................................................7

*Loral Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir. 1995).................................................................................1, 2, 8

*Martinez v. Manheim Cent. California*,
  No. 1:10-cv-01511-SKO, 2011 WL 1466684 (E.D. Cal. Apr. 18, 2011)..........................8

*Negron-Torres v. Verizon Commc'n, Inc.*,
  No. 06–1147, 2007 WL 431165 (1st Cir. Feb. 9, 2007) ...................................................8

*Netbula, LLC v. Chordiant Software, Inc.*,
  No. C 08-00019 JW, 2009 WL 750201 (N.D. Cal. Mar. 20, 2009) ...............................4, 5

*Novell, Inv. v. Unicom Sales, Inc.*,
  No. C–03–2785 MMC, 2004 WL 1839117 (N.D. Cal. Aug.17, 2004) .........................4, 5

*Peter Strojnik, P.C. v. Signalife, Inc.*,
  No. 08–1116-PHX-FJM, 2009 WL 605411 (D. Ariz. Mar. 9, 2009) ...............................8

Glaser Weil

1232181

*Rain Gutter Pros, LLC v. MGP Mfg., LLC*,
    No. C14-0458 RSM, 2015 WL 6030678 (W.D. Wash. Oct. 15, 2015)..........................4, 5

*S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*,
    756 F.2d 801 (11th Cir. 1985)..................................................................................3, 4, 5

*Sefton v. Jew*,
    201 F. Supp. 2d 730 (W.D. Tex. 2001)..............................................................................2

*Seiferth v. Helicopteros Atuneros, Inc.*,
    472 F.3d 266 (5th Cir. 2006)..............................................................................................7

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*,
    No. CV 12-05283-MMM (JEMx), 2013 WL 12120260 (C.D. Cal. Feb. 7, 2013) ............6

Glaser Weil

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR
LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232181

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant David Koonar ("Mr. Koonar") hereby submits this Opposition to AMA Multimedia, LLC's Motion for Leave to Conduct Jurisdictional Discovery Regarding Defendant David Koonar ("Motion").

## I.      INTRODUCTION

In response to Defendant David Koonar's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 49), AMA Multimedia, LLC ("AMA") has moved for leave to conduct jurisdictional discovery in order to "'link' NetMedia and Porn.com, by showing precisely what control Mr. Koonar has over the control and operation of NetMedia (and therefore, Porn.com)." Mot. at 4. But AMA's Motion should fail for at least the following reasons: (1) AMA's Motion confuses two distinct inquiries – the standard for liability and the standard for personal jurisdiction; (2) AMA has not set forth a *prima facie* case for personal jurisdiction over Mr. Koonar under the relevant standard; and (3) AMA has not demonstrated that the proposed discovery is likely to lead to the production of evidence establishing jurisdiction over Mr. Koonar.

AMA's request for jurisdictional discovery should be denied.

## II.     LEGAL STANDARD FOR JURISDICTIONAL DISCOVERY

Jurisdictional discovery is not automatic. *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (stating district courts have "broad discretion to permit or deny [jurisdictional] discovery"). A party requesting jurisdictional discovery must demonstrate that such discovery is justified. *Autogenomics, Inc., v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009) (denying jurisdictional discovery under Ninth Circuit law). A plaintiff must establish how further discovery would uncover facts supporting a basis for jurisdiction. *Id*. Bare, conclusory assertions are insufficient to warrant jurisdictional discovery, especially where a defendant offers into evidence specific denials of facts asserted by a plaintiff to establish jurisdiction. For example, in *Loral Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) the court affirmed dismissal and denial of jurisdictional discovery stating:

Glaser Weil

1232181

1

2

3

> "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery. [citation omitted]."

Accordingly, a plaintiff must support its request with specific facts showing a "colorable basis" for personal jurisdiction.  And the burden (e.g. the specificity of facts and their ability to establish jurisdiction) increases in the face of specific denials by the defendant.  *Id.*; *see also*, *Johnson v. Mitchell*, No. CIV S-10-1968-GEB, 2012 WL 691765, at *15 (E.D. Cal. Mar. 2, 2012) (listing cases, citations omitted).

## III.   ARGUMENTS

### A.   AMA's Motion Fails To Set Forth Any Basis For Granting Leave To Conduct Jurisdictional Discovery

#### 1.   AMA's Infringement Allegations Against Mr. Koonar Do Not Serve As A Basis For Jurisdiction

AMA's legal argument focuses on Mr. Koonar's potential *liability* as a corporate officer.[1]  However, an alleged basis for liability is not the same as a basis for personal jurisdiction.

The court's ability to exercise jurisdiction over an individual defendant based upon vicarious liability for copyright infringement was specifically addressed in *Sefton v. Jew*, 201 F. Supp. 2d 730, 744 n.8 (W.D. Tex. 2001).  In dismissing the claims against the corporate CEO on jurisdictional grounds, the court stated that a finding of vicarious liability is ***not*** a basis for personal jurisdiction:

> "In support of his jurisdiction argument, Plaintiff argues that [the CEO] owns and controls ICNC, and thus has vicarious liability. Although a vicarious theory may be a basis for liability against [the CEO], it is not a basis for asserting jurisdiction over him."

Thus, AMA's arguments and case citations regarding vicarious liability are inapposite.

---

[1] As noted in Mr. Koonar's separately filed Motion to Dismiss (ECF 49-1), a plaintiff must allege facts sufficient to subject Mr. Koonar to specific jurisdiction in his individual capacity.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985).  AMA does not rely on Mr. Koonar's individual contacts, but instead seeks to impute the contacts of Porn.com to Mr. Koonar.  However, AMA does not argue that Defendant Koonar is subject to jurisdiction under theories of agency or alter ego.

2

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232181

**2.** <u>**AMA Has Not Met The Relevant Standard For Jurisdiction**</u>

In the Ninth Circuit, personal jurisdiction over a corporate officer is typically based on that officer's participation in the alleged wrongdoing. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) ("Courts have thus found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities.") (listing cases) (internal quotations and citations omitted).  AMA does not, and indeed cannot, allege that Mr. Koonar directly and personally participated in any of the acts that form the basis of AMA's claims.

Instead, AMA's jurisdictional argument is predicated on the alleged fact that Mr. Koonar "has direct and ultimate control over the actions of his own employees (the NetMedia programmers) and the actual infringing content that his NetMedia employees acquired and uploaded to www.Porn.com."  Mot. at 4.  In essence, AMA argues that because Mr. Koonar is the president of NetMedia, he is liable for any and all infringing activity, whether or not he has any direct or active role in the infringement, and regardless of whether he had any knowledge of such activity.  Not surprisingly, AMA fails to cite any Ninth Circuit authority in support of this absurd proposition.

The only case offered by AMA that could even remotely support liability absent direct participation by Mr. Koonar is the non-precedential *S. Bell Tel. v. Assoc. Tel. Directory Publishers*, an Eleventh Circuit case.  The court in *S. Bell* stated that "an individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement."  *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985).  However, in *S. Bell*, the individual defendants had actual knowledge of at least some part of the infringing conduct.  *Id.* ("[h]ere all appellants had actual knowledge of the solicitation.").  Even if *S. Bell* was controlling, which it is not, AMA has not argued, alleged, or otherwise put forth any evidence demonstrating Mr. Koonar had any knowledge of the purportedly infringing activity.

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR
LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1   Indeed, AMA could not, as Mr. Koonar did not have any such knowledge.  Declaration of

2   David Koonar In Support of Defendant David Koonar's Opposition to Plaintiff AMA

3   Multimedia, LLC's Motion for Leave to Conduct Jurisdictional Discovery ("Koonar Decl."),

4   ¶ 2.  Thus, even under the inapplicable *S. Bell* standard, AMA has failed to articulate a

5   credible claim for liability, much less jurisdiction.

6          The other cases on which AMA relies, albeit without any analysis, also do not

7   support an exercise of jurisdiction.  While the district court cases cited by AMA (*Rain*

8   *Gutter Pros v. MPG, Carson v. Verismart Software*, *Adobe v. Childers*, and *Novell v.*

9   *Unicom*) use language similar to that articulated in *S. Bell* regarding vicarious liability, all of

10  them require that the plaintiff demonstrate that the individual officer defendants are a

11  "moving, active conscious force behind the corporation's infringement."  Mot. at 3.[2]  To do

12  so, a plaintiff "must allege more than an officer's mere right and ability to supervise the

13  corporation's conduct *generally*."  *Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-

14  00019 JW, 2009 WL 750201, at *3 (N.D. Cal. Mar. 20, 2009) (internal citation omitted and

15  emphasis added).  Instead, a "plaintiff must allege that the defendant had ***supervisory power***

16  ***over the infringing conduct itself***."  *Id.*

17         In *Netbula*, the district court dismissed copyright infringement claims brought against

18  the CEO and Vice President/General Counsel of Chordiant Software.  Consistent with its

19  findings noted above, the court held that the plaintiff failed to allege facts demonstrating the

20  individual defendants had "oversight regarding the alleged conduct," and thus, failed to

21  adequately plead facts supporting a right and ability to supervise the alleged infringement.

22  *Id.* at *4.  Turning to the financial benefit prong of the analysis, the court further held that

23  receiving compensation tied to the financial performance or profits of a corporation

24

25  [2]While AMA's Motion does not make this point clear, the four district court cases listed
    herein are cited following this quote from *Rain Gutter Pros*: "Where a corporation or similar
26  entity is the alleged infringer, the plaintiff may also hold individual "corporate officers,
    shareholders, and employees ... personally liable for the corporation's infringements" by
27  showing that such individuals "are a 'moving, active conscious force behind the
    corporation's infringement,' regardless of whether they are aware that their acts will result in
28  infringement."  *See Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2015
    WL 6030678, at *3 (W.D. Wash. Oct. 15, 2015)(internal citations and quotations omitted).

4

Glaser Weil

generally is too attenuated to be considered a direct financial benefit under the *S. Bell* analysis.  Instead, the court found that a plaintiff must show a "causal relationship between the infringing activity and any financial benefit a defendant reaps."  *Id*. at *3.

In all four cases cited by AMA and mentioned above, the individual corporate officer defendants played some direct, active role in the alleged infringement or received a direct financial benefit from the infringing activity.  *See e.g.*, *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2015 WL 6030678, at *3 (W.D. Wash. Oct. 15, 2015) (individual defendants directed and participated in infringing activity through the specific acts of designing, developing, selling and installing products at issue in the litigation); *Carson v. Verismart Software*, No. C 11–03766 LB, 2012 WL 1038662, at *5-6 (N.D. Cal. Mar. 27, 2012) (dismissing claims against all individual defendants for failure to specifically identify infringing activity on behalf of individual defendants, except in the case of one individual defendant which had a direct financial interest in the infringing activity); *Adobe Sys. Inc. v. Childers,* No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *7 (N.D. Cal. Feb. 14, 2011) (individual defendants actively supervised and/or directed tortious conduct); *Novell, Inv. v. Unicom Sales, Inc.,* No. C–03–2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug.17, 2004) (individual defendant oversaw acquisition, advertisement, and distribution of allegedly infringing products).

Similarly, in *Comm. For Idaho's High Desert, Inc. v. Yost*, the only Ninth Circuit case cited by AMA, the individual corporate officer defendants "knowingly, intentionally, and deliberately" engaged in infringing activity.  *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996).  Notably, in *Yost*, the Ninth Circuit held that "[a] corporate officer or director is, in general, personally liable for all torts *which he authorizes or directs or in which he participates.*"  *Id.* at 823 (emphasis added).  Thus, consistent with *Netbula*, *Yost* stands for the principle that a plaintiff must allege facts demonstrating the individual defendant authorized, directed, or participated in the specific infringing activity.

Consistent with *Yost* and *Netbula*, other courts within the Ninth Circuit have required plaintiffs to meet this higher pleading standard to hold an individual officer personally liable

5

1232181

for a corporation's infringement.  In *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd*., the district court stated that "[a]n officer or employee of an LLC may be held personally liable for the company's copyright infringement if he was a '***primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities***.'" *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd*., No. CV 12-05283-MMM (JEMx), 2013 WL 12120260, at *10 (C.D. Cal. Feb. 7, 2013) (emphasis added) (internal citations omitted). Because the complaint in *ThinkBronze* failed to include factual allegations showing the individual corporate officers personally participated in the alleged infringement, the court dismissed the copyright infringement claims as to the individual officer defendants.  *Id*.

Here, AMA has done nothing more than plead or argue that Mr. Koonar has general supervisory power within NetMedia.  This allegation does not support jurisdiction under the above-cited authority.  To the extent he specifically supervises any technical activities, his supervision is limited to overall website design implementation at the customer interface level (e.g. overall appearance, resolution speed, etc.).  Koonar Decl. at ¶ 3.  Other than general supervisory authority as President, Mr. Koonar does not have supervisory or other authority over the uploading of content or other publication activities.  *Id*.

Nor has AMA offered anything to establish, let alone suggest, that Mr. Koonar derives a direct financial benefit stemming from the alleged infringing conduct.  In fact, NetMedia does not receive any share of the profit derived from advertisement appearing on or content publishing undertaken by www.Porn.com.  *Id*. at ¶ 4.  NetMedia receives a fee for services based upon membership subscriptions received by CyberWeb.  *Id*.  As president of NetMedia, Mr. Koonar receives a modest fixed salary, which is not based upon NetMedia's performance or any direct, or indirect financial benefit, if any, derived from the content at issue in this litigation.  *Id*. at ¶ 5.  Further, Mr. Koonar receives no compensation from G.I.M. Corp.  *Id*.

Again, AMA has not argued, alleged, or otherwise put forward any evidence that Mr. Koonar authorized, directed, or participated in any specific infringing activity alleged by AMA.  Nor could AMA.  As President, Mr. Koonar is far removed from employees charged

6

1232181

Glaser Weil

with the ministerial task of reviewing and uploading content. *Id.* at ¶ 3. His duties do not include oversight or supervision of any employee charged with the review or upload of content. *Id.* And as previously stated, Mr. Koonar had no actual, specific knowledge of the alleged infringing activity, or any awareness of the infringing content at all. *Id.* at ¶ 2. Thus, he could not have participated, authorized, or directed such activity. As such, AMA has not, and cannot, offer factual allegations or arguments that even remotely approach providing a colorable basis for jurisdiction.

AMA's Motion should be denied. *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of jurisdictional discovery where plaintiffs failed to identify any "specific facts, transactions, or conduct" that might give rise to personal jurisdiction); *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (affirming refusal to allow discovery and dismissal for lack of personal jurisdiction because the allegations failed to meet the relevant standard for jurisdiction); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 277 (5th Cir. 2006) (denial of limited jurisdictional discovery upheld because plaintiff "failed to make even a prima facie showing of jurisdiction").

**B.** **AMA's Proposed Discovery Will Not Uncover Facts Justifying An Exercise Of Jurisdiction Over Mr. Koonar**

Simply put, AMA's requested discovery is not targeted to address specific facts that would support jurisdiction over David Koonar. AMA never identifies the specific facts that it believes jurisdictional discovery will uncover, let alone explains how these specific facts, if uncovered, will support jurisdiction.

AMA seeks discovery in an attempt to "link NetMedia and Porn.com by showing precisely what control Mr. Koonar has over the control and operation of NetMedia." Mot. at 4. Specifically, AMA requests discovery relating to (1) "vendors associated with Porn.com;" (2) "which entities paid bills for the operations of Porn.com;" (3) "what entities hired/used employees to address issues on behalf of Porn.com;" and (4) how "David Koonar is personally involved with Defendants and Defendants' contribution to the Porn.com website." *Id.* None of these inquiries seek information related to Mr. Koonar's alleged

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1  control over the operations of NetMedia and the display of content on Porn.com.  More

2  importantly, none of these inquiries could lead to discovery of information supporting

3  personal jurisdiction over Mr. Koonar.

4     AMA further argues that they should be entitled to take discovery to "obtain further

5  facts about NetMedia's operation of Porn.com." *Id.*  However, such discovery would be

6  irrelevant with respect to Mr. Koonar because it has no bearing on whether this Court has

7  jurisdiction over Mr. Koonar as an individual.  Finally, any relationship between NetMedia

8  and Porn.com is already the subject of a separate limited discovery order.

9     Indeed, none of the discovery proposed by AMA even attempts to uncover the

10  specific, direct involvement Mr. Koonar may have had with the specific infringing activity

11  disputed in this case - the alleged uploading of AMA's content to Porn.com.  This is fatal to

12  AMA's Motion.  *Autogenomics,* 566 F.3d at 1023 (applying Ninth Circuit law and

13  upholding denial of jurisdictional discovery where plaintiff "did not make…a showing that

14  further discovery would elucidate the facts necessary to prove that the court had personal

15  jurisdiction."); *Loral Terracom*, 49 F.3d at 562 (upholding the district court's refusal to

16  permit discovery, and noting that Terracom failed to demonstrate how further discovery

17  would allow it to contradict evidence submitted in support of a motion to dismiss"); *Negron-*

18  *Torres v. Verizon Commc'n, Inc*., No. 06–1147, 2007 WL 431165, at *27 (1st Cir. Feb. 9,

19  2007) ("In addition to making a colorable claim, it is also incumbent upon the plaintiff to

20  'present facts to the court which show why jurisdiction would be found if discovery were

21  permitted.'") (internal citation omitted).

22  **IV.**  **CONCLUSION**

23     AMA's Motion amounts to nothing more than a request for an impermissible, open-

24  ended fishing expedition founded on nothing more than baseless speculation.  *Martinez v.*

25  *Manheim Cent. California*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *3 (E.D. Cal.

26  Apr. 18, 2011) ("limited discovery should not be permitted to conduct a 'fishing

27  expedition.'") (internal citations omitted); *Peter Strojnik, P.C. v. Signalife, Inc.*, No. 08–

28  1116-PHX-FJM, 2009 WL 605411, at *4 (D. Ariz. Mar. 9, 2009) ("The mere hunch,

Glaser Weil

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR
LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1  however, that discovery might yield some jurisdictionally helpful facts isn't sufficient" to

2  form a basis for discovery).

3       AMA has failed to meet any of the applicable standards and must not be permitted to

4  alter its position so as to avoid the fatal flaws noted in this Opposition.  Based on the

5  foregoing, Defendant David Koonar respectfully requests that the Court deny the instant

6  Motion in its entirety.

7

8  DATED:  October 24, 2016       GLASER WEIL FINK HOWARD
                       AVCHEN & SHAPIRO LLP

9

10               By:  /s/ Erica J. Van Loon

11              ERICA J. VAN LOON
12               *Attorney for Defendants*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

DEFENDANT DAVID KOONAR'S OPPOSITION TO PLAINTIFF AMA MULTIMEDIA, LLC'S MOTION FOR
LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

1232181