1    ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
     evanloon@glaserweil.com
2    GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP
3    10250 Constellation Boulevard, 19th Floor
     Los Angeles, California 90067
4    Telephone:  (310) 553-3000
     Facsimile:   (310) 556-2920
5
6    *Attorney for Defendants Cyberweb Ltd., David Koonar,*
     *Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*
7
8
9
10                   IN THE UNITED STATES DISTRICT COURT
11                           DISTRICT OF ARIZONA
12
13   AMA MULTIMEDIA LLC, a Nevada          CASE NO.: CV16-1269 PHX DGC
     limited liability company,
14                                          Hon. David G. Campbell
                    Plaintiff,
15                                          **REPLY IN SUPPORT OF**
     v.                                     **DEFENDANT DAVID KOONAR'S**
16                                          **MOTION TO DISMISS BASED ON**
     SAGAN LIMITED, a Republic of          **LACK OF PERSONAL**
17   Seychelles company, individually and d/b/a   **JURISDICTION**
     PORN.COM; CYBERWEB LTD., formerly
18   MXN LTD., a Barbados Company,
     individually and d/b/a PORN.COM;
19   NETMEDIA SERVICES INC., a Canadian
     Company, individually and d/b/a
20   PORN.COM; GLP 5, Inc., a Michigan
     Company individually and d/b/a
21   Trafficforce.com; DAVID KOONAR, an
     individual; and John Does 1-20,
22
                    Defendants.
23
24
25
26
27
28

1265662

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................. 1

II.   ARGUMENTS ....................................................................................... 2

    A.   Porn.com's Alleged Contacts Should Not Be Imputed To Defendant Koonar ................................................................................................ 2

        1.   AMA's Infringement Allegations Against Mr. Koonar Do Not Serve As A Basis For Jurisdiction .................................................. 2

        2.   AMA Has Not Met The Relevant Standard For Imputing Porn.com's Contacts To Defendant Koonar ..................................... 3

    B.   AMA's New Jurisdictional Arguments Are Misplaced ............................... 8

III.  CONCLUSION ................................................................................... 10

## TABLE OF AUTHORITIES

Page

## CASES

*Adobe Sys. Inc. v. Childers*,
  No. 5:10-cv-03571-JF/HRL, 2011 WL 566812 (N.D. Cal. Feb. 14, 2011) ....................4, 6

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
  666 F. Supp. 2d 1109 (C.D. Cal. 2009) ...........................................................................3

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................................................2

*Carson v. Verismart Software*,
  No. C 11–03766 LB, 2012 WL 1038662 (N.D. Cal. Mar. 27, 2012)...............................4, 5

*Comm. For Idaho's High Desert, Inc. v. Yost*,
  92 F.3d 814 (9th Cir. 1996) ...............................................................................................6

*Mavrix Photo, Inc. v. Brand Tech, Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ...........................................................................................8

*Netbula, LLC v. Chordiant Software, Inc.*,
  No. C 08-00019 JW, 2009 WL 750201 (N.D. Cal. Mar. 20, 2009) ...........................5, 6, 7

*Novell, Inv. v. Unicom Sales, Inc.*,
  No. C–03–2785 MMC, 2004 WL 1839117 (N.D. Cal. Aug.17, 2004)...........................4, 6

*Rain Gutter Pros, LLC v. MGP Mfg., LLC*,
  No. C14-0458 RSM, 2015 WL 6030678 (W.D. Wash. Oct. 15, 2015) ...........................4, 5

*S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*,
  756 F.2d 801 (11th Cir. 1985) ..........................................................................................4, 5

*Sefton v. Jew*,
  201 F. Supp. 2d 730 (W.D. Tex. 2001) ...........................................................................1, 3

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*,
  CASE NO. CV 12-05283-MMM (JEMx), 2013 WL 12120260 (C.D. Cal. Feb. 7, 2013)..6

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014).................................................................................................2, 8, 10

*Washington Shoe Co. v. A-Z Sporting Goods, Inc.*,
  704 F.3d 668 (9th Cir. 2012) ....................................................................................2, 9, 10

## STATUTES

Federal Rule of Civil Procedure 4(k)(2)...........................................................................2, 9

Federal Rule of Evidence 1004 ...............................................................................................2

REPLY IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS BASED ON LACK OF
PERSONAL JURISDICTION

1265662

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant David Koonar ("Mr. Koonar") hereby submits this Reply in support of his motion to dismiss based on lack of personal jurisdiction.

## I. **INTRODUCTION**

AMA's Opposition is entirely predicated upon Mr. Koonar's role as a corporate officer. ECF No. 67 at 3 ("It is Koonar's role as President of NetMedia that results in his inclusion as a defendant in this lawsuit."). AMA's jurisdictional argument is founded solely on the proposition that the alleged contacts of Porn.com and NetMedia can be imputed to Defendant Koonar. AMA does not allege, let alone argue, that Mr. Koonar has himself undertaken any activities that would subject him to the jurisdiction of this court. AMA's position is not sustainable.

First, AMA's Opposition confuses two distinct inquiries – the standard for vicarious liability and the standard for personal jurisdiction. Jurisdiction is not present simply because a defendant may be vicariously liable for infringement. *Sefton v. Jew*, 201 F. Supp. 2d 730, 744 n.8 (W.D. Tex. 2001). Thus, most of AMA cases and arguments are irrelevant.

Second, AMA has not alleged facts sufficient to support jurisdiction under the relevant standard. While AMA offers unsupported attorney argument and speculation, its Opposition is devoid of evidence that Defendant Koonar personally participated in, or even had knowledge of, the alleged infringing activity (all of which he denies). Instead, AMA argues that jurisdiction exists over Defendant Koonar because he supposedly supervised the alleged infringing activity in his general supervisory role as President of G.I.M. Corp. ("GIM") and Netmedia Services Inc. ("Netmedia"). Ninth Circuit authorities simply do not support AMA's position.

And even if Porn.com's alleged contacts were (erroneously) imputed to Defendant Koonar, they would not support jurisdiction. AMA incorporates its earlier briefs regarding personal jurisdiction over foreign defendants (Oppo. at 6). However, these arguments are unavailing for the same reasons set forth in Defendants' earlier-filed Reply briefs. *See* ECF Nos. 44 and 60. AMA also adds two new flawed arguments.

Glaser Weil

1265662

1    AMA fails in its attempts to sidestep the prohibition on using third party contacts as a

2    basis for personal jurisdiction set forth in *Walden v. Fiore*, 134 S. Ct. 1115 (2014). AMA

3    now alleges new direct contacts by Porn.com in the form of advertising activities by Traffic

4    Force, which allegedly geo-targeted the U.S. and used U.S. servers to host such

5    advertisements. However, AMA's allegations are not supported by competent evidence.

6    Instead, AMA offers declarations that are rife with supposition and lack any foundation or

7    personal knowledge.[1]

8    AMA also argues that the Ninth Circuit decision in *Washington Shoe Co. v. A-Z*

9    *Sporting Goods, Inc*., 704 F.3d 668, 677 (9th Cir. 2012) controls. But *Washington Shoe* is

10   wholly inapposite. It is not an F.R.C.P. 4(k)(2) case, does not involve foreign defendants,

11   and does not involve infringing activity that occurred on a website let alone a foreign

12   website. Most importantly, jurisdiction in *Washington Shoe* was based on the fact that the

13   defendant knew plaintiff was headquartered in the forum, and thus suffered its injury in that

14   state. That is precisely the type of reasoning that the U.S. Supreme Court rejected in *Walden*.

15   Thus, *Washington Shoe* is no longer good law.

16   **II.   ARGUMENTS**

17       **A.   Porn.com's Alleged Contacts Should Not Be Imputed To Defendant**

18           **Koonar**

19           **1.   AMA's Infringement Allegations Against Mr. Koonar Do Not**

20               **Serve As A Basis For Jurisdiction**

21   AMA's legal argument focuses on Mr. Koonar's potential *liability* as a corporate

22   officer.[2] However, an alleged basis for liability is not the same as a basis for personal

23

---

24   [1] Defendant Koonar objects to the following paragraphs of Exhibit B (Tucker Declaration)
     to AMA's Opposition as lacking in foundation or personal knowledge, and based on the

25   secondary evidence rule (FRE 1004): Paragraphs 10, 12-13, 15-22. Defendant Koonar also
     objects to the following paragraphs of Exhibit C (Silverman Declaration) on these same

26   bases: Paragraphs 4-28. And Defendant Koonar objects to the entirety of Exhibit A (chart)
     on these same bases.

27   [2] As noted in Mr. Koonar's separately filed Motion to Dismiss (ECF 49-1), a plaintiff must
     allege facts sufficient to subject Mr. Koonar to specific jurisdiction in his individual

28   capacity. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985). AMA does not

1265662

jurisdiction.

The court's ability to exercise jurisdiction over an individual defendant based upon vicarious liability for copyright infringement was specifically addressed in *Sefton*, 201 F. Supp. 2d at 744 n.8. In dismissing the claims against the corporate CEO on jurisdictional grounds, the court stated that vicarious liability is **not** a basis for personal jurisdiction:

> In support of his jurisdiction argument, Plaintiff argues that [the CEO] owns and controls ICNC, and thus has vicarious liability. Although a vicarious theory may be a basis for liability against [the CEO], it is not a basis for asserting jurisdiction over him.

Thus, AMA's arguments and case citations regarding vicarious liability are inapposite.

### 2.   AMA Has Not Met The Relevant Standard For Imputing Porn.com's Contacts To Defendant Koonar

In the Ninth Circuit, personal jurisdiction over a corporate officer is based on that officer's individual participation in the alleged wrongdoing. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009) ("Courts have thus found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities.")[3]. AMA does not, and indeed cannot, allege that Mr. Koonar directly and personally participated in any of the acts that form the basis of AMA's claims.

Instead, AMA's jurisdictional argument is predicated on the alleged fact that Mr. Koonar "has direct and ultimate control over the actions of his own employees (the NetMedia programmers) and the actual infringing content that NetMedia employees acquired and uploaded to www.Porn.com." Oppo. at 7. In essence, AMA argues that because Mr. Koonar is the president of NetMedia, he is liable for any and all infringing

---

rely on Mr. Koonar's individual contacts, but instead seeks to impute the contacts of Porn.com to Mr. Koonar. However, AMA does not argue that Defendant Koonar is subject to jurisdiction under theories of agency or alter ego. And, for the reasons set forth in earlier briefs, AMA's alter agency and ego arguments are unavailing.

[3] Internal quotations and citations omitted.

activity, whether or not he has any direct or active role in the infringement, and regardless of whether he had any knowledge of such activity. Not surprisingly, AMA fails to cite any Ninth Circuit authority in support of this absurd proposition.

The only remotely relevant case offered by AMA is *S. Bell Tel. v. Assoc. Tel. Directory Publishers*, a non-precedential Eleventh Circuit case concerning vicarious liability, not jurisdiction. The court in *S. Bell* stated "an individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." *S. Bell Tel. & Tel. Co. v. Assoc. Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985). However, in *S. Bell*, the individual defendants had actual knowledge of the infringing conduct. *Id.* ("[h]ere all appellants had actual knowledge of the solicitation."). AMA has not argued, alleged or provided evidence demonstrating that Mr. Koonar has any financial interest in the infringing activities or any knowledge of the purported activities. While AMA assumes that the alleged infringement had to be conducted by programmers, it attempts to link these programmers to Mr. Koonar based solely upon Mr. Koonar's position as a corporate officer. And, Mr. Koonar, who receives only a modest salary from Netmedia, denies having knowledge of such infringing conduct by anyone, and denies having participated in any such conduct. ECF No. 71-1 (Koonar Declaration), ¶ 2. Thus even if the *S. Bell* were relevant (which it is not), AMA has failed to articulate a credible claim for liability under that case, much less jurisdiction.

The other cases on which AMA relies, albeit without any analysis, also do not support an exercise of jurisdiction. While the district court cases cited by AMA (*Rain Gutter Pros v. MPG, Carson v. Verismart Software*, *Adobe v. Childers*, and *Novell v. Unicom*) use language similar to that articulated in *S. Bell* regarding vicarious liability, all of them require that the plaintiff demonstrate that the individual officer defendants are a "moving, active conscious force behind the corporation's infringement." Oppo. at 6.[4] To do so, a plaintiff

[4]While AMA's Opposition does not make this point clear, the four district court cases listed herein are cited following this quote from *Rain Gutter Pros:* "Where a corporation or similar

REPLY IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION

1  "must allege more than an officer's mere right and ability to supervise the corporation's

2  conduct *generally*." *Netbula, LLC v. Chordiant Software, Inc.*, No. C 08-00019 JW, 2009

3  WL 750201, at *3 (N.D. Cal. Mar. 20, 2009) (internal citation omitted and emphasis added).

4  Instead, a "plaintiff must allege that the defendant had *supervisory power over the*

5  *infringing conduct itself*." *Id.*

6       In *Netbula*, the district court dismissed copyright infringement claims brought against

7  the CEO and Vice President/General Counsel of Chordiant Software. Consistent with its

8  findings noted above, the court held that the plaintiff failed to allege facts demonstrating the

9  individual defendants had "oversight regarding the alleged conduct," and thus, failed to

10 adequately plead facts supporting a right and ability to supervise the alleged infringement.

11 *Id.* at *4. Turning to the financial benefit prong of the analysis, the court further held that

12 receiving compensation tied to the financial performance or profits of Chordiant generally

13 was too attenuated to be considered a direct financial benefit prong under the *S. Bell*

14 analysis. Instead, the court found that a plaintiff must show a "causal relationship between

15 the infringing activity and any financial benefit a defendant reaps. *Id.* at *3.

16       In all four cases cited by AMA mentioned above, the individual corporate officer

17 defendants played some direct, active role in the alleged infringement or had an interest

18 indistinguishable from that of the corporate defendant. *See e.g.*, *Rain Gutter Pros, LLC v.*

19 *MGP Mfg., LLC*, No. C14-0458 RSM, 2015 WL 6030678, at *3 (W.D. Wash. Oct. 15,

20 2015) (individual defendants directed and participated in infringing activity through the

21 specific acts of designing, developing, selling and installing products at issue in the

22 litigation); *Carson v. Verismart Software*, No. C 11–03766 LB, 2012 WL 1038662, at *5-6

23 (N.D. Cal. Mar. 27, 2012) (dismissing claims against all individual defendants for failure to

24

25 ─────────────────

26 entity is the alleged infringer, the plaintiff may also hold individual "corporate officers, shareholders, and employees ... personally liable for the corporation's infringements" by showing that such individuals "are a 'moving, active conscious force behind the

27 corporation's infringement,' regardless of whether they are aware that their acts will result in infringement." *See Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14-0458 RSM, 2015

28 WL 6030678, at *3 (W.D. Wash. Oct. 15, 2015)(internal citations and quotations omitted).

REPLY IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS BASED ON LACK OF
PERSONAL JURISDICTION

1265662

Glaser Weil

specifically identify infringing activity on behalf of individual defendants, except in the case

of one individual defendant who had interest indistinguishable from corporate defendant);

*Adobe Sys. Inc. v. Childers,* No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *7 (N.D. Cal.

Feb. 14, 2011) (individual defendants actively supervised and/or directed tortious conduct);

*Novell, Inv. v. Unicom Sales, Inc.,* No. C–03–2785 MMC, 2004 WL 1839117, at *17 (N.D.

Cal. Aug.17, 2004) (individual defendant oversaw acquisition, advertisement, and

distribution of allegedly infringing products).

In *Comm. For Idaho's High Desert, Inc. v. Yost*, the only Ninth Circuit case cited by

AMA, the individual corporate officer defendants "knowingly, intentionally, and

deliberately" engaged in infringing activity. *Comm. For Idaho's High Desert, Inc. v. Yost*,

92 F.3d 814, 823 (9th Cir. 1996). Notably, in *Yost*, the Ninth Circuit held that "[a] corporate

officer or director is, in general, personally liable for all torts **which he authorizes or directs**

**or in which he participates.**" *Id.* at 823 (emphasis added). Thus, consistent with *Netbula*,

*Yost* stands for the principle that a plaintiff must allege facts demonstrating the individual

defendant authorized, directed, or participated in the specific infringing activity.

Other courts within the Ninth Circuit have required plaintiffs to meet this higher

pleading standard described in *Yost* and *Netbula*. In *ThinkBronze, LLC v. Wise Unicorn Ind.*

*Ltd.*, the district court stated that "[a]n officer or employee of an LLC may be held

personally liable for the company's copyright infringement if he was a '***primary participant***

***in the alleged wrongdoing or had control of, and direct participation in the alleged***

***activities*.'" *ThinkBronze, LLC v. Wise Unicorn Ind. Ltd*., No. CV 12-05283-MMM (JEMx),

2013 WL 12120260, at *10 (C.D. Cal. Feb. 7, 2013) (emphasis added) (internal citations

omitted). Because the complaint in *ThinkBronze* failed to include factual allegations

showing the individual corporate officers personally participated in the alleged infringement,

the court dismissed the copyright infringement claims as to the individuals. *Id.*

Here, AMA has done nothing more than plead or argue that Mr. Koonar has general

supervisory power within NetMedia in his role as President. *See* ECF No. 67 at 9:6-8

("Koonar is the President of NetMedia and thus is in direct control of the programming and

6

the uploading of content onto Porn.com. With such control, Koonar is personal liable for the infringement…"). This allegation simply does not pass muster under any relevant authority. To the extent he specifically supervises any technical activities, his supervision is limited to overall website design implementation at the customer interface level (e.g. overall appearance, resolution speed, etc.). ECF No. 71-1 ("Koonar Decl."), ¶ 3. Other than general supervisory authority as President (which is insufficient under *Netbula*), Mr. Koonar does not have supervisory or other authority over the uploading of content or other publication activities. *Id*.

Nor has AMA offered anything to establish, let alone suggest, that Mr. Koonar derives a direct financial benefit stemming from the alleged infringing conduct. In fact, Netmedia does not receive any share of the profit derived from advertisement appearing on or content publishing undertaken by www.Porn.com. *Id*. at ¶ 4. NetMedia receives a fee for services based upon membership subscriptions received by CyberWeb. *Id*. As president of Netmedia, Mr. Koonar receives a modest fixed salary, which is not based upon Netmedia's performance or any direct, or indirect financial benefit, if any, derived from the content at issue in this litigation. *Id*. at ¶ 5. Further, Mr. Koonar receives no compensation from GIM. *Id*.

In sum, AMA has not argued, alleged, or even suggested (let alone provided evidence) that Mr. Koonar authorized, directed, or participated in any specific infringing activity alleged by AMA. Nor could AMA. As President, Mr. Koonar is far removed from employees charged with the ministerial task of reviewing and uploading content. *Id*. at ¶ 3. His duties do not include oversight or supervision of any employee charged with the review or upload of content. *Id*. And as previously stated, Mr. Koonar had no actual, specific knowledge of the alleged infringing activity, or any awareness of the infringing content at all. *Id*. at ¶ 2. He did not participate, authorize, or direct such activity and did not receive financial benefit linked to the alleged conduct. As such, AMA has not, and cannot, offer factual allegations or arguments that even remotely approach providing a colorable basis for jurisdiction.

REPLY IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION

1265662

1

**B.      AMA's New Jurisdictional Arguments Are Misplaced**

2

The predicate to finding personal jurisdiction is a finding that the defendant

3

undertook actions that linked him to the forum. AMA makes no such predicate assertions as

4

to Mr. Koonar. Instead it relies upon an assertion that the actions of the other defendants

5

must be attributed to Mr. Koonar. AMA proffers such contacts by referentially incorporating

6

its earlier briefs relying on the Ninth Circuit decision in *Mavrix* to support jurisdiction.

7

These arguments are similarly addressed in Defendants' earlier-filed Reply briefs, which

8

show AMA's arguments to be unavailing. *See* ECF Nos. 44 and 60. Now AMA adds two

9

new arguments, both equally flawed.

10

In order to sidestep the ruling in *Walden* , which prohibits the use of third party

11

contacts as a basis for jurisdiction, AMA now alleges new, supposedly direct, contacts with

12

the United States. AMA asserts that Traffic Force itself geo-targeted its advertisements at

13

the United States. using infringing content and U.S. servers. Oppo. at 12-13. These

14

allegations are wholly unsupported. AMA's declarants simply have no foundation for their

15

assertions regarding Defendants' business operations, and Defendants object to these

16

assertions on that basis. *See* footnote 1, *infra*.

17

More importantly, however, AMA's unsupported assertions are simply wrong.

18

Traffic Force is not an advertiser, and the porn.com website is not hosted in the United

19

States. ECF No. 27-3 (Bradbury Declaration) at ¶ 19 (the servers for Porn.com are located in

20

the Netherlands); ECF No. 44-1 (Allan Declaration) at ¶ 6 (Traffic Force is not an

21

advertiser; it sells advertising space to third parties, and neither stores nor is aware of the

22

content actually displayed by its clients advertisements). While Traffic Force does sell

23

"unsold inventory" it sells its unsold inventory *space* to independent parties outside its

24

normal channels.

25

In the Silverman "declaration" (ECF No. 67-3), AMA asserts that Defendants use

26

infringing content in advertisements geo-targeted to the U.S. *Id* at ¶¶ 21-22. Mr. Silverman

27

has absolutely no foundation for this assertion; it is pure speculation. Mr. Silverman himself

28

concedes that the URL he cites is not the URL of the banner ad in question; it is the URL of

8

1265662

Glaser Weil

the third party website that one is redirected to when one clicks on the banner ad.[5] And Mr. Silverman has no basis to opine as to the meaning of information encoded in someone else's URL. In fact, the reference to "offer=US&niche" likely identifies that location of the user who clicked on the link (here presumably Mr. Silverman). In other words, had Mr. Silverman been located in Spain, the same URL would likely have contained the text "offer=ES&niche." There is no competent evidence that such advertisements were targeted at the United States, and AMA's rank speculation does not support a finding of personal jurisdiction as to Mr. Koonar.

AMA also argues that the Ninth Circuit decision in *Washington Shoe* controls here. But while AMA asserts that *Washington Shoe* is "materially the same" as the instant case, it is nothing like this case.

*Washington Shoe* did not involve a claim of jurisdiction under F.R.C.P. 4(k)(2). Thus, unlike here, the plaintiff in *Washington Shoe* was not required to thread the needle and somehow explain how the same contacts could be insufficient to support jurisdiction in any individual state, yet sufficient to support jurisdiction in the United States as a whole. Nor did *Washington Shoe* involve foreign defendants. Thus, the Court in *Washington Shoe* did not have to take into account the heavy burden imposed on foreign defendants who are required to defend U.S. lawsuits. Moreover, *Washington Shoe* did not involve infringing activity that allegedly occurred on a website available and marketed globally, let alone a website hosted in a foreign country. Thus, *Washington Shoe* does not address or apply the specialized jurisprudence that governs activity in cyberspace, including the specialized rules regarding when a foreign website operator who makes its website equally available to the entire world can be deemed to have individually targeted a specific forum. *Washington Shoe* is wholly inapposite.

---

[5] Also, the images in the banner ads AMA references (*see* ECF No. 1-1, Ex. J) are included in content uploaded to the CPA platform by AMA. ECF No. 74-1 ("Supplemental Bradbury Decl.") at ¶ 8. Jurisdiction over disputes concerning CPA-licensed content is exclusively reserved to the Barbados Courts.

9

Glaser Weil

1265662

**Glaser Weil**

1    In addition, as AMA concedes, jurisdiction in *Washington Shoe* was completely

2  based on the fact that the plaintiff was headquartered in the forum. Oppo. at 10 ("A-Z's

3  intentional acts were expressly aimed at the copyright held by Washington Shoe because A-

4  Z knew that its intentional acts would impact Washington Shoe's copyright in Washington

5  state **by virtue of its knowledge of the location of Washington Shoe**."). This is precisely

6  the reasoning that the U.S. Supreme Court in *Walden* deemed improper. *Walden v. Fiore*,

7  134 S.Ct. 1115 (2014) (fact that plaintiff suffered injury in the forum was an improper basis

8  for jurisdiction: "Respondents (and only respondents) lacked access to their funds in Nevada

9  not because anything independently occurred there, but because Nevada is where

10 respondents chose to be at a time when they desired to use the funds seized by petitioner.

11 Respondents would have experienced this same lack of access in California, Mississippi, or

12 wherever else they might have traveled and found themselves wanting more money than

13 they had."). *Walden* was an appeal from a Ninth Circuit decision that used the same

14 reasoning of the earlier Ninth Circuit decision in *Washington Shoe*. As such, *Walden* is

15 properly read as a direct rejection of *Washington Shoe*. Which in turn means that

16 *Washington Shoe* is no longer good law.

**III.    CONCLUSION**

18     Based on the foregoing, Defendant David Koonar respectfully requests that the Court

19 grant the instant motion and dismiss the FAC as to Defendant Koonar.

DATED: October 28, 2016                 GLASER WEIL FINK HOWARD
                                                           AVCHEN & SHAPIRO LLP


                                                  By:  /s/ Erica J. Van Loon

                                                  ERICA J. VAN LOON
                                                       *Attorney for Defendants Cyberweb Ltd.,*
                                                       *David Koonar, Sagan Limited, GLP 5, Inc.*
                                                       *and Netmedia Services Inc.*

REPLY IN SUPPORT OF DEFENDANT DAVID KOONAR'S MOTION TO DISMISS BASED ON LACK OF
PERSONAL JURISDICTION

1265662