LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S SUR-REPLY ON DEFENDANT DAVID KOONAR'S REPLY ON HIS MOTION TO STAY and MOTION TO DISMISS BASED ON FORUM NON-CONVENIENS** |

Plaintiff, AMA Multimedia, LLC ("AMA" or "Plaintiff") hereby files this Sur-Reply to Defendant David Koonar's Reply on his Motion to Stay (Doc. 72) and his Motion to Dismiss Based on Forum Non Conveniens (Doc. 74) to address four (4) essential points raised (or avoided) for the first time in the Replies:

**1.** Defendant David Koonar presents first-time arguments and "evidence" that Defendant NetMedia Services, Inc. ("Netmedia") has consistently taken illegal and unauthorized AMA "watermarked" (copyrighted) content. *See*, Declarations of

Philip Bradbury (Docs. 72-1 and 74-1) to the Replies.[1]  Using these Declarations, Koonar admits that Netmedia took content that AMA had not uploaded, Netmedia "implemented a review process" to specifically review for "watermarks" that indicate copyrighted works, and Netmedia allegedly "assigned" this copyrighted content to AMA's "account" under the Content Partnership Agreement.  *Id*.

This begs the question:  During the last several months of motions/briefing on these issues, ***why are the Defendants only now presenting this argument*** (after the Court has ruled against a Stay and now that jurisdiction is likely to be granted)? [2]

Previously, Defendants argued that "even if" they uploaded AMA's copyrighted content, the Content Partnership Agreement expressly granted them the right to do so.  Now the story has changed.  Now Philip Bradbury provides an extensive story about how Netmedia knowingly "assigned" AMA's copyrighted work, pretending that AMA acquiesced and was paid for the works.  *See*, Doc. 74-1.[3] Defendants' failure to present these assertions before raises serious credibility issues.

---

[1] Although the Motion/Reply are filed for Defendant David Koonar, the Declaration comes from Philip Bradbury, the **Vice President** of Netmedia Services.  David Koonar is the President of Netmedia Services, and it makes no sense why Mr. Koonar, himself, does not attest to the actions of Netmedia Services.  This can only be attributed to the fact that Defendants argue that Mr. Koonar – the highest ranking executive of Netmedia Services – did not "personally participate in" "or even have knowledge of" the alleged infringing activity by Netmedia.  *See*, Doc. 75.

[2] Specifically, Netmedia Services, Inc. should have raised these arguments/facts in its Motion to Dismiss if they were actually true.

[3] Mr. Bradbury confirms that Netmedia implemented the Porn.com "review" system and has been monitoring content on Porn.com since at least 2012.  *Id*.  Netmedia has identified "more than a thousand [AMA] videos" on Porn.com.  *Id*.  Netmedia claims to have paid AMA for videos on Porn.com.  *Id*.  Netmedia claims to be an "affiliate" of GIM Corp. with "common ownership," such that it is running Porn.com under the GIM Content Partnership Agreement.  *Id*.  These are all **direct admissions** that Netmedia is, in fact, operating Porn.com and is subject to jurisdiction in this Court.

**2**.     Defendant Koonar confirms that AMA **did not upload or "provide"** GIM Corp. with the content alleged to be infringed in the First Amended Complaint. Even though Defendants now "disclose" some new scheme, pretending that Netmedia somehow "assigns" videos into AMA's user account online and then clandestinely pays AMA revenue generated from these videos, **Defendants ignore the videos listed in the First Amended Complaint**. Defendants had the prime opportunity to tell this Court, "All of the alleged infringing videos were paid for" (or words to that effect). Of course they did not do so. Defendants also failed to provide any actual evidence of payment under this alleged "revenue share" they claim.

Simply put: this new "story" does not address the First Amended Complaint, and Defendants' "evidence" is not evidence. This is a manufactured story on *Reply*.

**3**.     Contrary to Defendants' assertion, AMA did not and has not performed under the Content Partnership Agreement in a way such that videos uploaded by others – either third parties or the Defendants themselves – were to be treated as subject to the Content Partnership Agreement. That argument is patently false. AMA only performed under the Agreement whereby video(s) were **provided by AMA to GIM Corp.** under one of the "acceptable methods" of delivery in the Agreement.

Prior to the screenshot presented in Mr. Bradbury's declaration, AMA has never before seen videos listed in its account with the red asterisk. AMA has never before been advised that Netmedia was "assigning" any content into AMA's account. And, AMA has never before been advised that revenue was being generated on any AMA content other than that which AMA uploaded itself. *See*, Declaration of Adam Silverman attached here as **Exhibit A**, incorporated by this reference. *See also, e.g.,* Declaration of David DiMartino attached here as **Exhibit B**, incorporated by this reference (the AMA employee responsible for uploading AMA content to GIM under the Content Partnership Agreement disavows Defendants' newly-pled scheme.)

In addition to AMA's own Declarations, two other industry content producers (who have no stake in this lawsuit) who have Content Partnership Agreement(s) with GIM Corp, just like AMA, confirm that Defendants' new story is false. *See*, Declaration of Sadiq Muhamed of Paper Street Media, LLC attached as **Exhibit C**, Declaration of Colin Rowntree of Wasteland.com attached as **Exhibit D** and incorporated here by this reference. Mr. Muhamed confirms that his company has the same CPA with GIM Corp. and that Mr. Bradbury's Declaration is not truthful in describing how the CPA works. *See*, **Exhibit C**. The CPA requires Mr. Muhamed to actually "provide" videos to GIM Corp. *Id*. However, Netmedia is now attempting to take videos from third parties and upload or "assign" them into his account, ignoring the CPA. *Id*.

Mr. Rowntree, a widely-honored and recognized content producer, who is both published and gives expert opinion(s) on legal adult entertainment industry issues, further confirms that the CPA works as AMA has described. *See*, **Exhibit D**. Only promotional content <u>uploaded by the content producer</u> should be displayed. *Id*. Whether Porn.com receives "watermarked" content from third parties OR whether Netmedia or Porn.com upload videos themselves, Mr. Rowntree "never would have authorized full-length content or non-promotional content to be used on porn.com…." *Id*. at ¶16.

The scheme that Defendants now created is illogical and would not be tolerated by actual content producers in the industry. *Id*.

**4.** In his Declaration, Mr. Bradbury claims to have "reviewed the banner ads" (two total banner ads) in Exhibit J to AMA's First Amended Complaint. (That would have required him to review 2,000 videos to locate the content from where the banners ads came. It is not even logical that he reviewed 2,000 videos.) AMA, who has intimate knowledge of its own content, located the promo videos that were

provided to GIM Corp. and confirmed that the content in one of the ad banners is **not** within the promo videos that AMA had provided.[4]  *See*, **Exhibit A** (Silverman Declaration).  AMA did not provide the content to GIM.  *Id*.  The Defendants have now lied **twice** regarding this same infringement.  *Id*.  Originally, Defendants misstated that "third party advertisers" created and uploaded this ad banner content.  *See* Doc. 44-1.  Now, Mr. Bradbury misstates that AMA provided the content from which these banner ads were created.  *See*, **Exhibit A**.  Both stories are untruthful.  *Id*.

### Conclusion

Based on the previous Oppositions (Docs. 66, 68) and this Sur-Reply, sufficient grounds exist that this Court should Deny Defendant David Koonar's Motion to Dismiss for Personal Jurisdiction and for Forum Non-Conveniens (and the alternative Motion to Stay, which has already been denied) (Doc. 49).

Additionally, because Netmedia Services, Inc. has now established that it has explicit and firsthand involvement with the day-to-day operations of www.Porn.com – including a "review process" to locate copyright infringing material on Porn.com – this Court should also deny its pending Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27).

---

[4] AMA/Adam Silverman was able to verify the content of this banner advertisement, despite that it is only a two (2)-second loop of footage.  While the time is extremely short and the shot is a close-up of an intimate setting making the model unidentifiable, AMA was able to identify the models/actors involved in the shot and trace the footage back to its origin.  That footage does not exist in **any** of the promo videos that AMA provided to GIM Corp., demonstrating that Mr. Bradbury just blatantly misstated the truth in his Declaration.  This is not the first Declaration of Mr. Bradbury that contained conspicuously false statement(s).  AMA believes that Mr. Bradbury, who is ultimately controlled by and works for Mr. Koonar, is being complicit in making these repeated false Declarations, trying to avoid Defendants' jurisdiction and to insulate Mr. Koonar from personal liability in this case.

DATED this 3rd day of November, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2016, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants David Koonar,
Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*

By: /s/ Gina Murphy