ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants Cyberweb Ltd.,
David Koonar, Sagan Ltd., GLP 5, Inc., and Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>　　　　　　Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**SECOND SUPPLEMENTAL DECLARATION OF PHILIP BRADBURY IN SUPPORT OF DAVID KOONAR'S MOTION TO DISMISS OR STAY** |

1221984

## DECLARATION OF PHILIP BRADBURY

I, Philip Bradbury, declare and state as follows:

1. I am a Vice President of Defendant Netmedia Services Inc. ("Netmedia."). I am also the President of Defendant GLP 5, Inc. ("GLP 5"). On behalf of Porn.com, Netmedia administers the assignment program discussed in my Supplemental Declaration and further discussed below. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. In its Sur-Reply, AMA asserts that the assignment program "is illogical and would not be tolerated by actual content producers in the industry." AMA is wrong.

3. Netmedia has assigned user-uploaded content to the CPA paidperview.com accounts of seventy-seven (77) active CPA paidperview.com partners. Assigned videos were marked in the same manner as described in my Supplemental Declaration with respect to AMA. Forty-one (41) of these partners have subsequently made specific requests regarding the treatment of their assigned videos.

4. Thirty-four (34) of these partners have affirmatively requested that specific assigned videos remain in their CPA accounts, including ten (10) partners who requested that **all** assigned videos remain active in their accounts. Only seventeen (17) partners have ever requested that any assigned videos be deleted from their CPA accounts, and ten (10) of these also specifically requested that others assigned videos remain in their CPA accounts. And while two (2) partners requested that all of their assigned videos be deleted from their accounts, these partners nonetheless accepted their revenue sharing payments that accrued before their videos were removed from their accounts. Through the program, partners have specifically requested that over 1400 assigned videos remain in their CPA accounts, while only 175 assigned videos have been deleted by partners.

5. Thus, 95 percent (39 of 41) of partners who have made affirmative requests with respect to their assigned videos have chosen to leave some assigned content in their CPA accounts. And no partner has rejected or returned revenue sharing payments based on

assigned content.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on November 7th, 2016 at Windsor, Canada

Philip Bradbury