ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants
Cyberweb Ltd., David Koonar,
Sagan Limited, GLP 5, Inc. and
Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>                    Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANT SAGAN LIMITED'S OPPOSITION TO AMA'S MOTION FOR ENTRY OF DEFAULT** |

## I. INTRODUCTION

In its Motion seeking entry of default, AMA recognizes that Defendant Sagan Limited ("Sagan") need not file an Answer unless and until all of its motions are denied. However, AMA ignores the fact that one of Sagan's motions is still pending–Sagan's motion to dismiss based on the parties' forum selection clause. As discussed below, AMA's motion for entry of default was made and maintained without a proper basis, and should be denied.

## II. ARGUMENT

In the first sentence of its Reply In Support Of Motion To Stay, Sagan unequivocally requested that AMA's claims be dismissed under the doctrine of *forum non conveniens* based on the forum selection clause in the parties' agreement. ECF No. 61 at 1 ("Under *Atlantic Marine*, the forum selection clause in the CPA requires dismissal of this action."). Sagan repeated this request in the body, *id.* at 2-3, and in the Conclusion. *Id.* at 11 ("Under *Atlantic Marine*, the court must dismiss this action under the doctrine of *forum non conveniens*."). There can be no question that Sagan has sought to dismiss this action based on the doctrine of *forum non conveniens*.

And it is clear that the Court has not yet ruled on this motion to dismiss. In its October 6, 2016 Order (ECF No. 64), the Court noted that in their Reply briefs Defendants Netmedia and GLP 5 had sought dismissal based on the forum selection clause. The Court deferred ruling on that request and stated that it would issue one ruling on the forum section clause issue **as to all Defendants**. The Court also stated that it would treat the briefing on Defendant Koonar's Motion to Dismiss as applicable to all Defendants:

> [D]ismissal (as opposed to a stay) on the basis of the forum selection clause appears to have been sought for the first time in Defendant Koonar's motion to dismiss. Doc. 49-1 at 14-17. Because the Court should not address issues raised for the first time in a reply memorandum, and because briefing on the Koonar motion is not complete, the Court has withdrawn the order at Doc. 62 and declines to rule on this dismissal argument now. In completing the briefing on the Koonar motion, however, the parties should address the case relied on by the Court in Doc. 62 for concluding that dismissal is not warranted under the

1
DEFENDANT SAGAN LIMITED'S OPPOSITION TO AMA'S MOTION FOR ENTRY OF DEFAULT

forum selection clause – *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011). The parties should also address *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.,* 572 F.3d 86, 90 (2d Cir. 2009), as well as other relevant authority. In the meantime, **the other Defendants should not file additional motions to dismiss on the basis of the forum selection clause** (with the exception of Cyberweb, which has not yet filed a motion to dismiss). When the Court addresses the issue after completion of the Koonar briefing, it will resolve the issue **for the entire case**.

ECF No. 64 at 2, fn. 1. The parties have proceeded to brief this issue as to all Defendants (including Sagan), and the Court has not yet issued an Order concerning this ground for dismissal. Indeed, Defendants filed a brief concerning this issue **yesterday**. *See* ECF No. 83.

AMA is fully aware that the motion to dismiss based on the forum selection clause is still pending. And AMA is fully aware that it is pending as to all Defendants (including Sagan). In its October 10, 2016 brief concerning the forum selection clause issue (ECF No. 68), AMA did not limit its discussion to arguments made by any specific Defendant, but repeatedly addressed the arguments made by **all Defendants**:

> **Defendants** attempt to circumvent traditional issues of forum non conveniens by asserting a forum selection clause ("FSC") from a CPA, wherein AMA contracted with GIM Corp for use of specifically submitted promotional materials (none of which are at issue in this case). *Id.* at 3.
>
> Here, the **Defendants** have failed to establish that they are parties to the CPA. *Id.* at 4.
>
> **Defendants** also fail to address how CPA § 10.3 assignment reconciles with the fact at that GIM has a *nontransferable* license. *Id.* at 4, fn. 2.
>
> Yet there has not been any evidence set forth to show that any of the named **Defendants** in this case qualify for assignment of the CPA, nor has there been any evidence of the existence of any such assignment. *Id.* at 4.
>
> **Defendants** want this Court to provide an expansive reach of the CPA, attempting to use the catch-phrase "relating to" the CPA instead of simply "arising out of" the CPA. Thus, they argue that

their "license" defense covers any and all wrongdoing under the CPA. *Id.* at 5.

**Defendants** argue an overreaching (at best) definition of the word "provide" to justify their actions and that they had the "express right" under the CPA to any AMA content they could find anywhere on the Internet. *Id.* at 6.

Contrary to what **Defendants** argue, AMA did not acquiesce and give rights to a web of companies to be applied at the convenience of Defendant Koonar. *Id.* at 8.

**Defendants** cite *Alt. Marine Const. Co, Inc. v. U.S. Distr. Ct. for W. Dist. Of Texas*, 134 S.Ct. 568 (2013) for the proposition that the clause should be given controlling weight in all but the most exceptional circumstances. *Id.* at 9.

It is patently unfair to suggest (as AMA does) that this pending motion does not apply to Defendant Sagan.

Moreover, upon receipt of AMA's motion for entry of default, Sagan counsel wrote to AMA counsel advising AMA of the impropriety of its motion, and requesting that AMA withdraw such motion. AMA counsel flatly refused. Declaration of Erica J. Van Loon In Support Of Defendant Sagan Limited's Opposition To AMA's Motion For Entry Of Default, Ex. A. Thus, AMA has needlessly caused Sagan to incur the expense of responding to this baseless motion, and has wasted the Court's time and resources.

## III. CONCLUSION

Based on the foregoing, Sagan requests that the instant motion be denied.

DATED: November 8, 2016

Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon
ERICA J. VAN LOON

*Attorney for Defendant Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*