LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company, | Case No. CV-16-1269-PHX-DGC |
| Plaintiff, | **PLAINTIFF AMA'S REPLY ON ITS  MOTION FOR ENTRY OF DEFAULT OF DEFENDANT SAGAN LIMITED PURSUANT TO FED.R.CIV.P. 55(a)** |
| v. | |
| Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,* | |
| Defendants. | |

Plaintiff AMA Multimedia, LLC ("AMA") hereby replies on its Motion for Entry of Default and again asks that default be entered against Sagan, Limited.

Defendant Sagan, Limited has never filed any Motion to Dismiss based on forum non-conveniens.  *See*, Docs. 42, 61.  Sagan, Limited filed **only** a Motion to Dismiss for Lack of Personal Jurisdiction or, alternatively, a Motion to Stay.  (Doc. 42).  Sagan never sought dismissal for forum non-conveniens in its Motion(s).  *Id.* And, Sagan, Limited's Motion to Dismiss/Stay was denied in its **entirety**.  (Doc. 69).

In its Reply, Sagan passingly *mentioned* it wanted relief under the doctrine of forum non-conveniens, but that argument was not pled in the original Motion. *See*, Docs. 42, 61.   As this Court previously noted, Defendants raised forum non-conveniens for the first time when Defendant David Koonar filed his Motion to Dismiss (Doc. 49) on September 6, 2016.   *See*, Doc. 64 at fn. 1.   And, as this Court has already expressly determined, "the Court should not address issues raised for the first time in a reply memorandum." *Id.*

Rules 12(b)(3), 12(g) and 12(h) Fed.R.Civ.P. are clear that Sagan, Limited had to raise any "improper venue" in its original Motion to Dismiss in order to preserve the defense.   It did not seek dismissal on the grounds of improper venue, but only sought a **Stay** based on the forum selection clause in the CPA.   The Court denied Sagan's Motion to Dismiss/Stay in **entirely**. *See*, Doc. 69.

When this Court entered Doc. 64, Sagan's Motion to Dismiss was still pending, and it did not contain any argument for forum non-conveniens. *See,* Doc. 42 (Sagan's Motion to Dismiss was filed on August 12, 2016); Doc. 61 (Sagan's Reply was filed on October 3, 2016); Doc. 64 (the Court's Order was entered on October 6, 2016). When the Court entered Doc. 64, it made <u>no mention</u> that Sagan, Limited was entitled to re-urge or re-argue a forum non-conveniens argument that was never pled.  *Id.* Then, a week later, on October 13, 2016, this Court denied Sagan, Limited's Motion to Dismiss and Motion to Stay fully.   *See*, Doc. 69.   There is absolutely **<u>nothing</u>** preserved for Sagan to argue on "forum non-conveniens" because Sagan never pled such a defense. *See*, Docs. 42, 61; *see also* Doc. 69.

Sagan now attempts to bootstrap this Court's Order related to *other* Defendants (Doc. 64) into giving Sagan the right to re-lodge defenses it never pled.   Sagan is clearly trying to expand unpled defenses and is trying to avoid timely answering the First Amended Complaint.

**Conclusion**

Sagan, Limited, is not entitled to "ride the coat tails" of the other Defendants' defenses.  Sagan, Limited failed to properly plead or preserve a request for dismissal for forum non-conveniens, and this Court has definitively ruled that Sagan, Limited is: a) subject to jurisdiction here; and b) not entitled to a Stay of this lawsuit.  *See*, Doc. 69.  When the Order on Dismissal was entered, Sagan, Limited had 14 days to Answer and has failed to do so.  *See*, Doc. 82.

Default is now proper and warranted, and Sagan, Limited's "Opposition" is made in bad faith.[1]  An Answer to the First Amended Complaint is long overdue.

DATED this 9th day of November, 2016.

**MANOLIO & FIRESTONE, PLC**

By:   /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

---

[1]  Sagan's counsel sought withdrawal of the Motion for Default despite knowing that Sagan never filed a Motion to Dismiss for forum non-conveniens.  *See*, Doc. 85-1.  Worse, she demanded that AMA "withdraw [the Motion for Entry of Default] immediately" and threatened "sanctions, attorneys' fees, and costs" if AMA did not respond by "the close of business tomorrow," (November 8, 2016).  *Id*.  AMA reasonably believes these threats defy the Court's prior order/ruling that counsel shall act "professionally and courteously" with one another.  (Doc. 35).

AMA alleges that the "Response" (Doc. 85) is made in bad faith because of the groundless "forum non-conveniens" argument it ***in addition to*** the unprofessional litigation tactics of defense counsel.  *See, e.g.,* Doc. 85-1.  AMA respectfully asks that counsel be reminded to not revert backward when the professionalism had been improved greatly since the beginning of this case (and since the Court's Order, Doc. 35).

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on the 9th day of November, 2016, I electronically transmitted

3 the foregoing document to the Clerk's office using the CM/ECF system for filing.  Copies

4 will be transmitted via CM/ECF to the following recipients:

5 Erica J. Van Loon
  Glaser Weil Fink Howard Avchen & Shapiro LLP
6 10250 Constellation Blvd.
  Los Angeles, CA 90067
7 evanloon@glaserweil.com
8 *Attorneys for Defendants David Koonar,*
  *Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*
9

10

11 By:  ___/s/ Gina Murphy_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26