1  ERICA J. VAN LOON (admitted *Pro Hac Vice*)
   evanloon@glaserweil.com
2  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
3  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
4  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
5
   *Attorney for Defendants*
6  *Cyberweb Ltd., David Koonar,*
   *Sagan Limited, GLP 5, Inc. and*
7  *Netmedia Services Inc.*

8

9              IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF ARIZONA
10

11  AMA MULTIMEDIA LLC, a Nevada          CASE NO.: CV16-1269 PHX DGC
    limited liability company,
12                                        Hon. David G. Campbell

13                 Plaintiff,
                                          **DEFENDANTS' OPPOSITION TO**
14  v.                                    **AMA'S MOTION TO STRIKE (ECF**
                                          **NO. 84)**
15
    SAGAN LIMITED, a Republic of
16  Seychelles company, individually and d/b/a
    PORN.COM; CYBERWEB LTD., formerly
17  MXN LTD., a Barbados Company,
    individually and d/b/a PORN.COM;
18  NETMEDIA SERVICES INC., a Canadian
    Company, individually and d/b/a
19  PORN.COM; GLP 5, Inc., a Michigan
    Company individually and d/b/a
20  Trafficforce.com; DAVID KOONAR, an
    individual; and John Does 1-20,
21
22                 Defendants.
23

24

25

26

27

28

─────────────────────────────────────────────
DEFENDANTS' OPPOSITION TO AMA'S MOTION TO STRIKE (ECF NO. 84)

1269796

## I.     INTRODUCTION

AMA seeks to exclude evidence that goes to the heart of the issue before the Court—whether the forum selection clause in the CPA applies to AMA's claims. The Court should not decide this issue based on an incomplete record.

AMA filed a motion for leave to file a Sur-Reply in which it accused Defendants of fabricating evidence regarding the parties' course of performance under the CPA. Defendants filed a response consenting to AMA's Sur-Reply and providing overwhelming evidence supporting Defendants' position and establishing that AMA itself has misled the Court. *See* ECF No. 83.

AMA's Motion to Strike does not even attempt to explain the glaring discrepancy between the story it tells in its Sur-Reply and the contemporaneous chat log evidence showing the parties' actual course of performance. Instead, AMA vaguely refers to some mystery evidence that it does not wish to share, and asks the Court to pretend the chat logs do not exist. These chat logs are the best evidence concerning the scope of the CPA, and should be taken into account.

AMA's Motion to Strike should be denied.

## II.    ARGUMENT

AMA has no one to blame but itself. AMA chose to file its "proposed" Sur-Reply without leave of court. ECF No. 35.[1]

In addition, both the content and tone of AMA's Sur-Reply necessitated a substantive response by Defendants. Among other things, AMA's Sur-Reply expressly accused Defendants of fabricating evidence. ECF No. 78 at 3 ("This is a manufactured story on Reply."). Defendants were obligated to show the Court that it is AMA that is misleading the Court. *See* ECF No. 83 at 2-6 (listing chat log excerpts showing that, contrary to his sworn denials, AMA President Adam Silverman was repeatedly advised that user-uploaded content

---

[1] "'[S]urreplies are not permitted without leave of the court, and requests for surreplies will be denied unless truly new developments have occurred."

1269796

1   was being assigned to AMA's CPA account, and that Mr. Silverman expressly approved this

2   conduct).

3          If AMA could reconcile its statements in AMA's Sur-Reply and supporting

4   declarations with the chat logs it would do so. But AMA does not even try.[2] Instead, AMA

5   asks the Court to pretend these chat logs do not exist. In effect, AMA wants the last word on

6   motions brought by opposing parties, and wants to be able to make false statements with

7   impunity. That is not how litigation works.

8          The evidence AMA seeks to strike goes to the heart of the forum selection clause

9   issue. This evidence, including statements to and from AMA's president, Mr. Silverman,

10  unequivocally establishes that, contrary to AMA's assertion, the CPA is **not** limited to

11  content uploaded by AMA. This evidence thus mandates dismissal of this action based on

12  the CPA's forum selection clause.

13         AMA invited the submission of this evidence and has had an opportunity to respond

14  to it. It has chosen not to do so. AMA should not be permitted to hide behind procedural

15  maneuvers in an effort to avoid a just result—dismissal of this action.

16  ## III.   CONCLUSION

17         Based on the foregoing, Defendants request that AMA's Motion to Strike (ECF No.

18  84) be denied.

19  DATED: November 15, 2016              Respectfully submitted,

20
                                         GLASER WEIL FINK HOWARD
21                                         AVCHEN & SHAPIRO LLP

22                                       By:  /s/ Erica J. Van Loon

23                                       ERICA J. VAN LOON
                                         *Attorney for Defendants Cyberweb Ltd., David*
24                                       *Koonar, Sagan Limited, GLP 5, Inc. and*
                                         *Netmedia Services Inc.*
25

26

___

27  [2] AMA states that it is "refraining" from addressing the evidence Defendants provided. Defendants submit
    that AMA cannot reconcile its Sur-Reply statements with the chat log record, and has filed its Motion to
28  Strike because this empty procedural maneuver is the only response available to it.

Glaser Weil

1269796