# Exhibit A

1  ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
   evanloon@glaserweil.com
2  STEVEN BASILEO – (admitted *Pro Hac Vice*)
   sbasileo@glaserweil.com
3  GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
6
7  *Attorney for Defendants Cyberweb Ltd., David Koonar,*
   *Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*
8  [Additional Counsel listed on Signature Pages]
9
10
11                    IN THE UNITED STATES DISTRICT COURT
12                              DISTRICT OF ARIZONA
13
14  AMA MULTIMEDIA LLC, a Nevada              CASE NO.: CV16-1269 PHX DGC
    limited liability company,
15                                            Hon. David G. Campbell
                        Plaintiff,
16                                            **JOINT MOTION FOR**
    v.                                        **CONFIDENTIALITY PROTECTIVE**
17                                            **ORDER**
    SAGAN LIMITED, a Republic of
18  Seychelles company, individually and d/b/a
    PORN.COM; CYBERWEB LTD., formerly
19  MXN LTD., a Barbados Company,
    individually and d/b/a PORN.COM;
20  NETMEDIA SERVICES INC., a Canadian
    Company, individually and d/b/a
21  PORN.COM; GLP 5, Inc., a Michigan
    Company individually and d/b/a
22  Trafficforce.com; DAVID KOONAR, an
    individual; and John Does 1-20,
23
                        Defendants.
24
25        Plaintiff  AMA  Multimedia  LLC  ("AMA")  and  Defendants  Cyberweb  Ltd.,  David
26  Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc. ("Defendants"), through their
27  respective counsel, hereby move for entry of the following protective order:
28

**I.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action involve production of confidential, proprietary, and/or private information for which special protection is warranted from public disclosure and from use for any purpose other than this litigation. The parties therefore stipulate to and request entry of this Confidentiality Protective Order by the Court ("Protective Order" or "Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

Any motions filed relating to this Order must comply with all applicable rules. **This Order does not permit any party to file anything under seal.** The applicable rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks leave to file material under seal.

**II.     DEFINITIONS**

1.      The term "Party" will mean a party to this action, including its officers, directors, employees, consultants, retained experts, and counsel (and their respective support staffs).

**Defendants' proposed provision:**

2.      *The term "**Confidential Information**" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as Confidential or as Highly Confidential – Attorneys' Eyes Only.*

**AMA's proposed provision:**

*Plaintiff AMA proposes omitting the definition of "**Confidential Information**" because it is inconsistent with the defined term "**Confidential Material**" in paragraph 5, below. There should not be inconsistent terms/definitions.*

3.     The term "Materials" will include, but is not be limited to: documents; correspondence; memoranda; financial information; email; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

4.     The term "**Discovery Material**" will mean Materials that are produced or generated in connection with disclosures or discovery in this matter.

**Defendants' proposed provision:**

*Defendants propose omitting the term "Confidential Material" (which was used 3 times in this document), to avoid potential confusion with the term "Confidential Information" (which is used 60 times in this document).*

5.     The term "**Confidential Material**" will mean information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party determines, reasonably and in good faith, should not be disclosed to the public because it constitutes confidential, proprietary, or otherwise sensitive information such as research, development, financial, technical, sales or commercial information.

6.     **Defendants' proposed provision:**

*The term "Highly Confidential – Attorneys' Eyes Only Material" will mean Confidential Information that is especially sensitive, whose disclosure to another Party or non-party would create a risk of serious harm that may not be avoided by less restrictive means. By way of example, Highly Confidential – Attorneys' Eyes Only Material may include trade secrets or competitively-sensitive business information that may be of value to an actual or potential competitor, customer, or supplier.*

**Plaintiffs' proposed provision:**

Glaser Weil

*The term "Highly Confidential – Attorneys' Eyes Only Material" will mean Confidential Information that is truly trade secret and cannot be revealed to opposing party without serious risk of irreparable harm to the disclosing party that cannot be avoided by less restrictive means.*

7.     The term "**Receiving Party**" will mean a Party that receives Discovery Material.

8.     The term "**Producing Party**" will mean a person or entity (including non-Parties) that produces Discovery Material in this action.

9.     The term "**Designating Party**" will mean a person or entity (including non-Parties) that designates information or materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." A Designating Party need not be the Producing Party of the Confidential Information.

10.     The term "**Outside Counsel**" will mean attorneys who are retained by a person or entity to represent or advise that person or entity in connection with this litigation. Outside Counsel does not include employees of a Party. For purposes of this Order, "Outside Counsel" includes any support staff regularly employed by Outside Counsel. Outside Counsel does not include House Counsel or any support staff employed by House Counsel.

11.     The term "**House Counsel**" will mean attorneys who are employees of a Party. House Counsel includes any support staff regularly employed by such attorneys.

12.     The term "**Counsel**" (without qualifier) will mean Outside Counsel or House Counsel.

13.     The term "**Expert**" will mean a person with specialized knowledge or experience in an area pertinent to this litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant. This includes professional jury or trial consultants.

14.     The term "**Vendor**" will mean a person or entity that provides alternative dispute resolution (ADR) services, litigation support products or services other than Expert services, and their employees and subcontractors. By way of example, Vendors may include

Glaser Weil

persons or entities that provide products or services relating to mediation, arbitration, handling of Discovery Material, preparation of exhibits or demonstrations, forensics, laboratory testing, photocopying, stenography, videotaping, translation, or storage.

15.    The term "**ESI**" will mean electronically stored **Discovery Material**.

## III.    SCOPE

**Defendants' proposed provision:**

*In addition to covering Confidential Information, the protections conferred by this Protective Order cover (1) any information copied or extracted from Confidential Information, (2) all copies, excerpts, summaries, or compilations of Confidential Information, and (3) testimony, or conversations, or presentations (including by Parties or Counsel to or in court) that would reveal Confidential Information.*

**AMA's proposed provision:**

*In addition to covering Confidential Information, the protections conferred by this Protective Order cover (1) any information copied or extracted from Confidential Information, (2) all copies, excerpts, summaries, or compilations of Confidential Information, and (3) testimony or conversations that would reveal Confidential Information.*

## IV.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL

Each Designating Party must take reasonable care to limit any designation to specific material that qualifies under the appropriate confidentiality designation of this Order. If it comes to a Designating Party's attention that Discovery Material it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly correct its designation and notify all Receiving Parties of the correction.

Glaser Weil

## VI.    CONFIDENTIALITY DESIGNATIONS

1.    Each Party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Defendants' proposed provisions:**

*(a)    Designation as "CONFIDENTIAL": Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such Party.*

*(b)    Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, customer related data or other commercial information.*

**Plaintiff's proposed provisions:**

*(a)    Designation as "CONFIDENTIAL": Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such Party.* **This includes the financial information of any Party**.

*(b)    Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any Party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, customer related data or other commercial information.*

## VII.   <u>MANNER AND TIMING OF DESIGNATION</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated as Confidential Information at the time the material is disclosed or produced. Designation in conformity with this Order requires:

(a)   <u>Material Produced in Documentary Form</u>. The Producing Party may designate documents as Confidential Information by affixing a legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page. A Producing Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which material it wants copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate the material in compliance with this Order before producing the material.

(b)   <u>Material Produced in Electronic Form</u>. Discovery Material may be produced in electronic form. If it is impossible or impractical to affix a legend to each electronic file produced without altering its contents or its metadata, a Producing Party may affix a legend to the outside of the storage device on which the ESI is produced. The designation indicated in the legend applies to all ESI included in such storage device. The Producing Party shall affix a legend to the material(s) that are capable of being printed or copied without alteration to the underlying content or metadata.

If a storage device is designated with a legend on the outside of the device, Receiving Party may not directly or indirectly copy the device or any ESI contained therein unless the Receiving Party has first provided the legend given by the Producing Party to each authorized person who might view the material, regardless of the software, computer system, or other means used to view the material.

It will always be the Producing Party's obligation to ensure designation and/or a legend

JOINT MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER

1267631

to the material that the Producing Party provides.

Nothing in this Order, nor any Party's stipulation to have this Order entered by the court, shall be deemed to be an agreement by any Party to produce or to receive Discovery Material in any particular form.

(c)     Transcripts and Testimony. If Confidential Information is discussed in a proceeding such as a deposition, hearing, or trial, a Designating Party may identify the Confidential Information on the record as designated under this Confidentiality Protective Order. A transcript (or portions of a transcript) may be designated as Confidential Information by providing written notice to all Receiving Parties and to the person who prepared the transcript within 30 days of receipt of the transcript. Transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in their entirety until this 30-day period expires or specific portions of the transcript are affirmatively designated, whichever comes first. The Designating Party shall affix appropriate legends to all subsequent copies of the transcript (or portions thereof) to indicate the designations, or the Designating Party may request the person who prepared the transcript to affix appropriate legends. All Receiving Parties who received a copy of the transcript before the designation must affix appropriate legends to their copies to indicate the designations.

(d)     Tangible Items and Other Material. If Confidential Information is produced in a tangible item or some other form other than documents, ESI, or testimony, the Designating Party may affix an appropriate legend in a prominent place on the exterior of the tangible item.

(e)     If a Designating Party determines that Discovery Material was not correctly designated at the time of production, it must promptly notify all Receiving Parties of the correct designation. If Discovery Materials are re-designated with a higher level of confidentiality than when they were originally produced, all Receiving Parties who received a copy of the material before the correction must affix appropriate legends to their copies to indicate the corrected designations and take reasonable steps to retrieve all copies of the newly-designated material from persons who were previously given access to the material

but who are no longer permitted to have such access.

**Defendants' proposed provision:**

**VIII.**  *ACCESS TO AND USE OF CONFIDENTIAL INFORMATION*

**Plaintiff's proposed provision:**

**VIII.**  *ACCESS TO AND USE OF CONFIDENTIAL MATERIAL*

1.      All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

2.      Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by:

        (a)      The Court and any Court staff and administrative personnel;

        (b)      Any licensed court reporter employed by the Court or any Outside Counsel in this litigation and acting in his/her professional capacity as a licensed court reporter;

        (c)      Counsel of Record for Plaintiffs, Counsel of Record For Defendants, and their respective employees and staff;

        (d)      Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

        (e)      Independent experts or Vendors (and their stenographic and clerical employees) retained by Outside Counsel in connection with this litigation (and their stenographic and clerical employees)  No expert or Vendor (or any stenographical or clerical employee thereof) may be provided with any Confidential Information prior to satisfaction of each of the following:

**Defendants' proposed provisions:**

(i) *The expert or Vendor (and any stenographical or clerical employee thereof) must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A.*

(ii) *The executed copy of Exhibit A must be served on Outside Counsel of the Producing Party who designated its Discovery Materials as either "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," along with, in the case of an expert, a copy of the expert's up-to-date curriculum vitae, and a list of cases in which the expert has testified at deposition or trial within the last five (5) years.*

(iii) *Outside Counsel shall have fourteen (14) days from receipt of the executed Exhibit A and accompanying curriculum vitae and list of expert work to object in writing to the disclosed expert for good cause and such cause shall be stated in such objection. In the absence of an objection at the end of the fourteen (14) day period, the expert shall be deemed approved under this Order. In the event of dispute regarding any objection, the parties shall endeavor to resolve the issue privately and failing to do so may seek appropriate relief from the Court.*

**AMA's proposed provisions:**

(i) *The expert or Vendor (and any stenographical or clerical employee thereof) must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A.*

(ii) *The executed copy of Exhibit A must be served on Outside Counsel of the Producing Party who designated its Discovery Materials as either "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."*

(iii) Counsel for the Receiving Party must retain the original of any executed copies of Exhibit A until the final termination of this case (including any appeal(s).

3. Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 2, above, and by the additional individuals listed below:

**Defendants' proposed provision**:

(a) *Party principals or executives who are required to participate in policy*

*decisions with reference to this action and Party's House Counsel;*

**AMA's proposed provision**:

(a) *Party principals or executives who are required to participate in policy decisions with reference to this action and Party's Counsel;*

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

4. All information that has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

## IX.   USE IN DEPOSITIONS

Whenever a deposition taken on behalf of any Party involves the disclosure of Confidential Information of any Party:

(a) the disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (or employees or associates employed by Counsel), the court reporter, and the person(s) agreed upon pursuant to Paragraph 8(2)(e), above, and

(b) The cover page and individual designated pages of deposition transcripts (originals and copies, along with any designated exhibits or other materials

appended thereto) must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and designated pages of an original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

## X.   USE IN BRIEFS AND/OR AS EXHIBITS – FILING UNDER SEAL

Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal pursuant to Local Rule 5.6. Nothing in this order shall be construed as automatically permitting a Party to file under seal. If a party is waiting for a ruling from the Court regarding a request to file under seal, such party may, within the applicable deadline, file a redacted, unsealed version of any document or filing as to which the request to seal is pending.

## XI.   APPLICATION OF THIS PROTECTIVE ORDER

Confidential Information and Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely for the prosecution or defense of this action. A Party who wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the Producing Party. The Receiving Party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that the Receiving Party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the parties cannot resolve the question of whether the Receiving Party can use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a

1   purpose other than the prosecution or defense of this action within fourteen (14) days of the

2   Producing Party's receipt of such a request, the Receiving Party may move the Court for a

3   ruling on the Receiving Party's request. In the event any Party files a motion seeking to use

4   Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY

5   CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a purpose other than the prosecution

6   or defense of this action, the Confidential Information and/or Materials designated

7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

8   be submitted to the Court, under seal, for an in-camera inspection. Any Confidential

9   Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY" at issue must be treated as Confidential

11  Information, as designated by the Producing Party, until the Court has ruled on the motion or

12  the matter has been otherwise resolved.

13

14  **XII.   CONFIDENTIALITY CHALLENGE**

15      Any Party may object to a designation of Materials as Confidential Information. The

16  Party objecting to confidentiality must notify, in writing, Counsel for the Producing Party of

17  the objected-to Materials and the grounds for the objection. If the dispute is not resolved

18  consensually between the parties within fourteen (14) days of receipt of such a notice of

19  objections, the objecting Party may move the Court for a ruling on the objection. In the event

20  any Party files a motion challenging the designation or redaction of information, the

21  challenged materials designated Confidential or Highly Confidential – Attorneys' Eyes Only

22  shall be submitted to the Court under seal, for an in-camera inspection, and the description of

23  those materials in any motion should be redacted from any publicly filed motion. The

24  Materials at issue must be treated as Confidential Information, as designated by the Producing

25  Party, until the Court has ruled on the objection or the matter has been resolved.

26      In the event that a pretrial conference is scheduled for this litigation, the Parties agree

27  to (i) meet and confer as to the confidentiality designation on any exhibit set forth on each

28  Party's exhibit list to reduce the volume of exhibits designated Confidential and Highly

Confidential – Attorneys' Eyes Only; and (ii) advise the Court at the Final Pretrial Conference on a proposed procedure to handle Confidential and Highly Confidential – Attorneys' Eyes Only information during trial in order to reduce or avoid interruption of the trial.

**XIII.  SPECIFIC DISCLOSURE**

At any stage of these proceedings, any Party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The Party must notify, in writing, Counsel for the Producing Party of the identity of the relevant Materials and the individuals to whom the Party wishes to disclose the Materials. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the Requesting Party may move the Court for a ruling allowing such disclosure. In the event any Party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the request.

**XIV.  UNAUTHORIZED OR INADVERTENT DISCLOSURES**

1.  All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights

1    and remedies of the other parties, make every effort to prevent further disclosure by the Party

2    and by the person(s) receiving the unauthorized disclosure.

3          2.     The inadvertent failure by a Producing Party to designate Discovery Material as

4    Protected Material with one of the designations provided for under this Order shall not waive

5    any such designation provided that the Producing Party notifies all Receiving Parties in a

6    reasonably prompt manner after learning of the inadvertent failure to designate any Discovery

7    Material the Producing Party believes is protected under one of the categories of this Order.

8    The Producing Party shall reproduce the Confidential Information with the correct

9    confidentiality designation within seven (7) days upon its notification to the Receiving Parties.

10   Upon receiving the Confidential Information with the correct confidentiality designation, the

11   Receiving Parties shall destroy all Discovery Material that was not designated properly.

12         3.     A Receiving Party shall not be in breach of this Order for any use of such

13   Discovery Material before the Receiving Party receives the Protected Material with the correct

14   confidentiality designation. Once a Receiving Party has received the Confidential Information

15   with the correct confidentiality designation, the Receiving Party shall treat such Discovery

16   Material (subject to the exception in Paragraph 4 below) at the appropriately designated level

17   pursuant to the terms of this Order.

18         4.     Protected Material produced without the designation of "CONFIDENTIAL" or

19   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be so designated

20   subsequent to production when the Producing Party failed to make such designation at the

21   time of production through inadvertence or error. If Discovery Material is designated

22   subsequent to production, the Receiving Party promptly shall collect any copies that have been

23   provided to individuals so that they can be re-labeled by the Producing Party with the

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25   designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL"

26   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going

27   forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or

28   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials.

Glaser Weil

## XV.   <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

1.     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

2.     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Confidential Information or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. The Receiving Party must take reasonable steps to retrieve the information if the Party disclosed it before being notified, and the Receiving Party must not use or disclose the information until the claim is resolved.

3.     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## XVI. <u>ALLOWABLE DISCLOSURES</u>

Information designated Confidential pursuant to this Order also may be disclosed if: (a) the Party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed Party gives prompt notice to Counsel for the Party which made the designation, and permits Counsel for that Party sufficient time to intervene and seek judicial protection from the enforcement of

JOINT MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER

1267631

this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

## XVII. <u>NO WAIVER</u>

1.      Nothing within this Order will prejudice the right of any Party to object to the production of any Discovery Material on the grounds that the Material is protected as privileged or as attorney work product.

2.      Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

3.      This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

4.      Nothing in this Confidentiality Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

## XVIII.  <u>RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION</u>

Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each Party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of

Glaser Weil

1267631

Confidential Information is at the option of the Producing Party. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

## XIX.   <u>NON-APPLICABILITY</u>

The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents, in violation of this Order.

## XX.   <u>RETROACTIVE EFFECT OF THIS PROTECTIVE ORDER</u>

Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows. All such designations must be made within thirty (30) days of the date of this Order.

## XXI.   <u>MODIFICATION</u>

1. This Order may be modified by agreement of the parties, subject to approval by the Court.

2. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

## XXII.   <u>MISCELLANEOUS</u>

1. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

2. After termination of this action, the provisions of this Order shall continue to be

Glaser Weil

binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.


DATED:  December 15, 2016                GLASER WEIL FINK HOWARD
                                         AVCHEN & SHAPIRO LLP


                                         By:  /s/ _____
                                             ERICA J. VAN LOON
                                             STEVEN BASILEO
                                             *Attorneys for Defendants Cyberweb Ltd.,*
                                             *David Koonar, Sagan Limited, GLP 5, Inc.*
                                             *and Netmedia Services Inc.*



DATED:  December 15, 2016                MANOLIO & FIRESTONE, PLC


                                         By:  /s/ _____
                                             VERONICA L. MANOLIO
                                             *Attorneys for Plaintiff AMA Multimedia LLC*

Glaser Weil

18

JOINT MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER

1267631

1
2
3
4
5
6
7
8
9
10
11
12
Glaser Weil
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT A</u>

JOINT MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER

1267631

Glaser Weil

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company, | CASE NO.: CV16-1269 PHX DGC |
| Plaintiff, | Hon. David G. Campbell |
| v. | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20, | |
| Defendants. | |

I, _____, declare and say that:

1.      I am employed as _____ by

_____.

2.      I have read the Stipulated Protective Order (the "Order") entered in *AMA Multimedia LLC v. Sagan Limited et al.*, No. CV16-1269 PHX DGC (D. Ariz.) and have received a copy of the Order.

20

1267631

3.      I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.      I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____        _____
                                                            Signature

JOINT MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER

1267631