ERICA J. VAN LOON - (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants*
*Cyberweb Ltd., David Koonar,*
*Sagan Limited, GLP 5, Inc. and*
*Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING RE PERSONAL JURISDICTION UNDER SEAL** |

Pursuant to Local Rule of Civil Procedure 5.6, the Court's Order dated January 26, 2017 (Dkt. 126) and the Protective Order entered in this case (Dkt. 122), counsel for Defendants Sagan Limited, Cyberweb Ltd., Netmedia Services Inc., GLP 5, Inc., and David Koonar (collectively, "Defendants") hereby move to file documents under seal ("Under Seal Documents") relating to Defendants' Supplemental Briefing Re Personal Jurisdiction, as listed below:

1. Portions of Defendants' Supplemental Briefing Re Personal Jurisdiction. These portions contain information that has been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" because they contain proprietary and/or financial information pursuant to the Protective Order.

2. One portion of the Declaration of Kristen Richardson, containing the total amount paid by Cyberweb Ltd. ("Cyberweb") to G.I.M. Corp. ("GIM"). This has been designated as "Highly Confidential – Attorneys' Eyes Only" because it contains proprietary and/or financial information pursuant to the Protective Order.

3. Exhibit A to the Declaration of Philip Bradbury ("Bradbury Declaration"), which are copies of invoices issued from Netmedia Services Inc. ("Netmedia") to GIM. These invoices have been designated as "Highly Confidential – Attorneys' Eyes Only" because they contain Netmedia's confidential financial information pursuant to the Protective Order.

4. Exhibit C to the Bradbury Declaration, which is a copy of Netmedia's Objections and Responses to Plaintiff's First Set of Non-Uniform Interrogatories. This document contains proprietary and/or financial information pursuant to the Protective Order and has been designated as "Highly Confidential – Attorneys' Eyes Only."

5. Exhibit D to the Bradbury Declaration, which are excerpts from the Philip Bradbury deposition transcript. These excerpts have been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" because they contain proprietary and/or financial information pursuant to the Protective Order.

6. Exhibit C to the Declaration of David Koonar ("Koonar Declaration"), which

are excerpts from the David Koonar deposition transcript. These excerpts have been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" because they contain proprietary and/or financial information pursuant to the Protective Order.

7. Exhibit A to the Declaration of Kristen Richardson ("Richardson Declaration"), which are excerpts from the Kristen Richardson deposition transcript. These excerpts have been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" because they contain proprietary and/or financial information pursuant to the Protective Order.

8. Exhibit B to the Richardson Declaration, which are copies of Cyberweb emails. These emails have been designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" because they contain proprietary and/or trade secret information pursuant to the Protective Order.

9. Exhibit C to the Richardson Declaration, which are copies of Cyberweb's Objections and Responses to Plaintiff's First Set of Non-Uniform Interrogatories. This document contains proprietary and/or financial information pursuant to the Protective Order and has been designated as "Highly Confidential – Attorneys' Eyes Only."

10. Exhibit D to the Richardson Declaration, which are copies of invoices issued by third party vendors to Cyberweb. These invoices have been designated as "Confidential" because they contains Netmedia's confidential financial information pursuant to the Protective Order.

11. Exhibit E to the Richardson Declaration, which are copies of invoices issued by GIM to Cyberweb. These invoices have been designated as "Confidential" because they contain Netmedia's financial confidential financial information pursuant to the Protective Order.

12. Exhibit F to the Richardson Declaration, which are copies of Cyberweb's bank statements, PayPal and other electronic payment service statements. These documents have been designated as "Highly Confidential – Attorneys' Eyes Only" because they contain Netmedia's confidential financial information pursuant to the Protective Order.

Each of the Under Seal Documents contains, includes, quotes from, summarizes, constitutes, or otherwise discloses materials designated by Defendants as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

As discussed below, these documents meet the standard to seal.

"Two standards generally govern requests to seal documents." *TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083, 2014 WL 880408, at *2 (D. Ariz. Mar. 6, 2014). "First, a "compelling reasons" standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (internal citations omitted). Second, the "'good cause' standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies" to discovery materials unearthed during discovery because they are not part of the judicial records. *TSI Inc.*, 2014 WL 880408, at *2 (internal citations omitted). The "good cause" standard also applies to discovery documents attached to a non-dispositive motion. *Pintos*, 565 F.3d at 1115.

The Under Seal Documents listed above contain documents produced by Defendants in response to Plaintiff's jurisdictional discovery requests. Thus, they were "unearthed during discovery." They were attached to Defendants' Supplemental Briefing Re Personal Jurisdiction. On January 26, 2017, this Court dismissed Plaintiff's claims in their entirety on the ground of *forum non conveniens*. Dkt. 126. Thus, the Under Seal Documents are considered discovery materials not attached to a dispositive motion. Accordingly, the "good cause" standard should apply in determining whether to seal these documents.

"The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 565 F.3d at 1115 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002)) (internal quotation marks omitted). "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against

the need for confidentiality." *Phillips*, 307 F.3d at 1213.  Here, the Under Seal Documents have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order entered by this Court.  Thus, the "good cause" standard is met.

Defendants' request to seal also meets the "compelling reasons" standard.  "Under the compelling reasons standard, the Court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 946 (D. Ariz. 2013) (internal quotations omitted).  "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*

Here, the Under Seal Documents can be generally categorized into the following categories:

A.   Information relating to Defendants' business structure or operations that constitutes trade secret, proprietary or sensitive information;

B.   Defendants' financial documents, including bank statements and invoices.

If the Under Seal Documents were made publicly available, Defendants' competitors, including Plaintiff, could gain valuable information about Defendants' business strategies, operations, and financial information.  Thus, disclosure of such information would be detrimental to Defendants and cause irreparable harm.  On the other hand, understanding such information would hardly assist the public in understanding the judicial process.  Therefore, on balance, the relevant factors weigh in favor of granting Defendants' request to file under seal.

A redacted version of each Under Seal Document is concurrently filed in the public record. An unredacted version of the Under Seal Documents is also concurrently lodged electronically via the CM/ECF filing system under the "Sealed Lodged Proposed Documents" category.

| | | |
|---|---|---|
| DATED: January 31, 2017 | | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
| | | By: /s/ Erica J. Van Loon<br>ERICA J. VAN LOON<br>STEVEN BASILEO<br>*Attorneys for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2017, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF and email to the following recipients:

Veronica L. Manolio
Manolio & Firestone, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com

Spencer Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Ave. S.
Tacoma, Washington 98402
sfreeman@freemanlawfirm.org

By: /s/ Erica J. Van Loon
     Erica J. Van Loon