ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants
Cyberweb Ltd., David Koonar,
Sagan Limited, GLP 5, Inc. and
Netmedia Services Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, A Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING RE PERSONAL JURISDICTION** |

**DECLARATION OF ERICA J. VAN LOON**

I, Erica J. Van Loon, declare and state as follows:

I am an attorney at law duly licensed to practice before all courts of the State of California and am a Partner in the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record herein for Defendants Sagan Limited, Cyberweb Ltd., GLP 5, Inc., Netmedia Services Inc., and David Koonar (collectively, "Defendants"). I make this declaration in support of Defendants' Supplemental Briefing Re Personal Jurisdiction. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

1. The parties have completed jurisdictional discovery. Defendant Cyberweb Ltd. ("Cyberweb") has produced 2,973 pages of documents at Plaintiff AMA Multimedia LLC's ("AMA") request. Defendant Netmedia Services Inc. ("Netmedia") has produced 640 pages of documents at AMA's request. These documents include, without limitation, bank statements, vendor invoices, vendor payments, financial statements, corporate formation documents, and email correspondence.

2. Following this Court's October 6, 2016 Order granting AMA leave to conduct jurisdictional discovery, AMA waited three weeks, until October 26, 2016, to email serve written discovery on Netmedia and Cyberweb. Pursuant to the statutory 30-day return period for discovery responses, plus an additional three days provided for email-service, Cyberweb and Netmedia's responses were due on December 1, 2016. In accordance with this deadline, Netmedia served its Objections and Responses to Plaintiff's First Set of Non-Uniform Interrogatories and Objections and Responses to Plaintiff's First Set of Requests for Production on December 1, 2016. Similarly, Cyberweb served its Objections and Responses to Plaintiff's First Set of Non-Uniform Interrogatories and Objections and Responses to Plaintiff's First Set of Requests for Production, on December 1, 2016.

3. Significantly, I expressly informed AMA's counsel and the Court during the November 29, 2016 telephonic hearing that Cyberweb and Netmedia's responses to the discovery identified in paragraph 2 above were due on December 1, 2016, not November 30,

2016.

4.      Following this Court's October 6, 2016 Order granting AMA leave to conduct jurisdictional discovery, AMA waited a full month, until November 4, 2016, to serve written discovery on Defendant David Koonar. Thus, Mr. Koonar's responses to the propounded discovery were due 6 days after the discovery cutoff on December 8, 2016. Mr. Koonar objected to AMA's First Set of Non-Uniform Interrogatories to Defendant David Koonar and AMA's First Set of Requests for Production to Defendant David Koonar as untimely because they sought a response after the close of jurisdictional discovery.

5.      On November 28, 2016, I spoke with AMA's counsel regarding the scope of the depositions scheduled for later that week. I advised AMA's counsel that I did not believe jurisdictional discovery as to Cyberweb was appropriate, because the parties agreed that the Cyberweb analysis and the Sagan analysis were the same, and because the parties had already submitted as to the Cyberweb jurisdictional issue based on earlier-filed briefs. Counsel for AMA disagreed, insisted that the Cyberweb analysis differed from that of Sagan, and insisted that jurisdictional discovery as to Cyberweb was necessary for AMA to fully address its new jurisdictional theories.

6.      I note that in its Supplemental Briefing Re: Personal Jurisdiction, AMA reversed course and provides no new arguments regarding the Cyberweb issue. Instead, after forcing Cyberweb to comply with burdensome and intrusive discovery, AMA now agrees with Defendants that the Cyberweb analysis is the same as the Sagan analysis, and AMA submits on its earlier-filed briefs.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on December 22, 2016 at Los Angeles, California.

/s/ Erica J. Van Loon
ERICA J. VAN LOON