# Exhibit A

ENTIRE DOCUMENT REDACTED

# Exhibit B

1  ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
   evanloon@glaserweil.com
2  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
3  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
4  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
5
   *Attorney for Defendants Cyberweb Ltd., David Koonar,*
6  *Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>　　　　　Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANT NETMEDIA SERVICES INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF AMA MULTIMEDIA, LLC |
| RESPONDING PARTY: | DEFENDANT NETMEDIA SERVICES INC. |
| SET NO.: | ONE |

Pursuant to Fed. R. Civ. P. 26 and 34, Netmedia Services Inc. ("Defendant" or "Netmedia") hereby answers, objects, or otherwise responds to Plaintiff AMA Multimedia, LLC's ("Plaintiff") First Set of Requests for Production (collectively "Requests" and individually "Request"). Defendant expressly reserves the right to supplement, amend, or correct these responses

## PRELIMINARY STATEMENT

The following responses are based solely on the facts, information, documents and witnesses presently available and specifically known and recalled by Defendant, which Defendant presently recognizes as relevant and responsive to the Requests, based on its understanding of the Requests. Defendant has not completed its investigation, research, and analysis as to all facts, circumstances, documents, and witnesses relevant to this action. Discovery is still in its early stages. Defendant anticipates that its discovery, investigation, research, and trial preparation will reveal additional facts, documents, and witnesses not presently known or recalled by them, which they may introduce or rely upon at trial. Defendant anticipates that discovery, investigation, research, and trial preparation will add meaning to known facts, documents, and witnesses, thereby leading to new contentions and conclusions which it may introduce or rely upon at trial. Defendant further anticipates that discovery, investigation, research, and trial preparation will render relevant or responsive additional facts, documents, and witnesses, which it did not recognize as relevant or responsive when responding to these Requests. Consequently, the following discovery responses are not intended to, and shall not, preclude Defendant from asserting further objections, making further contentions, and relying upon or introducing additional facts, witnesses, and documents at trial, based upon the results of subsequent discovery, investigation, research, and trial preparation.

By these responses, Defendant does not waive and, in fact, expressly reserves: (a) any

objections as to the admissibility, competency, relevancy, and materiality of evidence and any privilege attaching to any documents or information produced; and (b) the right to object to other discovery requests or undertakings involving or reflecting the subject matter of the documents or information requested herein.  No production in response to the Requests constitutes or should be construed as an admission respecting relevancy or admissibility of any document or information, the truth or accuracy of any statement, or characterization or other information contained in any document.

Inadvertent production or disclosure by Defendant of any document or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or exemption shall not constitute a waiver of any privilege, protection or exemption, or any other ground for objecting to discovery with respect to such document or any other document, the subject matter thereof, or the information contained therein.  Nor shall inadvertent production or disclosure waive the right of Defendant to object to the use of any such document or the information contained therein during this or any subsequent related proceeding.

## STATEMENT REGARDING SCOPE OF PERMISSIBLE DISCOVERY

The Court has granted **limited** jurisdictional discovery. ECF No. 64.

Limited jurisdictional discovery concerns only the specific jurisdictional theories actually advanced by the Plaintiff. *Ciolli v. Iravani*, 625 F.Supp.2d 276 (E.D. Pa. 2009); (limiting jurisdictional discovery to "the only forms of jurisdiction over Defendants that Plaintiff has alleged."); *Jacobs v. Carnival Corp.*, 2010 WL 259392 (S.D.N.Y. 2010) (jurisdictional discovery limited to specific jurisdiction theory alleged in Complaint).

Limited jurisdictional discovery "should be **precisely focused** and aimed at addressing matters relating to jurisdiction.") *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 98 (S.D. Cal. 2005) (emphasis added); *L.M.I., Inc. v. House of Sobel*, 1979 WL 1668 (N.D. Cal. 1979) (approving Magistrate's order denying motion to compel as to "virtually all interrogatories," since the interrogatories "do not appear designed to uncover jurisdictional facts'").

The proper scope of limited jurisdictional discovery does not extend beyond what is **necessary** to resolve a jurisdictional dispute. *Brady v. Grendene USA, Inc.*, 2012 WL 6086881 (S.D. Cal. 2012) (denying motion to compel: "Plaintiffs have failed to establish that the depositions are necessary under the facts of this case."); *see also City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040 (S.D.N.Y. 2004) (denying motion to compel: "[request] which seeks the 'accounting records, rent rolls or financial statements' of each mission . . . may be relevant to the calculation of the taxes due and owing should these cases reach the stage of merits discovery, [but] it clearly is not necessary in order to resolve the jurisdictional question before the Court."); *Cram v. Electronic Data Systems Corp.*, 2008 WL 16277 (S.D. Cal. 2008) ("The purpose of the expedited discovery responses was solely to resolve the parties' dispute over the likely minimum valuation of the Complaint claims for purposes of the remand motion, a purpose satisfied without the need for recourse to additional calculations under other of the Complaint theories.").

In addition, even if it seeks potentially relevant information or documents, limited jurisdictional discovery should be less burdensome that merits discovery. *Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288 (3rd Cir. 2004) ("The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries.") (*quoting Fishel v. BASF Group*, 175 F.R.D. 525, 529 (S.D. Iowa 1997)). Thus, detailed jurisdictional discovery is impermissible when it concerns issues more easily addressed by other discovery. *City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040 (S.D.N.Y. 2004) (because Defendant's general interrogatory response addressed same issue "[s]uch detailed discovery plainly is beyond the scope of the limited jurisdictional discovery to which the City is entitled at this juncture."). And jurisdictional discovery will be denied when more efficient means exist for obtaining the information in question. *Brady*, 2012 WL 6086881 at * 2 ("the Court is not convinced the sought-after depositions are appropriate, necessary, or the most efficient means of ascertaining the facts concerning the relationship between Grendene USA and Grendene

3

S.A. Plaintiffs have failed to establish that the depositions are necessary under the facts of this case.")

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. And many AMA Document Requests and Interrogatories are completely irrelevant to the remaining jurisdictional issues, are not necessary to resolve these issues, or are unduly burdensome, unnecessarily intrusive, or represent an inefficient means of obtaining the information in question. Defendant objects to all such discovery as stated below.

## GENERAL OBJECTIONS

The following general objections apply to the Instructions and Requests, and all have the same force and effect as if fully set forth in the response to each request.

1. Defendant objects to each Request and their accompanying Instructions to the extent they seek discovery of information or documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections against disclosures ("Privilege"). The inadvertent production of such information or documents is not a waiver of any Privilege, immunity or protection. Defendant will not list on any privilege log any item created in connection with this litigation, including any documents created or dated after the filing date of the Complaint.

2. Defendant objects to the Instructions to the extent they require Defendant to provide information regarding any claim of privilege other than what is required under Rule 26(b)(5). Defendant will describe the nature of the privileged documents in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the claim of privilege.

3. Defendant objects to each Request and their accompanying Instructions to the extent that they attempt to impose duties upon Defendant that are not provided for by the Federal Rules of Civil Procedure, the Local Rules of the District Court of Arizona, applicable court orders or stipulations, or agreements of the parties.

4. Defendant objects to any Request that seeks documents beyond the scope

1  provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited
2  jurisdictional discovery.
3      5.   Defendant objects to each Request and their accompanying Instructions as
4  overly broad and unduly burdensome to the extent that they seek information that exceeds
5  the permissible scope of discovery and/or seek documents that are neither relevant nor
6  reasonably calculated to lead to the discovery of admissible evidence.
7      6.   Defendant further objects to each Request on the grounds that the burden and
8  expense of responding outweighs the likelihood that the information sought may lead to the
9  discovery of admissible evidence and the collection of this information is unreasonably or
10 unduly burdensome, given the needs of the case, the parties' resources, the importance of the
11 discovery in resolving the issues and the availability of alternative, less burdensome or
12 expensive means of obtaining the same or similar information.
13     7.   Defendant objects to each Request to the extent that it calls for the production
14 of information not kept by Defendant in the ordinary course of business.
15     8.   Defendant objects to each Request to the extent that it calls for documents not
16 reasonably available to, or documents not within the possession, custody or control of
17 Defendant.
18     9.   Defendant objects to each Request to the extent it seeks the production of
19 documents that Defendant is under an obligation to any third party not to disclose, including
20 information or documents that would require Defendant to breach a confidential contract,
21 protective order, settlement, or other duty to a third party to maintain confidentiality,
22 including relevant obligations under applicable laws, ruled or regulations.
23     10.  Defendant objects to each Request to the extent it seeks production of
24 confidential information. To the extent Defendant agrees to produce confidential
25 information, it will do so only pursuant to a protective order entered in this action.
26     11.  To the extent that each Request call for the production of documents and
27 things ahead of the schedule established by the Court, Defendant objects to such Requests as
28 premature.

12. Defendant objects to each Request to the extent the information sought is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Defendant.

13. Defendant objects to each Request to the extent it is unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

14. Defendant objects to the Instructions to the extent it purports to require Defendant to respond on behalf of persons or entities other than Defendant. For purpose of its responses, Defendant will interpret "You," "your," and "yourself" to refer only to Defendant Netmedia Services Inc.

15. Defendant objects to the Instructions to the extent they require Defendant to provide information regarding responsive documents that have been destroyed or which otherwise no longer exist. Defendant will identify such documents, if any existed, to the extent it can.

16. Defendant objects to the Instructions to the extent they require "a party or an officer of the party" to sign the responses. Rule 34 does not impose such a requirement.

17. Any statement herein agreeing to produce documents is not intended to be, and is not, an admission that any such documents exist.

18. Defendant will produce documents after entry of a suitable protective order in this matter. To the extent Defendant agrees to produce responsive information, Defendant agrees to produce the information electronically (subject to reasonable security restrictions) and/or make the information available for inspection.

19. Any agreement by Defendant to produce documents in Response to a Request is made subject to and without waiving these General Objections to any specific objection stated in the Request.

20. Defendant reserves the right to amend and/or supplement these Responses.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all financial records of NetMedia from January 1, 2013 to the present, including but not limited to: tax returns, bank account statements; e-wallet account statements (such as Paypal or Paxum); payroll records for NetMedia employees, consultants, independent contractors and/or anyone receiving compensation; monthly profit and loss statements; a balance sheet as of the date the lawsuit commenced as well as on January 1 from 2013 to 2016 (5 Balance Sheets total); credit card statements; invoices related to any performance of any task related to Porn.com, including monies received and sent to Cyberweb (and/or its predecessor, MXN, Ltd.); records of payment to/from any persons who perform any type of work on behalf of NetMedia for Porn.com, including but not limited to, programming, design, uploading, management of any advertising for any company on Porn.com, and/or the receipt and depositing of funds for Porn.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request as overly broad and unduly burdensome as to seeking "all financial records." Defendant will withhold documents on the basis of this objection.

1  Defendant objects to this Request to the extent any disclosures are barred by
2  applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*,
3  959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether
4  or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*
5  *Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying
6  plaintiff's motion to compel discovery where plaintiff failed to show the information sought
7  was of particular importance and where plaintiff had alternative means of obtaining similar
8  information.) Defendant will withhold or redact documents on the basis of this objection.

9  Defendant objects to this Request to the extent it seeks documents beyond the scope
10 provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited
11 jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

12 Defendant objects to this Request to the extent it seeks production of confidential
13 information. To the extent Defendant agrees to produce confidential information, it will do
14 so only pursuant to a protective order entered in this action.

15 Subject to and without waiving the foregoing objections, subject to a suitable
16 protective order Defendant will produce redacted Netmedia bank account statements,
17 income statements, balance sheets, invoices for any Netmedia work performed for
18 Cyberweb, and an interrogatory response explaining the extent, if any, to which Netmedia
19 and Cyberweb have overlapping laborers.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all contracts NetMedia has with any hosting company, any named Defendant, and/or any contracts negotiated that benefit any named Defendant or that benefit NetMedia as part of a relationship between NetMedia and that named Defendant (i.e., any contract(s) in which either NetMedia or the other named Defendant is a third-party beneficiary of the other).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

1  The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and
2  64.  Defendant will not provide discovery as to these entities. Defendant further objects to
3  this Request to the extent it seeks documents neither relevant to the remaining jurisdictional
4  issues, not necessary to resolve such issues, duplicative of information provided by other
5  means of discovery, or not proportional to the needs of these issues, considering the
6  importance of these issues, the amount in controversy, the parties' relative access to relevant
7  information, the parties' resources, the importance of the discovery in resolving this issue,
8  and to the extent the burden or expense of the proposed discovery outweighs the likely
9  benefit. Defendant will withhold documents on the basis of these objections.

10  Defendant objects to this Request as overly broad and unduly burdensome as to
11  seeking "all contracts NetMedia has with any hosting company . . . ." Defendant will not
12  withhold documents on the basis of this objection.

13  Defendant objects to this Request as vague and ambiguous as to the phrases "hosting
14  company" and "all contracts . . . that benefit any named Defendant or that benefit NetMedia
15  as part of a relationship between NetMedia and that named Defendant[.]" Defendant will
16  not withhold documents on the basis of this objections.

17  Defendant objects to this Request to the extent any disclosures are barred by
18  applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*,
19  959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether
20  or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*
21  *Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying
22  plaintiff's motion to compel discovery where plaintiff failed to show the information sought
23  was of particular importance and where plaintiff had alternative means of obtaining similar
24  information.)

25  Defendant objects to this Request to the extent it seeks documents beyond the scope
26  provided in the Court's October 6, 2016 Order (dkt. 64) solely permitting limited
27  jurisdictional discovery.  Defendant will withhold documents on the basis of this objections.
28  Defendant objects to this Request to the extent it seeks production of confidential

DEFENDANT NETMEDIA SERVICES INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

1268779

information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Subject to and without waiving the foregoing objections, and subject to a suitable protective order, Defendant will produce all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all corporate formation documents of NetMedia, including any Articles of Incorporation or Organization, Operating Agreements between the owners, and/or the similar equivalent set of documents that establishes the shareholders, directors, officers, and the roles of the operators of NetMedia. This should include any amendments or addenda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents subject to the attorney-client privilege, the work product doctrine, or other applicable privileges and protections against disclosure. Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request as vague and ambiguous as to the phrase

"Operating Agreements." Defendant will not withhold documents on the basis of this objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold or redact documents on the basis of this objections.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.) Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Subject to and without waiving the foregoing objections, Defendant will produce redacted versions of Netmedia formation documents in its possession, custody, or control referencing the shareholders, directors, and/or officers of Netmedia.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all documents referenced in your Responses to any of the Non-Uniform Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to

11

this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold or redact documents on the basis of these objections.

Defendant objects to this Request to the extent it is not limited in geographic scope. Defendant is a Canadian corporation. Defendant understand the geographic limitations to be limited to the United States.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.) Defendant will withhold or redact documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the same extent that the underlying Interrogatories were objected to by Defendant.

Subject to and without waiving the foregoing objections, Defendant will produce

responsive and non-privileged documents in its possession, custody, or control subject to entry of a suitable protective order.

DATED: December 1, 2016

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon

ERICA J. VAN LOON
*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On December 1, 2016, I served the foregoing document(s) described as:

**DEFENDANT NETMEDIA SERVICES INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 1, 2016, at Los Angeles, California.

/s/ Steven Basileo
Steven Basileo

1268779

## SERVICE LIST

Veronica L. Manolio
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com

*Counsel for Plaintiff*
*AMA Multimedia LLC*

# Exhibit C

ENTIRE DOCUMENT REDACTED

# Exhibit D

ENTIRE DOCUMENT REDACTED