# Exhibit A

LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT DAVID KOONAR** |

Pursuant to Rule 34, Federal Rules of Civil Procedure and the Order permitting Jurisdictional Discovery entered by this Court (Doc. 64), Plaintiff hereby requests that Defendant David Koonar answer, in writing and under oath, this First Set of Requests for Production of Documents to Plaintiff's counsel of record, Manolio & Firestone, PLC, 8686 E. San Alberto Dr., Suite 200, Scottsdale, Arizona 85258, within thirty (30) days.

The following instructions and definitions shall apply.

/ / /

**INSTRUCTIONS**

A. As a courtesy, please set forth the full discovery request prior to your written response to each request.

B. In producing the documents designated below, you are requested to furnish all documents, regardless of whether a document is currently in your possession, custody, or control, or that of your attorneys, employees, agents, investigators, or other representatives, or are otherwise available to you. The information requested includes, but not limited to, computer disks and/or computer data.

C. If, for any reason, you are unable to produce in full any document requested: (a) produce each such document to the fullest extent possible; (b) specify the reasons for your inability to produce the remainder; and (c) state in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

D. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which this is the case: (a) the type of document; (b) the types of information contained therein; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof.

E. In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state: (a) the name of each author, writer, sender or initiator of each such document; (b) the name of each recipient, addressee or party to whom such document was sent or intended to be sent; (c) the name of each and every person who received a copy of the document; (d) the date of the document or, if no date appears on the document, the date the document was prepared; (e) the title of the

document, or if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and (f) the grounds claimed for withholding the document from discovery and the factual basis for such a claim.

F. This Request is a continuing one, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession and/or not available to you on the date you first produce documents pursuant to this Request.

G. The responses to these requests must be signed by a party or an officer of the party who has personal knowledge of the matters stated, or who is otherwise competent to testify as to the responses.

**DEFINITIONS**

A. "You", "your," or "yourself" refers to the individual or corporate part(ies) at whom this discovery is directed, individually and collectively, and each person acting on behalf of any of them.

B. "Any," "each," and "all" shall be read to be all inclusive, and to require the production of each and every answer responsive to the particular Interrogatory in which such term appears.

C. "Document," "Documents," or "Documentation" means all writings of every type and description, WHETHER DRAFT OR FINAL, including, but not limited to, letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records, memoranda of telephone conversations or personal conversations, video or audio tape recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans,

income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents. The terms "Document," "Documents," or "Documentation" also include all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original. A draft or other non-identical copy is a separate "Document" within the meaning of this term.

D. "Communication," or "communicate" means the transmittal of information in any form whatsoever. This is verbal as well as non-verbal transmission of information.

**REQUESTS FOR PRODUCTION**

1. Produce any and all documents you have executed, including all contracts, on behalf of or related to any task for any of the named Defendants in this case, including: Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc.; and any and all documents you have executed, including all contracts, on behalf of or related to any task for Porn.com, Traffic Force, JSS Networks, and GIM Corp. from January 1, 2013 through the present.

2. Produce all communications between January 1, 2013 related to Porn.com in any way between yourself and any named Defendant, including Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc., which shall include any and all communications with employee(s), independent contractor(s), consultant(s), and/or other "help" or "laborers" who performed any tasks for Porn.com.

3. Produce any and all documents referenced in any of your Responses to any/all of the Non-Uniform Interrogatories.

/ / /

/ / /

DATED this 4th day of November, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November, 2016, I mailed and emailed copies of the foregoing to:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants David Koonar, Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*

By: /s/ Gina Murphy

LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

AMA Multimedia, LLC, a Nevada limited liability company,

Plaintiff,

v.

Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; NetMedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,

Defendants.

Case No. CV-16-1269-PHX-DGC

**PLAINTIFF AMA MULTIMEDIA, LLC'S FIRST SET OF NON-UNIFORM INTERROGATORIES TO DEFENDANT DAVID KOONAR**

Pursuant to Rule 33, Federal Rules of Civil Procedure, and the Order permitting Jurisdictional Discovery entered by this Court (Doc. 64), Plaintiff hereby requests that Defendant David Koonar answer, in writing and under oath, this First Set of Non-Uniform Interrogatories to Plaintiff's counsel of record, Manolio & Firestone, PLC, 8686 E. San Alberto Dr., Suite 200, Scottsdale, Arizona 85258, within thirty (30) days.

The following instructions and definitions shall apply.

/ / /

**INSTRUCTIONS**

A. As a courtesy, please set forth the full discovery request prior to your written response to each Interrogatory.

B. The responses to these Interrogatories must be signed by a party or an officer of the party who has personal knowledge of the matters stated, or who is otherwise competent to testify as to the responses.

C. These Interrogatories request information that is in the custody, control or possession of the individual or corporate parties, his/her/its attorneys, investigators, agents, employees, or other representatives of the part(ies).

D. Where an Interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so the propounding party is able to understand to which Interrogatory or subpart the answering parties have responded.

E. Each answer must be as complete and straightforward as the information available to the answering parties permits. This includes hearsay that may be known or available to you at this juncture.

F. If you do not have enough personal knowledge to fully answer an Interrogatory, please state so, but make a reasonable and good faith effort to get the information. Please specify any reason(s) for your inability to answer any Interrogatory.

G. Your obligation to respond to each of these Interrogatories is continuing. Should you become aware of any new or additional information pertaining to one of these Interrogatories, you should serve an amended or supplemental answer.

**DEFINITIONS**

A. "You", "your," or "yourself" refers to the individual or corporate part(ies) at whom this discovery is directed, individually and collectively, and each person acting on behalf of any of them.

B. "Any," "each," and "all" shall be read to be all inclusive, and to require the production of each and every answer responsive to the particular Interrogatory in which such term appears.

C. "Document," "Documents," or "Documentation" means all writings of every type and description, WHETHER DRAFT OR FINAL, including, but not limited to, letters, correspondence, electronic mail, memoranda, notes, drawings, graphs, charts, photographs, telephone records, memoranda of telephone conversations or personal conversations, video or audio tape recordings, and other data compilations from which information can be obtained and translated, computer printouts and disks, transcripts, affidavits, contracts, agreements, calendars, diaries, telegrams, newsletters, publications, reports, records, medical records, schedules, invoices, purchase orders, business plans, income and revenue projections, balance sheets and other accounting records, agendas, summaries, and all other such documents. The terms "Document," "Documents," or "Documentation" also include all copies and versions thereof which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original. A draft or other non-identical copy is a separate "Document" within the meaning of this term.

D. "Communication," or "communicate" means the transmittal of information in any form whatsoever (in the form of facts, ideas, inquiries or otherwise). This is verbal as well as non-verbal transmission of information.

E. "Identification" and "identify" mean:

a) As to an individual, stating his or her:

i. Full name and customarily used name;

ii. Present residence address or business address;

iii. Business profession during the relevant time period; and

iv. Title or position held in the relevant time period.

b) As to an entity other than an individual stating:

i. Its legal name any other name used by it;

ii. The form or manner of organization, e.g., partnership, incorporation;

iii. The state of its incorporation and its principal place of business;

iv. The last known contact information, including address and phone numbers; and

v. Its business contact persons with whom you have communicated.

c) As to a document, stating:

i. The date of its creation;

ii. Its author or signatory;

iii. The name and present business address of each person having knowledge of the material contained in the document;

iv. Its type or nature (e.g., letter, memorandum, stated with particularity);

v. The description of the document in sufficient detail to enable it to be specifically identified;

vi. The name and address of the person presently having custody of the document; and

vii. If any document, of which identification is sought, has been lost or destroyed, state in addition to the information above whether the document was (a) lost; or (b) destroyed, and the circumstances under which it was lost or destroyed and the person(s) responsible for the destruction of any such document.

d) As to an event, transaction, representation, conversation, communication, or occurrence, stating:

i. Its date;

ii. The place where it took place and the manner of its occurrence;

iii. The identification of participants and eyewitnesses to its occurrence;

iv. Its purpose and subject matter;

v. A complete description of the substance of the event, transaction, conversation or occurrence.

## NON-UNIFORM INTERROGATORIES

1. Describe, in detail, your relationship with each of the named entity Defendants, including: Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc. as well as your relationship with JSS Networks, GIM Corp. and Traffic Force.

For each of the entities/names listed, please specifically identify:

a. Your title(s) in the entity or business;

b. Your job duties in the entity or business;

c. Who you supervise/direct/oversee within each entity or business; and

d. What tasks you supervise/direct/oversee within each entity or business.

**RESPONSE**:

2. Describe, in detail, your relationship with Porn.com.

**RESPONSE**:

3. Describe, in detail, the manner in which Porn.com operates on a day-to-day basis, including any and all tasks performed, who performs the tasks, who supervises the tasks, and from where the tasks are performed.

**RESPONSE**:

4. Describe, in detail, the manner in which revenue is generated by and/or through Porn.com, including to what entities those monies are directed and/or received.

**RESPONSE**:

5. Describe in detail any and all monies you receive directly and/or indirectly from revenues generated from Porn.com.

**RESPONSE**:

6. List all bank accounts (including e-wallets such as Paypal and Paxum) you use that have any relationship to Porn.com or the other named Defendants, including Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc. (as well as JSS Networks, GIM Corp. and Traffic Force) and identify who has *signature authority* over each of the bank accounts listed.

For purposes of this Interrogatory, "relationship to Porn.com" shall mean if the account is used in any way to send or receive monies from Porn.com or any of the named Defendants (Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc.) as well as JSS Networks and GIM Corp. "Signature authority" shall mean the ability to control assets held in any financial account whether done electronically, orally, by direct communication, or otherwise.

**RESPONSE**:

DATED this 4th day of November, 2016.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November, 2016, I mailed and emailed copies of the foregoing documents to:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants David Koonar, Sagan Limited, GLP 5, Inc. and NetMedia Services Inc.*

By: /s/ Gina Murphy

# Exhibit B

ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

AMA MULTIMEDIA LLC, a Nevada limited liability company,

Plaintiff,

v.

SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,

Defendants.

CASE NO.: CV16-1269 PHX DGC

Hon. David G. Campbell

**DEFENDANT DAVID KOONAR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**



Glaser Weil

PROPOUNDING PARTY: PLAINTIFF AMA MULTIMEDIA, LLC

RESPONDING PARTY: DEFENDANT DAVID KOONAR

SET NO.: ONE

Pursuant to Fed. R. Civ. P. 26 and 34, David Koonar ("Defendant" or "Koonar") hereby answers, objects, or otherwise responds to Plaintiff AMA Multimedia, LLC's ("Plaintiff") First Set of Requests for Production (collectively "Requests" and individually "Request"). Defendant expressly reserves the right to supplement, amend, or correct these responses.

**PRELIMINARY STATEMENT**

The following responses are based solely on the facts, information, documents and witnesses presently available and specifically known and recalled by Defendant, which Defendant presently recognizes as relevant and responsive to the Requests, based on his understanding of the Requests. Defendant has not completed his investigation, research, and analysis as to all facts, circumstances, documents, and witnesses relevant to this action. Discovery is still in its early stages. Defendant anticipates that discovery, investigation, research, and trial preparation will reveal additional facts, documents, and witnesses not presently known or recalled by him, which he may introduce or rely upon at trial. Defendant anticipates that discovery, investigation, research, and trial preparation will add meaning to known facts, documents, and witnesses, thereby leading to new contentions and conclusions which he may introduce or rely upon at trial. Defendant further anticipates that discovery, investigation, research, and trial preparation will render relevant or responsive additional facts, documents, and witnesses, which he did not recognize as relevant or responsive when responding to these Requests. Consequently, the following discovery responses are not intended to, and shall not, preclude Defendant from asserting further objections, making further contentions, and relying upon or introducing additional facts, witnesses, and documents at trial, based upon the results of subsequent discovery, investigation, research, and trial preparation.

By these responses, Defendant does not waive and, in fact, expressly reserves: (a) any



Glaser Weil

objections as to the admissibility, competency, relevancy, and materiality of evidence and any privilege attaching to any documents or information produced; and (b) the right to object to other discovery requests or undertakings involving or reflecting the subject matter of the documents or information requested herein. No production in response to the Requests constitutes or should be construed as an admission respecting relevancy or admissibility of any document or information, the truth or accuracy of any statement, or characterization or other information contained in any document.

Inadvertent production or disclosure by Defendant of any document or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or exemption shall not constitute a waiver of any privilege, protection or exemption, or any other ground for objecting to discovery with respect to such document or any other document, the subject matter thereof, or the information contained therein. Nor shall inadvertent production or disclosure waive the right of Defendant to object to the use of any such document or the information contained therein during this or any subsequent related proceeding.

**STATEMENT REGARDING SCOPE OF PERMISSIBLE DISCOVERY**

The Court has granted **limited** jurisdictional discovery. ECF No. 64.

Limited jurisdictional discovery concerns only the specific jurisdictional theories actually advanced by the Plaintiff. *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 292 (E.D. Pa. 2009); (limiting jurisdictional discovery to "the only forms of jurisdiction over Defendants that Plaintiff has alleged."); *Jacobs v. Carnival Corp.*, 2010 WL 2593923 (S.D.N.Y. June 22, 2010) (jurisdictional discovery limited to specific jurisdiction theory alleged in Complaint).

Limited jurisdictional discovery "should be '**precisely focused'** and aimed at addressing matters relating to jurisdiction."). *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005) (emphasis added); *L.M.I., Inc. v. House of Sobel*, 1979 WL 1668, at *3 (N.D. Cal. June 6, 1979) (approving Magistrate's order denying motion to compel as to "virtually all interrogatories," since the interrogatories "do not appear designed to uncover







Glaser Weil

jurisdictional facts'").

The proper scope of limited jurisdictional discovery does not extend beyond what is **necessary** to resolve a jurisdictional dispute. *Brady v. Grendene USA, Inc.*, 2012 WL 6086881, at *2 (S.D. Cal. Dec. 6, 2012) (denying motion to compel: "Plaintiffs have failed to establish that the depositions are necessary under the facts of this case."); *see also City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040, at *3 (S.D.N.Y. Nov. 23, 2004) (denying motion to compel: "[request] which seeks the 'accounting records, rent rolls or financial statements' of each mission . . . may be relevant to the calculation of the taxes due and owing should these cases reach the stage of merits discovery, [but] it clearly is not necessary in order to resolve the jurisdictional question before the Court."); *Cram v. Elec. Data Sys. Corp.*, 2008 WL 162772, at *2 (S.D. Cal. Jan. 14, 2008) ("The purpose of the expedited discovery responses was solely to resolve the parties' dispute over the likely minimum valuation of the Complaint claims for purposes of the remand motion, a purpose satisfied without the need for recourse to additional calculations under other of the Complaint theories.").

In addition, even if it seeks potentially relevant information or documents, limited jurisdictional discovery should be less burdensome than discovery. *Auto. Refinishing Paint Antitrust Lit.*, 358 F.3d 288, 303 (3rd Cir. 2004) ("The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries.") (*quoting Fishel v. BASF Group*, 175 F.R.D. 525, 529 (S.D. Iowa 1997)). Thus, detailed jurisdictional discovery is impermissible when it concerns issues more easily addressed by other discovery. *Permanent Mission,* 2004 WL 2710040 at *4 (because Defendant's general interrogatory response addressed same issue "[s]uch detailed discovery plainly is beyond the scope of the limited jurisdictional discovery to which the City is entitled at this juncture."). And jurisdictional discovery will be denied when more efficient means exist for obtaining the information in question. *Brady*, 2012 WL 6086881 at *2 ("the Court is not convinced the sought-after depositions are appropriate, necessary, or the most efficient means of ascertaining the facts concerning the relationship between Grendene USA and Grendene



Glaser Weil

S.A. Plaintiffs have failed to establish that the depositions are necessary under the facts of this case.").

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. And many AMA Document Requests and Interrogatories are completely irrelevant to the remaining jurisdictional issues, are not necessary to resolve these issues, or are unduly burdensome, unnecessarily intrusive, or represent an inefficient means of obtaining the information in question. Defendant objects to all such discovery as stated below.

## GENERAL OBJECTIONS

The following general objections apply to the Instructions and Requests, and all have the same force and effect as if fully set forth in the response to each request.

1. Defendant objects to each Request and their accompanying Instructions to the extent they seek discovery of information or documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections against disclosures ("Privilege"). The inadvertent production of such information or documents is not a waiver of any Privilege, immunity or protection. Defendant will not list on any privilege log any item created in connection with this litigation, including any documents created or dated after the filing date of the Complaint.

2. Defendant objects to the Instructions to the extent they require Defendant to provide information regarding any claim of privilege other than what is required under Rule 26(b)(5). Defendant will describe the nature of the privileged documents in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the claim of privilege.

3. Defendant objects to each Request and their accompanying Instructions to the extent that they attempt to impose duties upon Defendant that are not provided for by the Federal Rules of Civil Procedure, the Local Rules of the District Court of Arizona, applicable court orders or stipulations, or agreements of the parties.

4. Defendant objects to any Request that seeks documents beyond the scope

provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery.

5. Defendant objects to each Request as untimely, because it seeks Responses after the close of jurisdictional discovery.

6. Defendant objects to each Request and their accompanying Instructions as overly broad and unduly burdensome to the extent that they seek information that exceeds the permissible scope of discovery and/or seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7. Defendant further objects to each Request on the grounds that the burden and expense of responding outweighs the likelihood that the information sought may lead to the discovery of admissible evidence and the collection of this information is unreasonably or unduly burdensome, given the needs of the case, the parties' resources, the importance of the discovery in resolving the issues and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information.

8. Defendant objects to each Request to the extent that it calls for the production of information not kept by Defendant in the ordinary course of business.

9. Defendant objects to each Request to the extent that it calls for documents not reasonably available to, or documents not within the possession, custody or control of Defendant.

10. Defendant objects to each Request to the extent it seeks the production of documents that Defendant is under an obligation to any third party not to disclose, including information or documents that would require Defendant to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality, including relevant obligations under applicable laws, rules or regulations.

11. Defendant objects to each Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

12. To the extent that each Request calls for the production of documents and

things ahead of the schedule established by the Court, Defendant objects to such Requests as premature.

13. Defendant objects to each Request to the extent the information sought is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Defendant.

14. Defendant objects to each Request to the extent it is unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

15. Defendant objects to the Instructions to the extent they purport to require Defendant to respond on behalf of persons or entities other than Defendant. For purpose of its responses, Defendant will interpret "You," "your," and "yourself" to refer only to Defendant David Koonar.

16. Defendant objects to the Instructions to the extent they require Defendant to provide information regarding responsive documents that have been destroyed or which otherwise no longer exist.

17. Defendant objects to the Instructions to the extent they require "a party or an officer of the party" to sign the responses. Rule 34 does not impose such a requirement.

18. Any statement herein agreeing to produce documents is not intended to be, and is not, an admission that any such documents exist.

19. Defendant will produce documents after entry of a suitable protective order in this matter. To the extent Defendant agrees to produce responsive information, Defendant agrees to produce the information electronically (subject to reasonable security restrictions) and/or make the information available for inspection.

20. Any agreement by Defendant to produce documents in Response to a Request is made subject to and without waiving these General Objections to any specific objection stated in the Request.

21. Defendant reserves the right to amend and/or supplement these Responses.

///

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents you have executed, including all contracts, on behalf of or related to any task for any of the named Defendants in this case, including: Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc.; and any and all documents you have executed, including all contracts, on behalf of or related to any task for Porn.com, Traffic Force, JSS Networks, and GIM Corp. from January 1, 2013 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving these issues, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request on the ground it is overbroad as to time. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request as overly broad and unduly burdensome as to seeking "all contracts." Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant objects to this Request to the extent any disclosures are barred by



Glaser Weil

applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information). Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to each Request as untimely, because it seeks Responses after the close of jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all communications between January 1, 2013 related to Porn.com in any way between yourself and any named Defendant, including Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc., which shall include any and all communications with employee(s), independent contractor(s), consultant(s), and/or other "help" or "laborers" who performed any tasks for Porn.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other



Glaser Weil

means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving these issues, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request as overly broad and unduly burdensome as seeking "all communications." Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information). Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to each Request as untimely, because it seeks Responses after the close of jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all documents referenced in any of your Responses to any/all of the Non-Uniform Interrogatories.



Glaser Weil

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving these issues, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request as overly broad and unduly burdensome as to seeking "all contracts." Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information). Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.



Glaser Weil

Defendant objects to each Request as untimely, because it seeks Responses after the close of jurisdictional discovery. Defendant will withhold documents on the basis of this objection.

Defendant will not produce documents in response to this Request.

DATED: December 8, 2016

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By: s/Erica Van Loon
ERICA J. VAN LOON
*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

Glaser Weil

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On December 8, 2016, I served the foregoing document(s) described as:

**DEFENDANT DAVID KOONAR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 8, 2016, at Los Angeles, California.

/s/ Steve Basileo
Steve Basileo

Glaser Weil

**SERVICE LIST**

Veronica L. Manolio
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com

Spencer D. Freeman
Freeman Law Firm Incorporated
1107 1/2 Tacoma Ave S.
Tacoma, WA 98402
253-383-4500
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*
*AMA Multimedia LLC*

Glaser Weil

ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

AMA MULTIMEDIA LLC, a Nevada limited liability company,

Plaintiff,

v.

SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,

Defendants.

CASE NO.: CV16-1269 PHX DGC

Hon. David G. Campbell

**DEFENDANT DAVID KOONAR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES**

Glaser Weil

PROPOUNDING PARTY: PLAINTIFF AMA MULTIMEDIA LLC
RESPONDING PARTY: DEFENDANT DAVID KOONAR
SET NO.: ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant David Koonar ("Defendant" or "Koonar") hereby answers, objects, or otherwise responds to Plaintiff AMA Multimedia LLC's ("Plaintiff") First Set of Non-Uniform Interrogatories (collectively "Interrogatories" and individually "Interrogatory"). Defendant expressly reserves the right to supplement, amend, or correct these responses.

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant has not completed its investigation of the facts relating to this case and has not completed its preparation for trial. The following responses are based upon information presently available to Defendant and are made without prejudice to Defendant of the right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered any Interrogatories should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The fact that Defendant has answered part or all of any Interrogatory is not intended and shall not be construed to be a waiver by Defendant of all or any part of any objection to any Interrogatory.

The Preliminary Statement is incorporated into each of the responses set forth below.

## STATEMENT REGARDING SCOPE OF PERMISSIBLE DISCOVERY

The Court has granted **limited** jurisdictional discovery. ECF No. 64.

Limited jurisdictional discovery concerns only the specific jurisdictional theories actually advanced by the Plaintiff. *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 292 (E.D. Pa. 2009); (limiting jurisdictional discovery to "the only forms of jurisdiction over Defendants that Plaintiff has alleged."); *Jacobs v. Carnival Corp.*, 2010 WL 2593923 (S.D.N.Y. June 22, 2010) (jurisdictional discovery limited to specific jurisdiction theory alleged in Complaint).

Limited jurisdictional discovery "should be '**precisely focused'** and aimed at addressing matters relating to jurisdiction."). *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005) (emphasis added); *L.M.I., Inc. v. House of Sobel*, 1979 WL 1668, at *3 (N.D. Cal. June 6, 1979) (approving Magistrate's order denying motion to compel as to "virtually all interrogatories," since the interrogatories "do not appear designed to uncover jurisdictional facts'").

The proper scope of limited jurisdictional discovery does not extend beyond what is **necessary** to resolve a jurisdictional dispute. *Brady v. Grendene USA, Inc.*, 2012 WL 6086881, at *2 (S.D. Cal. Dec. 6, 2012) (denying motion to compel: "Plaintiffs have failed to establish that the depositions are necessary under the facts of this case."); *see also City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040, at *3 (S.D.N.Y. Nov. 23, 2004) (denying motion to compel: "[request] which seeks the 'accounting records, rent rolls or financial statements' of each mission . . . may be relevant to the calculation of the taxes due and owing should these cases reach the stage of merits discovery, [but] it clearly is not necessary in order to resolve the jurisdictional question before the Court."); *Cram v. Elec. Data Sys. Corp.*, 2008 WL 162772, at *2 (S.D. Cal. Jan. 14, 2008) ("The purpose of the expedited discovery responses was solely to resolve the parties' dispute over the likely minimum valuation of the Complaint claims for purposes of the remand motion, a purpose satisfied without the need for recourse to additional calculations under other of the Complaint theories.").



Glaser Weil

In addition, even if it seeks potentially relevant information or documents, limited jurisdictional discovery should be less burdensome than discovery. *Auto. Refinishing Paint Antitrust Lit.*, 358 F.3d 288, 303 (3rd Cir. 2004) ("The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries.") (*quoting Fishel v. BASF Group*, 175 F.R.D. 525, 529 (S.D. Iowa 1997)). Thus, detailed jurisdictional discovery is impermissible when it concerns issues more easily addressed by other discovery. *Permanent Mission*, 2004 WL 2710040 at *4 (because Defendant's general interrogatory response addressed same issue "[s]uch detailed discovery plainly is beyond the scope of the limited jurisdictional discovery to which the City is entitled at this juncture."). And jurisdictional discovery will be denied when more efficient means exist for obtaining the information in question. *Brady*, 2012 WL 6086881 at *2 ("the Court is not convinced the sought-after depositions are appropriate, necessary, or the most efficient means of ascertaining the facts concerning the relationship between Grendene USA and Grendene S.A. Plaintiffs have failed to establish that the depositions are necessary under the facts of this case.").

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. And many AMA Document Requests and Interrogatories are completely irrelevant to the remaining jurisdictional issues, are not necessary to resolve these issues, or are unduly burdensome, unnecessarily intrusive, or represent an inefficient means of obtaining the information in question. Defendant objects to all such discovery as stated below.

## GENERAL OBJECTIONS

Defendant generally objects to each Interrogatory on each and every one of the following grounds, which are incorporated into and made a part of Defendant' response to each and every individual Interrogatory:

1. Defendant objects to each Interrogatory and its accompanying Definitions and Instructions to the extent it seeks discovery of information or documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges and



Glaser Weil

protections against disclosures ("Privilege").

2. Defendant objects to each Interrogatory and its accompanying Definitions and Instructions to the extent that it attempts to impose duties upon Defendant that are not provided for by the Federal Rules of Civil Procedure, the Local Rules of the District Court of Arizona, applicable court orders or stipulations, or agreements of the parties.

3. Defendant objects to each Interrogatory as untimely, because they each seek Responses after the close of jurisdictional discovery.

4. Defendant objects to any Interrogatory that seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery.

5. Defendant objects to each Interrogatory and its accompanying Definitions and Instructions as overly broad and unduly burdensome to the extent that it seeks information that exceeds the permissible scope of discovery and seeks information or documents that are neither relevant to pending jurisdictional issues nor proportional to the needs of such issues.

6. Defendant further objects to each Interrogatory on the grounds that the burden and expense of responding outweighs the likelihood that the information sought may lead to the discovery of admissible evidence and the collection of this information is unreasonably or unduly burdensome, given the needs of this issue, the parties' resources, the importance of the discovery in resolving this issue and the availability of alternative, less burdensome or expensive means of obtaining the same or similar information.

7. Defendant objects to each Interrogatory to the extent it seeks information not relevant to any pending jurisdictional issue, and expressly reserves all rights to withhold information or documents on that basis alone or in conjunction with other bases set forth herein.

8. Defendant objects to each Interrogatory to the extent that it calls for information not kept by Defendant in the ordinary course of business.

9. Defendant objects to each Interrogatory to the extent that it calls for documents not reasonably available to, or information not within the possession, custody or

control of Defendant.

10. Defendant objects to each Interrogatory to the extent it seeks information that Defendant is under an obligation to any third party not to disclose, including information or documents that would require Defendant to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality, including relevant obligations under applicable laws, rules or regulations.

11. To the extent that each Interrogatory calls for information ahead of the schedules established by the Court, Defendant objects to such Interrogatory as premature.

12. Defendant objects to each Interrogatory to the extent the information sought is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Defendant.

13. Defendant objects to each Interrogatory to the extent it seeks confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to an appropriate protective order entered in this action.

14. Defendant objects to each Interrogatory to the extent that each is vague, ambiguous and incomprehensible. As drafted, the Interrogatories could require responses and/or the production of documents that have no relationship to the facts and issues in dispute and which are not reasonably calculated to lead to the discovery of admissible evidence.

15. Defendant further objects to the definitions of "you," "your," and "yourself" to the extent the definition: (1) causes any Interrogatory to exceed the permissible scope of discovery under the Federal Rules of Civil Procedure; (2) includes any corporation, business, entity or individuals other than Defendant; (3) is overly broad, rendering the Interrogatory unduly burdensome and not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence; (4) calls for information subject to the attorney-client, work product, third party confidentiality, or other privileges or protections.

16. Defendant reserves the right to amend and/or supplement these Responses.



Glaser Weil

**RESPONSES TO NON-UNIFORM INTERROGATORIES**

**NON-UNIFORM INTERROGATORY NO. 1:**

Describe, in detail, your relationship with each of the named entity Defendants, including: Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc. as well as your relationship with JSS Networks, GIM Corp. and Traffic Force.

For each of the entities/names listed, please specifically identify:

a. Your title(s) in the entity or business;

b. Your job duties in the entity or business;

c. Who you supervise/direct/oversee within each entity or business; and

d. What tasks you supervise/direct/oversee within each entity or business.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 1:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as vague and ambiguous as to the phrase



Glaser Weil

"relationship."

Defendant objects to this Interrogatory as compound and containing multiple subparts.

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

**NON-UNIFORM INTERROGATORY NO. 2:**

Describe, in detail, your relationship with Porn.com.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 2:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative



Glaser Weil

access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited as to time. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as vague and ambiguous as to the phrase "relationship."

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

**NON-UNIFORM INTERROGATORY NO. 3:**

Describe, in detail, the manner in which Porn.com operates on a day-to-day basis, including any and all tasks performed, who performs the tasks, who supervises the tasks, and



Glaser Weil

from where the tasks are performed.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 3:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited as to time. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular



Glaser Weil

importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

**NON-UNIFORM INTERROGATORY NO. 4:**

Describe, in detail, the manner in which revenue is generated by and/or through Porn.com, including to what entities those monies are directed and/or received.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 4:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited as to time. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as vague and ambiguous as to the phrase "generated by and/or through Porn.com."

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

**NON-UNIFORM INTERROGATORY NO. 5:**

Describe in detail any and all monies you receive directly and/or indirectly from revenues generated from Porn.com.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 5:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery

outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as vague and ambiguous as to the phrase "receive indirectly."

Defendant objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited as to time. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

**NON-UNIFORM INTERROGATORY NO. 6:**

List all bank accounts (including e-wallets such as Paypal and Paxum) you use that have any relationship to Porn.com or the other named Defendants, including Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc. (as well as JSS Networks, GIM Corp. and Traffic Force) and identify who



Glaser Weil

has signature authority over each of the bank accounts listed.

For purposes of this Interrogatory, "relationship to Porn.com" shall mean if the account is used in any way to send or receive monies from Porn.com or any of the named Defendants (Sagan, Ltd., Cyberweb, Ltd. and MXN, Ltd. as the f/k/a name for Cyberweb, NetMedia Services, Inc., and GLP 5, Inc.) as well as JSS Networks and GIM Corp. "Signature authority" shall mean the ability to control assets held in any financial account whether done electronically, orally, by direct communication, or otherwise.

**RESPONSE TO NON-UNIFORM INTERROGATORY NO. 6:**

Defendant incorporates each of its General Objections into this response as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Interrogatory to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold information on the basis of these objections.

Defendant objects to this Interrogatory to the extent it seeks information beyond the scope provided in the Court's October 6, 2016 Order (ECF No. 64) solely permitting limited jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited as to time. Defendant will withhold information on the basis of this objection.

Defendant objects to this Interrogatory to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.



Glaser Weil

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.).

Defendant objects to this Interrogatory as untimely, because it seeks a Response after the close of jurisdictional discovery. Defendant will withhold information on the basis of this objection.

Defendant will not provide any information in response to this Interrogatory.

DATED: December 8, 2016

GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By: Erica Van Loon
ERICA J. VAN LOON
*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

Glaser Weil

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On December 8, 2016, I served the foregoing document(s) described as:

**DEFENDANT DAVID KOONAR'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 8, 2016, at Los Angeles, California.

/s/ Steve Basileo
Steve Basileo

Glaser Weil

**SERVICE LIST**

Veronica L. Manolio
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
*Counsel for Plaintiff*
*AMA Multimedia LLC*

Spencer D Freeman
Freeman Law Firm Incorporated
1107 1/2 Tacoma Ave S.
Tacoma, WA 98402
253-383-4500
sfreeman@freemanlawfirm.org
*Counsel for Plaintiff*
*AMA Multimedia LLC*

Glaser Weil

# Exhibit C

ENTIRE DOCUMENT REDACTED