1 ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
2 STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
3 GLASER WEIL FINK HOWARD
　AVCHEN & SHAPIRO LLP
4 10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
5 Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants
Cyberweb Ltd., David Koonar,
Sagan Limited, GLP 5, Inc. and
Netmedia Services Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, A Nevada limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>　　　　Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF KRISTEN RICHARDSON IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING RE PERSONAL JURISDICTION**<br><br>**Redacted for Public Filing** |

DECLARATION OF KRISTEN RICHARDSON IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING RE PERSONAL JURISDICTION

1283660

# DECLARATION OF KRISTEN RICHARDSON

I, Kristen Richardson, declare and state as follows:

1. I am a Director of Defendant Cyberweb, Ltd. ("Cyberweb"). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. Netmedia Services Inc. ("Netmedia") and Cyberweb maintain their own bank accounts, do not commingle funds, do not enter into contracts on behalf of one another, do not assume liability for one another's debts, keep separate corporate records, and are adequately capitalized.

3. In fact, Cyberweb is separate from any other entity. It maintains its own bank accounts separate from other entities, does not commingle funds with other entities, does not rely on other entities to enter into contracts on its behalf, does not have its debts guaranteed by others, keeps separate corporate records, and is adequately capitalized.

4. Attached hereto as **Exhibit A** are true and correct excerpts of my deposition transcript, dated December 2, 2016.

5. Attached hereto as **Exhibit B** are true and correct copies of Cyberweb emails from 2013 forward, bearing bates numbers CYB001154-1157, CYB002432, CYB001183-1184, CYB001187-1188, CYB001199-1200, CYB001203-1204, CYB001215-1217, CYB001226-1230, CYB001240, CYB001246-1247, CYB001277-1278, CYB001310-1311, CYB001384.

6. Attached hereto as **Exhibit C** is a true and correct copy of Defendant Cyberweb Ltd.'s Objections and Responses to Plaintiff's First Set of Non-Uniform Interrogatories, served on December 1, 2016, along with my verification.

7. To date, Cyberweb has produced 923 pages of invoices issued by third party vendors to Cyberweb, formerly known as MXN Ltd. (hereinafter referred to solely as "Cyberweb"), from 2013 forward, bearing bates numbers CYB000046, CYB000725-885, CYB000887-922, CYB000972-1083, CYB001085-1087, CYB001089, CYB001091, CYB001094, CYB001096, CYB001099, CYB001101, CYB001103, CYB001107,

CYB001109, CYB001141, CYB001144, CYB001147, CYB001442-1582, CYB001791-2109, and CYB002112-2247. Attached hereto as **Exhibit D** is a true and correct representative sample of the aforementioned invoices issued by third party vendors to Cyberweb from 2013 forward, bearing bates numbers CYB001087, CYB001938, CYB001565, CYB000873, CYB000884, CYB0001141, CYB001582, CYB001791, CYB001812, CYB001086, CYB001076, CYB000887, CYB001075, and CYB000901.

8.  To date, Cyberweb has produced 49 pages of invoices issued by G.I.M. Corp. ("GIM") to Cyberweb from 2013 forward, bearing bates numbers CYB000923-971. Attached hereto as **Exhibit E** is a true and correct representative sample of the aforementioned invoices issued by GIM to Cyberweb from 2013 forward, bearing bates numbers CYB000923, CYB000937, CYB000949, and CYB000962.

9.  To date, Cyberweb has produced 218 pages of Cyberweb's bank statements, PayPal statements and other electronic payment services from 2013 forward, bearing bates numbers CYB000066-252 and CYB002251-2281. Attached hereto as **Exhibit F** is a true and correct representative sample of the aforementioned documents from 2013 forward, bearing bates numbers CYB002251-2276, CYB000069-98, and CYB000213-246.

10. Attached hereto as **Exhibit G** is a true and correct copy of Defendant Cyberweb Ltd.'s Objections and Responses to Plaintiff's First Set of Requests for Production, served on December 1, 2016.

11. GIM is fully compensated on a monthly basis for the technical services GIM provides Cyberweb in addition to expenses incurred on Cyberweb's behalf. Cyberweb's monthly payments to GIM for technical services do not appear directly on Cyberweb's bank account statements because they are always an offset to amounts owed by GIM to Cyberweb. Specifically, Cyberweb retains GIM and its affiliates to process customer payments. Monthly, the dollar value of these customer payments always exceeds the amount Cyberweb owes GIM. Thus, each month the amount of customer proceeds GIM pays to Cyberweb is reduced by the amount Cyberweb owes to GIM for technical services and expenses.

12.     The total amount paid by Cyberweb to GIM from January 1, 2013 through November 30, 2016 is ■■■■■■■■■■ This figure is derived from a detailed analysis of multiple low-level Cyberweb accounting records, all of which can be supplied to the court for *in camera* inspection on request.

13.     At various times in my deposition, AMA counsel asked me to "point out" Cyberweb payments to GIM on various high level financial documents such as balance sheets, and income statements. I testified that I was unable to do so, and that I was unaware of anyone who could do so. AMA counsel did not ask me to explain why this is the case, but the explanation is quite simple. Based on my understanding of general accounting practices, the high level financial documents AMA counsel presented to me are not designed to provide low levels details such as payments to specific vendors. Certainly, the Cyberweb versions of these financial documents are not designed to capture payments to specific vendors.

14.     At my deposition, AMA counsel also asked me to specify which income statement expense category would contain the Cyberweb payment. I could not identify a single category, but that is because the services provided by GIM are varied and the income statements provide no guidance as to the allocation of Cyberweb payments among expense categories.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on December 22, 2016 at Bridgetown, Barbados.

[signature]

KRISTEN RICHARDSON