# Exhibit A

ENTIRE DOCUMENT REDACTED

# Exhibit B

ENTIRE DOCUMENT REDACTED

# Exhibit C

ENTIRE DOCUMENT REDACTED

# Exhibit D

ENTIRE DOCUMENT REDACTED

# Exhibit E

ENTIRE DOCUMENT REDACTED

# Exhibit F

ENTIRE DOCUMENT REDACTED

# Exhibit G

1   ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
    evanloon@glaserweil.com
2   GLASER WEIL FINK HOWARD
      AVCHEN & SHAPIRO LLP
3   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
4   Telephone:  (310) 553-3000
    Facsimile:   (310) 556-2920
5
6   *Attorney for Defendants Cyberweb Ltd., David Koonar,*
    *Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*
7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11                    DISTRICT OF ARIZONA

12

13  AMA MULTIMEDIA LLC, a Nevada          CASE NO.: CV16-1269 PHX DGC
    limited liability company,
                                          Hon. David G. Campbell
14
                 Plaintiff,               **DEFENDANT CYBERWEB LTD.'S**
15  v.                                    **OBJECTIONS AND RESPONSES TO**
                                          **PLAINTIFF'S FIRST SET OF**
16  SAGAN LIMITED, a Republic of          **REQUESTS FOR PRODUCTION**
    Seychelles company, individually and d/b/a
17  PORN.COM; CYBERWEB LTD., formerly
    MXN LTD., a Barbados Company,
18  individually and d/b/a PORN.COM;
    NETMEDIA SERVICES INC., a Canadian
19  Company, individually and d/b/a
    PORN.COM; GLP 5, Inc., a Michigan
20  Company individually and d/b/a
    Trafficforce.com; DAVID KOONAR, an
21  individual; and John Does 1-20,

22               Defendants.

23

24

25

26

27

28

1268783

PROPOUNDING PARTY:          PLAINTIFF AMA MULTIMEDIA, LLC

RESPONDING PARTY:           DEFENDANT CYBERWEB LTD.

SET NO.:                    ONE

Pursuant to Fed. R. Civ. P. 26 and 34, Cyberweb Ltd. ("Defendant" or "Cyberweb") hereby answers, objects, or otherwise responds to Plaintiff AMA Multimedia, LLC's ("Plaintiff") First Set of Requests for Production (collectively "Requests" and individually "Request").  Defendant expressly reserves the right to supplement, amend, or correct these responses.

## PRELIMINARY STATEMENT

The following responses are based solely on the facts, information, documents and witnesses presently available and specifically known and recalled by Defendant, which Defendant presently recognizes as relevant and responsive to the Requests, based on its understanding of the Requests.  Defendant has not completed its investigation, research, and analysis as to all facts, circumstances, documents, and witnesses relevant to this action. Discovery is still in its early stages.  Defendant anticipates that its discovery, investigation, research, and trial preparation will reveal additional facts, documents, and witnesses not presently known or recalled by them, which they may introduce or rely upon at trial. Defendant anticipates that discovery, investigation, research, and trial preparation will add meaning to known facts, documents, and witnesses, thereby leading to new contentions and conclusions which it may introduce or rely upon at trial.  Defendant further anticipates that discovery, investigation, research, and trial preparation will render relevant or responsive additional facts, documents, and witnesses, which it did not recognize as relevant or responsive when responding to these Requests.  Consequently, the following discovery responses are not intended to, and shall not, preclude Defendant from asserting further objections, making further contentions, and relying upon or introducing additional facts, witnesses, and documents at trial, based upon the results of subsequent discovery, investigation, research, and trial preparation.

By these responses, Defendant does not waive and, in fact, expressly reserves: (a) any

objections as to the admissibility, competency, relevancy, and materiality of evidence and any privilege attaching to any documents or information produced; and (b) the right to object to other discovery requests or undertakings involving or reflecting the subject matter of the documents or information requested herein.  No production in response to the Requests constitutes or should be construed as an admission respecting relevancy or admissibility of any document or information, the truth or accuracy of any statement, or characterization or other information contained in any document.

Inadvertent production or disclosure by Defendant of any document or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or exemption shall not constitute a waiver of any privilege, protection or exemption, or any other ground for objecting to discovery with respect to such document or any other document, the subject matter thereof, or the information contained therein.  Nor shall inadvertent production or disclosure waive the right of Defendant to object to the use of any such document or the information contained therein during this or any subsequent related proceeding.

## STATEMENT REGARDING SCOPE OF PERMISSIBLE DISCOVERY

The Court has granted **limited** jurisdictional discovery. ECF No. 64.

Limited jurisdictional discovery concerns only the specific jurisdictional theories actually advanced by the Plaintiff. *Ciolli v. Iravani*, 625 F.Supp.2d 276 (E.D. Pa. 2009); (limiting jurisdictional discovery to "the only forms of jurisdiction over Defendants that Plaintiff has alleged."); *Jacobs v. Carnival Corp.*, 2010 WL 259392 (S.D.N.Y. 2010) (jurisdictional discovery limited to specific jurisdiction theory alleged in Complaint).

Limited jurisdictional discovery "should be **precisely focused** and aimed at addressing matters relating to jurisdiction.") *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 98 (S.D. Cal. 2005) (emphasis added); *L.M.I., Inc. v. House of Sobel*, 1979 WL 1668 (N.D. Cal. 1979) (approving Magistrate's order denying motion to compel as to "virtually all

interrogatories," since the interrogatories "do not appear designed to uncover jurisdictional facts'").

The proper scope of limited jurisdictional discovery does not extend beyond what is **necessary** to resolve a jurisdictional dispute. *Brady v. Grendene USA, Inc.*, 2012 WL 6086881 (S.D. Cal. 2012) (denying motion to compel: "Plaintiffs have failed to establish that the depositions are necessary under the facts of this case."); *see also City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040 (S.D.N.Y. 2004) (denying motion to compel: "[request] which seeks the 'accounting records, rent rolls or financial statements' of each mission . . . may be relevant to the calculation of the taxes due and owing should these cases reach the stage of merits discovery, [but] it clearly is not necessary in order to resolve the jurisdictional question before the Court."); *Cram v. Electronic Data Systems Corp.*, 2008 WL 16277 (S.D. Cal. 2008) ("The purpose of the expedited discovery responses was solely to resolve the parties' dispute over the likely minimum valuation of the Complaint claims for purposes of the remand motion, a purpose satisfied without the need for recourse to additional calculations under other of the Complaint theories.").

In addition, even if it seeks potentially relevant information or documents, limited jurisdictional discovery should be less burdensome that merits discovery. *Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288 (3rd Cir. 2004) ("The ascertainment of facts bearing on personal jurisdiction normally involves the least intrusive type of inquiries.") (*quoting Fishel v. BASF Group*, 175 F.R.D. 525, 529 (S.D. Iowa 1997)). Thus, detailed jurisdictional discovery is impermissible when it concerns issues more easily addressed by other discovery. *City of New York v. Permanent Mission of India to United Nations*, 2004 WL 2710040 (S.D.N.Y. 2004) (because Defendant's general interrogatory response addressed same issue "[s]uch detailed discovery plainly is beyond the scope of the limited jurisdictional discovery to which the City is entitled at this juncture."). And jurisdictional discovery will be denied when more efficient means exist for obtaining the information in question. *Brady*, 2012 WL 6086881 at * 2 ("the Court is not convinced the

1  sought-after depositions are appropriate, necessary, or the most efficient means of

2  ascertaining the facts concerning the relationship between Grendene USA and Grendene

3  S.A. Plaintiffs have failed to establish that the depositions are necessary under the facts of

4  this case.")

5      The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and

6  64.  Defendant will not provide discovery as to these entities. And many AMA Document

7  Requests and Interrogatories are completely irrelevant to the remaining jurisdictional issues,

8  are not necessary to resolve these issues, or are unduly burdensome, unnecessarily intrusive,

9  or represent an inefficient means of obtaining the information in question. Defendant objects

10  to all such discovery as stated below.

11

12                              **GENERAL OBJECTIONS**

13      The following general objections apply to the Instructions and Requests, and all have

14  the same force and effect as if fully set forth in the response to each request.

15      1.      Defendant objects to each Request and their accompanying Instruction to the

16  extent they seek discovery of information or documents protected by the attorney-client

17  privilege, the work product doctrine, or other applicable privileges and protections against

18  disclosures ("Privilege").  The inadvertent production of such information or documents is

19  not a waiver of any Privilege, immunity or protection. Defendant will not list on any

20  privilege log any item created in connection with this litigation, including any documents

21  created or dated after the filing date of the Complaint.

22      2.      Defendant objects to the Instructions to the extent they require Defendant to

23  provide information regarding any claim of privilege other than what is required under Rule

24  26(b)(5).  Defendant will describe the nature of the privileged documents in a manner that,

25  without revealing information itself privileged or protected, will enable Plaintiff to assess

26  the claim of privilege.

27      3.      Defendant objects to each Request and their accompanying Instructions to the

28  extent that they attempt to impose duties upon Defendant that are not provided for by the

Glaser Weil

1   Federal Rules of Civil Procedure, the Local Rules of the District Court of Arizona,

2   applicable court orders or stipulations, or agreements of the parties.

3       4.    Defendant objects to any Request that seeks documents beyond the scope

4   provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited

5   jurisdictional discovery.

6       5.    Defendant objects to each Request and their accompanying Instructions as

7   overly broad and unduly burdensome to the extent that they seek information that exceeds

8   the permissible scope of discovery and/or seek documents that are neither relevant nor

9   reasonably calculated to lead to the discovery of admissible evidence.

10       6.    Defendant further objects to each Request on the grounds that the burden and

11   expense of responding outweighs the likelihood that the information sought may lead to the

12   discovery of admissible evidence and the collection of this information is unreasonably or

13   unduly burdensome, given the needs of the case, the parties' resources, the importance of the

14   discovery in resolving the issues and the availability of alternative, less burdensome or

15   expensive means of obtaining the same or similar information.

16       7.    Defendant objects to each Request to the extent that it calls for the production

17   of information not kept by Defendant in the ordinary course of business.

18       8.    Defendant objects to each Request to the extent that it calls for documents not

19   reasonably available to, or documents not within the possession, custody or control of

20   Defendant.

21       9.    Defendant objects to each Request to the extent it seeks the production of

22   documents that Defendant is under an obligation to any third party not to disclose, including

23   information or documents that would require Defendant to breach a confidential contract,

24   protective order, settlement, or other duty to a third party to maintain confidentiality,

25   including relevant obligations under applicable laws, rules or regulations.

26       10.    Defendant objects to each Request to the extent it seeks production of

27   confidential information. To the extent Defendant agrees to produce confidential

28   information, it will do so only pursuant to a protective order entered in this action.

11.    To the extent that each Request call for the production of documents and things ahead of the schedule established by the Court, Defendant objects to such Requests as premature.

12.    Defendant objects to each Request to the extent the information sought is publicly available and/or equally available to Plaintiff and the burden of obtaining the responsive information is substantially the same for Plaintiff as it is for Defendant.

13.    Defendant objects to each Request to the extent it is unreasonably duplicative in nature, and designed to harass and increase costs, rather than reflect a good faith effort at seeking relevant evidence.

14.    Defendant objects to the Instructions to the extent they purport to require Defendant to respond on behalf of persons or entities other than Defendant.  For purpose of its responses, Defendant will interpret "You," "your," and "yourself" to refer only to Defendant Cyberweb Ltd.

15.    Defendant objects to the Instructions to the extent they require Defendant to provide information regarding responsive documents that have been destroyed or whhcih otherwise no longer exist.  Defendant will identify such documents, if any existed, to the extent it can.

16.    Defendant objects to the Instructions to the extent they require "a party or an officer of the party" to sign the responses.  Rule 34 does not impose such a requirement.

17.    Any statement herein agreeing to produce documents is not intended to be, and is not, an admission that any such documents exist.

18.    Defendant will produce documents after entry of a suitable protective order in this matter. To the extent Defendant agrees to produce responsive information, Defendant agrees to produce the information electronically (subject to reasonable security restrictions) and/or make the information available for inspection.

19.    Any agreement by Defendant to produce documents in Response to a Request is made subject to and without waiving these General Objections to any specific objection stated in the Request.

1268783

20.     Defendant reserves the right to amend and/or supplement these Responses.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all financial records of Cyberweb, Ltd. ("Cyberweb") and MXN, Ltd. (as Cyberweb is "formerly known as MXN, Ltd.") from January 1, 2013 to the present, including but not limited to: tax returns, bank account statements; e-wallet account statements (such as Paypal or Paxum); payroll records for all employees, consultants, independent contractors and/or anyone receiving compensation; monthly profit and loss statements; a balance sheet as of the date the lawsuit commenced as well as on January 1 from 2013 to 2016 (5 Balance Sheets total); credit card statements; all loan agreements and/or in the absence of any formal loan paperwork, documents establishing the identification of any loans, to whom the debt is owed, and under what terms; a copy of the purchase agreement between MXN and Cyberweb (or any other assignment or transfer of ownership/interest); a purchase agreement for the Porn.com domain; invoices related to any performance of any task related to Porn.com, including monies received and sent to Cyberweb (and/or its predecessor, MXN, Ltd.); records of payment to/from any persons who perform any type of work on behalf of Porn.com, including but not limited to, programming, design, uploading, management of any advertising on Porn.com, and/or the receipt and depositing of funds for Porn.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant

1268783

1    information, the parties' resources, the importance of the discovery in resolving this issue,

2    and to the extent the burden or expense of the proposed discovery outweighs the likely

3    benefit. Defendant will withhold documents on the basis of these objections.

4         Defendant objects to this Request as overly broad and unduly burdensome as to

5    seeking "all financial records."

6         Defendant objects to this Request to the extent it seeks documents beyond the scope

7    provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited

8    jurisdictional discovery. Defendant will withhold or redact documents on the basis of this

9    objection.

10        Defendant objects to this Request to the extent any disclosures are barred by

11   applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*,

12   959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether

13   or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*

14   *Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying

15   plaintiff's motion to compel discovery where plaintiff failed to show the information sought

16   was of particular importance and where plaintiff had alternative means of obtaining similar

17   information.)  Defendant will withhold or redact documents on the basis of this objection.

18        Defendant objects to this Request to the extent it seeks production of confidential

19   information. To the extent Defendant agrees to produce confidential information, it will do

20   so only pursuant to a protective order entered in this action.

21        Subject to and without waiving the foregoing objections, and subject to a suitable

22   protective order, Defendant will produce redacted Cyberweb bank account statements, e-

23   wallet account statements, income statements, balance sheets, and vendor invoices in its

24   possession, custody, or control.

25   **REQUEST FOR PRODUCTION NO. 2:**

26        Produce any and all contracts (direct or indirect) relating to the operation of

27   Porn.com. This should include any and all individuals and entities who perform tasks on

28   behalf of and/or for the benefit of Porn.com from January 1, 2013 to the present, including

8

1  U.S. vendors (such as, by way of example, Reflected Networks and other hosting providers;

2  Protranstech BV who uses Epoch for credit card processing of the Porn.com Premium area;

3  and, all named Defendants) and any document that makes any reference to David Koonar

4  personally (including documents containing his signature), as well as proof of payments

5  related to performance of these contracts with these entities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7      Defendant hereby incorporates all General Objections to its response to this Request

8  as if fully set forth herein.

9      The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and

10  64.  Defendant will not provide discovery as to these entities. Defendant further objects to

11  this Request to the extent it seeks documents neither relevant to the remaining jurisdictional

12  issues, not necessary to resolve such issues, duplicative of information provided by other

13  means of discovery, or not proportional to the needs of these issues, considering the

14  importance of these issues, the amount in controversy, the parties' relative access to relevant

15  information, the parties' resources, the importance of the discovery in resolving this issue,

16  and to the extent the burden or expense of the proposed discovery outweighs the likely

17  benefit. Defendant will withhold documents on the basis of these objections.

18      Defendant objects to this Request as overly broad, unduly burdensome, vague, or

19  ambiguous as to "all contracts (direct or indirect) relating to the operation of Porn.com" and

20  "any document that makes any reference to David Koonar personally."

21      Defendant objects to this Request to the extent it seeks documents beyond the scope

22  provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited

23  jurisdictional discovery. Defendant will withhold or redact documents on the basis of this

24  objection.

25      Defendant objects to this Request to the extent any disclosures are barred by

26  applicable foreign privacy laws.  *See e.g. Richmark Corp. v. Timber Falling Consultants*,

27  959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether

28  or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*

Glaser Weil

1268783

*Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.)

Defendant objects to this Request to the extent it seeks production of confidential information. To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Subject to and without waiving the foregoing objections, and subject to a suitable protective order, Defendant will produce redacted versions of all responsive, non-privileged contracts in its possession, custody, or control that specifically relate to the operation of Porn.com.

**REQUEST FOR PRODUCTION NO. 3:**

Produce copies of any and all communications to, from, or between Cyberweb and any named Defendant, including any Defendant's employees, directors, shareholders, executives, independent contractors, and/or any entity regarding the performance of any task in the operations of Porn.com, including but not limited to, design, programming, and uploading of content to Porn.com, payment of bills for services rendered to Porn.com, credit card processing for Porn.com (e.g., Protranstech BV), from Jan 1, 2013 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

Defendant objects to this Request to the extent it seeks documents subject to the attorney-client privilege, the work product doctrine, or other applicable privileges and protections against disclosure.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other

10

Glaser Weil

means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications . . . regarding the performance of any task in the operations of Porn.com."

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying plaintiff's motion to compel discovery where plaintiff failed to show the information sought was of particular importance and where plaintiff had alternative means of obtaining similar information.)

Defendant objects to this Request to the extent it seeks production of confidential information.  To the extent Defendant agrees to produce confidential information, it will do so only pursuant to a protective order entered in this action.

Subject to and without waiving the foregoing objections, and subject to a suitable protective order, Defendant will produce all responsive, non-privileged emails in its possession, custody, or control exchanged between Cyberweb and Netmedia or between Cyberweb and G.I.M. relating to the operation of Porn.com.

Glaser Weil

1268783

**REQUEST FOR PRODUCTION NO. 4:**

Produce copies of employment files, independent contractor agreements, consulting agreements, and/or any other documentation that outlines the roles, responsibilities, pay/compensation, proof of payroll and insurance information for any and all employees, independent contractors, consultants, and/or other laborer(s) of Cyberweb, whether full-time, part-time, seasonal, "shared," "pool," or other type of help.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant hereby incorporates all General Objections to its response to this Request as if fully set forth herein.

The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and 64. Defendant will not provide discovery as to these entities. Defendant further objects to this Request to the extent it seeks documents neither relevant to the remaining jurisdictional issues, not necessary to resolve such issues, duplicative of information provided by other means of discovery, or not proportional to the needs of these issues, considering the importance of these issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving this issue, and to the extent the burden or expense of the proposed discovery outweighs the likely benefit. Defendant will withhold documents on the basis of these objections.

Defendant objects to this Request as vague and ambiguous as to the terms "shared" and "pool[.]"

Defendant objects to this Request to the extent it seeks documents beyond the scope provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited jurisdictional discovery. Defendant will withhold or redact documents on the basis of this objection.

Defendant objects to this Request to the extent any disclosures are barred by applicable foreign privacy laws. *See e.g. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*

12

1     *Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying

2     plaintiff's motion to compel discovery where plaintiff failed to show the information sought

3     was of particular importance and where plaintiff had alternative means of obtaining similar

4     information.) Defendant will withhold or redact documents on the basis of this objection.

5           Defendant objects to this Request to the extent it seeks production of confidential

6     information.  To the extent Defendant agrees to produce confidential information, it will do

7     so only pursuant to a protective order entered in this action.

8           Subject to and without waiving the foregoing objections, and subject to a suitable

9     protective order, Defendant will produce redacted documents in its possession, custody, or

10    control stating the compensation of the Cyberweb independent contractors who provide

11    services relating to Porn.com.

12    **REQUEST FOR PRODUCTION NO. 5:**

13          Produce any and all corporate formation documents of Cyberweb, including any

14    Articles of Incorporation or Organization, Operating Agreements between the owners,

15    and/or the similar equivalent set of documents that establishes the shareholders, directors,

16    officers, and the roles of the operators of Cyberweb. This should include any amendments or

17    addenda.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

19          Defendant hereby incorporates all General Objections to its response to this Request

20    as if fully set forth herein.

21          Defendant objects to this Request to the extent it seeks documents subject the

22    attorney-client privilege, the work product doctrine, or other applicable privileges and

23    protections against disclosure.

24          The Court has already ruled on jurisdiction as to Sagan and GLP 5. ECF Nos. 69 and

25    64.  Defendant will not provide discovery as to these entities. Defendant further objects to

26    this Request to the extent it seeks documents neither relevant to the remaining jurisdictional

27    issues, not necessary to resolve such issues, duplicative of information provided by other

28    means of discovery, or not proportional to the needs of these issues, considering the

Glaser Weil

1   importance of these issues, the amount in controversy, the parties' relative access to relevant

2   information, the parties' resources, the importance of the discovery in resolving this issue,

3   and to the extent the burden or expense of the proposed discovery outweighs the likely

4   benefit. Defendant will withhold documents on the basis of these objections.

5       Defendant objects to this Request as vague and ambiguous as to the phrase

6   "Operating Agreements."

7       Defendant objects to this Request to the extent it seeks documents beyond the scope

8   provided in the Court's October 6, 2016 Order (Dkt. 64) solely permitting limited

9   jurisdictional discovery. Defendant will withhold or redact documents on the basis of these

10   objections.

11       Defendant objects to this Request to the extent any disclosures are barred by

12   applicable foreign privacy laws.  *See e.g. Richmark Corp. v. Timber Falling Consultants*,

13   959 F.2d 1468, 1474-75 (9th Cir. 1992) (courts balance several factors to determine whether

14   or not foreign statutes excuse noncompliance with discovery orders); *Campbell v. Facebook*

15   *Inc.*, No. 13CV05996PJHMEJ, 2015 WL 4463809, at *2 (N.D. Cal. July 21, 2015) (denying

16   plaintiff's motion to compel discovery where plaintiff failed to show the information sought

17   was of particular importance and where plaintiff had alternative means of obtaining similar

18   information.) Defendant will withhold or redact documents on the basis of these objections.

19       Defendant objects to this Request to the extent it seeks production of confidential

20   information.  To the extent Defendant agrees to produce confidential information, it will do

21   so only pursuant to a protective order entered in this action.

22       Subject to and without waiving the foregoing objections, Defendant will produce

23   redacted versions of Cyberweb formation documents in its possession, custody, or control

24   referencing the shareholders, directors, and officers of Cyberweb.

25

26

27

28

1    DATED: December 1, 2016          GLASER WEIL FINK HOWARD
2                                     AVCHEN & SHAPIRO LLP

3                                     By:  /s/ Erica J. Van Loon

4                                     ERICA J. VAN LOON
5                                     *Attorney for Defendants Cyberweb Ltd.,*
                                      *David Koonar, Sagan Limited, GLP 5, Inc.*
6                                     *and Netmedia Services Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1268783

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On December 1, 2016, I served the foregoing document(s) described as:

**DEFENDANT CYBERWEB LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on December 1, 2016, at Los Angeles, California.

/s/ Steven Basileo
Steven Basileo

1268783

1

## SERVICE LIST

2

Veronica L. Manolio
3
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
4
Scottsdale, Arizona 85258
5
(480) 222-9100
vmanolio@mf-firm.com
6

7     *Counsel for Plaintiff*
*AMA Multimedia LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glaser Weil

1268783