ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorney for Defendants Cyberweb Ltd., David Koonar,
Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>**ORAL ARGUMENT REQUESTED** |

# DECLARATION OF ERICA J. VAN LOON

I, Erica J. Van Loon, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am a Partner in the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP ("Glaser Weil"), attorney of record herein for Defendants Sagan Limited ("Sagan"), Cyberweb Ltd. ("Cyberweb"), Netmedia Services Inc. ("Netmedia"), GLP 5, Inc. ("GLP 5"), and David Koonar ("Koonar") (collectively "Defendants"). I make this declaration in support of Defendants' Motion for Attorneys' Fees and Expenses ("Motion"). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

## Statement of Consultation

2. On February 6, 2017, I requested a meet and confer with Veronica Manolio and Spencer Freeman, counsel for Plaintiff AMA Multimedia LLC to discuss Defendants' Motion. After personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to Defendants' motion.

## Fee Agreement

3. Attached hereto as Exhibit A is a true and correct copy of the engagement letter entered into by Glaser Weil and Defendants, showing their fee arrangement. It is a standard fee arrangement in which Glaser Weil is paid its customary hourly rates. It is not a contingency fee agreement.

## Background

4. The attorneys who have principally worked on this matter are Steven Basileo and myself, with the support of associates at Glaser Weil.

5. I am a partner at the 100-attorney Glaser Weil law firm, and Head of the Trademark, Copyright and Media Practice. I have been litigating intellectual property matters for over thirteen years. I was recently selected as one of ten attorneys nationwide in intellectual property litigation as a Law360 Rising Star. I have been repeatedly named a Southern California Super Lawyer in intellectual property litigation and have a Martindale-

Hubbell legal rating of AV.  Before joining Glaser Weil, I had my own law firm specializing in intellectual property litigation and before that practiced at the firm Quinn Emanuel Urquhart & Sullivan, LLP, a leading national law firm in intellectual property litigation.

6. I am lead counsel on this matter and was responsible for the overall strategy and defense of this case on behalf of Defendants.  I actively worked on and was responsible for all court filings in this matter.  I also advised Defendants, communicated with opposing counsel, attended hearings, attended depositions, and participated in settlement discussions.

7. Mr. Basileo is Of Counsel at Glaser Weil, and has more than twenty-five years of experience litigating high stakes intellectual property litigation disputes.  As lead trial counsel he has obtained aggregate awards in excess of $100,000,000, and has successfully defended claims seeking billions of dollars in damages.  Before joining Glaser Weil, Mr. Basileo litigated for many years at O'Melveny and Myers LLP, a leading national law firm.

8. Mr. Basileo was primarily responsible for researching, strategizing and drafting key motion papers.

9. Associates of the Glaser Weil law firm also worked on this case at the direction of Ms. Van Loon and Mr. Basileo.  Their primary responsibilities included performing research, drafting briefs, declarations, and other filings, preparing exhibits, and conducting discovery.

**Reasonableness of Rates**

10. The attorneys who worked on this matter and their hourly billing rates are as follows:

| Attorney | Title | Rates |
| --- | --- | --- |
| Erica Van Loon | Partner | $630.00 |
| Steven Basileo | Of Counsel | $650.00 |
| Christopher Dugger | Associate | $425.00 |
| Dan Liu | Associate | $370.00 |
| Nick Huskins | Associate | $350.00 |
| Brittany Elias | Associate | $320.00 |

11. Based on my litigation experience and my knowledge of the legal market in which my firm and I compete, I am familiar with the billing rates charged by similarly ranked law firms in Los Angles for intellectual property litigation services performed by partners, of counsel, and associates at all levels.

12. The hourly rates charged by Defendants' counsel are the standard billing rates that we charge clients for the type of work at issue in this matter.  These rates are customary, if not below market, for similarly-credentialed intellectual property litigators at comparable law firms.

**Reasonableness of Time Spent And Expenses Incurred**

13. The amount Defendants seek ($858,589) in their Motion is net of two types of deductions.

14. First, as of December 31, 2016, my firm logged time entries and incurred expenses totaling $1,021,175.91 in connection with this matter. In the exercise of billing judgment, I wrote off $88,195 in fees relating to work that I deemed inefficient or duplicative.

15. Second, in calculating the amount Defendants seek in this motion ($858,589), I have further deducted $74,390 in fees to account for time entries that Defendants redacted on the basis of work product immunity or omitted entirely from their submission to the Court.

16. Glaser Weil took additional steps to ensure that its billed fees have been reasonable in this matter.  For example, attorneys with less experience were assigned tasks such as legal research, discovery, and preparing initial drafts of documents

17. Defendants have paid all fees and expenses due under the fee agreement for invoices through November 30, 2016. Payment on the December 2016 invoice (totaling $184,453) is not yet due, and subsequent fees incurred have not yet been invoiced to Defendants.

18. In its First Amended Complaint, AMA purported to seek statutory damages of

3
VAN LOON DECLARATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES

1304860

$150,000 each for 110 allegedly separate and distinct acts of copyright infringement based on the posting of full-length videos, along with an unspecified number of alleged additional acts of copyright infringement relating to banner advertisements. ECF No. 16 at ¶¶ 78, 98. AMA also purported to seek transfer to AMA of the very valuable Porn.com domain name and any similar domain names. *Id*. at Prayer For Relief, ¶ B.  In total, the amount in controversy was in excess of $25 million.

19. Attached hereto as Exhibit B is a summary of attorneys' fees and expenses incurred by Defendants from April 2016 to December 2016. As noted above, Defendants seek 858,589 in fees and expenses.

20. Attached hereto as Exhibit C is a redacted version of the itemized statement of the legal services at issue in this Motion. The information regarding date, biller, hours invoice, amount invoiced, and description of the itemized statement was directly exported from Glaser Weil's billing software and accurately reflects the invoices sent to Defendants. I have reviewed and approved the time and charges set forth in the task-based itemized statement. For the reasons set forth at length in Defendants' concurrently-filed Memorandum In Support Of Defendants' Motion For Attorneys' Fees And Expenses at 7-11, I believe the time spent and expenses incurred were reasonable and necessary under the circumstances.

### Calculation Of Overall Requested Fees And Expenses

21. As noted above, attached hereto as Exhibit C is a redacted version of the itemized statement of the legal services at issue in this Motion. As discussed in Par. 15, above, to calculate the overall attorneys' fees requested in this Motion, I deducted $74,390 in fees to account for time entries that Defendants redacted on the basis of work product immunity or omitted entirely from their submission to the Court.

22. In order to make such deductions in time entries involving multiple tasks, I applied the following general assumptions: (1) a biller spent an equal amount of time for each task performed in a given time entry; (2) if only part of a task was directed toward Relevant Work (i.e., work for which Defendants seek fees), the biller spent an equal amount

4
VAN LOON DECLARATION IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES

1304860

of time for each part performed in the task. However, a few time entries contained multiple levels of mixed descriptions and I conservatively estimated the portions based on good faith judgment of the work performed.

23. Based on these assumptions, I calculated a Deduction Factor for each task for which Defendants do not seek recovery. I multiplied the amount billed for the overall billing entry in question by the Deduction Factor, and deducted the product from the overall amount of fees ($920,815) invoiced to Defendants. The Deduction factor for each time entry is set forth in the sixth Column of Exhibit C.  Pursuant to this adjustment, Defendants seek $846,423 in overall attorneys' fees, based on a total of 1559 hours worked. This represents a blended rate of approximately $543 per hour.

**Calculation Of Subcategories**

24. To aid the Court in its analysis, I also calculated the fees relating to the following four subcategories.

Briefing on Jurisdictional Issues

- Netmedia and GLP 5's Opening and Reply Briefs (ECF Nos. 27, 44)
- Sagan's Opening and Reply Briefs (ECF Nos. 42, 60)
- Koonar's Opening and Reply Briefs (ECF Nos. 49, 75)
- Cyberweb's Opening and Reply Briefs (ECF Nos. 70, 101)
- Briefing re AMA's requests for jurisdictional discovery (ECF Nos. 47, 71)
- Supplemental Briefing re Personal Jurisdiction (ECF No. 124)
- Request for Judicial Notice (ECF Nos. 55)

AMA's Jurisdictional Discovery

- Responses to written discovery
- Preparing for and defending depositions re jurisdictional discovery
- Document production

Forum Selection Clause Issue

- Netmedia and GLP 5's Reply Brief (ECF No. 44)
- Sagan' Reply Brief (ECF No. 60)

- Koonar's Opening and Reply Briefs (ECF Nos. 49, 74)
- Cyberweb's Opening and Reply Briefs (ECF Nos. 70, 100)
- Defendants' Response to Sur-Reply (ECF No. 83)
- Defendants' Response to Default Motion (ECF No. 85)
- Defendants' Response to Motion to Strike (ECF No. 88)

<u>Stay Issue</u>

- Netmedia and GLP 5's Opening and Reply Briefs (ECF Nos. 27, 45)
- Sagan's Opening and Reply Briefs (ECF Nos. 42, 61)
- Koonar's Opening and Reply Briefs (ECF Nos. 49, 72)
- Cyberweb's Opening and Reply Briefs (ECF Nos. 70, 101)

25. The factors for each time of these categories, as reflected in the Itemized Statement, are as follows:

| Work directed to | Factor |
| --- | --- |
| Not relevant to this Motion | Deduction Factor |
| briefing on jurisdictional issues | Jx. Brief. Factor |
| jurisdictional discovery | Jx. Disc. Factor |
| the Forum Selection Clause | FSC Factor |
| the Stay Motions | Stay Factor |

26. The fee amounts for these subcategories are as follows: $119,006, based on 216 billable, hours concerning the stay issue, $127,585, based on 215 billable hours, concerning the forum selection clause issue, $263,095, based on 478 billable hours, concerning the personal jurisdiction issue, and $244,303, based on 458 billable hours, concerning jurisdictional discovery.

27. Attached hereto as Exhibit D is an itemized statement and copies of vender invoices and receipts for expenses incurred by Defendants. Defendants have incurred a total of $12,166 in expenses from April to December 2016, approximately 1.4% of the total attorneys' fees. Based on my experience, this is a reasonable amount of expenses for a matter of this scope and complexity.

28. Glaser Weil's fee agreement (Exhibit A) is proprietary and contains sensitive business information, such as billing practice and scope of services. Likewise, the itemized task statement (Exhibit C) contains sensitive and proprietary business information regarding specific time entries and billing rates for work performed on this matter.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on February 9, 2017 at Los Angeles, California.

/s/ Erica J. Van Loon
Erica J. Van Loon
