ERICA J. VAN LOON - (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*
*Cyberweb Ltd., David Koonar,*
*Sagan Limited, GLP 5, Inc. and*
*Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' MOTION TO FILE UNDER SEAL EXHIBITS A, C TO THE DECLARATION OF ERICA VAN LOON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

Pursuant to Local Rule of Civil Procedure 5.6, counsel for Defendants Sagan Limited, Cyberweb Ltd., Netmedia Services Inc., GLP 5, Inc., and David Koonar (collectively, "Defendants") hereby move to file documents under seal ("Under Seal Documents") relating to Defendants' Motion for Attorneys' Fees and Expenses ("Motion"), as listed below:

1.   Exhibit A to the Declaration of Erica J. Van Loon ("Van Loon Declaration"), which is a true and correct copy of the engagement letter entered into between the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP ("Glaser Weil") and Defendants for services rendered in connection with this lawsuit.

2.   Exhibit C to Van Loon Declaration, which is a true and correct copy of the redacted itemized statement for legal services rendered by Glaser Weil in connection with this lawsuit.  Descriptions of work not relevant to this Motion, i.e. fees not being sought in connection with this Motion, have been redacted.

"Two standards generally govern requests to seal documents." *TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083, 2014 WL 880408, at *2 (D. Ariz. Mar. 6, 2014).  "First, a "compelling reasons" standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (internal citations omitted).  Second, the "'good cause' standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies" to discovery materials unearthed during discovery because they are not part of the judicial records. *TSI Inc.*, 2014 WL 880408, at *2 (internal citations omitted).

Defendants' request to seal meets the higher "compelling reasons" standard.  "Under the compelling reasons standard, the Court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 946 (D. Ariz. 2013) (internal quotations omitted).  "Relevant factors include

1  the public interest in understanding the judicial process and whether disclosure of the
2  material could result in improper use of the material for scandalous or libelous purposes or
3  infringement upon trade secrets." *Id.*

4      Glaser Weil's fee agreement is proprietary and contains sensitive business
5  information, such as billing practice and scope of services. Van Loon Declaration, ¶ 28.
6  Disclosure of such information would hardly assist the public in understanding the judicial
7  process as the key issue before the Court is the extent to which Defendants are entitled to
8  recover reasonable attorneys' fees and expenses pursuant to Section 10.5 of the Content
9  Revenue Share Agreement.

10     Likewise, the itemized statement contains sensitive and proprietary business
11 information regarding specific time entries and billing rates for work performed on this
12 matter. Van Loon Declaration, ¶ 28. To assist the Court in assessing an award of fees and
13 expenses, it is necessary to reveal such information to the Court and opposing counsel.
14 Defendants have concurrently filed the Van Loon Declaration, which provides sufficient
15 information to assist the public in understanding the judicial process.

16     On balance, the relevant factors weigh in favor of granting Defendants' request to file
17 under seal.

18     A public version of the Under Seal Documents is concurrently filed in the public
19 record. An under seal version of the Under Seal Documents is also concurrently lodged
20 electronically via the CM/ECF filing system under the "Sealed Lodged Proposed
21 Documents" category.

22

23 DATED: February 9, 2017        GLASER WEIL FINK HOWARD
                                                    AVCHEN & SHAPIRO LLP
24

25
                                           By: /s/ Erica J. Van Loon
26                                        ERICA J. VAN LOON
                                       STEVEN BASILEO
27                                        *Attorneys for Defendants*
                                       *Cyberweb Ltd., David Koonar,*
28                                        *Sagan Limited, GLP 5, Inc. and*

*Netmedia Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2017, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing. Copies will be transmitted via CM/ECF and email to the following recipients:

Veronica L. Manolio
Manolio & Firestone, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
vmanolio@mf-firm.com

Spencer Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Ave. S.
Tacoma, Washington 98402
sfreeman@freemanlawfirm.org

By: /s/ Erica J. Van Loon
　　　Erica J. Van Loon