LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company, | Case No. CV-16-1269-PHX-DGC |
| Plaintiff, | **PLAINTIFF AMA MULTIMEDIA, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO FILE SUPPLEMENTAL BRIEFING RE: PERSONAL JURISDICTION UNDER SEAL** |
| v. | |
| Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,* | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff, AMA Multimedia, LLC ("AMA") respectfully objects to Defendants' Motion to File Defendants' Supplemental Briefing re: Personal Jurisdiction Under Seal (Dkt. 131) and asks that the supplemental briefing be filed as public for these reasons:

1.)    Defendants grossly **over** designated items as "Confidential" and "Highly Confidential – Attorney's Eyes Only" without any legal authority to justify designations they made, only to keep AMA from viewing information or attending depositions; and

2.)     There was absolutely **nothing** trade secret provided and only very minimal financial information provided by Defendants (mostly in redacted format), so there is no good faith basis for Defendants to seek filing everything "under seal" in this Court.

AMA has clearly conceded those items that are "confidential" and differentiates those items that were merely *marked* as either "Confidential" or "Highly Confidential." But the overall supplemental proceedings should be made fully public so that matters can be viewed by Bahamian counsel to adequately prepare this case to move forward there.[1]

For each of the reasons described below, there is no justification for the Court to allow Defendants' supplemental jurisdiction briefing to be blanketly filed "under seal."

## II.     SPECIFIC DESIGNATIONS/FACTUAL DISCUSSION

### *Defendants' Supplemental Briefing – Dkt. 124*

Defendants have blanketly argued that "portions" of their briefing contains "Highly Confidential" information without specifying one single bit of information that should be justifiably kept as "Attorneys' Eyes Only."  Instead, Defendants redact things such as:

a.     the percentage of hours Netmedia devotes to work on Porn.com;

b.     the name of a 50% owner of Cyberweb;

c.     what day-to-day tasks Netmedia performs for Porn.com;

d.     how Cyberweb compensates Netmedia for its services; and

e.     how much money (generally) Cyberweb has paid Netmedia.

---

[1] AMA does not request that its own supplemental briefing be sealed and had agreed to seek an "under seal" designation only for Defendants' benefit (to avoid any suggestion that AMA was somehow breaching the Protective Order).  By the fact that this Court declined to grant the filing of AMA's supplemental briefing on jurisdiction under seal, AMA believes that it has followed the Protective Order and that it would be Defendants' responsibility to prove that the supplemental briefing is to be sealed.  AMA does not intend to take any additional steps and does not believe it is required to do so.

None of the items that are redacted constitute trade secret information, proprietary information, or information that would harm Defendants' businesses whatsoever. Certainly, none of the redacted items create a "risk of irreparable harm" to Defendants, which is the only reason Defendants should have designated them "Highly Confidential – Attorneys' Eyes Only Material" in the first instance.  (Dkt. 122, ¶5).

There is no legitimate or justifiable reason that Dkt. 124 should be permitted to be filed under seal.  At most, Defendants should be limited to filing the redacted version.

### ***Kristen Richardson Declaration/Deposition***

Defendants claim that it is "Highly Confidential" and "Attorneys' Eyes Only" to explain how GIM compensation to Netmedia under its technical services agreement is an "offset" in collections/payments, as well as Defendants' claim that a full amount of payments made for services is protected.  Once again, Defendants do not explain how this information is "trade secret" or how it would create "serious risk of irreparable harm" to the Defendants if disclosed.  Defendants merely assert that because they designated the material as "Highly Confidential," this Court must permit it to remain under seal.

Defendants' failure to explain the right to protection means there is no "compelling reason" to protect the information.  Although Defendants cite to the analysis employed by this Court in *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F.Supp.2d 928, 946 (D. Ariz. 2013), they fail to actually use the analysis here. Defendants have failed to show that the information of what was paid by GIM to Netmedia translates to this industry in any meaningful way.  There is not even any suggestion that GIM's alleged "payments" to Netmedia is "trade secret" or that it could be used by a competitor to harm Porn.com or its business.

The reason for the lack of analysis is simple:  There is no justification to "seal" the record; Defendants simply own a bunch of shell companies and shuffle funds between their own internal entities.

### *Exhibit A to Bradbury Declaration – Dkt. 124-3*

Defendants claim that an Invoice from Netmedia to GIM Corp. is "Highly Confidential" and "Attorney's Eyes Only," when it does nothing more than purport to show that one Koonar entity charges another Koonar entity for services rendered on Porn.com.   The Invoices marked "Highly Confidential" do not contain account information, description(s) of work/services rendered, or any type of trade secret information that would make the information "truly trade secret" and qualifying for a "Highly Confidential" designation.

It is clear that Dkt. 124-3 was marked as "Highly Confidential" in an overly-broad manner, and Defendants cannot articulate any justification for this invoice to be sealed.

### *Exhibit C to Bradbury Declaration – Dkt. 124-3*

Defendants designated their Responses to First Set of Non-Uniform Interrogatories to Netmedia Services, Inc. as "Highly Confidential – Attorneys' Eyes Only" and ask this Court to seal them here, yet: a) the Responses contain no real information anyway (they are largely all objections); b) there is nothing "truly trade secret" in the information provided.

The Responses to Interrogatories on Netmedia Services are a far cry from a permissible "Highly Confidential" designation, and this Court should not allow this exhibit to be filed under seal.

### *Exhibit D to Bradbury's Declaration – Bradbury Deposition Pages*

Next, Defendants seek to file "under seal" less than 10 pages of Mr. Bradbury's deposition, which contain absolutely nothing that is trade secret, proprietary or financial. Within these limited pages, there is nothing specific to business operations, there is no financial information, nor do the pages contain anything that could harm Defendants' business.   This was again, an overly-broad "Highly Confidential" designation so that AMA was prohibited from having a company representative present during deposition.

### *Exhibit C to David Koonar's Declaration – Dkt. 124-5*

This exhibit contains roughly 10 pages of Mr. Koonar's deposition transcript which, again, was marked "Highly Confidential" by defense counsel, forcing AMA out of the room during the deposition of Mr. Koonar, as well as not allowing AMA to work with its counsel on the supplemental briefing. Despite the over-broad designation by counsel, there is no discussion of any "truly trade secret" information in this exhibit.

Defendants are not entitled to have these pages filed under seal when, at best, the deposition discussed Mr. Koonar's ownership interest in the various Porn.com entities. Nothing in these pages puts Defendants at "serious risk of irreparable harm" nor even discusses finances, trade secret information, or business operations or strategy. Defendants offer no explanation or justification for how these pages qualify to be sealed.

### *Exhibit A to the Declaration of Kristen Richardson – Dkt. 124-7*

This exhibit contains roughly 8 pages of Mr. Richardson's depositions, where he briefly discusses his role(s) with Porn.com and/or what the relationship is between Cyberweb/Porn.com and GIM Corp. under the technical services agreement.  This is not a "Highly Confidential" or trade secret discussion or deposition, but only another way that Defendants were able to keep AMA from attending a defense deposition (and prohibiting AMA from assisting its Counsel on the supplemental briefing).

Defendants have not demonstrated anything within Mr. Richardson's deposition pages that is actually trade secret, financial, proprietary nor that could be covered by the blanket designation of "Highly Confidential."  Nothing qualifies to be kept "under seal."

### *Exhibits B, D-F to the Declaration of Kristen Richardson – Dkts. 124-7, 124-8*

AMA does not dispute that Exhibits B, D & E to Mr. Richardson's Declaration contain information that can be deemed "Confidential" and can be filed "under seal." Because these documents contain internal emails, bank statements, and customer/client invoices, **these are the only exhibits AMA does not object can be filed under seal.**

1

***Exhibit C to the Declaration of Kristen Richardson – Dkt. 124-8***

2   Exhibit C is Cyberweb, Inc.'s Objections and Responses to AMA's First Set of

3   Non-Uniform Interrogatories and contains no information that would harm Cyberweb.

4   Cyberweb mostly objected to AMA's questions, failing to provide any real information

5   or answers.  There is nothing that is "truly trade secret" contained in the answers and,

6   therefore, nothing this Court should seal.  Defendants offer absolutely no explanation of

7   what is "trade secret," what is harmful, or what is subject to protection.  Once again,

8   Defendants merely state that because they falsely *marked* information with designations

9   of "Confidential" or "Highly Confidential" that this Court should give them protections

10   to which they are not entitled.

11

12   **III.   CONCLUSION**

13   For the reasons stated herein, AMA respectfully asks this Court to deny

14   Defendants' Request to file its Supplemental Briefing on Jurisdiction "Under Seal."  The

15   material is not truly confidential or trade secret and does not qualify to be sealed by law.

16   The prior Dkt. 124 should be filed publicly, not sealed.  Likewise, Dkts. 124-1, 124-2,

17   124-3, 124-4, 124-5, 124-6, 124-9, 124-10, 124-11, and 124-12 should all be publicly

18   available.  The ***only*** items that should be filed under seal are ***Exhibits B, D-F to the***

19   ***Declaration of Kristen Richardson***, which are portions of Dkts. 124-7, 124-8.

20   (However, Exhibit A is a portion of Dkt. 124-7 that should remain unsealed).

21   DATED this 16th day of February, 2017.

22   **MANOLIO & FIRESTONE, PLC**

23

24   By:   /s/ Veronica L. Manolio
     Veronica L. Manolio
25   8686 E. San Alberto Dr., Suite 200
     Scottsdale, Arizona 85258
26   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2017, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing.  Copies will be transmitted via CM/ECF to the following recipients:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants*

Valentin Gurvits
Boston Law Group, PC
825 Beacon St.
Newton Centre, MA 02459
vgurvits@bostonlawgroup.com
*Attorneys for Defendants*

Steven Basileo
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
sbasileo@glaserweil.com
*Attorneys for Defendants*

Spencer Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Ave. S.
Tacoma, WA 98402
sfreeman@freemanlawfirm.org
*Attorneys for Plaintiff (pro hac vice)*


By:  ___/s/ Gina Murphy_____