1   ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
    evanloon@glaserweil.com
2   STEVEN BASILEO – (admitted *Pro Hac Vice*)
    sbasileo@glaserweil.com
3   GLASER WEIL FINK HOWARD
       AVCHEN & SHAPIRO LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone: (310) 553-3000
    Facsimile:  (310) 556-2920
6
    *Attorneys for Defendants*
7   *Cyberweb Ltd., David Koonar,*
    *Sagan Limited, GLP 5, Inc. and*
8   *Netmedia Services Inc.*

9                          UNITED STATES DISTRICT COURT

10                              DISTRICT OF ARIZONA

11

12   AMA MULTIMEDIA LLC, a Nevada          CASE NO.: CV16-1269 PHX DGC
     limited liability company,
13                                          Hon. David G. Campbell
                        Plaintiff,
14                                          **DEFENDANTS' REPLY IN SUPPORT**
     v.                                     **OF DEFENDANTS' MOTION TO**
15                                          **FILE DEFENDANTS'**
     SAGAN LIMITED, a Republic of           **SUPPLEMENTAL BRIEFING RE**
16   Seychelles company, individually and d/b/a   **PERSONAL JURISDICTION UNDER**
     PORN.COM; CYBERWEB LTD., formerly     **SEAL**
17   MXN LTD., a Barbados Company,
     individually and d/b/a PORN.COM;
18   NETMEDIA SERVICES INC., a Canadian
     Company, individually and d/b/a
19   PORN.COM; GLP 5, Inc., a Michigan
     Company individually and d/b/a
20   Trafficforce.com; DAVID KOONAR, an
     individual; and John Does 1-20,
21
                        Defendants.
22

23

24

25

26

27

28

1309269

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. AMA's Opposition Should Be Stricken Because It Is Untimely .................. 2

    B. AMA Provides No Valid Justification For Unsealing These Materials ........ 3

        1. AMA Already Consented To File Defendants' Materials Under Seal ........................................................................................... 3

        2. AMA Admits This Information Should Be Filed Under Seal ........... 3

        3. AMA's Only Argument Is A Complete Red Herring ....................... 4

        4. AMA Ignores The Applicable Sealing Standards ............................ 4

    C. Portions Of AMA's Supplemental Briefing Must Also Be Filed Under Seal ............................................................................................... 6

        1. AMA Already Admitted The Need To File Under Seal .................. 6

        2. Good Cause And Compelling Reasons Exist To File Portions Of AMA's Supplemental Briefing Under Seal ...................................... 6

            a. Exhibits A-C .......................................................................... 7

            b. Exhibit H ............................................................................... 9

            c. Exhibits E-G and J................................................................. 9

            d. Exhibits K-L ........................................................................ 10

            e. Exhibits I and O ................................................................... 11

III. CONCLUSION ................................................................................................. 11

Glaser Weil

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*AFL Telecomms. LLC v. SurplusEQ.com Inc.,*
  946 F. Supp. 2d 928 (D. Ariz. 2013) ...................................................................................4

*Bean v. Pearson Educ., Inc.,*
  2012 WL 2929631 (D. Ariz. July 18, 2012) ........................................................................5

*Best W. Intern., Inc. v. Furber,*
  2007 WL 3274139 (D. Ariz. Nov. 2, 2007) .........................................................................8

*Cherry v. Clark Cnty. Sch. Dist.,*
  2013 WL 3944285 (D. Nev. July 22, 2013) ......................................................................5, 7

*Ellsworth on Behalf of Gen. Public. v. U.S. Bank., N.A.,*
  2013 WL 5718559 (N.D. Cal. Oct. 18, 2013) ......................................................................9

*Gray Line Co. v. Goodyear Tire & Rubber Co.,*
  280 F.2d 294 (9th Cir. 1960) .............................................................................................3, 6

*Hart v. U.S. Bank NA,*
  2013 WL 5965637 (D. Ariz. Nov. 8, 2013) .............................................................8, 10, 11

*Hassel v. Holt,*
  371 F.2d 543 (3d Cir. 1967) ..............................................................................................3, 6

*In re Elec. Arts,*
  298 F. App'x 568 (9th Cir. 2008) ........................................................................5, 9, 10, 11

*Kamakana v. City and Cnty. of Honolulu,*
  447 F. 3d 1172 (9th Cir. 2006) ..........................................................................................2, 6

*Lane v. Wells Fargo Bank, N.A.,*
  2013 WL 2627487 (N.D. Cal. June 11, 2013) .........................................................8, 10, 11

*MMI Inc. v. Baja, Inc.,*
  743 F. Supp. 2d 1101 (D. Ariz. 2010) .................................................................................9

*Mosley v. MeriStar Mgmt. Co., LLC,*
  137 F. App'x 248 (11th Cir. 2005) .......................................................................................3

*Nixon v. Warner Commc'ns, Inc.,*
  435 U.S. 589 (1978).............................................................................................................5

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,*
  307 F.3d 1206 (9th Cir. 2002) .............................................................................................7

*Pintos v. Pac. Creditors Ass'n,*
  605 F.3d 665 (9th Cir. 2009) ...............................................................................................7

*TSI Inc. v. Azbil BioVigilant Inc.,*
  2014 WL 880408 (D. Ariz. Mar. 6, 2014) ...........................................................................7

DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING
RE PERSONAL JURISDICTION UNDER SEAL

1309269

*Young v. Sierra Pac. Power Co.,*
   2011 WL 4346562 (D. Nev. Sept. 14, 2011)................................................................2

*Zest IP Holdings, LLC v. Implant Direct Mfg.,*
   *LLC,* 2014 WL 129072 (S.D. Cal. Jan. 14, 2014) ..............................................10

## **RULE**

Rules of Practice of the U.S. District Court
   for the District of Arizona ("Local Rules") 7.2(c)................................................2

**Glaser Weil**

DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING
RE PERSONAL JURISDICTION UNDER SEAL

1309269

I.      **INTRODUCTION**

AMA's Opposition is a true *tour de force* of meritless arguments.

First, AMA's Opposition is untimely. It was filed two days late.

Second, AMA has already stipulated that these documents could properly be filed under seal. ECF No. 123. That is a binding judicial admission.

Third, AMA's positions are internally inconsistent. AMA agrees that certain documents are properly sealed (emails showing Defendants' day-to-day activities, banking records, and vendor invoices), but opposes sealing of other documents containing the exact same types information.

Fourth, AMA applies the incorrect standard. AMA repeatedly argues that the materials at issue do not contain trade secrets and are not properly designated as "Highly Confidential" under the Protective Order. But materials need not contain trade secrets or be "Highly Confidential" in order to be sealed. They merely need to satisfy the "good cause" or "compelling reason" standards set forth in Defendants' motion. And AMA ignores the fact that the subject information regarding Defendants' internal business operations are properly sealed under these tests because they are sensitive and confidential, and of no interest to the general public. In fact, these materials would provide the general public with no insight as to any Court ruling, because the Court did not rule on the jurisdictional motions to which these materials relate. AMA does not argue to the contrary.

Fifth, even if the public had an interest in disclosure (which it does not), sealing is required because AMA itself concedes that disclosure will harm Defendants. Specifically, AMA asks the Court to allow these materials to "be viewed by Bahamian [sic] counsel to adequately prepare this case to move forward there." ECF 137 ("Oppo.") at 2.[1] AMA apparently believes that disclosure of these materials will provide it with a litigation advantage over Defendants. This is sufficient by itself to support granting the instant motion. Further, AMA seeks to use these materials for an improper purpose. AMA violated the CPA

---

[1] An action involving some of these parties is pending in Barbados, not the Bahamas.

DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING
RE PERSONAL JURISDICTION UNDER SEAL

1309269

by filing its action in Arizona. It now readily admits that it wants to use information it improperly obtained in a case it never should have brought in Arizona, against Defendants in another jurisdiction. AMA should not be rewarded for violating the forum selection clause by giving its Barbadian counsel access to materials it would not have obtained had it honored the forum selection clause. Accordingly, sealing is required. *Kamakana v. City and Cnty. of Honolulu*, 447 F. 3d 1172, 1197 (9th Cir. 2006) ("compelling reasons sufficient to outweigh the public's interest in disclosure and justifying sealing court records exists where such court files might have become a vehicle for improper purposes").

And to top things off, AMA ***in a footnote*** requests that it be permitted to file its own supplemental jurisdictional brief and supporting materials unsealed, thus publicly disclosing Defendants' confidential materials contained therein. Oppo. at 2, fn. 1. This is obviously improper. Under the Protective Order, AMA is prohibited from disclosing designated materials to the public. ECF No. 122 at VIII. If AMA wishes to contest Defendants' designations it can do so, but only in its own properly noticed motion. *Id.* at XII. Further, as discussed in detail below, certain portions of AMA's supplemental briefing and supporting materials are clearly privileged, proprietary, or confidential, and should be filed under seal.

For these reasons, the Court should grant Defendants' motion in its entirety.

## II.   ARGUMENT

### A.   AMA's Opposition Should Be Stricken Because It Is Untimely

Pursuant to Local Rule 7.2(c), AMA had "fourteen (14) days after service … within which to serve and file a responsive memorandum." Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules") 7.2(c). Thus, AMA's deadline to file its opposition was February 14, 2017. But AMA failed to file its opposition until February 16, two days after the deadline, and AMA offers no explanation as to why its papers are late.

Courts routinely strike untimely oppositions. *See, e.g., Young v. Sierra Pac. Power Co.,* 2011 WL 4346562, at *2 (D. Nev. Sept. 14, 2011) (granting motion to strike Plaintiff's opposition/counter-motion and declaration because it was filed two days late without any "explanation for the late filing, or showing of excusable neglect"); *Mosley v. MeriStar*

Glaser Weil

*Mgmt. Co., LLC,* 137 F. App'x 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking opposition to motion for summary judgment which was filed four days late and contained no request for enlargement or explanation for untimeliness). AMA's Opposition should be stricken as untimely and Defendants' motion to seal portions of its and AMA's supplemental briefing should be granted.

    **B.**    <u>**AMA Provides No Valid Justification For Unsealing These Materials**</u>

        **1.**    <u>**AMA Already Consented To File Defendants' Materials Under Seal**</u>

AMA already consented to filing these exact documents under seal. Oppo. at 2 fn. 1. Indeed, AMA drafted and entered a Joint Stipulation to File Defendants' Supplemental Briefing Re Personal Jurisdiction Under Seal (ECF No. 123) and agreed that "[i]n order to shield the designated materials and to abide by the Protective Order." *Id.* at ¶ 3. Accordingly, AMA has waived its right to now oppose sealing these same materials. *Hassel v. Holt,* 371 F.2d 543 (3d Cir. 1967) (holding a party cannot complain to a court's overruling of the parties' objection, where the objecting party had earlier stipulated to not object). Further, AMA's stipulation is a binding judicial admission that these materials are properly sealed. *Gray Line Co. v. Goodyear Tire & Rubber Co.*, 280 F.2d 294, 298 (9th Cir. 1960) ("This stipulation is binding upon Goodyear as a judicial admission.")

        **2.**    <u>**AMA Admits This Information Should Be Filed Under Seal**</u>

In its Opposition, AMA agrees certain confidential business record documents of Defendants are properly sealed, but opposes sealing others containing identical information.

For example, AMA agrees that dozens of vendor invoices contained in Exhibit D to the Richardson Declaration are properly sealed. Oppo. at 5 (these documents "contain information that can be deemed 'Confidential' and can be filed 'under seal'"). However, AMA inexplicably opposes the sealed filing of a vendor invoice from Netmedia to GIM Corp. Oppo. at 4. Similarly, AMA agrees that Cyberweb's internal emails discussing its day-to-day activities (*see* Exhibit B to the Richardson Declaration) are properly sealed. Oppo. at 5. However, AMA inexplicably opposes the sealed filing of Interrogatory Responses discussing Cyberweb's day-to-day activities (along with its vendors and its confidential

3

Glaser Weil

1   ownership structure). Oppo. at 6; *See* Ex. C to Richardson Declaration at 13-16.

2       All of the materials Defendants seek to file are confidential and provide detailed

3   information concerning the operations of Defendants. AMA has not, and indeed cannot,

4   provide any principled reason why some of these materials should be sealed and others not.

5               **3.    AMA's Only Argument Is A Complete Red Herring**

6       AMA repeatedly argues that the materials should not be filed under seal because they

7   do not contain trade secrets and thus are supposedly not properly designated "Highly

8   Confidential." AMA repeats this argument *ad nauseum,* but it is an obvious red herring.[2]

9   Materials do not need to contain trade secrets or be "Highly Confidential" in order to be

10  sealed. They merely need to satisfy the "good cause" or "compelling reason" standards. ECF

11  No. 131 ("Motion") at 3-4 (discussing applicable standards).

12              **4.    AMA Ignores The Applicable Sealing Standards**

13      AMA's brief also completely ignores the applicable sealing standards set forth in

14  Defendants' motion, and for an obvious reason. Sealing is proper here even under the

15  stringent "compelling reason" standard. *AFL Telecomms. LLC v. SurplusEQ.com Inc.*, 946

16  F. Supp. 2d 928, 946 (D. Ariz. 2013) (internal quotations omitted) ("Relevant factors include

17  the public interest in understanding the judicial process and whether disclosure of the

18  material could result in improper use of the material for scandalous or libelous purposes or

19  infringement upon trade secrets.")

20      The information at issue concerns Defendants' confidential business operations.

21  Public disclosure of the confidential information would provide Defendants' competitors,

22  including AMA, with valuable information about Defendants' business strategies, operations

23  and financial information. Such disclosure would be detrimental to Defendants and cause

24

25  [2] *See, e.g.*, Oppo. at 3 ("none of the redacted items would create a 'risk of irreparable harm'
    to Defendants, which is the only reason Defendants should have designated them "'Highly
26  Confidential-Attorneys' Eyes Material" in the first place."); Oppo. at 4 ("The Responses to
    Interrogatories on Netmedia Services are a far cry from a permissible 'Highly Confidential'
27  designation, and this Court should not allow this exhibit to be filed under seal."); Oppo. at 6
    ("There is nothing 'truly trade secret' contained in the answers and, therefore, nothing this
28  Court should seal.").

*Glaser Weil*

1  irreparable harm. Motion at 4. The Ninth Circuit has held that potential harm to a litigant's

2  competitive strategy provides a "compelling reason" to file documents under seal. *In re*

3  *Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (potential disclosure of "business

4  information that might harm a litigant's competitive strategy" presents a compelling reason

5  to seal documents) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

6  　　　　AMA does not even attempt to explain why this information would be of interest to

7  the general public. In fact, these materials would provide the general public with **no** insight

8  as to the judicial process, because the Court did not rule on the jurisdictional motions to

9  which these materials relate. ECF No. 126 at 17 ("In light of this decision, the Court need

10  not rule on the parties' personal jurisdiction arguments."). And the case is now closed,

11  further eliminating any purported public interest. *Id.* at 18; *Cherry v. Clark Cnty. Sch. Dist.,*

12  2013 WL 3944285, at *12 (D. Nev. July 22, 2013) (granting motion to seal in part because

13  "the public has no real interest in the content of these motions because they are moot").

14  　　　　In fact, AMA does not even pretend to care about the public interest. By its own

15  admission, AMA opposes the instant motion solely for its own selfish motives. Specifically,

16  AMA asks the Court to allow these materials to "be viewed by Bahamian [sic] counsel to

17  adequately prepare this case to move forward there." Oppo. at 2. Thus, even AMA believes

18  disclosure of these materials will harm Defendants and provide a benefit to AMA. This is

19  sufficient by itself to support the instant motion under both standards. *Bean v. Pearson*

20  *Educ., Inc.,* 2012 WL 2929631, at 2 (D. Ariz. July 18, 2012) (finding "good cause" to seal

21  materials under seal where moving party established "specific prejudice or harm will result

22  if the materials are not filed under seal"); *Nixon,* 435 U.S. at 598 ("compelling reason"

23  standard may be satisfied where movant shows particular business information "might harm

24  a litigant's competitive standing").

25  　　　　Moreover, AMA clearly seeks to use these materials for an improper purpose. AMA

26  violated the CPA's forum selection clause by filing its action in this forum. AMA now seeks

27  to benefit from that violation. It would be contrary to the CPA, and thus improper, if AMA

28  is permitted to give its Barbadian counsel access to materials it would not have obtained had

Glaser Weil

1    it honored the forum selection clause. Thus, even if the public had an interest in disclosure

2    (which it does not), sealing is required. *Kamakana*, 447 F. 3d at 1197. Thus, AMA's

3    untimely arguments fail and Defendants' motion should be granted.

4            **C.**      **Portions Of AMA's Supplemental Briefing Must Also Be Filed Under Seal**

5            In a fleeting footnote, AMA argues that the entirety of its own supplemental

6    jurisdictional briefing, including numerous materials designated by Defendants as

7    Confidential or Highly Confidential, should be unsealed. Oppo. at 2, fn. 1. This is entirely

8    improper. Under the Protective Order, AMA cannot disclose these materials to the public.

9    ECF No. 122 at VIII. If AMA wants to contest Defendants' designations it must do so in its

10   own properly-noticed motion, and cannot improperly shift its burden to Defendants. ECF

11   No. 122 at XII. Nonetheless, in an abundance of caution, Defendants have laid out below the

12   specific reasons why portions of AMA's supplemental briefing should also be sealed to

13   protect this information from public disclosure and to provide guidance to the Court.

14           **1.**      **AMA Already Admitted The Need To File Under Seal**

15           AMA has already requested to file its own briefing under seal "[i]n order to shield the

16   designated materials and to abide by the proposed protective order." ECF No. 116 at ¶ 4.

17   Thus, AMA has already consented to having these materials sealed and has waived its right

18   to now argue that such documents are not subject to protection. *Hassel,* 371 F.2d 543.

19   AMA's stipulation is a binding judicial admission. *Gray Line Co.,* 280 F.2d at 298.

20   Moreover, as discussed below, the materials in question should clearly be filed under seal.

21           **2.**      **Good Cause And Compelling Reasons Exist To File Portions Of**

22                        **AMA's Supplemental Briefing Under Seal**

23           AMA's supplemental briefing relies largely on Defendants' materials designated

24   Confidential and Highly Confidential pursuant to the Protective Order. Specifically, Exhibits

25   A-C, E-L and O to AMA's supplemental briefing. These exhibits, and the related portions of

26   AMA's supplemental briefing should be filed under seal.

27           Two standards govern requests to file documents under seal. First, the "'compelling

28   reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n,* 605 F.3d

6

1309269

665, 677-78 (9th Cir. 2009). Second, the "'good cause' standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies" to documents "unearthed during discovery." *TSI Inc. v. Azbil BioVigilant Inc.,* 2014 WL 880408, at *2 (D. Ariz. Mar. 6, 2014). The materials at issue were all produced by Defendants during AMA's needless jurisdictional discovery, thus the "good cause" standard applies.[3] The Ninth Circuit has held "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002). Sealing would also be proper under the "compelling interest" standard.

As discussed below, Defendants have a strong need for confidentiality. The materials in question contain privileged, confidential, or proprietary information regarding the internal operations of Defendants. And by its own admission, AMA seeks to use this information to harm Defendants, by providing this information to its Barbados counsel. Moreover, any use of this information by AMA would be improper, because this information was improperly obtained by AMA as a result of its violation of the CPA's forum selection clause.

In contrast, the public has **no** interest in disclosure. The Court never ruled on the motions to which this briefing relates, and instead dismissed based on *forum non conveniens*. The public has no interest in viewing Defendants' moot briefing, nor the proprietary information therein. *Cherry,* 2013 WL 3944285, at *12 ("the public has no real interest in the content of these motions because they are moot").

### a.   Exhibits A-C

Exhibits A-C to AMA's supplemental briefing are excerpts from the depositions of Philip Bradbury, David Koonar and Kristen Richardson. They are designated "Confidential" and/or "Highly Confidential – Attorneys' Eyes only" under the Protective Order.

Specifically, the Bradbury Deposition excerpts include privileged, confidential, or

---

[3] After requesting intrusive jurisdictional discovery from the Court on the basis of forwarding an alter ego theory of jurisdiction, AMA completely abandoned this theory in its supplemental briefing. ECF No. 117 at 15.

7

Glaser Weil

1  proprietary information concerning the relationships between Netmedia and other non-party

2  companies; agreements between Defendants and non-party companies; the identity of non-

3  party individuals (disclosure of which is precluded by Canadian privacy laws); and the

4  ownership, management, and general structure of the Defendant companies.

5      The Koonar Deposition excerpts include privileged, confidential, or proprietary

6  information concerning the relationships between Cyberweb and other non-party companies;

7  agreements between Defendants and non-party companies; and the ownership, management

8  and general structure of the Defendant companies and non-party companies.

9      Finally, the Richardson Deposition excerpts include privileged, confidential, or

10  proprietary information concerning the relationships between the Defendant companies –

11  including financial arrangements; agreements between Defendants and non-party

12  companies; the identity of non-party individuals (disclosure of which is precluded by

13  Canadian privacy laws); and the ownership, management (including financial management)

14  and general structure of the Defendant companies.

15      This type of information would provide competitors with an unfair advantage and

16  could irreparably harm Defendants. It would not only expose Defendants' business

17  practices, but would also divulge confidential information about the relationships and

18  agreements between the Defendant companies and non-party companies. Indeed, this is

19  precisely the kind of information courts use to find "good cause" to grant under seal filings.

20  *Best W. Intern., Inc. v. Furber,* 2007 WL 3274139, at *3 (D. Ariz. Nov. 2, 2007) (finding

21  good cause to file portions of deposition transcripts under seal); *Hart v. U.S. Bank NA,* 2013

22  WL 5965637, at *10 (D. Ariz. Nov. 8, 2013) (finding good cause where disclosure of

23  Defendant's "credit policies to the public could provide competitors with 'an unfair

24  advantage' and 'irreparably harm[]" Defendant 'in terms of lost competitive advantage.'");

25  *Lane v. Wells Fargo Bank, N.A.,* 2013 WL 2627487, at *1 (N.D. Cal. June 11, 2013)

26  (granting motion to seal deposition transcripts divulging company's data systems, processes,

27  and practices because it would likely place the company at a competitive disadvantage).

28      Even under the "compelling reasons" standard, the harm to a litigant's competitive

**Glaser Weil**

8

1  strategy is a "compelling reason" to file documents under seal. *In re Elec. Arts,* 298 F.

2  App'x at 569 (potential disclosure of "business information that might harm a litigant's

3  competitive strategy" presents a compelling reason to seal documents). Thus, both "good

4  cause" and "compelling reasons" exist to file these materials and related briefing under seal.

5                                            **b.**     **Exhibit H**

6        Exhibit H to AMA's supplemental briefing is a copy of the Provision of Agency

7  Services by Agent Agreement between Sagan and MXN Ltd. ("MXN"). This agreement is

8  designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order

9  and contains proprietary and sensitive business information. Public disclosure of this

10  agreement would expose the intimate business relationship between Sagan and Cyberweb

11  (formerly MXN), including their financial arrangements, and the duties and obligations

12  imposed on one another under the agreement. Public disclosure of this material is likely to

13  prejudice Defendants' bargaining position with respect to payment and compensation,

14  should they ever enter into new agreements with other non-party companies.

15        Further, courts in this circuit have held that "good cause" justifies filing agreements

16  and contracts under seal. *See, e.g., MMI Inc. v. Baja, Inc.,* 743 F. Supp. 2d 1101, 1106 (D.

17  Ariz. 2010) (finding good cause to file License Agreement containing proprietary

18  information under seal); *Ellsworth on Behalf of Gen. Public. v. U.S. Bank., N.A.,* 2013 WL

19  5718559, at *3 (N.D. Cal. Oct. 18, 2013) (same). The Ninth Circuit has also found

20  "compelling reasons" to justify an under seal filing where the information may potentially

21  harm the litigant's competitive strategy. *In re Elec. Arts,* 298 F. App'x at 569. Both "good

22  cause" and "compelling reasons" exist to file these materials and related briefing under seal.

23                                           **c.**     **Exhibits E-G and J**

24        Exhibits E-G and J are copies of Defendants' emails, designated "Confidential" or

25  "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Among other

26  information, these documents disclose: the identity of non-party individuals (disclosure of

27  which is precluded by Canadian privacy laws); financial, accounting and monthly revenue

28  information; information relating to the relationships between the Defendant companies –

DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING
RE PERSONAL JURISDICTION UNDER SEAL

Glaser Weil

1   including financial arrangements; and the processes, practices and strategies of the

2   Defendant companies. This type of information would provide competitors with an unfair

3   advantage and could irreparably harm Defendants. It would not only expose the Defendants'

4   business practices, but would divulge confidential information regarding the relationships

5   between the Defendant companies and non-party companies.

6       This Court has found "good cause" in granting requests to file this type of

7   information under seal. *Hart,* 2013 WL 5965637, at *10. Further, the potential harm to

8   Defendants' competitive advantage provides a "compelling reason" to file these exhibits

9   under seal. *In re Elec. Arts,* 298 F. App'x at 569. And AMA already conceded that

10  Defendants' internal emails are properly filed under seal. Oppo. at 5. Thus, both "good

11  cause" and "compelling reasons" exist to file these materials and related briefing under seal.

12          **d.    Exhibits K-L**

13      Exhibits K-L to AMA's supplemental briefing are copies of Netmedia and

14  Cyberweb's Objections and Responses to Plaintiff's First Set of Interrogatories. These

15  documents are designated as "Highly Confidential – Attorney's Eyes Only" under the

16  Protective Order. Among other information, these materials disclose: the ownership,

17  management and general structure of the Defendant companies; specific financial

18  information - for example, the capital of Cyberweb at its inception; information relating to

19  the relationships between the Defendant companies – including financial arrangements;

20  contracts and agreements between the Defendant companies and non-party companies; and

21  the day to day operations, processes, practices and general strategies of Defendants.

22      Public disclosure of this information would significantly prejudice Defendants'

23  competitive advantage when negotiating and developing relationships with third-party

24  companies. Courts routinely find good cause to file this type of information under seal. *Hart,*

25  2013 WL 5965637, at *10; *Lane,* 2013 WL 2627487, at *1; *Zest IP Holdings, LLC v.*

26  *Implant Direct Mfg., LLC,* 2014 WL 129072, at *1 (S.D. Cal. Jan. 14, 2014) (granting

27  request to seal interrogatory responses containing "potentially prejudicial business or

28  confidential proprietary information consistent with the protective order entered by the

1   Court"). Further, the potential harm to Defendants' competitive advantage provides a

2   "compelling reason" to file these documents under seal. *In re Elec. Arts,* 298 F. App'x at

3   569. Thus, both "good cause" and "compelling reasons" justify filing under seal Exhibits K-

4   L and portions of AMA's supplemental briefing discussing said exhibits.

5   **e.    Exhibits I and O**

6           Exhibits I and O are copies of bank statements, checking account statements, emails

7   and balance sheets designated "Confidential" and "Highly Confidential – Attorneys' Eyes

8   Only" under the Protective Order. Disclosure of this financial information would irreparably

9   harm Defendant by exposing Defendants' intimate financial information, and divulging

10  private financial information regarding the relationships and agreements between

11  Defendants' companies and non-party companies. *Hart,* 2013 WL 5965637, at *10; *Lane,*

12  2013 WL 2627487, at *1. Such harm to Defendants' competitive advantage presents a

13  "compelling reason" to file this material under seal. AMA already concedes that bank

14  statements are properly filed under seal. Oppo. at 5. Thus, both "good cause" and

15  "compelling reasons" warrant filing Exhibits I and O under seal and portions of AMA's

16  supplemental briefing discussing said exhibits.

17  **III.    CONCLUSION**

18          Defendants respectfully request that the Court to grant the instant motion in its

19  entirety. Defendants further request that the Court grant Defendants' request to file portions

20  of AMA's supplemental briefing and Exhibits A-C, E-L and O, attached thereto, under seal.

21  DATED:  February 23, 2017          GLASER WEIL FINK HOWARD
                                         AVCHEN & SHAPIRO LLP
22

23                                       By: /s/ Erica J. Van Loon

24                                       ERICA J. VAN LOON
                                         STEVEN BASILEO
25                                       *Attorneys for Defendants*
                                         *Cyberweb Ltd., David Koonar,*
26                                       *Sagan Limited, GLP 5, Inc. and*
                                         *Netmedia Services Inc.*
27

28

DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE DEFENDANTS' SUPPLEMENTAL BRIEFING
RE PERSONAL JURISDICTION UNDER SEAL

1309269

Glaser Weil