1  ERICA J. VAN LOON – (admitted *Pro Hac Vice*)
   evanloon@glaserweil.com
2  STEVEN BASILEO – (admitted *Pro Hac Vice*)
   sbasileo@glaserweil.com
3  GLASER WEIL FINK HOWARD
     AVCHEN & SHAPIRO LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:   (310) 556-2920
6
   *Attorneys for Defendants*
7  *Cyberweb Ltd., David Koonar,*
   *Sagan Limited, GLP 5, Inc. and*
8  *Netmedia Services Inc.*

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF ARIZONA

11

12  AMA MULTIMEDIA LLC, a Nevada          | CASE NO.: CV16-1269 PHX DGC
    limited liability company,
13                                          Hon. David G. Campbell
                 Plaintiff,
14                                          **DECLARATION OF ERICA J. VAN
    v.                                      LOON IN SUPPORT OF
15                                          DEFENDANTS' REPLY IN SUPPORT
    SAGAN LIMITED, a Republic of Seychelles OF DEFENDANTS' MOTION TO
16  company, individually and d/b/a         FILE DEFENDANTS'
    PORN.COM; CYBERWEB LTD., formerly       SUPPLEMENTAL BRIEFING RE
17  MXN LTD., a Barbados Company,           PERSONAL JURISDICTION UNDER
    individually and d/b/a PORN.COM;        SEAL**
18  NETMEDIA SERVICES INC., a Canadian
    Company, individually and d/b/a
19  PORN.COM; GLP 5, Inc., a Michigan
    Company individually and d/b/a
20  Trafficforce.com; DAVID KOONAR, an
    individual; and John Does 1-20,
21
                 Defendants.
22

23

24

25

26

27

28

1309226

**DECLARATION OF ERICA J. VAN LOON**

I, Erica J. Van Loon, declare and state as follows:

I am an attorney at law duly licensed to practice before all courts of the State of California and am a Partner in the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record herein for Defendants Sagan Limited, Cyberweb Ltd., GLP 5, Inc., Netmedia Services Inc., and David Koonar (collectively, "Defendants"). I make this declaration in support of Defendants' Reply in Support of Defendants' Motion to File Defendants' Supplemental Briefing Re Personal Jurisdiction Under Seal. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

1.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff AMA Multimedia, LLC's Supplemental Briefing Re: Personal Jurisdiction ("AMA's Supplemental Briefing"). Defendants have redacted the relevant portions of AMA's Supplemental Briefing that they seek to be filed under seal.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on February 23, 2017 at Los Angeles, California.

_____
ERICA J. VAN LOON

DECLARATION OF ERICA J. VAN LOON ISO DEFENDANTS' REPLY ISO DEFENDANTS' MOTION TO FILE
DEFENDANTS' SUPPLEMENTAL BRIEFING RE PERSONAL JURISDICTION UNDER SEAL

1309226

Exhibit A

LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company, | Case No. CV-16-1269-PHX-DGC |
| Plaintiff, | **PLAINTIFF AMA MULTIMEDIA, LLC'S SUPPLEMENTAL BRIEFING RE: PERSONAL JURISDICTION** |
| v. | |
| Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*, | **(Oral Argument Requested)** |
| Defendants. | |

## I.      INTRODUCTION

Pursuant to this Court's Order (Doc. 64), Plaintiff, AMA Multimedia, LLC ("AMA") provides this Supplemental Briefing to establish that Cyberweb, Ltd., Netmedia Services, Inc., and David Koonar are all subject to personal jurisdiction here. Each of these Defendants' jurisdiction can be shown by the pleadings filed to date, the limited jurisdictional discovery, and based on this Court's own analysis done with regard to Defendant Sagan, Ltd. (Doc. 69), which is incorporated into this briefing.

## II.     RELEVANT FACTS AND BACKGROUND

### A.     Porn.com is a Website, Not a Separate Corporate Entity.

Although the Defendants insist that AMA must prove each Defendant is acting as an "alter ego" of Porn.com to establish jurisdiction, they agree that Porn.com is a **website** and not a distinct corporate entity. *See*, Deposition of Philip Bradbury at pp. 43-44, 49 attached as **Exhibit A**; Deposition of David Koonar at p. 25, attached as **Exhibit B**; Deposition of Kristen Richardson at p. 106, attached as **Exhibit C**. As a website, Porn.com does not maintain separate corporate books or financial records. *Id*. Porn.com does not have corporate officers or directors. *Id*.

### B.     Cyberweb, Ltd. is Merely a "Shell" Set Up to Own Porn.Com.

Defendant Cyberweb, Ltd. ("Cyberweb") has stated all along that it is the owner/operator of Porn.com. *See*, Doc. 27-3; Doc. 70-1; Doc. 70-2.

In reality, "Cyberweb" is nothing more than one person – Kristen Richardson – living in Barbados, "working" out of his personal residence (which Mr. Richardson misled the Court to be Cyberweb's physical office) to hold records for websites owned by his childhood friend of 25+ years, David Koonar. *See*, **Exhibit C** at pp. 7-8.

Mr. Richardson candidly admitted that he and Mr. Koonar are childhood friends, and Mr. Koonar asked Mr. Richardson to move to Barbados sometime in 2008 (shortly after the Porn.com domain was acquired)[1] to run Cyberweb. *Id*. (In stark contrast to this, Mr. Koonar denied being able to "recall" ever hiring Mr. Richardson and denied any relationship with Mr. Richardson other than as the "president of Cyberweb." *See*, **Exhibit B** at p. 15. Somehow, Mr. Koonar ignored that he had known Kris Richardson since "the schoolyard in elementary school." *See*, **Exhibit C** at p. 8.)

---

[1] AMA specifically sought the Purchase Contract or acquisition paper(s) for the Porn.com domain, but Cyberweb did not produce it or a Privilege Log (despite being asked by AMA).

- 2 -

Mr. Koonar, residing in Canada, was advised by counsel that setting up companies in Barbados "would be better" for him.  *See*, **Exhibit B** at p. 39.  Thus, Mr. Koonar set up both GIM and Cyberweb in Barbados despite that <u>neither company has ever fully operated in Barbados</u>.  *Id.* at pp. 39-41.  Even the Barbados business registration states that Cyberweb's business is "primarily in the **USA**."  *See*, **Exhibit D**.  Put quite simply, Mr. Koonar paid his childhood friend to move to Barbados to be a "straw operator."

Cyberweb does not actually do any technical work or functions on Porn.com. **Exhibit C** at pp. 33-36.  That work is done by Netmedia in Canada.  *Id.*

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████ (This directly contradicts Mr. Richardson's previous Declaration, swearing that he maintains Cyberweb's "books, records and accounting on a full-time basis" from Barbados.  (*See*, Doc. 61-2).)

Cyberweb does not have a physical office; Cyberweb does not have employees (other than paying Mr. Richardson).  **Exhibit C** at pp. 110, 121-122.  Mr. Richardson does not perform **any** of the functions to actually operate Porn.com.  *Id.* at pp. 11, 129-130.

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████ Of the limited documents provided by in discovery, one category of documents was clear: ████████████████████

---

[2] During depositions, all of the deponents refused to answer questions of Netmedia employees' names, claiming a "privacy privilege" for Ontario, Canada residents.  Even Cyberweb's 30(b)(6) designee, who is a Barbados Resident, sitting in Barbados at deposition, refused to answer.  He invoked a "Canadian privilege" – which he could not identify – and refused to answer who the Netmedia employees were.  *See*, **Exhibit C** at pp. 29-32.  Defendants' American counsel did not instruct him to answer.

These are the most **basic functions** of any website, proving that <u>Netmedia actually operates Porn.com, not Cyberweb</u>. *Id.*

To make Netmedia's control over Porn.com even clearer,

While Cyberweb claims that it uses Netmedia through a "Technical Services Agreement" with GIM Corp., and GIM then subcontracts Netmedia, **Cyberweb never provided this "Technical Services Agreement" in its discovery responses, nor could its 30(b)(6) Representative explain how GIM Corp. was paid for the services that Netmedia Services rendered.** *See*, **Exhibit C** at pp. 120. Cyberweb could not demonstrate where/which account(s) Cyberweb uses to "pay" GIM. *Id.* at p. 121.

Cyberweb could not even identify what **category** of expense the alleged GIM "Technical Services Agreement" would fall under on Cyberweb's Profit and Loss Statements (nor on its Balance Sheets, Income Statements, or on any bank account records it had produced). Cyberweb's Representative could not explain

Despite being listed as the person to discuss Cyberweb's finances and accounting records, Mr. Richardson could not identify a single document showing that Cyberweb has actually paid GIM anything. *Id.* at pp. 150-156. Likewise, he could not show "where or how Cyberweb reconciles what it's paying for the operation and maintenance of Porn.com." *Id.* at pp. 163-164.

**C.      Sagan, Ltd. is Used as A "Shell" to Hide Pornographic Nature.[3]**

Sagan, Ltd. was organized in the Republic of

---

[3] Although Sagan, Ltd. is already subject to jurisdiction here, these facts are important to show how the companies are all "linked" and how Defendants use "shells" purposefully.

Seychelles, despite not having any location or employees there. *Id.* at pp. 98-99.

**D.     GIM Corp. is Used as A Tax Shelter, to Shift Profits to Barbados.**

GIM was set up in Barbados despite that David Koonar is its President and a Canadian resident. *See*, **Exhibit B** at p. 40-41. Mr. Koonar is also the sole Director of GIM. *Id.* at pp. 17, 21.

GIM appears to have been set up in Barbados to avoid tax liabilities to Netmedia. While Netmedia operates all the web properties in Canada, GIM is registered in Barbados under the International Business Companies Act to reap significant tax breaks/exemptions.

During the course of this suit, Defendants have argued that they have "benefits" of an Agreement owned by GIM (the Content Partnership Agreement or "CPA").  Contrary to prior Declarations, Cyberweb could not testify that GIM "assigned" any rights to it. **Exhibit C** at pp. 73-76.  Cyberweb's Representative (and the **only** Cyberweb witness) had no knowledge whatsoever that GIM supposedly "assigned" anything to it. *Id.*

   **E.**     **Netmedia Performs all the Day-to-Day Operations of Porn.com.**

As discussed above, Netmedia is the company who truly operates Porn.com.

**F.      Mr. Koonar is the Common Thread of all Defendants.**

Mr. Koonar is the common force behind Cyberweb, Sagan, GIM and Netmedia. Most importantly, Mr. Koonar is the driving and guiding force behind Porn.com.

Mr. Koonar then enlisted his childhood friend to move to Barbados to "run" Porn.com under a Barbados entity.   **Exhibit C** at pp. 7-8.

Meanwhile, the company owning Porn.com (Cyberweb) does nothing, except pay Mr. Richardson to keep it alive in Barbados.  And

---

[4]     Attached as part of **Exhibits A-C** are two charts, accompanying the deposition testimony, illustrating the structure and connection of the entities as well as the flow of "contracts" and actual work performed on Porn.com.   These are a compilation of the testimony provided by Messrs. Bradbury, Koonar and Richardson, created for illustration purposes for the Court.

- 8 -

Mr. Koonar is instrumental in having Cyberweb hide its true identity by listing Sagan (another of his companies) as the "Owner" of Porn.com in the U.S. Copyright Office as the registered DMCA agent.   This allows Cyberweb to "distance" itself from the pornographic nature of material while Mr. Koonar's companies still profit.

Mr. Koonar is clearly the **only** person involved with every entity.   Mr. Bradbury expressly denied any involvement with Cyberweb.   *See*, **Exhibit A** at pp. 44, 56, 58 (He denied ownership/interest in Cyberweb claiming, "I have no involvement in Cyberweb.") Mr. Richardson denied having any involvement in Netmedia or GIM.   **Exhibit C** at p. 103.

He expressly refused to answer who else is involved.   *Id. all*.

David Koonar remains the true "owner" or "leader" of Porn.com, regardless of his attempts to shield himself by corporate layers.

1

2

3

4

5

6

7

8    There cannot be any doubt that Mr. Koonar is the guiding force behind Porn.com,

9 no matter how many "layers" of corporate obstruction he has used to hide.

10

11

12 This Court has already ruled that "the United States market makes up a substantial

13 portion of Porn.com's traffic" and that it is directly targeted to U.S. users.  (Doc. 69).

14 With Mr. Koonar as the central point of each Defendant entity (and the Porn.com site),

15 there is no question that he, too, intended to commercially benefit from the profitability

16 of targeting a U.S. viewer base.  This is precisely why he set up his companies in

17 Barbados but aimed at the United States.  *See*, **Exhibit B** at p. 39-41; *see also*, **Exhibit D**

18 (Porn.com is owned by a company "primarily in the USA.")

19    **G.**  **Defendants' Gamesmanship is Obvious.**

20    There is no doubt that Defendants have employed gamesmanship in this case from

21 day-one.  First, they disguised "settlement negotiations" as good faith efforts, only so

22 they could file the Barbados Action and attempt to divest this Court of jurisdiction.

23

24

25    It must be inferred that these contracts were

26 not produced because Mr. Koonar authorized and/or executed such a critical and substantial expense to his business, and is directly involved in the operation of Porn.com.

Next, Defendants filed multiple Motions to Dismiss (and other pleadings) without so much as *mentioning* that Netmedia allegedly "assigned" AMA's copyrighted content under a purported Contract.  Only after this Court ruled that Sagan, Ltd. was subject to personal jurisdiction (and after multiple months of litigation), Defendants created a new scheme/defense and made the argument in a **Reply**.  When AMA sought leave to file a Sur-Reply (Doc. 77), Defendants impermissibly filed a "Response" and introduced yet **additional** new facts to the record in a wholly improper pleading (Doc. 83).[6]

Continuing that game-playing, Defendants "objected" to responding to discovery without a Court-entered Protective Order by sending a letter/email at 7:42p.m. on the Eve of Thanksgiving, causing the need for Court intervention.  Although this Court graciously permitted the Depositions to proceed, Defendants continued to play games.

Defendants took 35 days to respond to the Non-Uniform Interrogatories and the Requests for Production propounded to Cyberweb, Ltd. and Netmedia Services, Inc. on October 27, 2016.  *See*, **Exhibits K** and **L**, respectively.  AMA's counsel respectfully asked defense counsel to respond to the discovery (in good faith) by November 30th, knowing that depositions were set for December 1st.  *See*, **Exhibit M**.  Defense counsel did not even respond to the good faith request.  *Id*.  On November 30th, AMA again respectfully asked for the documents, as depositions started the next morning.  *Id*.  Defendants ignored the request again.  *Id*.  During the December 1st depositions, Defense counsel took the position that discovery was not due until December 1st, so they intentionally answered **after** the depositions of Messrs. Bradbury and Koonar were completed.  *Id*.  To be "cute," counsel sent Responses at **9:32 p.m. on December 1st**.  *Id*.

_____

[6] Once again, AMA respectfully submits that it wishes to dispute/argue the "Skype logs" Defendants produced in Doc. 83, but AMA has sought to strike that pleading (Doc. 84) and has agreed it would not substantively respond unless/until this Court invites it to do so.  AMA continues to preserve its right to address the evidence when this Court allows.

Maybe worse, counsel waited another hour or so and delivered documents at **10:48 p.m. the night before a 7:00 a.m. deposition**. *Id.* Defendants produced more than 2,900 pages of documents within hours of the Cyberweb 30(b)(6) deposition. *Id.* (It should be noted that depositions started at *7:00 a.m. Arizona time*, in an effort to accommodate the deponents, who were located in Canada and Barbados. The Canadian depositions started at 9:00 a.m. on December 1st, and the Barbados deposition began at 10:00 a.m. on December 2nd, making both days 7:00 a.m. in Arizona.) As Mr. Koonar's discovery responses were due after December 2nd, Defendants refused to answer the written discovery. *See*, **Exhibit N**. Mr. Koonar expressly stated he was going to "withhold information" responsive to discovery because his Answers were due "after the close of jurisdictional discovery." *Id.* Likewise, he refused to produce a single document, claiming he was entitled to withhold all documents due to timing. *Id.*

In addition to withholding significant documentation and interrogatory responses, the Defendants' documentation is riddled with redactions and "privilege" assertions based on a purported Canadian privacy law. *See, e.g.,* **Exhibits E, F** and **G**, *supra*; *see also*, **Exhibit O**. Undersigned counsel held a meet and confer with defense counsel, asking for: 1) a Privilege Log; 2) identification of Bates Nos. responsive to specific Requests for Production. *See*, **Exhibit M**. Defense counsel refused to provide either. *Id.*

While AMA believes the discovery was answered in bad faith, jurisdiction can **still** be demonstrated now. The facts simply show the bad faith tactics of the Defendants.

## II.   LEGAL ARGUMENT

### A.   "Alter Ego" Analysis is Not Applicable in this Matter.

All of the Parties agree that Porn.com is a website and not a separate corporate entity. Because Porn.com is a domain property that is owned and operated by entities, the issue of whether Netmedia Services, Inc. is an "alter ego" of Porn.com as previously

contemplated by the Court has now been rendered moot.  (Referring to Doc. 64, the issue is now inapplicable as everyone agrees that Porn.com is not an entity in and of itself.)  Moreover, this Court has already determined that jurisdiction in the United States is appropriate under Fed.R.Civ.P. 4(k)(2) for the acts and contact of Porn.com.  (Doc. 69.)  Porn.com, in its entirety, has shown purposeful direction at the United States, that it "anticipated, desired, and achieved a substantial" contact in the United States, and that a reasonableness favors jurisdiction in the United States.  *Id.*

Therefore, the question(s) for personal jurisdiction are to determine **each owner and/or operator of Porn.com.**  Rather than an "alter ego" analysis, each Defendant acting as an owner/operator of Porn.com should be subject to personal jurisdiction here based on the same analysis this Court adequately performed under Doc. 69.

**B.     Cyberweb, Ltd. is Subject to Personal Jurisdiction.**

Jurisdiction over Cyberweb is a given, using the Court's analysis because Cyberweb has readily (and continually) admitted it is the owner/operator of Porn.com.  *See,* Doc. 27-3 at 3; **Exhibit A** at p. 42; **Exhibit B** at p. 44; **Exhibit C** at p. 18, 58-59.  For this reason, alone, there is no reason to dismiss Cyberweb.

**C.     Netmedia Services, Inc. is Subject to Personal Jurisdiction.**

Although the burden is on AMA to demonstrate that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make "a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Not only are AMA's uncontroverted allegations taken as true, but all conflicts between the facts must be resolved in AMA's favor.  *Brayton* at 1127; *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Pebble Beach*, 453 F.3d at 1154.

The operation of a web site is an intentional act for purposes of jurisdictional

analysis.  *Brayton*, *supra*, at 1128-29; *Rio, supra,* at 1020.   Where a website with forum viewership and scope appeals to and profits from an audience in the forum, the site's operators have "expressly aimed" at that forum.  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011).

When Netmedia sought dismissal, Philip Bradbury filed a sworn Declaration claiming that Netmedia only "provides general maintenance of certain websites, including Porn.com...."  Doc. 27-3 at ¶12.  This statement (under oath) intended this Court to infer that Netmedia had minimal involvement with Porn.com, only to include "general maintenance."   By contrast, when Mr. Bradbury was deposed, he expressly contradicted his Declaration.  *See*, **Exhibit A** at pp. 93-94.

For all intents and purposes, Netmedia operates Porn.com, and jurisdiction is proper over this entity for these reasons.

**D.   David Koonar is Subject to Personal Jurisdiction.**

Mr. Koonar is attempting to use the fiduciary shield doctrine to protect himself from jurisdiction in the U.S.   Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.   *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).   However, the corporate shield doctrine is limited in application.   It is true that Mr. Koonar cannot be subject to jurisdiction *just for being an employee,* but his individual actions and his "official capacity" within the defendant corporations subject him to jurisdiction.   *See, e.g., Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1120-21 (C.D. Cal. 2009), *citing Calder v. Jones*, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n. 13, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)(Mr. Koonar cannot be shielded as an employee when acting individually or in his official capacity in any way aimed at the U.S.)

The Ninth Circuit has noted with approval language in a First Circuit opinion that "cases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct . . . or the 'central figure' in the challenged corporate activity.'" *Allstar Mktg.*, *supra*, at 1120-21.   Courts have found a corporate officer's contacts on behalf of a corporation sufficient to subject the officer to personal jurisdiction where the officer "is a

‘primary participant’ in the alleged wrongdoing” **_or_** “had ‘control of, and direct participation in the alleged activities.’” *Id.; see also, Wyatt Technology Corp. v. Smithson*, No. CV 05-1309 WMB (RZx), 2005 WL 6132329, *6 (C.D. Cal. 2005) (“[I]f the agent is...‘actively and personally involved in the conduct giving rise to the claim,’ he may be subject to jurisdiction in the plaintiff[']s forum state[.]” *See also, Matsunoki Group, Inc.*, 2009 U.S. Dist. LEXIS 37573, 2009 WL 1033818 at *3-4, *citing, International Mfg. Co. v. Landon, Inc.*, 336 F.2d 723, 728 (9th Cir. 1964)(Same “conscious force” analysis for corporate director liability and jurisdiction).

Mr. Koonar is Porn.com.

Mr. Koonar's declaration, Doc. 100-1, where he states under oath that any content displayed by any corporate Defendant did so with the "express understanding that it acted as an assignee of the rights afforded GIM under the CPA[]", is quite instructive.[7] Though AMA continues to dispute that the CPA applies here, Mr. Koonar's Declaration makes one thing clear:  the only person who could "assign" anything was David Koonar. He is the sole Director of GIM (which has no employees), and he is the President and Director of Netmedia.   Any actions taken by Netmedia (or any Defendant) were at his direction.

Mr. Koonar is the guiding spirit behind the operations of Porn.com, including how and what videos are displayed and how the website generates revenue.  Mr. Koonar has control of the operation of Porn.com, the videos displayed, and he is an active participant in such operation and display of videos.   Thus, Mr. Koonar cannot be protected by the fiduciary shield doctrine, and the contacts of Porn.com must be attributed to him.

## III.    CONCLUSION

Jurisdictional discovery only further revealed that jurisdiction is appropriate over Cyberweb, Netmedia, and David Koonar based on the same analysis used by this Court in Doc. 69.  Each of the Defendants is involved in the operation of Porn.com, and there is

---

[7] This issue refers to Defendants' assertion that all acts were permitted under the CPA in support of their forum non conveniens motions, which is a frivolous defense.  Discovery proved that GIM had **not** "assigned" the CPA in any manner and that Netmedia cannot be an affiliate.  AMA continues to dispute that GIM or the CPA apply to this case at all. AMA also disputes that the CPA scheme that it had been "assigning copyrighted content into partner's accounts" (which was made up after this lawsuit was underway).  But AMA has filed a Motion to Strike after-the-fact evidence presented by the Defendants and will honor its word to this Court not to address it pending the motion it has filed. Upon instruction from this Court, AMA looks forward to presenting evidence and argument to support its position.

1   no justifiable reason to dismiss nor to have the case/claims heard in Barbados.

2         DATED this 14th day of December, 2016.

3                                              **MANOLIO & FIRESTONE, PLC**

4

5                                              By:___/s/ Veronica L. Manolio_____
                                               Veronica L. Manolio
6                                              8686 E. San Alberto Dr., Suite 200
                                               Scottsdale, Arizona 85258
7                                              *Attorneys for Plaintiff*

8

9                            **CERTIFICATE OF SERVICE**

10        I hereby certify that on the 14th day of December, 2016, I electronically

11  transmitted the foregoing document to the Clerk's office using the CM/ECF system for

12  filing.  Copies will be transmitted via CM/ECF to the following recipients:

13  Erica J. Van Loon
    Glaser Weil Fink Howard Avchen & Shapiro LLP
14  10250 Constellation Blvd.
    Los Angeles, CA 90067
15  evanloon@glaserweil.com
    *Attorneys for Defendants*
16

17

18  By:___/s/ Gina Murphy_____

19

20

21

22

23

24

25

26