ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@glaserweil.com
STEVEN BASILEO - (admitted *Pro Hac Vice*)
sbasileo@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Defendants Cyberweb Ltd., David Koonar,*
*Sagan Limited, GLP 5, Inc. and Netmedia Services Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company, individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO.: CV16-1269 PHX DGC<br><br>Hon. David G. Campbell<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>**ORAL ARGUMENT REQUESTED** |

Glaser Weil

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................ 1

II.    DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES ........................ 3

    **A.**    AMA's Opposition Should Be Stricken Because It Is Untimely ................. 3

    **B.**    AMA's Waiver Argument Is Frivolous.......................................................... 4

    **C.**    The Court Can Apply The Prevailing Party Clause Of The CPA ................ 4

    **D.**    Contrary to AMA's Assertion, This Is A Contract Case............................... 4

    **E.**    Defendants Brought An Action To Enforce The Contract............................ 5

    **F.**    Defendants Are Prevailing Parties Under The Copyright Act ..................... 6

III.   DEFENDANTS' FEE REQUEST IS REASONABLE .......................................... 8

IV.    CONCLUSION ................................................................................................... 11

REPLY ISO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1311909

**Glaser Weil**

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Atlantic Marine Coast, Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,*
    *134 S. Ct. 568 (2013)* ................................................................ 11

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.,*
    532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001) ................................ 7, 8

*Campbell v. Nat'l Passenger R.R. Corp.,*
    718 F. Supp. 2d 1093 (N.D. Cal. 2010) ............................................... 9

*Jim Cooley Const., Inc. v. N. Am. Const., Corp.,*
    1995 WL 3973 (10th Cir. Jan. 4, 1995) .............................................. 6

*Miles v. State,*
    320 F.3d 986 (9th Cir. 2003) ........................................................ 7, 8

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir. 2009) ....................................................... 9

*Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.,*
    2015 WL 1787795 (E.D. Cal. Apr. 20, 2015) .......................................... 8

*Mosley v. MeriStar Mgmt. Co., LLC,*
    137 F. App'x 248 (11th Cir. 2005) .................................................... 3

*Offshore Sportswear, Inc. v. Vuarnet Intern.,*
    B.V. 14 F.3d 848 (9th Cir. 1997) .................................................... 6, 7

*Pierce v. Cty. of Orange,*
    905 F. Supp. 2d (C.D. Cal. 2012) .................................................... 9

*Progeny Advanced Genetics, Inc. v. Paragon Seed, Inc.,*
    2006 WL 516664 (N.D. Cal. Mar. 2, 2006) ............................................ 5

*Robinson v. Plourde,*
    717 F. Supp. 2d 1092 (D. Haw. 2010) ................................................ 9

*Synagro Techs., Inc. v. GMP Haw., Inc.,*
    2007 WL 851271 (D. Haw. Mar. 15, 2007) ............................................ 9

*Tacey Goss P.S. v. Barnhart,*
    2013 WL 241255 (W.D. Wash. Jan. 22, 2013) ......................................... 6

*Tiger Bay Vill. Corp. v. Yihe Corp,*
    2014 WL 3662259 (C.D. Cal. July 18, 2014) .......................................... 5

*TNT Mktg., Inc. v. Agresti,*
    796 F.2d 276 (9th Cir. 1986) ........................................................ 1

1

*Welch v. Metro. Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007)....................................................................................9

2

*Young v. Sierra Pac. Power Co.*,
    2011 WL 4346562 (D. Nev. Sept. 14, 2011) ...........................................................3

3

4

## **FEDERAL STATUTES**

5

Fed. R. Civ. P. 54                                                                                                     7

6

Fed. R. Civ. P. 54(b)                                                                                            5, 7

7

## **STATE STATUTES**

8

D. Ariz. L. R. 7.2(c)                                                                                               3

9

10

## **OTHER AUTHORITIES**

11

Black's Law Dictionary Online                                                                          5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Glaser Weil**

REPLY ISO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1311909

I.      **<u>INTRODUCTION</u>**

For the second time in a row, AMA has filed an untimely Opposition. S*ee* ECF No. 138 at 2-3 (discussing AMA's previous untimely Opposition). AMA's Opposition to Defendants' Fee Motion was due on February 23, 2016. It was filed on February 27 – **<u>four days late</u>**. And yet again AMA makes no attempt to explain why it has filed its brief late. The Court should disregard AMA's Opposition.

And if the Court were to consider AMA's Opposition (which it should not), it would only confirm the meritorious nature of Defendants' fee request. AMA's Opposition is a succession of unsupported arguments squarely rebutted by the Court's prior rulings and Ninth Circuit authority. It is precisely this type of litigation behavior that has necessitated the attorneys' fees at issue in this motion.

For example, AMA's lead argument is that Defendants have somehow waived their right to fees because they did not disclose their intent to seek fees during earlier briefing. Of course, AMA fails to cite any applicable authority requiring such a disclosure. Instead, AMA cites Arizona state courts applying Arizona state law. Obviously, Arizona state law has no relevance to this matter, and AMA's waiver argument is frivolous.

AMA next argues that this case does not involve an action to enforce the CPA's forum selection clause because (according to AMA) this is purely a copyright case. However, the Court has squarely rejected this argument, holding that "this case arises out of or relates to the [CPA]," the CPA's forum selection clause "plainly applies to this case" and "each of the copyright claims in this case relates in some way to rights and duties enumerated in the [CPA]." ECF No. 126 at 7, 11.

AMA then argues that Defendants did not bring an "action" or "suit" to enforce a term of the CPA because only a Plaintiff can bring an "action" or "suit." This is nonsense. The plain meaning of the term "action" includes any request for relief, not just the initiation of a lawsuit. *See, e.g.*, Black's Law Dictionary (legal action is the "lawful pursuit for justice or decision"). Courts in the Ninth Circuit view motions to enforce contract terms as "actions." And in *TNT Mktg. v. Agresti,* the Ninth Circuit held that a post-judgment motion

Glaser Weil

to enforce a settlement agreement was a "suit" to enforce that agreement. *TNT Mktg., Inc. v. Agresti,* 796 F.2d 276 (9th Cir. 1986). Thus, Defendants clearly brought a successful action or suit to enforce the forum selection clause.

AMA also argues that Defendants' fee request should be evaluated under the Copyright Act's prevailing party statute, and that Defendants are not prevailing parties under that statute. AMA is again wrong. First, as discussed above, Defendants are entitled to a fee award under the CPA's prevailing party clause. Second, contrary to AMA's assertion, Defendants are prevailing parties under the Copyright Act.

AMA next asserts that Defendants are not prevailing parties under the Copyright Act because "a prevailing party can only be one who has secured a judgment on the merits." But under Ninth Circuit law, a party who successfully enforces a forum selection clause has secured a judgment on the merits as to the enforceability and applicability of the forum selection clause. AMA also asserts that a dismissal must "alter the legal relationship of the parties" in order to entitle the prevailing party to attorneys' fees. But under Ninth Circuit law, a defendant who obtains a dismissal that bars the plaintiff from relitigating its claims in federal court is a "prevailing party" because that dismissal alters the legal relationship of the parties. The Court's Order dismissing this matter based on the forum selection clause bars AMA from relitigating this matter anywhere in the United States, and thus Defendants are prevailing parties under the Copyright Act.

Finally, AMA is simply wrong when it asserts that Defendants' fee request is unreasonable. In their opening brief, Defendants provided the Court with a ***three-page*** list of complex issues that they were required to research and brief. AMA does not dispute that Defendants were required to address these issues, or that this matter was more complex and required more work than most cases that are litigated through trial. Nor does AMA dispute the fact that Defendants were forced to respond to countless AMA arguments that were contrary to Ninth Circuit law, the public record, or AMA's own submissions to this Court.

Yet AMA somehow concludes that, despite being forced by AMA to pay for all this work, Defendants should be awarded $15,595.39 -- **less than two percent** of their overall

1  fees and expenses incurred. AMA's arguments in support of this conclusion are bewildering.

2  For example, AMA asserts that Defendants' contract defenses were "frivolous," even though

3  the Court has found that the CPA's forum selection clause "plainly applies to this case."

4  AMA asserts that Defendants have failed to provide a statement as to whether they have

5  actually paid any fees, but this information is clearly provided in the Van Loon Declaration.

6  ECF No. 133-2 at ¶ 17. AMA asserts that nearly $700,000 in fees are **completely**

7  **unrecoverable** due to block billing, but Ninth Circuit law unequivocally prohibits

8  deductions of this magnitude. AMA's nearly $200,000 deduction for supposed "duplicative

9  billing" is also improper under Ninth Circuit law. And AMA's methodology is

10  incomprehensible, leaving the Court to guess how it arrived at its final total. AMA's billing

11  analysis is not a good faith attempt to assess Defendants' fee request, and the Court should

12  disregard it.

13      Accordingly, Defendants' fee request should be granted in its entirety.

14  **II.    DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES**

15      **A.    AMA's Opposition Should Be Stricken Because It Is Untimely**

16      Pursuant to Local Rule 7.2(c), AMA had "fourteen (14) days after service … within

17  which to serve and file a responsive memorandum." Rules of Practice of the U.S. District

18  Court for the District of Arizona ("Local Rules") 7.2(c). Thus, AMA's deadline to file its

19  opposition was February 23, 2017. But AMA failed to file its opposition until February 27,

20  four days after the deadline. This is the second straight brief that AMA has filed late (*see*

21  ECF No. 138 at 2-3, discussing AMA's previous untimely Opposition), and AMA again

22  offers no explanation as to why its papers are late.

23      Courts routinely strike untimely oppositions. *See, e.g., Young v. Sierra Pac. Power*

24  *Co.,* 2011 WL 4346562, at *2 (D. Nev. Sept. 14, 2011) (granting motion to strike Plaintiff's

25  opposition/counter-motion and declaration because it was filed two days late without any

26  "explanation for the late filing, or showing of excusable neglect"); *Mosley v. MeriStar*

27  *Mgmt. Co., LLC,* 137 F. App'x 248 (11th Cir. 2005) (finding no abuse of discretion in

28  district court's striking summary judgment opposition filed four days late and containing no

3

Glaser Weil

1  request for enlargement or explanation for untimeliness). AMA's Opposition should be

2  stricken as untimely and Defendants' fee request should be granted in its entirety.

3  **B.   AMA's Waiver Argument Is Frivolous**

4  AMA's lead argument is that Defendants have somehow waived their right to fees

5  because they did not disclose their intent to seek fees during earlier briefing. Oppo. at 1-2.

6  However, AMA fails to cite any applicable authority requiring such a disclosure. Instead, *in

7  a footnote* AMA cites Arizona state courts applying Arizona state law, and meekly suggests

8  that "these cases are instructional." Oppo. at 5, fn. 3. Obviously, Arizona state law has no

9  relevance to this matter. And there is no requirement under Ninth Circuit law, the Federal

10  Rules of Civil Procedure, or the local rules that a party seeking fees disclose their intent to

11  do so before they file a fee motion. AMA's waiver argument is frivolous.

12  **C.   The Court Can Apply The Prevailing Party Clause Of The CPA**

13  AMA argues that the Court cannot apply the prevailing party clause because the

14  Court has already ruled that it will not interpret the CPA in order to rule on Defendants'

15  defenses. Oppo. at 6. However, while the Court cannot adjudicate Defendants' substantive

16  defenses under the CPA, it is clearly permitted to apply certain aspects of the CPA, as it has

17  done in granting Defendants' motion to dismiss under the forum selection clause. In fact, as

18  shown in Defendants' opening brief, courts routinely award fees under a contractual

19  prevailing party clause after dismissing the action based on a forum selection clause. ECF

20  No. 133-1 at 4-5. AMA cites no authority to the contrary.

21  **D.   Contrary to AMA's Assertion, This Is A Contract Case**

22  AMA argues that this case does not involve an action to enforce the CPA's forum

23  selection clause because (according to AMA) "this is not a contract case." Oppo. at 6.

24  However, the Court has squarely rejected this argument. In granting Defendants' Motions to

25  Dismiss, the Court confirmed that "[u]nder governing Ninth Circuit law, this case arises out

26  of or relates to the [CPA]." ECF No. 126 at 11. The Court also held that the CPA's forum

27  selection clause "plainly applies to this case" and "each of the copyright claims in this case

28  relates in some way to rights and duties enumerated in the [CPA]." *Id.* at 7. Despite AMA's

4

1311909

attempts to plead around the CPA, this is a contract case.

### E.   Defendants Brought An Action To Enforce The Contract

AMA also argues that Defendants did not "bring an action" to enforce the forum selection clause because only a Plaintiff can "bring an action." Oppo. at 6-7. AMA is wrong. The plain meaning of the term "action" includes any request for relief, not just the initiation of a lawsuit. *See, e.g.*, Black's Law Dictionary Free Online Legal Dictionary (a legal action is the "lawful pursuit for justice or decision")[1]; F.R.C.P. 54(b) (discussing "an action [that] presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim."). Not surprisingly, courts in the Ninth Circuit view motions to enforce contract terms as "actions" to enforce contract terms.

For example, in *Progeny Advanced Genetics, Inc. v. Paragon Seed, Inc.*, 2006 WL 516664 (N.D. Cal. Mar. 2, 2006), the plaintiff asserted claims for infringement of the Plant Variety Protection Act, false designation of origin, unfair competition, and declaratory relief against the defendant. The defendant successfully moved to dismiss plaintiff's claims based on a settlement agreement provision barring the plaintiff from asserting its claims in court. The Court then held that the defendant's motion constituted an ***action*** to enforce the agreement, thus entitling the defendant to an award of fees.

> The Settlement Agreement in this matter specifically provides for payment of reasonable attorneys' fees and costs to the prevailing party in an action to enforce the agreement. Defendant's motion to dismiss is, in essence, an action to enforce the Settlement Agreement. As the prevailing party in the motion to dismiss, Defendant is entitled to its reasonable attorneys' fees and costs.

*Id.* at *5. The court in *Tiger Bay Vill. Corp. v. Yihe Corp*, 2014 WL 3662259 (C.D. Cal. July 18, 2014) reached the same result, in a case involving a motion to enforce a settlement agreement that included a clause entitling the prevailing party to fees "in any action between the Parties seeking enforcement [of the agreement]." *Id.* at * 7 ("the Court holds that the

---

[1] http://thelawdictionary.org/legal-action/

1   instant Motion is an action covered under [the prevailing party clause]").

2       The Ninth Circuit in *TNT Marketing,* deemed a post-judgment motion seeking to

3   enforce a settlement agreement a "suit" seeking to enforce the agreement, and awarded fees

4   on that basis. In *TNT Marketing*, the losing party "argue[d] that the award of attorney's fees

5   was precluded because the application for an order to show cause did not constitute a 'suit ...

6   brought to enforce or interpret any part of this stipulation or judgment,' as the settlement

7   agreement provided." *Id.* at 278. The Ninth Circuit rejected this argument and held "[a]n

8   order to show cause proceeding initiated to obtain a remedy for Agresti's failure to comply

9   with the settlement agreement is a 'suit' under this definition." *Id.*

10      Under this authority, Defendants clearly brought an action or suit to enforce the CPA.

11  *See also Jim Cooley Const., Inc. v. N. Am. Const., Corp.*, 1995 WL 3973 at *1 (10th Cir.

12  Jan. 4, 1995) (unpublished) ("[T]here is simply no doubt that by filing a motion to dismiss

13  on venue grounds, North American was enforcing that term of the agreement which limited

14  venue to Bexar County.").

15      **F.      Defendants Are Prevailing Parties Under The Copyright Act**

16      AMA argues that Defendants' fee request should be evaluated under the Copyright

17  Act's prevailing party statute, and that Defendants are not prevailing parties under that

18  statue. As discussed above, Defendants are entitled to a fee award under the CPA's

19  prevailing party clause, and thus need not rely on the Copyright Act. In addition, Defendants

20  **_are_** prevailing parties under both the CPA and the Copyright Act.

21      AMA asserts that Defendants are not prevailing parties under the Copyright Act

22  because "a prevailing party can only be one who has secured a judgment on the merits."

23  Oppo. at 7. However, Defendants have secured a judgment on the merits. As explained by

24  the Ninth Circuit in *Offshore Sportswear, Inc. v. Vuarnet Intern.*, *B.V.* 114 F.3d 848, 851

25  (9th Cir. 1997), a dismissal to enforce a forum selection clause is "a **determination on the**

26  **merits** of the applicability, and enforceability, of the clause itself." (emphasis added). *See*

27  *also Tacey Goss P.S. v. Barnhart*, 2013 WL 241255 (W.D. Wash. Jan. 22, 2013) (same).

28      AMA also asserts that Defendants are not prevailing parties under the Copyright Act

6

Glaser Weil

1311909

because "[t[he "*Buckhannon* test requires that the resolution of the action [ ] have altered the legal relationship of the parties for the purposes of entitlement to attorneys' fees." Oppo. at 7. But under Ninth Circuit law the dismissal in this case **_has_** altered the legal relationship between the parties, and thus satisfies the *Buckhannon* test.

In *Miles v. State*, 320 F.3d 986 (9th Cir. 2003), the Ninth Circuit addressed whether a defendant was a prevailing party under the *Buckhannon* test when the defendant obtained a dismissal of the plaintiff's ADA claim based on the defendant's affirmative defense of eleventh amendment immunity from suit in federal courts. The Ninth Circuit acknowledged that the dismissal was "without prejudice" in the sense that the plaintiff could refile its claims **_in state court_**, but concluded the defendant was a prevailing party under *Buckhannon* because the plaintiff was now barred from pursuing its ADA claim **_in federal court_**.

> Yet Miles argues further that Rule 54 does not apply here because the State is not a "prevailing party" in that the case was dismissed without prejudice. We reject this argument. The Supreme Court has squarely held that there is a "prevailing party" when there has been a "material alteration of the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res*., 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Here, the underlying case was dismissed "without prejudice to Miles' right to seek any available relief in the state court." This disposition is a "material alteration in the legal relationship of the parties" within the meaning of the test established by the Supreme Court. The dismissal eliminates the federal ADA claim from further proceedings in federal court and thus has changed the legal relationship of Miles with respect to the State. Under these circumstances, the State is a "prevailing party" and Rule 54(d) properly applies.

*Id.* at 989. *Miles* controls here. Like the plaintiff in *Miles*, absent reversal on appeal AMA cannot refile its copyright claims in any U.S. court. As the Ninth Circuit in *Offshore Sportswear* held, a dismissal based on a forum selection clause is issue preclusive and **_cannot be relitigated_**. *Offshore Sportswear,* 114 F.3d at 851 ("[T]he issue that led to dismissal was adjudicated on its merits and was conclusively determined when the time passed for appeal. Having failed to appeal that ruling, which was appealable as a collaterally final order, Offshore may not relitigate the applicability and enforceability of the forum selection clause to the same claims."); *see also Morgan Tire of Sacramento, Inc. v.*

Glaser Weil

1    *Goodyear Tire & Rubber Co.*, 2015 WL 1787795 (E.D. Cal. Apr. 20, 2015) (same). Thus,

2    under *Miles*, the dismissal in this case alters the legal relationship between AMA and

3    Defendants, satisfies the *Buckhannon* test, and makes Defendants prevailing parties under

4    the Copyright Act.

5        Accordingly, Defendants are prevailing parties under the CPA *and* the Copyright Act.

6    **III.    DEFENDANTS' FEE REQUEST IS REASONABLE**

7        AMA is simply wrong when it asserts that Defendants' fee request is unreasonable. In

8    their opening brief, Defendants provided the Court with a ***three-page*** list of complex issues

9    that they were required to research and brief. AMA does not dispute that Defendants were

10   required to address these issues, or that this matter was more complex and required more

11   work than most cases that are litigated through trial. Nor does AMA dispute the fact that

12   Defendants were forced to respond to countless AMA arguments that were contrary to Ninth

13   Circuit law, the public record, or AMA's own submissions to this Court. Yet AMA

14   somehow concludes that, despite being forced to pay for all this work, Defendants should be

15   awarded approximately $15,595.39 -- less than two percent of their overall fees and

16   expenses incurred. AMA's arguments in support of this conclusion are bewildering.

17       For example, AMA asserts that Defendants' contract defenses were "frivolous."

18   However, the Court has deemed these arguments sufficient to warrant dismissal of this

19   action. ECF No. 126. In fact, the Court has held that the CPA's forum selection clause

20   "plainly applies to this case." *Id.* at 11. If anything is frivolous, it is AMA's opposition to

21   Defendants' action to enforce the forum selection clause.

22       AMA wrongly asserts that Defendants have failed to provide whether they have

23   actually paid any fees. However, this information is clearly provided in the Van Loon

24   Declaration. ECF No. 133-2 at ¶ 17 ("Defendants have paid all fees and expenses due under

25   the fee agreement for invoices through November 30, 2016. Payment on the December 2016

26   invoice (totaling $184,453) is not yet due, and subsequent fees incurred have not yet been

27   invoiced to Defendants.") Additionally, Defendants have now paid the December 2016

28   invoice. Supplemental Declaration of Erica J. Van Loon In Support Of Defendants' Motion

Glaser Weil

For Attorneys' Fees And Expenses ("Supp. Van Loon Decl.") ¶ 3.

AMA asserts that nearly $700,000 in fees are completely unrecoverable due to block billing. But under Ninth Circuit a deduction of this magnitude is clearly improper. As explained in *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007), a Court may reduce hours that are block-billed "because block billing makes it more difficult to determine how much time was spent on particular activities." *Id.* at 948. To impose a reduction, however, the Court must "'explain how or why ... the reduction ... fairly balance[s]' those hours that were actually billed in block format." *Id.* (ellipsis and brackets in original). A reduction may not be appropriate if "individual tasks are specified" and the entries are "detailed enough for the Court to assess the reasonableness of the hours billed." *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010). Even if a reduction is warranted, courts generally impose only a 5% to 20% reduction for hours block-billed. *See, e.g.*, *Welch*, 480 F.3d at 948 (approving 20% reduction of hours block-billed); *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1031 (C.D. Cal. 2012) ("The Court believes that a 5% reduction in the hours identified is the deepest cut justified here."); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (15% reduction); *Synagro Techs., Inc. v. GMP Haw., Inc.*, 2007 WL 851271, at *13 (D. Haw. Mar. 15, 2007) (5% reduction). Here, given the number and complexity of issues addressed, and the quality and detail of the work performed by Defendants' counsel, little or no reduction is required for block billing.

Similarly, AMA asserts that $186,014.70 in fees are completely unrecoverable because they constitute "duplicative billing." However, the Ninth Circuit has recognized that litigation often involves "necessary duplication," and courts should only deduct for "unnecessary duplication." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2009). The Ninth Circuit has further held that deductions of more than 10 percent for duplicative billing must be based on an articulated reason as to why the time entries in question are unnecessarily duplicative, rather than a mechanical deduction for every time entry that references a task also performed by another attorney. *Id.* (reversing deduction of 25 percent that was not supported by specific, articulated reasoning as to why time entries

9

Glaser Weil

1311909

were unnecessarily duplicative.) Here, apart from a few examples, AMA simply assumes that any duplication is unnecessary. In truth, AMA is ill-positioned to assess whether any work conducted by Defendants' counsel was necessary or not. While (based on its briefs) AMA's counsel apparently believes it is appropriate to advance arguments without conducting any research and without evaluating whether new arguments contradict Ninth Circuit law, the public record, or other arguments they have made in prior briefing, Defendants' counsel have a different approach. Defendants' counsel make every effort to research issues thoroughly, and to support their arguments with relevant authority and evidence. That is presumably, in part, why Defendants prevailed in this action. Defendant should not be penalized for their counsel's diligence.

AMA also asserts that Defendants have failed to provide evidence of the prevailing fee rates in the applicable legal market, because Defendants have provided evidence of Los Angeles market rates, not Arizona market rates. AMA again seeks to benefit from its own breach of the forum selection clause. AMA does not even attempt to explain why Defendants should be compelled to retain Arizona counsel or limit their fee request to alleged Arizona rates, when AMA's initiation of this lawsuit in Arizona was wrongful. And the simple fact is that Arizona is **not** the relevant legal market. Arizona has absolutely nothing to do with this dispute. None of the parties are located in Arizona, and no Defendant has Arizona contacts sufficient to support jurisdiction in Arizona. The Court should not penalize Defendants because they retained counsel of their choice from outside the forum.

AMA also deducts all fees related to what it deems "losing motions/defeated issues." However, AMA's accounting of supposed wins and losses is deeply flawed. Defendants prevailed on some of the motions AMA lists. ECF No. 126 (GLP 5 dismissed for lack of personal jurisdiction). Other motions that AMA places in the "loser" category were actually deemed moot in light of the forum selection clause ruling. *Id*. (jurisdiction motions as to Netmedia, Cyberweb, and Mr. Koonar deemed moot). Moreover, all of these motions were necessitated by AMA's blatant breach of the forum selection clause, and AMA provides no reason why Defendants' recovery should be limited to fees incurred with respect to specific

Glaser Weil

issues. Notably, AMA points to no language in the CPA that limits Defendants' fee recovery to specific issues on which they prevailed. Instead, Section 10.5 clearly states that "in any action or suit brought by a party to enforce the terms of this Agreement, the prevailing party shall be entitled to the payment of reasonable attorneys' fees and costs." Defendants prevailed. Under the CPA they are entitled to all of their fees. That is the bargain AMA made, and AMA should (for once) honor its own promise.

Finally, AMA deducts fees based on its contention that GLP 5 and Netmedia's Reply In Support of Their Motion To Dismiss For Lack Of Personal Jurisdiction does not involve a request to enforce the forum selection clause. AMA is wrong, yet again. In that brief, Netmedia and GLP 5 expressly seek dismissal based on the forum selection clause. ECF N. 44 at 3 ("As explained in moving defendants' concurrently-filed Reply in Support of Motion for Stay . . . under *Atlantic Marine* the court must dismiss this action based on the Agreement's forum selection clause.") And their contemporaneously-filed Reply in Support of Motion for Stay contained an extensive argument concerning the applicability and enforceability of the forum selection clause. ECF No. 45 at 1, 3-5.

In sum, AMA's analysis is not a good faith attempt to assess Defendants' fee request, is unintelligible,[2] is contrary to settled Ninth Circuit law and contrary to the CPA. The Court should disregard AMA's fee analysis, and grant Defendants' fee request in its entirety.[3]

## IV.   <u>CONCLUSION</u>

Defendants respectfully request that the Court grant the instant motion in its entirety, and award Defendants' fees and expenses in the amount of $900,611.50.

---

[2] AMA provides no information as to the order in which it applied its deductions or whether its deductions overlap. For example, it is entirely unclear how AMA reduced the $127,584.92 in fees directly attributable to the successful forum selection clause motions to the final amount ($15,595.39) it deems "actually attributable to the improper venue motion." Oppo. at 17. AMA's fee analysis provides no meaningful guidance to the Court.

[3] As explained in Defendants' opening brief, Defendants also seek recovery of fees incurred in the preparation of the instant Motion and Reply. Those fees equal $41,652.50. Supp. Van Loon Decl., ¶ 2.



DATED: March 6, 2017                    Respectfully submitted,

                                        GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP

                                        By:  /s/ Erica J. Van Loon
                                        ERICA J. VAN LOON
                                        STEVEN BASILEO

                                        *Attorneys for Defendant Cyberweb Ltd., David
                                        Koonar, Sagan Limited, GLP 5, Inc. and
                                        Netmedia Services Inc.*

Glaser Weil

REPLY ISO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1311909