**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia LLC, | No. CV-16-01269-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Sagan Limited, et al., | |
| Defendants. | |

The Court dismissed this case because Plaintiff AMA Multimedia LLC is bound by the forum selection clause of the Content Partner Revenue Sharing Agreement ("CPRA"). Doc. 126. Defendants Sagan, Ltd., Cyberweb Ltd., Netmedia Services, Inc., GLP 5, Inc., and David Koonar (collectively "Defendants") now seek an award of nearly $860,000 in attorneys' fees and costs. Doc. 133. The Court will deny the motion.[1]

The Court's local rules require parties to identify the authority under which they seek to recover attorneys' fees. LRCiv. 54.2(c)(1)-(2). Defendants seek an award of fees under § 10.5 of the CPRA. Doc. 133-1 at 4. The Court concludes, however, that Defendants have not carried their burden of showing that they are entitled to fees under this provision.

---

[1] The parties' request for oral argument is denied because the issues are fully briefed and oral argument will not aid in the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Section 10.5 provides that it "shall be governed by and construed in accordance with the laws of Barbados." Doc. 27-3 at 30, § 10.5. Indeed, Defendants obtained dismissal of this case by arguing that it must be litigated in Barbados. In their motion for fees and their and reply, however, Defendants cite no Barbados law regarding contractual attorneys' fees provisions like § 10.5. They cite no law to show that such provisions are enforceable under Barbados law. Nor do they provide any Barbados authority on the various issues addressed in the parties' briefing, such as whether this case arose out of the CPRA, whether Defendants' motion to dismiss should be viewed as an "action" as required by § 10.5, or what principles should be applied in determining the amount of fees to be awarded – the appropriate hourly rate, whether duplicative billing is permitted, whether block billing is permitted, and whether the degree of success should be considered in arriving at a reasonable fee amount. Defendants cite Ninth Circuit cases on some of these points, but they say not a word about the requirements or authorization of Barbados law. *See* Docs. 133, 140. As a result, the Court cannot conclude that Defendants are entitled to a fee recovery in this case. They have not carried their burden of showing that they are.

The Court notes that it would not be inclined to award anything close to $860,000 even if Defendants had met their burden. Defendants themselves note that only $127,585 of their request was incurred in litigating the forum selection issue. Doc. 133-1 at 13. They do not dispute that their first few motions to dismiss did not even raise this issue, or that those motions necessitated much discovery and motion practice on whether the Court had personal jurisdiction – an issue unrelated to enforcement of the forum selection clause. And Plaintiffs provide reason to doubt whether Defendants' claimed $127,585 in fees represents a reasonable sum for the forum selection dispute. But the Court need not decide these issues. Defendants vigorously asserted that this case was to be resolved in Barbados courts under Barbados law, and yet have made no showing that Barbados law would permit them to recover the fees and costs they seek.

1    **IT IS ORDERED** that Defendants' motion for attorneys' fees (Doc. 133) is
2  **denied.**
3    Dated this 24th day of April, 2017.

_____
David G. Campbell
United States District Judge