**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>SAGAN LIMITED, DBA Porn.com, a Republic of Seychelles company, individually; NETMEDIA SERVICES, INC., DBA Porn.com, a Canadian company, individually; GLP 5, INC., DBA Trafficforce.com, a Michigan company, individually; DAVID KOONAR, an individual; CYBERWEB LIMITED, DBA Porn.com, formerly MXN LTD., a Barbados Company, individually; JOHN DOE, 1-20,<br><br>            Defendants-Appellees. | No.    17-15178<br><br>D.C. No. 2:16-cv-01269-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted April 11, 2018
San Francisco, California

Before:  McKEOWN and WARDLAW, Circuit Judges, and KATZMANN,**

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Gary S. Katzmann, Judge for the United States Court

International Trade Judge.

AMA Multimedia, LLC ("AMA") appeals the district court's order dismissing its federal copyright claims against Sagan, Ltd.; Netmedia Services, Inc.; GLP 5, Inc.; Cyberweb, Ltd.; David Koonar; and several unnamed individuals (collectively, "Defendants"), on grounds of *forum non conveniens*.  Because the parties are familiar with the facts, we do not repeat them here.

The district court relied on the forum-selection clause in a licensing agreement—formally, the "Content Partner Revenue Sharing Agreement" ("CPRA")—that AMA entered into with GIM Corp. ("GIM").[1]  The forum-selection clause requires courts to "construe[]" the CPRA "in accordance with the laws of Barbados," and also requires the parties to "institute[]" any and all "legal action arising out of or relating to [the CPRA] . . . in a court located in Barbados."  None of the Defendants, of course, was a party to the CPRA.  However, GIM could assign the CPRA to any "affiliate, parent, or subsidiary" with or "without [the] consent" of AMA, in which case the CPRA would become "binding upon, inure to the benefit of, and be enforceable" by the assignee.  The district court determined that Defendants were "affiliates" of GIM and valid assignees of GIM's rights under the CPRA.  As a result, the court permitted Defendants to enforce the

---

of International Trade, sitting by designation.

[1] Despite having some sort of relationship with each named Defendant, GIM is not a party in this lawsuit.

CPRA's forum-selection clause.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's enforcement of a forum-selection clause for abuse of discretion. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). The CPRA's forum-selection clause must be enforced unless the district court "reach[ed] a result that is illogical, implausible, or without support in the inferences that may be drawn from the record." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). Applying that standard, we vacate and remand.

### 1. Application of Barbadian Law

As a threshold matter, we need not decide whether the district court abused its discretion by determining the scope of the forum-selection clause under federal law as opposed to Barbadian law. AMA has yet to indicate how—or indeed, even claim that—Barbadian law differs from federal law on this question. Under the circumstances, the district court did not abuse its discretion by applying federal law. *See United States v. Westinghouse Elec. Corp.*, 648 F.2d 642, 647 n.1 (9th Cir. 1981) ("Absent a showing to the contrary, it is presumed that foreign law is the same as the law of the forum."), *overruled on other grounds by FTC v. Actavis*, 570 U.S. 136, 158 (2013); *1700 Ocean Ave. Corp. v. GBR Assocs.*, 354 F.2d 993, 994 (9th Cir. 1965) ("In the absence of a showing at the trial that some other law than that of the forum was applicable, and proof of it, the presumption would be

3

that the foreign law, if applicable, would be the same as [the forum's law].").

### 2. Assignment of CPRA to Defendants

Although the CPRA's assignment clause permits GIM to "assign [the] Agreement without consent to an affiliate," the evidence of such an assignment here is conspicuously scarce. Indeed, Defendants' only evidence is a declaration from defendant David Koonar (president, sole director, and sole employee of GIM), stating: "To the extent any corporate Defendant in this action acted in connection with any AMA content it did so with the express understanding that it acted as an assignee of the rights afforded GIM under [the CPRA]."

Koonar's statement, however, was self-serving and made only after the district court ruled in AMA's favor on a motion to dismiss. The director of Cyberweb testified that he had no knowledge of any assignment. Defendants provided no evidence of the scope of GIM's purported assignments to Defendants, no documents relating to an assignment, nothing to indicate whether there were single or multiple assignments, or even a date on which any such assignments occurred. We need not decide how much of this evidence is required for a valid assignment; we simply note that none of it is present here. On this record, we are unable to conclude that Defendants were valid assignees of GIM's rights under the CPRA. We therefore vacate the judgment of the district court and remand for further proceedings.

We do not reach Defendants' alternative arguments for enforcing the forum-selection clause, including those based on an implied license, agency relationships, or third-party beneficiary status. "[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984) (permitting third-party beneficiaries of contract to enforce forum-selection clause)). Defendants may pursue those theories on remand.

**VACATED and REMANDED.**