LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>  Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**JOINT MEMORANDUM FOLLOWING NINTH CIRCUIT COURT OF APPEAL'S REMAND** |

Counsel for Plaintiff AMA Multimedia, LLC ("AMA"), and counsel for Defendants Sagan, Ltd., Cyberweb, Ltd., GLP 5, Inc., Netmedia Services, Inc., and David Koonar ("Defendants"), hereby confirm that they have conferred and submit this Joint Memorandum pursuant to the Court's May 24, 2018 Order regarding course of action following the Ninth Circuit's remand.

/ /

/

1506986.1

**Plaintiff's Position**

The parties have met and conferred on this matter, and there is clearly a disagreement about the Ninth Circuit Court of Appeals' ruling(s) on remand.

Plaintiff believes that the Ninth Circuit Court of Appeals determined that there was no assignment of the Content Partnership Agreement to the Defendants in this action. Therefore, dismissal pursuant to the doctrine of *forum non conveniens* was overturned as the Defendants cannot assert the forum selection clause on the grounds of assignment. Accordingly, the issue of dismissal on this basis has been determined and needs no further briefing nor consideration by this Court now.[1]

On the other hand, Defendants believe they are permitted to re-argue assignment and create evidence of assignment that they failed to produce thus far.

---

[1] The Ninth Circuit *did not* remand with instruction or anticipation that the Defendants could supplement the record or their arguments regarding assignment of the CPA. The Ninth Circuit **explicitly, and solely,** permitted the Defendants to pursue the theories of implied license, agency relationships, and third-party beneficiary status on remand. Dkt. No. 147-1. (The Ninth Circuit clearly found that there were no documents related to an assignment, no evidence on the scope of assignment, no information whether there were single or multiple assignments, and no date of any alleged assignments. In particular, the Ninth Circuit noted that "The director of Cyberweb testified that he had no knowledge of any assignment.") The Ninth Circuit also took specific issue with Defendants creating evidence after a negative court ruling, noting that the single piece of "evidence" of assignment offered previously was David Koonar's own statement, and it held that "Koonar's statement, however, was self-serving and made only after the district court ruled in AMA's favor on a motion to dismiss." Dkt. No. 147-1.

The Ninth Circuit clearly excluded the assignment theory and limited the available theories remaining for Defendants to pursue on remand. Defendants cannot be permitted now to supplement the record and/or create facts regarding assignment that they never had in the first round of briefing on the assignment issue. If any evidence existed, it was incumbent upon the Defendants to have properly produced it the first time (and not only when faced with another negative court ruling).

1506986.1

Defendants' asserted alternative theories for dismissal pursuant to the doctrine of *forum non conveniens* —as agents, third party beneficiaries, and implied licensees— were not previously addressed by the trial court and were not addressed by the Ninth Circuit Court of Appeals.  Therefore, they should be addressed by the Court at this point.

Defendants also moved for dismissal based upon lack of personal jurisdiction. The Court determined jurisdiction over Sagan Limited, but had not entered rulings specific to Cyberweb, Ltd., Netmedia Services, Inc., or David Koonar.  The Court should determine jurisdiction over these parties at this point.

Much time, expense, and briefing at both the trial court and Ninth Circuit Court of Appeals have been previously dedicated to the issues of *forum non conveniens* and personal jurisdiction.  All of the remaining issues have already been briefed and argued, but not ruled on.  Plaintiff does not believe that further time and expense should be dedicated to these issues, nor should Defendants be presented with an opportunity to change, alter, or modify their prior-asserted facts.  The briefing at this point is sufficient for the Court to enter rulings on the outstanding issues.

Plaintiff specifically suggests that this Court now revisit the original *forum non conveniens* motions Defendants filed to determine if the **remaining** arguments contain merit. To the extent that further briefing is desired by the Court, Plaintiff recommends that the parties be permitted to submit the briefs filed with the Ninth Circuit Court of Appeals, wherein *forum non conveniens* issues were extensively briefed, including nearly half of Defendants' written briefing.

Plaintiffs disagree with Defendants' proposal of simultaneous supplemental briefing, including supplemental factual submissions to the record, on all *forum non conveniens* issues, including that of assignment of the CPA.  That approach does nothing more than exacerbate legal fees and create more fighting grounds for the parties.

1506986.1

**Defendants' Position**

On April 27, 2018, the Ninth Circuit issued an unpublished memorandum, vacating this Court's January 26, 2017 Order dismissing the case on the basis of *forum non conveniens* and remanding this matter for further proceedings. Dkt. No. 147-1. In prior briefing, Defendants asserted five different reasons why they have standing to assert the forum selection clause of the Content Partnership Revenue Sharing Agreement ("CPA" or "CPRA"), even though they are not signatories:

1) they are closely related parties under *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988),

2) they are agents of a signatory (G.I.M.),

3) they are third party beneficiaries under the CPA,

4) they are implied licensees under the CPA, and

5) they are assignees under Section 10.3 of the CPA.

As the Ninth Circuit specifically noted in its opinion, each of these theories remains viable on remand.

The Ninth Circuit expressly stated that Defendants can pursue the first four theories on remand. Dkt. No. 147-1 at 5 ("We do not reach Defendants' alternative arguments for enforcing the forum selection clause, including those based on an implied license, agency relationships, or third-party beneficiary status. ... Defendants may pursue those theories on remand."). And, contrary to AMA's assertion, the Ninth Circuit did not preclude further proceedings with respect to Defendants' assignment theory. The Ninth Circuit merely stated that this theory was not supported "on this record." Dkt. No. 147-1 at 4. Thus, the Ninth Circuit left the record open as to this issue, and subject to supplementation by Defendants.

AMA opposes any additional briefing. However, this is contrary to the Ninth Circuit's decision to remand this matter for "further proceedings" rather than reverse this

1506986.1

1   Court, in anticipation that the record on standing could be supplemented, and would
2   unfairly disadvantage Defendants. Dkt. No. 147-1 at 4 ("We need not decide how much
3   of this evidence is required for a valid assignment; we simply note that none of it is
4   present here. On this record, we are unable to conclude that Defendants were valid
5   assignees of GIM's rights under the CPRA. We therefore vacate the judgment of the
6   district court and remand for **further proceedings**.") It would also disadvantage this
7   Court, because if the Court were to rule on this standing issue based on the existing
8   record, it would be required to wade through hundreds of pages of prior briefing (most of
9   it devoted to issues that are now irrelevant) in search of arguments relating to standing.
10  This is obviously inefficient and invites error. Accordingly, Defendants propose that, for
11  the convenience of the Court and in the interests of justice, the parties submit
12  simultaneous 20-page supplemental opening briefs summarizing and restating their
13  positions regarding the standing issue and optional 10-page reply briefs, if needed. This is
14  obviously more efficient than requiring the Court to parse the existing record. And
15  supplemental briefing will afford the parties the opportunity to submit additional
16  evidence, with the benefit of the Ninth Circuit's guidance.

17       Defendants are aware that AMA has, in the alternative, proposed that the parties
18  submit their appellate briefs to the Court.  This proposal is flawed for multiple reasons.
19  Among other things, the appellate briefs were not written with the benefit of the Ninth
20  Circuit's guidance concerning the assignment issue. And Defendants' alternative standing
21  theories were not the focus of their appellate brief. They were addressed in summary
22  fashion due to word count and presentational constraints, and were briefed from an
23  appellate (rather than a trial court) perspective, mindful of the limited standard of review.
24  Moreover, in the appellate record AMA had the benefit of an opening and reply brief, but
25  Defendants (as the moving parties) are entitled to the last word at the trial court level.
26

1506986.1

1  Finally, with regard to AMA's request that the Court decide the pending personal
2 jurisdiction issues, Defendants believe that the Court should forego ruling on these issues.
3 Defendants believe that their standing arguments are correct, and will likely moot any
4 remaining personal jurisdiction motions. In addition, the fundamental premise of
5 Defendants' *forum non conveniens* motion is that this is not the proper forum for AMA's
6 claims. With this in mind, the Court should not unnecessarily adjudicate any other issues
7 while the propriety of this forum has yet to be decided.

Dated this 29th day of June, 2018.

**MANOLIO & FIRESTONE, PLC**

By:  /s/ Veronica L. Manolio
    Veronica L. Manolio
    8686 E. San Alberto Drive, Suite 200
    Scottsdale, Arizona 85258
    *Attorneys for Plaintiff*

**GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP**

By:  /s/ Erica J. Van Loon
    Erica J. Van Loon
    10250 Constellation Blvd., 19th Floor
    Los Angeles, CA 90067
    *Attorneys for Defendants Sagan Limited, Cyberweb Ltd., Netmedia Services, Inc., and David Koonar*

1506986.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2018, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Erica J. Van Loon
Glaser Weil Fink Howard Avchen & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
evanloon@glaserweil.com
*Attorneys for Defendants Sagan Limited,*
*Cyberweb Ltd., Netmedia Services, Inc.,*
*and David Koonar*

By:   /s/ Sandra Eliot

1506986.1