ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@lathropgage.com
LATHROP GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Facsimile: (310) 789-4601

*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc., and Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a/ Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO. 2:16-cv-01269-PHX-DGC<br><br>Hon. David G. Campbell<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

30340002

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................... 1

II. ARGUMENT ........................................................................................................... 2

    A.  Eligibility ..................................................................................................... 2

    B.  Entitlement ................................................................................................... 5

    C.  Reasonableness of Requested Reward ........................................................ 8

        1.  The Amount In Controversy Supports The Requested Award .......... 8

        2.  The Skill And Reputation Of Defendants' Counsel Supports The Requested Award ................................................................................ 8

        3.  The Rates Charged By Defendants' Counsel Are Customary Rates For Lawyers With Their Credentials .................................................. 10

        4.  The Time And Effort Devoted By Defendants' Counsel To The Renewed Motion To Dismiss Was Reasonable ............................... 10

        5.  Defendants' Counsel Have Exercised Billing Judgment ................. 10

III. CONCLUSION ..................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3 North, PLLC v. Corporation of the Presiding Bishops of the Church of Jesus Christ of Latter-Day Saints*,
   No. 3:09-CV-669, 2009 U.S. Dist. LEXIS 115360 (E.D. Va. Dec. 10, 2009) ...............................7

*Jim Cooley Construction, Inc. v. North American Construction Corp.*,
   46 F.3d 1151, 1995 U.S. App. LEXIS 24 (10th Cir. Jan. 4, 1995) (unpublished) ......................5, 6

*Monster Daddy, LLC v. Monster Cable Prod., Inc.*,
   483 Fed. Appx. 831 (4th Cir. 2012) ................................................................................................6

*Northview Christian Church, Inc. v. Monolithic Constructors, Inc.*,
   No. 3:09-CV-655-M, 2010 U.S. Dist. LEXIS 64113 (N.D. Tex. June 28, 2010) ..........................7

*Progeny Advanced Genetics, Inc. v. Paragon Seed, Inc.*,
   No. CV 05-03091, 2006 U.S. Dist. LEXIS 18558 (N.D. Cal. Mar. 2, 2006) ..............................3, 4

*Ricciardi v. Frink*,
   133 Or. App. 436, 891 P.2d 1336 (1995) .......................................................................................7

*Swartz v. Turner*,
   No. 1:14-cv-597-CL, 2014 U.S. Dist. LEXIS 162920 (D. Or. Nov. 19, 2014) .............................6

*Tamar Diamonds, Inc. v. Splendid Diamonds LLC*,
   No. 10-21470-CIV, 2011 U.S. Dist. LEXIS 10313 (S.D. Fla. Jan. 11, 2011) ...............................7

*Tiger Bay Vill. Corp. v. Yihe Corp*,
   No. CV 13-08837-RSWL-FFM(x), 2014 U.S. Dist. LEXIS 100607 (C.D. Cal. July 18, 2014) ....................................................................................................................4

*TNT Marketing, Inc. v. Agresti*,
   796 F.2d 276 (9th Cir. 1986) ..........................................................................................................4

*U.S. v. Westinghouse Elec. Corp.*,
   648 F.2d 642 (9th Cir. 1981) ..........................................................................................................4

**Other Authorities**

Black's Law Dictionary Free Online Legal Dictionary ........................................................................3

Fed. R. Civ. P. 54(b) ............................................................................................................................3

*Halsbury's Laws of England*, 4th ed., vol. 37, para. 17, p. 24 ............................................................5

http://www.duhaime.org/LegalDictionary/A/Action.aspx ...................................................................5

Local Rule 54.2 ............................................................................................................................. 1, 8

The Supreme Court (Civil Procedure) Rules 2008 ........................................................................ 7, 8

## I.    **INTRODUCTION**

On October 24, 2018, the Court granted Defendants' renewed motion to dismiss this action (ECF No. 154) based on the doctrine of *forum non conveniens*. ECF No. 171. The contract governing the parties' relationship, the Content Partnership Revenue Sharing Agreement ("CPA"), states that "[in] any action or suit brought by a party to enforce the terms of this Agreement, the prevailing party shall be entitled to the payment of reasonable attorneys' fees and costs." ECF No. 27-3, Ex. 5, at ¶ 10.5. Defendants' renewed motion to dismiss is an "action" to enforce the CPA's forum selection clause, and Defendants prevailed on their motion. Accordingly, under the plain language of the CPA and Barbados law, Defendants are entitled to their reasonable attorneys' fees incurred in connection with the renewed motion to dismiss. Defendants request an award in the amount of $78,143.50.

Defendants have submitted their counsel's invoices in support of the instant motion. *See* Declaration of Erica Van Loon ("Van Loon Decl."), Ex. B. All of the requested fees relate to work performed by Defendants' counsel on or after April 29, 2018, in connection with the renewed motion to dismiss. Defendants have redacted from the invoices privileged information, time entries unrelated to the renewed motion to dismiss, and time entries and costs for which Defendants do not seek an award in this motion. At the Court's request, Defendants will produce for *in camera* review an unredacted version of the invoices.

To the extent they are applicable, all of the factors set forth in Local Rule 54.2 – which are substantially similar to those analyzed by Barbados courts in assessing the amount of attorneys' fees and costs to be awarded to a prevailing party (*see* Declaration of Ivan Alert ("Alert Decl."), ¶¶ 12-13 and Ex. 2) – support Defendants' fee request. The amount in controversy in this action was quite large – in excess of $25 million, when one takes into account the monetary and injunctive relief requested by Plaintiff AMA Multimedia LLC ("AMA"). The hourly rates charged by Defendants' counsel are their own customary rates, and are also customary rates for similarly-credentialed intellectual property litigators at comparable law firms. And the total number of attorney hours devoted to the renewed motion to dismiss (approximately 142.75) is unsurprising, given that Defendants filed two

briefs in connection with the motion (ECF Nos. 154 and 161), both pursuant to the Court's July 6, 2018, order, and also were required to analyze and respond to arguments raised by AMA for the first time in its supplemental opposition brief (ECF No. 157).

For these reasons, Defendants' motion should be granted in its entirety.

## II.    ARGUMENT

### A.    Eligibility

In this action, Plaintiff AMA asserted copyright infringement claims against five defendants, GLP 5, Inc., Netmedia Services, Inc., David Koonar, Sagan Limited, and Cyberweb Ltd.  In its First Amended Complaint, AMA purported to seek statutory damages of $150,000 each for 110 allegedly separate and distinct acts of copyright infringement based on the posting of full-length videos, along with an unspecified number of alleged additional acts of copyright infringement relating to banner advertisements.  ECF No. 16 at ¶¶ 78, 98. AMA also purported to seek transfer of the very valuable Porn.com domain name and any similar domain names to AMA.  *Id.* at Prayer For Relief, ¶ B.  In total, the amount in controversy was in excess of $25 million.  *Id.*; Van Loon Decl., ¶ 22.

Defendants each brought Motions to Dismiss or Stay this action, which the Court granted on January 26, 2017.  ECF No. 126.  AMA appealed the Court's order to the Ninth Circuit.  On April 27, 2018, the Ninth Circuit issued a memorandum decision that vacated the Court's judgment and remanded the action for further proceedings.  ECF No. 147-1. After the parties filed a Joint Memorandum Following Ninth Circuit Court of Appeal's Remand (ECF No. 152) ("Joint Memorandum"), the Court issued an order on July 6, 2018, directing the parties to file supplemental briefs on Defendants' motion to dismiss.  ECF No. 153.  Defendants filed their supplemental brief on August 3, 2018, AMA filed its supplemental opposition brief on August 31, 2018, and Defendants filed their supplemental reply brief on September 21, 2018.  On October 24, 2018, the Court issued an order (i) granting Defendants' renewed motion to dismiss based on *forum non conveniens*, (ii) reiterating that the claims asserted against Defendant GLP 5, Inc., were dismissed for lack of

personal jurisdiction, and (iii) directing the Clerk to terminate this action. ECF No. 171.

The contract governing the parties' relationship, the CPA, states that "[in] any action or suit brought by a party to enforce the terms of this Agreement, the prevailing party **shall** be entitled to the payment of reasonable attorneys' fees and costs." ECF No. 27-3, Ex. 5, at ¶ 10.5 (emphasis added). Defendants' renewed motion to dismiss was an "action" to enforce a term in the CPA (the forum selection clause), and Defendants obtained the relief they requested – dismissal as to all Defendants. ECF No. 171.

AMA may argue, as it did in opposing Defendants' prior motion for attorney's fees (*see* ECF No. 139 at 6-8), that Defendants did not "bring an action" to enforce the forum selection clause because only a plaintiff can "bring an action." AMA would be wrong. The plain meaning of the term "action" includes any request for relief, not just the initiation of a lawsuit. *See, e.g.*, Black's Law Dictionary Free Online Legal Dictionary (a legal action is the "lawful pursuit for justice or decision")[1]; Fed. R. Civ. P. 54(b) (discussing "an action [that] presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim."). Not surprisingly, courts in the Ninth Circuit view motions to enforce contract terms as "actions" to enforce contract terms.

For example, in *Progeny Advanced Genetics, Inc. v. Paragon Seed, Inc.*, No. CV 05-03091, 2006 U.S. Dist. LEXIS 18558 (N.D. Cal. Mar. 2, 2006), the plaintiff asserted claims for infringement of the Plant Variety Protection Act, false designation of origin, unfair competition, and declaratory relief against the defendant. The defendant successfully moved to dismiss plaintiff's claims based on a settlement agreement provision barring the plaintiff from asserting its claims in court. The Court then held that the defendant's motion constituted an <u>action</u> to enforce the agreement, thus entitling the defendant to an award of fees.

> The Settlement Agreement in this matter specifically provides for payment of reasonable attorneys' fees and costs to the prevailing party in an action to enforce the agreement. Defendant's motion to dismiss is, in essence, an action to enforce the Settlement Agreement. As the prevailing party in the motion to

---

[1] http://thelawdictionary.org/legal-action/

-3-

dismiss, Defendant is entitled to its reasonable attorneys' fees and costs." *Id.* at *14. The court in *Tiger Bay Vill. Corp. v. Yihe Corp*, No. CV 13-08837-RSWL-FFM(x), 2014 U.S. Dist. LEXIS 100607 (C.D. Cal. July 18, 2014), reached the same result in a case involving a motion to enforce a settlement agreement that included a clause entitling the prevailing party to fees "in any action between the Parties seeking enforcement [of the agreement]." *Id.* at *18 ("the Court holds that the instant Motion is an action covered under [the prevailing party clause]").

The Ninth Circuit in *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276 (9th Cir. 1986), deemed a post-judgment motion seeking to enforce a settlement agreement a "suit" seeking to enforce the agreement, and awarded fees on that basis. In *TNT Marketing*, the losing party "argue[d] that the award of attorney's fees was precluded because the application for an order to show cause did not constitute a 'suit ... brought to enforce or interpret any part of this stipulation or judgment,' as the settlement agreement provided." *Id.* at 278. The Ninth Circuit rejected this argument and held "[a]n order to show cause proceeding initiated to obtain a remedy for Agresti's failure to comply with the settlement agreement is a 'suit' under this definition." *Id.*

Under this authority, Defendants clearly brought an "action" to enforce the CPA. Barbados law is in accord.[2] In Barbados, the term "action" is used to describe <u>all</u> legal proceedings relating to a legal complaint, its adjudication, determination and enforcement by a court. Alert Decl., ¶ 5.

> Action means any civil proceeding commenced by writ or in any other manner prescribed by rules of court. It has a wide signification as including any method prescribed by those rules of invoking the court's jurisdiction for the adjudication or determination of a *lis* or legal right or claim or any justiciable

---

[2] Defendants refer to Barbados law herein solely to address the fact that the Court denied Defendants' prior motion for attorney's fees and expenses because Defendants "made no showing that Barbados law would permit them to recover the fees and costs they seek." ECF No. 142 at 2. In the absence of evidence to contrary, Barbados law is presumed to be identical to U.S. law. *See, e.g., U.S. v. Westinghouse Elec. Corp.*, 648 F.2d 642, 647 n.1 (9th Cir. 1981) ("Absent a showing to the contrary, it is presumed that foreign law is the same as the law of the forum.").

-4-

> issue, question or contest arising between two or more persons or affecting the status of one of them.  In its natural meaning action refers to any proceeding in the nature of a litigation between a plaintiff and a defendant.  It includes any civil proceedings in which there is a plaintiff who sues, and a defendant who is sued, in respect of some cause of action…

*Id.*, ¶ 5 and Ex. 1 (http://www.duhaime.org/LegalDictionary/A/Action.aspx, citing *Halsbury's Laws of England*, 4th ed., vol. 37, para. 17, p. 24).  Defendants' renewed motion to dismiss would have been brought as an "application" to dismiss in Barbados.  Such "application" would be considered a proceeding falling within the definition of an "action."  *Id.*, ¶ 6 and Ex. 2.

AMA also may argue that this case did not involve an action to enforce the CPA's forum selection clause because (according to AMA) this was purely a copyright case.  However, the Court has squarely rejected this argument holding that "[u]nder governing Ninth Circuit law, this case arises out of or relates to the [CPA]."  ECF No. 126 at 11.  The Court also held that the CPA's forum selection clause "plainly applies to this case" and "each of the copyright claims in this case relates in some way to rights and duties enumerated in the [CPA]."  *Id.* at 7.  These findings were not disturbed on appeal.  *See* ECF No. 171 at 3.[3]

Under the plain language of the CPA, Defendants must be awarded their reasonable attorneys' fees.

B. **Entitlement**

As discussed above, Defendants moved to dismiss this action, and this action has been dismissed.  Defendants are entitled to their fees based on the straightforward application of the prevailing party term in their agreement.

The Tenth Circuit's decision in *Jim Cooley Construction, Inc. v. North American Construction Corp.*, 46 F.3d 1151, 1995 U.S. App. LEXIS 24 (10th Cir. Jan. 4, 1995) (unpublished) is instructive.  In *Jim Cooley Construction*, the Court was presented with a similar forum selection clause.  There, the forum selection clause in the parties' contract

---

[3] A Barbados court likely would not differ from the Court's ruling.  Alert Decl., ¶ 9.

limited venue to Bexar County, Texas, but the plaintiff nonetheless filed suit in Oklahoma. The defendant filed a successful motion to dismiss based on the forum selection clause, and then moved for an award of attorneys' fees based on the following contract provision:

> In the event it is necessary for any party to the Subcontract Agreement to employ an attorney for the enforcement of any terms of this Subcontract Agreement, the nonprevailing party shall pay the prevailing party reasonable attorney's fees.

*Id.* at *2-3. The trial court denied defendant's motion, based on its conclusion that the defendant was not a prevailing party because it did not prevail on the merits. *Id*. at *3. The Tenth Circuit reversed, expressly rejecting the notion that a prevailing party must prevail on the merits.

> [T]here is simply no doubt that by filing a motion to dismiss on venue grounds, North American was enforcing that term of the agreement which limited venue to Bexar County. It is also beyond cavil North American prevailed in that effort. . . . Nothing in the agreement cited to us or relied upon by the district court states or implies recovery under Paragraph 35(B) is limited to final resolution of the merits of the contract dispute. The parties agreed those merits were to be resolved in a specific court, and North American was entitled to enforcement of that agreement. It is also, by the clear and unequivocal language of the agreement presented to us, entitled to compensation for that enforcement.

*Id.* at *4.

Numerous other courts have reached the same result. *See, e.g., Monster Daddy, LLC v. Monster Cable Prod., Inc.*, 483 Fed. Appx. 831, 837 (4th Cir. 2012) ("Monster Daddy was the 'prevailing party' with respect to Cable Products' breach of the forum selection clause of the settlement agreement. . . . Cable Products' argument incorrectly presumes that, to be a 'prevailing party,' Monster Daddy was required to prevail in the California action on the merits of the claims asserted in that case. However, an award under the attorneys' fees clause may be made whenever a party prevails with respect to a particular breach of the settlement agreement, which in this case was Cable Products' filing of the California action."); *Swartz v. Turner*, No. 1:14-cv-597-CL, 2014 U.S. Dist. LEXIS 162920, at *3 (D. Or. Nov. 19, 2014) ("But the attorney's fees provision at issue does not require that a party prevail on the merits, only that a party prevail in an action 'instituted in connection

-6-

1  with any controversy arising out of this Agreement.' Defendants here prevailed in this
2  action by obtaining dismissal based on the forum selection clause, even though dismissal is
3  without prejudice. Under the terms of the lease, Defendants are entitled to attorney's fees
4  incurred enforcing the forum selection clause."); *Ricciardi v. Frink*, 133 Or. App. 436, 447,
5  891 P.2d 1336, 1342 (1995) (upholding award of attorney's fees to party who obtained
6  dismissal of action without prejudice based on forum selection clause); *3 North, PLLC v.
7  Corporation of the Presiding Bishops of the Church of Jesus Christ of Latter-Day Saints*,
8  No. 3:09-CV-669, 2009 U.S. Dist. LEXIS 115360, at *14 (E.D. Va. Dec. 10, 2009)
9  ("Because the Court will grant the Church's Motion [to enforce the forum selection clause],
10 the Church is the prevailing party and is entitled to its attorney's fees and costs."); *Northview
11 Christian Church, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-CV-655-M, 2010 U.S.
12 Dist. LEXIS 64113 (N.D. Tex. June 28, 2010) (successful motion to enforce forum selection
13 clause entitled defendant to attorneys' fees under clause stating: "In the event that it becomes
14 necessary for either party to incur legal fees to enforce the terms of this Agreement, the
15 prevailing party will be entitled to reasonable attorney fees."); *Tamar Diamonds, Inc. v.
16 Splendid Diamonds LLC*, No. 10-21470-CIV, 2011 U.S. Dist. LEXIS 10313, at *4-5 (S.D.
17 Fla. Jan. 11, 2011), *report and recommendation adopted,* No. 10-21470-CIV, 2011 U.S.
18 Dist. LEXIS 10334 (S.D. Fla. Feb. 3, 2011) ("The plaintiff also argues that the defendants
19 are not the prevailing party because the merits were not reached which is required for
20 prevailing party status. . . . The undersigned agrees with the defendants and finds that the
21 defendants are the prevailing party in this case. Here, the Court found in favor of the
22 defendants with respect to the dispute over the application of the forum selection clause,
23 thereby, conveying prevailing party status on the defendants in this matter.")
24        Barbados law is in agreement. In Barbados, the general rule is that the court will
25 order the unsuccessful party to pay the costs of the successful party, and such costs would
26 include reasonable attorneys' fees, i.e., the English Rule. Alert Decl., ¶ 8 and Ex. 2 (citing
27 The Supreme Court (Civil Procedure) Rules 2008 ("BCPR") Part 64.6(1)). Under BCPR
28 Part 11.1, when an application (or motion) to dismiss is successful and results in the entire

action being brought to an end in favor of the applicant, the prevailing party may recover its "costs", which include reasonable attorneys' fees. *Id.*, ¶ 11 and Ex. 2 (citing BCPR Part 64.2(1)).

Based on the foregoing authority and the plain language of the CPA, Defendants are entitled to an award of their attorneys' fees.

### C. Reasonableness of Requested Reward

As discussed above, Defendants seek an award of $78,143.50 in attorneys' fees.[4] The requested attorneys' fees are based on the invoices attached to the concurrently-filed Van Loon Declaration. *See* Van Loon Decl., ¶¶ 16, 18 and Ex. B. To the extent they are applicable, the factors set forth in Local Rule 54.2 – which are substantially similar to those analyzed by Barbados courts in assessing the amount of attorneys' fees and costs to be awarded to a prevailing party (*see* Alert Declaration, ¶¶ 12-13 and Ex. 2) – support the award Defendants seek.

#### 1. The Amount In Controversy Supports The Requested Award

As discussed above, the amount in controversy in this action was quite large – in excess of $25 million. Van Loon Decl., ¶ 22.

#### 2. The Skill And Reputation Of Defendants' Counsel Supports The Requested Award

Defendants' primary counsel are intellectual property litigators with substantial experience at leading law firms. Lead counsel Erica Van Loon is a partner at the 250-attorney Lathrop Gage law firm. Before joining Lathrop Gage in September 2018, Ms. Van Loon was a partner and Head of the Trademark, Copyright and Media Practice at the 100-attorney Glaser Weil law firm. Ms. Van Loon recently was selected by the Los Angeles

---

[4] Defendants also plan to seek recovery for fees related to the instant motion, and plan to submit this total and supporting documentation on Reply (by which time such work will have been completed). Defendants believe they are expressly entitled to such fees under the prevailing party provision of the CPA, because such fees are fees incurred in an action to enforce a term of the CPA (the prevailing party term).

Business Journal as one of the Most Influential Women Attorneys for 2018. In 2016, Ms. Van Loon was selected as one of ten attorneys nationwide in intellectual property litigation as a Law360 Rising Star. She has repeatedly been named a Southern California Super Lawyer in intellectual property litigation, and she has a Martindale-Hubbell legal rating of AV. Van Loon Decl., ¶¶ 6-7. Before joining the Glaser Weil firm, Ms. Van Loon practiced at the firm of Quinn Emanuel Urquhart & Sullivan LLP., a leading national law firm. *Id*.

Steven Basileo is Of Counsel at Glaser Weil, and has more than twenty-five years of experience litigating high stakes intellectual property, antitrust, and commercial disputes. Van Loon Decl., ¶ 8. As lead trial counsel he has obtained aggregate awards in excess of $100,000,000, and has successfully defended claims seeking billions of dollars in damages. *Id*. Before joining Glaser Weil, Mr. Basileo practiced for many years at O'Melveny & Myers LLP, a leading national law firm. *Id*.[5]

Joshua Pollack is Of Counsel at Lathrop Gage, and has more than twenty-three years of experience handling a broad range of general, complex commercial litigation matters. Van Loon Decl., ¶ 10. He has successfully represented clients in a wide variety of matters, including claims for trademark and copyright infringement, fraud, and breach of contract. *Id*. Before joining the Lathrop Gage firm, Mr. Pollack practiced for 19 years at Proskauer Rose LLP, a leading national law firm. *Id*.

The briefs submitted by Defendants' counsel speak for themselves. The Court no doubt has its own view as to the skill exhibited by Defendants' counsel, and Defendants will defer to the Court in its assessment. Defendants note, however, that the issues presented in this action were complex, and Defendants' counsel prevailed on the renewed motion to dismiss notwithstanding a vigorous opposition by AMA's counsel.

---

[5] Mr. Basileo ceased working on this matter when Ms. Van Loon moved to the Lathrop Gage firm. Van Loon Decl., ¶ 9.

### 3. The Rates Charged By Defendants' Counsel Are Customary Rates For Lawyers With Their Credentials

The hourly rates charged by Defendants' counsel are the standard billing rates that they charge clients for the type of work at issue in this matter. Van Loon Decl., ¶ 15. In addition, these rates are customary, if not below market, for similarly-credentialed intellectual property litigators at comparable law firms. *Id.*

### 4. The Time And Effort Devoted By Defendants' Counsel To The Renewed Motion To Dismiss Was Reasonable

In total, Defendants' fee request is based on approximately 142.75 hours of attorney time – all of which relates to the renewed motion to dismiss. Van Loon Decl., ¶¶ 17, 21. Defendants' counsel spent approximately nine hours communicating with AMA's counsel and preparing the Joint Memorandum, approximately 69.25 hours researching and drafting Defendants' supplemental brief, and approximately 64.50 hours reviewing and analyzing AMA's supplemental opposition brief and researching and drafting Defendants' supplemental reply brief. *Id.*, ¶ 21. Given the significant amount at stake in this matter, the number of issues to be briefed pursuant to the Court's July 6, 2018, order, and AMA's effort to introduce new evidence in its opposition brief (i.e., the contract that AMA entered into with Cyberweb in 2007), the time and effort devoted by Defendants' counsel to the renewed motion to dismiss was reasonable and necessary. *Id.*, ¶ 23.

### 5. Defendants' Counsel Have Exercised Billing Judgment

As set forth in the Van Loon Declaration, Defendants seek recovery for $78,143.50 in fees in connection with the renewed motion to dismiss – $44,878.50 for fees incurred by the Glaser Weil firm from April 29, 2018, through August 3, 2018, and $33,265.00 for fees incurred by the Lathrop Gage firm from September 3, 2018, through September 21, 2018. Van Loon Decl., ¶ 16. Defendants have submitted their counsel's invoices in support of the instant motion. *Id.*, ¶ 18 and Ex. B. None of the fees that Defendants seek was the subject of the prior Motion By All Defendants For Attorneys' Fees and Expenses (ECF No. 133), which the Court denied on April 24, 2017 (ECF No. 142). *Id.*, ¶ 17. Nor do they relate to

any work performed by Defendants' counsel before the Ninth Circuit issued its April 27, 2018, memorandum decision. *Id.* All of the requested fees were incurred on or after April 29, 2018, and all relate to the renewed motion to dismiss. *Id.*

The invoices attached as Exhibit B to the Van Loon Declaration reflect total fees and expenses in the amount of $92,901.08. Van Loon Decl., ¶ 19. In calculating the amount Defendants seek in this motion ($78,143.50), Defendants deducted $14,625.00 in fees to account for time entries that Defendants redacted because they (i) relate to work that Defendants' lead counsel deemed inefficient or duplicative, or (ii) do not relate to the renewed motion to dismiss. *Id.* Defendants also have deducted (and redacted) from the invoices $132.58 in expenses because Defendants are not seeking to recover such expenses in the instant motion. *Id.*

## III. CONCLUSION

AMA chose to initiate litigation in this Court despite knowing that the forum selection clause in the CPA did not permit it to do so. The contractual terms at issue here are simple and clear, and require the award sought by the Defendants. In light of the foregoing, Defendants respectfully request that the instant motion be granted in its entirety, and that Defendants be awarded $78,143.50 in attorneys' fees in connection with their successful renewed motion to dismiss this action.

DATED: November 7, 2018           Respectfully Submitted,

                                  LATHROP GAGE LLP

                                  By: /s/ Erica J. Van Loon
                                  ERICA J. VAN LOON

                                  *Attorneys for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, and Netmedia Services, Inc.*