ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@lathropgage.com
LATHROP GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 789-4600
Facsimile:   (310) 789-4601

*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc., and Netmedia Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a/ Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO. 2:16-cv-01269-PHX-DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

30346821

# DECLARATION OF ERICA J. VAN LOON

I, Erica J. Van Loon, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am a partner in the law firm of Lathrop Gage LLP ("Lathrop Gage"), attorney of record herein for Defendants Cyberweb Ltd. ("Cyberweb"), David Koonar ("Koonar"), Sagan Limited ("Sagan"), Netmedia Services Inc. ("Netmedia," and collectively, Defendants"), and GLP 5, Inc. ("GLP 5"). I make this declaration in support of Defendants' Motion for Attorneys' Fees ("Motion"). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

## Statement of Consultation

2. On November 2, 2018, I requested a meet and confer with Veronica Manolio and Spencer Freeman, counsel for Plaintiff AMA Multimedia LLC ("AMA"), to discuss Defendants' Motion. The parties met and conferred by telephone on November 6, 2018. After personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to Defendants' Motion.

## Fee Agreements

3. In connection with Defendants' prior Motion for Attorneys' Fees and Expenses (ECF No. 133), Defendants filed a true and correct copy of the engagement letter entered into by Glaser Weil Fink Howard Avchen & Shapiro LLP ("Glaser Weil") and Defendants, showing their fee arrangement. *See* ECF No. 133-3 and 135. It is a standard fee arrangement pursuant to which Glaser Weil was paid its customary hourly rates. It was not a contingency fee agreement.

4. Attached hereto as Exhibit A is a true and correct copy of the engagement letter entered into by Lathrop Gage and Defendants, showing their fee arrangement. It is a standard fee arrangement pursuant to which Lathrop Gage is paid its customary hourly rates. It is not a contingency fee agreement. Defendants have redacted those portions of Exhibit A that are protected by the attorney-client privilege. At the Court's request, Defendants will

produce for *in camera* review an unredacted version of Exhibit A.

**Background**

5. The attorneys who principally worked on Defendants' renewed motion to dismiss this action based on the doctrine of *forum non conveniens* are Steven Basileo, Joshua Pollack, and myself.

6. I am a partner at the 250-attorney Lathrop Gage law firm. Before joining Lathrop Gage in September 2018, I was a partner and Head of the Trademark, Copyright and Media Practice at the 100-attorney Glaser Weil law firm. I recently was selected by the Los Angeles Business Journal as one of the Most Influential Women Attorneys for 2018. In 2016, I was selected as one of ten attorneys nationwide in intellectual property litigation as a Law360 Rising Star. I have repeatedly been named a Southern California Super Lawyer in intellectual property litigation, and I have a Martindale-Hubbell legal rating of AV. Before joining Glaser Weil, I had my own law firm specializing in intellectual property litigation and before that I practiced at the firm of Quinn Emanuel Urquhart & Sullivan LLP, a leading national law firm in intellectual property litigation.

7. I am lead counsel on this matter and was responsible for the overall strategy and defense of this case on behalf of Defendants. I actively worked on and was responsible for Defendant's supplemental briefing in connection with the renewed motion to dismiss.

8. Steven Basileo is Of Counsel at Glaser Weil, and has more than twenty-five years of experience litigating high stakes intellectual property, antitrust, and commercial litigation disputes. As lead trial counsel, he has obtained aggregate awards in excess of $100,000,000, and has successfully defended claims seeking billions of dollars in damages. Before joining Glaser Weil, Mr. Basileo litigated for many years at O'Melveny & Myers LLP, a leading national law firm.

9. Mr. Basileo was primarily responsible for researching, strategizing, and drafting Defendants' supplemental brief (ECF No. 154). Mr. Basileo ceased working on this matter when I moved to the Lathrop Gage firm.

10. Joshua Pollack is Of Counsel at Lathrop Gage, and has more than twenty-three

years of experience handling a broad range of general, complex commercial litigation matters.  He has successfully represented clients in a wide variety of matters, including claims for trademark and copyright infringement, fraud, and breach of contract.  Before joining the Lathrop Gage firm, Mr. Pollack was a partner at the law firm of Scheidemantle Law Group P.C. for 3½ years and before that he practiced for 19 years at Proskauer Rose LLP, a leading national law firm.

11. Mr. Pollack was primarily responsible for researching, strategizing, and drafting Defendants' supplemental reply brief (ECF No. 161).  Mr. Pollack began working on this matter when I moved to the Lathrop Gage firm.

12. Associates of Glaser Weil and Lathrop Gage also worked on the renewed motion to dismiss at my direction.  Their primary responsibilities included performing research and assisting in the drafting of the supplemental briefs.  Defendants are not seeking to recover fees in this Motion for any of the work performed by Glaser Weil associates.

**Reasonableness of Rates**

13. The attorneys who worked on the renewed motion to dismiss for whom Defendants seek an award of attorneys' fees, and their respective hourly billing rates, are as follows:

| Attorney | Title | Rates |
| --- | --- | --- |
| Erica Van Loon | Partner | $630.00 (Glaser Weil) |
|  |  | $600.00 (Lathrop Gage) |
| Steven Basileo | Of Counsel | $650.00 |
| Joshua Pollack | Of Counsel | $500.00 |
| James Redd IV | Associate | $350.00 |

14. Based on my litigation experience and my knowledge of the legal market in which my firm and I compete, I am familiar with the billing rates charged by similarly ranked law firms in Los Angles for intellectual property litigation services performed by partners, of counsel, and associates at all levels.

15. The hourly rates charged by Defendants' counsel are the standard billing rates

-3-

1  that we charge clients for the type of work at issue in this matter.  These rates are customary, if not below market, for similarly-credentialed intellectual property litigators at comparable law firms.

**Reasonableness of Time Spent**

16. By this Motion, Defendants seek recovery for $78,143.50 in fees in connection with the renewed motion to dismiss – $44,878.50 for fees incurred by the Glaser Weil firm from April 29, 2018, through August 3, 2018, and $33,265.00 for fees incurred by the Lathrop Gage firm from September 3, 2018, through September 21, 2018.

17. None of the fees that Defendants seek was the subject of the prior Motion By All Defendants For Attorneys' Fees and Expenses (ECF No. 133), which the Court denied on April 24, 2017 (ECF No. 142).  Nor do they relate to any work performed by Defendants' counsel before the Ninth Circuit issued its April 27, 2018, memorandum decision.  All the requested fees were incurred on or after April 29, 2018, and all relate to the renewed motion to dismiss.

18. Attached hereto as Exhibit B are true and correct copies of the Glaser Weil and Lathrop Gage invoices relating to the legal services at issue in this Motion.  Defendants have redacted from the invoices privileged information, time entries unrelated to the renewed motion to dismiss, and time entries and costs for which Defendants do not seek an award in this motion.  At the Court's request, Defendants will produce for *in camera* review an unredacted version of the invoices.

19. The invoices attached hereto as Exhibit B reflect total fees and expenses in the amount of $92,901.08.  In calculating the amount Defendants seek in this motion ($78,143.50), Defendants deducted $14,625.00 in fees to account for time entries that Defendants redacted because they (i) relate to work that I deemed inefficient or duplicative, or (ii) do not relate to the renewed motion to dismiss.  Defendants also have deducted (and redacted) from the invoices $132.58 in expenses because Defendants are not seeking to recover such expenses in the instant Motion.

20. Defendants have paid all fees and expenses due under the Glaser Weil and

-4-

1  Lathrop Gage fee agreements for invoices through September 30, 2018.  Payment on the
2  October 2018 invoice is not yet due, and subsequent fees incurred have not yet been invoiced
3  to Defendants.

4       21.    In total, Defendants' fee request is based on approximately 142.75 hours of
5  attorney time.  The Glaser Weil firm spent approximately nine hours communicating with
6  AMA's counsel and preparing the Joint Memorandum Following Ninth Circuit Court of
7  Appeal's Remand (ECF No. 152), and approximately 69.25 hours researching and drafting
8  Defendants' supplemental brief.  The Lathrop Gage firm spent approximately 64.50 hours
9  reviewing and analyzing Plaintiff's supplemental opposition brief and researching and
10 drafting Defendants' supplemental reply brief.

11      22.    In its First Amended Complaint, AMA purported to seek statutory damages of
12 $150,000 each for 110 allegedly separate and distinct acts of copyright infringement based
13 on the posting of full-length videos, along with an unspecified number of alleged additional
14 acts of copyright infringement relating to banner advertisements.  ECF No. 16 at ¶¶ 78, 98.
15 AMA also purported to seek transfer to AMA of the very valuable Porn.com domain name
16 and any similar domain names.  *Id*. at Prayer For Relief, ¶ B.  In total, the amount in
17 controversy was in excess of $25 million.

18      23.    I reviewed and approved the time and charges set forth in the Glaser Weil and
19 Lathrop Gage invoices.  Given the significant amount at stake in this matter, the number of
20 issues to be briefed pursuant to the Court's July 6, 2018, order, and Plaintiff's effort to
21 introduce new evidence in its supplemental opposition brief (i.e., the contract that Plaintiff
22 entered into with Cyberweb in 2007), I believe that the time and effort devoted by
23 Defendants' counsel to the renewed motion to dismiss was reasonable and necessary under
24 the circumstances.

25 //
26 //
27 //
28 //

1  I declare under penalty of perjury pursuant to the laws of the United States of
2  America that the foregoing facts are true and correct.
3  Executed on November 7, 2018, at Los Angeles, California.

/s/ Erica J. Van Loon<br>Erica J. Van Loon