ERICA J. VAN LOON (admitted *Pro Hac Vice*)
evanloon@lathropgage.com
LATHROP GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone:  (310) 789-4600
Facsimile:   (310) 789-4601

*Attorney for Defendants Cyberweb Ltd., David Koonar, Sagan Limited, GLP 5, Inc., and Netmedia Services, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a/ Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>            Defendants. | CASE NO. 2:16-cv-01269-PHX-DGC<br><br>Hon. David G. Campbell<br><br>**DECLARATION OF IVAN ALERT IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

## DECLARATION OF IVAN ALERT

I, Ivan Alert, declare and state as follows:

1. I am an attorney. I have practiced law in Barbados for 21 years. I am duly licensed to practice before all courts of Barbados and I am one of the attorneys of record for Cyberweb, Ltd., Netmedia Services, Inc., Sagan Ltd., and G.I.M. Corp. (collectively "Barbados Plaintiffs"), in the action pending before the Supreme Court of Barbados, *Cyberweb Ltd., et al. v. AMA Multimedia LLC, et al.*, Claim No. CV600-2016 ("Barbados Action"). I make this declaration in support of Defendants' Motion for Attorneys' Fees. The facts and matters set forth herein are true of my own personal knowledge, and if called to testify thereto, I could and would competently do so under oath.

2. I have been informed that the Court granted Defendants' renewed motion to dismiss on the basis of forum non conveniens on October 24, 2018. (Doc. 171). I have been informed that the Court previously dismissed this case on the basis of forum non conveniens (Doc. 126) and that the Defendants then brought a motion for attorneys' fees in connection with that dismissal, which was denied by this Court (Doc. 142).

3. I have reviewed the Court's order denying Defendants' prior request for attorneys' fees. In that order, the Court requested Barbados authority on the following four issues: (1) Barbados authority showing that the attorneys' fee provision found at Section 10.5 of the CPRA is enforceable; (2) Barbados authority that the U.S. action arose out of the CPRA; (3) Barbados authority that Defendants' motion to dismiss would be considered an "action"; and (4) Barbados authority on what principles should be applied in determining the amount of fees awarded. I will address below each of these points raised by the Court.

**A motion to dismiss is an "action" under Barbados law**

4. Barbados is a former English colony. It received English law which remains highly persuasive. Barbados courts continue to refer to and often apply English decisions.

5. In Barbados, the term "action" is used to describe <u>all</u> legal proceedings relating to a legal complaint, its adjudication, determination and enforcement by a court.

> Action means any civil proceeding commenced by writ or in any other manner prescribed by rules of court. It has a wide signification as including any method prescribed by those rules of invoking the court's jurisdiction for the adjudication or determination of a *lis* or legal right or claim or any justiciable issue, question or contest arising between two or more persons or affecting the status of one of them. In its natural meaning action refers to any proceeding in the nature of a litigation between a plaintiff and a defendant. It includes any civil proceedings in which there is a plaintiff who sues, and a defendant who is sued, in respect of some cause of action…

*See* http://www.duhaime.org/LegalDictionary/A/Action.aspx citing Halsbury's Laws of England, 4th ed., vol. 37, para. 17, p. 24, a true and correct copy of which is attached hereto as Exhibit 1.

6.   In Barbados, The Supreme Court (Civil Procedure) Rules 2008 ("BCPR") made under section 82 of the Supreme Court of Judicature Act Chapter 117A of the Laws of Barbados govern civil actions.  Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the BCPR. Part 11.1 of the BCPR specifically relates to making an "application." In Barbados, Defendants' renewed motion to dismiss on the basis of forum non conveniens, would have been brought as an "application" to dismiss pursuant to BCPR Part 11.1. And such "application" would be considered a proceeding falling within the definition of an "action" as set forth in paragraph 5.

**<u>Section 10.5 of the CPRA is enforceable under Barbados Law and Arose out of the CPRA</u>**

7.   Section 10.5 of the CPRA states as follows:

> **10.5 Choice of Law**.  This Agreement shall be governed by and construed in accordance with the laws of Barbados, without regard to conflicts of law principles. Any legal action arising out of or relating to this Agreement must be instituted in a court located in Barbados and the Parties submit to the jurisdiction of any such court. In any action or suit brought by a party to enforce the terms of this Agreement, the prevailing party shall be entitled to the payment of reasonable attorneys' fees and costs. If any provision of this Agreement shall be held invalid, illegal or unenforceable, the remaining provisions of the Agreement shall not be affected or impaired thereby.

8.   In exercising its discretion under Section 85 of the Supreme Court of Judicature Act, and Parts 64 and 65 of the BCPR, the general rule is that the Barbados court will order the unsuccessful party to pay the costs of the successful party, and such costs would include reasonable attorneys' fees, i.e., the English Rule. *See* BCPR Part 64.6(1).  Here, Section 10.5

-3-

of the CPRA states that the Agreement "shall be governed and construed in accordance with the laws of Barbados." Accordingly, as Barbados applies the English Rule to prevailing parties, that should end the inquiry that costs may be awarded here.

9. I am informed that here the U.S. Court specifically found that the case arose out of the CPRA under U.S. law and dismissed the case on the basis that Defendants had standing to invoke the forum selection clause of the CPRA as closely related parties. Doc. 171 at 8. In my professional opinion, I do not envisage a Barbados court entertaining relitigation of the issue and differing from that ruling.

10. Further, Part 64.5 of the BCPR states that a party may recover costs by virtue of "(a) an order of the court; (b) a provision of these rules, (c) or an agreement between the parties." The CPRA would be such an agreement, entitling the Defendants to an award of costs, which includes reasonable attorneys' fees. Note, that the Barbados court can award costs not only for bringing a successful application but also for successfully bringing an application that concludes the case. *See* Part 64.6(1). The Court's Order (Doc. 171) dismissed the case which indicates that the Defendants' motion was successful and resulted in the conclusion of the entire court proceeding.

11. Under BCPR Part 11.1 when an application to dismiss is successful and results in the entire action being brought to an end in favour of the applicant, the prevailing party may recover its "costs," which include reasonable attorneys' fees. *See* BCPR Part 64.2(1) ("'costs' include an attorney-at-law's charges and disbursements, fixed costs, prescribed costs, budgeted costs and assessed costs.")

**Principles Applied When Awarding Fees under Barbados Law**

12. Part 65 sets forth the quantification of costs to be awarded. *See* Part 65.2(1). In exercising its discretion to determine the amount of fees and costs to be awarded, the Barbados court looks to several factors, such as, the importance of the matter to the parties, the time reasonably spent on the case, the care, speed and economy with which the case was prepared, and the novelty, weight and complexity of the case, among others. *See*

BCPR Part 65.2. For contentious work, i.e., litigation matters, there are no statutory hourly rates. The court can look to guidance from Part 65 to award reasonable attorneys' costs.

13. The Barbados court can also look to the overall value of the claims at stake, in determining the amount of costs to be awarded. *See* BCPR 65 at Appendices B and C. I am informed that here, the claim may conservatively be valued at $25 million US. Defendants successfully applied and got the case dismissed at the pleading stage (up to defence). On the Prescribed Costs scale at Appendix B a court in the exercise of its discretion may reasonably consider an award to the Defendants of up to 45% of the total prescribed costs. The costs under Appendix B is cumulative hence for a claim valued at $25 million US on the first $10 million those costs would compute to $196,500.00 and on the remaining $15 million @ 0.25% would compute to $37,500.00 for a cumulative total of $234,000.00. 45% thereof will compute to $105,300.00

As the hallmark of awarding costs is reasonableness, it is my opinion that the Barbados Court may likely find Defendants' request of an award of $78,143.50 in costs not to be unreasonable as this is far below the $105,300.00 amount recoverable based on the overall value of the claim and the stage at which it was concluded.

I declare under penalty of perjury pursuant to the laws of the United States of America and Barbados that the foregoing is true and correct.

Executed on November 6, 2018 at St. James, Barbados.

_____
IVAN ALERT

IVAN A. ALERT Esq.
Attorney-at-Law
"Summerland House"
Prospect Road, Prospect,
St. James, BB24003, Barbados

-5-