EXHIBIT 2

Statutory Instruments Supplement No.
Supplement to Official Gazette No. dated                              ,

---

## SUPREME COURT (CIVIL PROCEDURE) RULES 2008

*Arrangement of Rules*

PART 1

THE OVERRIDING OBJECTIVE

**1.1.   The Overriding Objective**

**1.2.   Application of the overriding objective by the court**

**1.3.   Duty of the parties**

PART 2

APPLICATION AND INTERPRETATION OF THE RULES

**2.1.   Citation**

**2.2.   Application of the Rules**

**2.3.   Definitions**

**2.4.   Who may exercise the powers of the court**

**2.5.   Court Staff**

**2.6.   Court's discretion as to when, where and how it deals with cases**

PART 3

TIME, DOCUMENTS AND FORMS

**3.1.   Time - court to state calendar date**

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

**Reply to a defence**

**10.10.**(1)        A claimant may file and serve a reply to a defence

    *(a)*   within 14 days of service of the defence; not less than 14 days before the case management conference; or

    *(b)*   within such other time as the court may permit.*

       *[Rule 18.9 deals with service of a defence to an ancillary claim]*

(2)   A reply must contain a certificate of truth in accordance with rule 3.12.

(3)   No further statement of case may be filed or served except as in accordance with Part 18 or Part 34.


PART 11

**GENERAL RULES ABOUT INTERLOCUTORY APPLICATIONS FOR COURT ORDERS**


**Scope of this Part**

**11.1.**        This Part deals with interlocutory applications (in this Part called "applications") for court orders being applications made before, during or after the course of proceedings.


**Applicants and respondents**

**11.2.**        In this Part,

"applicant" means a person who seeks a court order by making an application; and

"respondent" means

    *(a)*   the person against whom the order is sought and any other person named in the application as a respondent; and

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(b)  any other person whom the court directs to be served with the application.

## Application to be in writing and dealt with at case management conference

**11.3.**(1)    The general rule is that an application must be in accordance with .

(2)    An application may be made orally if

(a)  this is permitted by a rule or practice direction; or

(b)  the court dispenses with the requirement for the application to be made in writing, which it will generally do, where convenient and provided no party is prejudiced, at a case management conference.

(3)    So far as is practicable, all applications in a pending proceeding will be listed for hearing at a case management conference.

## Notice of application and evidence in support

**11.4.**(1)    The general rule is that the applicant must give notice of the application to each respondent.

(2)    An applicant may make an application without giving notice if this is permitted by

(a)  a rule; or

(b)  a practice direction.

(3)    Evidence in support of an application is not needed unless it is required by the nature of the case, or by

(a)  a rule;

(b)  a practice direction; or

(c)  a court order.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(4)    Notice of the application must be included in the form used to make the application ().

(5)    Where evidence in support of an application is required it must be contained in an affidavit unless

   *(a)*   a rule;

   *(b)*   a practice direction; or

   *(c)*   a court order,

otherwise provides.[*]
*[Part 30 deals with affidavit evidence.]

### Time when application is made

**11.5.**      Where an application must be made within a specified period it is so made if it is received by the Registry or made orally to the court within that period.

### What application must include

**11.6.**(1)      An application must state

   *(a)*   what order the applicant is seeking; and

   *(b)*   briefly, the grounds on which the applicant is seeking the order.

(2)    The applicant must file with the application or not less than 3 days before the hearing of the application a draft of the order sought and serve a copy on all respondents to whom notice is given.

(3)    Where the application is made without notice, the draft order must be filed with the application.

### Contents of notice of application

**11.7.**(1)      The notice must state the date, time and place of the hearing which, except for good reason, will be at the next case management conference

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT 111

pursuant to rule 11.3 (3), although the court may adjourn it if necessary or convenient to some other date.

(2)    If there is not to be a hearing but notice of the application is required, the notice must state how the court will be asked to deal with the application.*

*[Rule 11.11 sets out the circumstances in which there may not be a hearing.]*

**Period of notice of application and service**

**11.8.**(1)    The general rule is that a notice of an application must be served

   *(a)*   as soon as practicable after the day on which it is issued; and

   *(b)*   at least 7 days before the court is to deal with the application.

(2)    The period in sub-rule (1)*(b)* shall not apply where any rule specifies some other period of notice.

(3)    Where

   *(a)*   notice of an application has been given, but

   *(b)*   the period of notice is shorter than the period required,

the court may nevertheless direct that, in all the circumstances of the case, sufficient notice has been given, and may accordingly deal with the application.

(4)    The notice must be accompanied by

   *(a)*   any evidence in support; and

   *(b)*   a copy of any draft order which the applicant has attached to the application.

(5)    The notice must be served in accordance with Part 6 (service of documents) unless any respondent is not a party to the proceedings, in which case the notice must be served in accordance with Part 5 (service within jurisdiction) or Part 7 (service out of jurisdiction), as the case may be.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

**Powers of court in relation to the conduct of application**

**11.9.**(1)      The court may

    *(a)*  issue a witness summons *(subpoena)* requiring a party or other person to attend the court on the hearing of the application;

    *(b)*  require a party to produce documents or things at such a hearing; and

    *(c)*  question any party or witness at such a hearing.

(2)    The court may question a party or witness

    *(a)*  orally; or

    *(b)*  by putting written questions to him and asking him to give written answers to the questions.

(3)    Any party may then cross-examine the witness, subject to

    *(a)*  the directions of the court; and

    *(b)*  the permission of the court in those cases where cross-examination is not a matter of right.

(4)    The court may exercise any power which it might exercise at a case management conference.

**Consequences of not asking for order in application**

**11.10.**      An applicant may not ask at any hearing for an order which was not sought in the application unless the court gives permission.

**Applications which may be dealt with without hearing**

**11.11.**      The court may deal with an application without a hearing if

    *(a)*  no notice of the application is required;

    *(b)*  the parties agree;

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

*(c)* the court considers that the application can be dealt with over the telephone or by other means of communication;

*(d)* the parties have agreed to the terms of an order and the application, or a copy of the application, is signed by all parties to the application or their attorneys-at-law; or

*(e)* the court does not consider that a hearing would be appropriate.*

*[Rule 42.7 deals with consent orders. See also rule 2.6.]*

**Service of application where order is made without notice**

**11.12.**(1)    After the court has disposed of an application made without notice, a copy of the application and any evidence in support, together with a copy of any order made, must be served by the applicant on all other parties.

(2)    Where an urgent application is made without notice and the applicant undertakes to file evidence after the hearing he must also serve copies of the evidence on all other parties affected by the order.

**Application to set aside or vary order made on application without notice**

**11.13.**(1)    A respondent to whom notice of an application was not given may apply to the court for any order made on the application to be set aside or varied and for the application to be dealt with again.

(2)    A respondent must make such an application not more than 14 days after the date on which the order was served on him.

(3)    An order made on an application of which notice was not given must contain a statement informing the respondent clearly of his right to make an application under this rule, and the time within which it must be made.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

**Power of the court to proceed in the absence of a party**

**11.14.**     Where the applicant or any person on whom the notice of application has been served fails to attend the hearing of the application, the court may proceed in his absence.

**Application to set aside order made in the absence of a party**

**11.15.**(1)     A party who was not present when an order was made may apply to set aside that order.

(2)     The application must be made within 14 days after the date on which the order was served on the applicant.

(3)     The application to set aside the order must be supported by evidence showing

    *(a)*   a good reason for failing to attend the hearing; and

    *(b)*   that it is likely that had the party attended, some other order might have been made.

PART 12

**DEFAULT JUDGMENTS**

**Scope of this Part**

**12.1.**     In these Rules, default judgment means judgment without trial where a defendant

    *(a)*   has failed to file an acknowledgment of service giving notice of intention to defend in accordance with Part 9; or

    *(b)*   has failed to file a defence in accordance with Part 10.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

PART 64

**COSTS - GENERAL**

**Scope of this Part**

**64.1.**      This Part contains general rules about costs and the entitlement to costs and Part 65 deals with the quantification of such costs.

**Definitions and application**

**64.2.**(1)        In this Part and in Part 65, unless the context otherwise requires,

"assessed costs" and "assessment" have the meanings given them by rules 65.11 and 65.12.

"budgeted costs" has the meaning placed on it by rule 65.8;

"costs" include an attorney-at-law's charges and disbursements, fixed costs, prescribed costs, budgeted costs and assessed costs;

"fixed costs" has the meaning placed on it by rule 65.4;

"prescribed costs" has the meaning given it by rule 65.5;

(2)     Where costs

    *(a)*   of arbitration proceedings;

    *(b)*   of proceedings before a tribunal or other statutory body; or

    *(c)*   payable to an attorney-at-law by a client

are to be taxed or assessed by the court they must be assessed in accordance with rule 65.12.

(3)     Where in any enactment there is a reference to the taxation of any costs, this is to be construed as referring to the assessment of such costs in accordance with rule 65.12, unless the enactment otherwise provides.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

**Orders about costs**

**64.3.**      The court's powers to make orders about costs include power to make orders requiring a party to pay the costs of another person arising out of or related to all or any part of any proceedings.

**Costs where there is an appeal**

**64.4.**      The court hearing an appeal may make orders about the costs of the proceedings giving rise to the appeal as well as the costs of the appeal.

**Entitlement to recover costs**

**64.5.**      A person may recover the costs of proceedings from some other party or person by virtue of

   *(a)*   an order of the court;

   *(b)*   a provision of these Rules; or

   *(c)*   an agreement between the parties.

**Successful party generally entitled to costs**

**64.6.**(1)      In exercising its discretion under section 85 of the Act, the general rule is that the court will order the unsuccessful party to pay the costs of the successful party.

(2)    The court may, however, while acting judicially, make no order as to costs or, in an exceptional case, order a successful party to pay all or part of the costs of an unsuccessful party.

(3)    Without limiting the court's discretion or the range of orders open to it, the court may order a person to pay

   *(a)*   only a specified proportion of another person's costs;

   *(b)*   costs from or up to a certain date only; or

   *(c)*   costs relating only to a certain distinct part of proceedings.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

(4)    In deciding who, or if any person should be liable to pay costs, the court must have regard to all the circumstances.

(5)    Without limiting the factors which may be considered, the court must have regard to

> *(a)*   the conduct of the parties both before and during the proceedings;
>
> *(b)*   whether a party has succeeded on particular issues, even if not ultimately successful in the case, although success on an issue that is not conclusive of the case confers no entitlement to a costs order;
>
> *(c)*   whether it was reasonable for a party to
>
> > (i)    pursue a particular allegation; or
> >
> > (ii)   raise a particular issue
>
> and whether the successful party increased the costs of the proceedings by the unreasonable pursuit of issues;
>
> *(d)*   the manner in which a party has pursued
>
> > (i)    the case;
> >
> > (ii)   a particular allegation;
> >
> > (iii)  a particular issue
>
> and whether that manner increased the costs of the proceedings; and
>
> *(e)*   whether the claimant gave reasonable notice of an intention to pursue the issue raised by the application.[*]
>
> *[Rule 65.11 sets out the way in which the court must deal with the costs of procedural hearings other than a case management conference or pre-trial review]*

**Two or more parties having the same interest**

**64.7.**      Where two or more parties having the same interest in relation to proceedings are separately represented, the court may disallow more than one set of costs.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

**Wasted costs orders**

**64.8.**(1)        In any proceedings, the court may by order

(a)   disallow as against an attorney-at-law's client; or

(b)   direct the attorney-at-law to pay the whole or part of any wasted costs.

(2)   "Wasted costs" means any costs incurred by a party

(a)   as a result of an improper, unreasonable or negligent act or omission on the part of any attorney-at-law or any employee of an attorney-at-law; or

(b)   which, in the light of any act or omission occurring before or after they were incurred, the court considers it unreasonable to expect that party to pay.

**Wasted costs orders - procedure**

**64.9.**(1)        This rule applies where

(a)   an application is made for; or

(b)   the court is considering whether to make

an order under rule 64.8(1) except where rule 27.9(6)(b) applies.

(2)   Any application by a party must be on notice to the attorney-at-law against whom the costs order is sought and must be supported by evidence on affidavit setting out the grounds on which the order is sought.

(3)   Where the court is considering whether to make such an order, the court must give the attorney-at-law notice of the fact that it is considering whether to do so.

(4)   Notice under sub-rule (3) must state the grounds on which the court is minded to consider making the order.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

(5)    A notice under sub-rule (2) or (3) must state a date, time and place at which the attorney-at-law may attend to show cause why the order should not be made.

(6)    At least 7 days notice of the hearing must be given to the attorney-at-law against whom the costs order is sought, or its making is being considered and all parties to the proceedings.

**Costs against person who is not a party**

**64.10.**(1)    This rule applies where

    *(a)*   an application is made for; or

    *(b)*   the court is considering whether to make

an order that a person who is not a party to the proceedings nor the attorney-at-law of a party, should pay the costs of some other person.

(2)    Any application by a party must be on notice to the person against whom the order for costs is sought and must be supported by evidence on affidavit.

(3)    Where the court is considering making an order in respect of costs against a person, the court must give that person notice of the fact that it is considering the making of such an order.

(4)    A notice under sub-rule (3) must state the grounds of the application or on which the court is minded to consider the making of the order.

(5)    A notice under sub-rule (2) or (3) must state a date, time and place at which that person may attend to show cause why the order should not be made.

(6)    At least 14 days notice of the hearing must be given to the person against whom the costs order is sought and to all parties to the proceedings.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

PART 65

## COSTS - QUANTIFICATION

**Scope of this Part**

**65.1.**       This Part deals with the way in which any costs awarded by the court are quantified.

**Basis of quantification**

**65.2.**(1)       Where the court has any discretion as to the amount of costs to be allowed to a party, the sum to be allowed is the amount

  (a)   that the court deems would be reasonable were the work to be carried out by an attorney-at-law of reasonable competence; and

  (b)   which appears to the court to be fair both to the person paying and the person receiving such costs.

(2)    Where the court has any discretion as to the amount of costs to be paid to an attorney-at-law by his client, the sum allowed is the amount

  (a)   that the court deems to be reasonable; and

  (b)   which appears to be fair both to the attorney-at-law and the client concerned.

(3)    In deciding what would be reasonable, the court must take into account all the circumstances including

  (a)   any orders that have already been made;

  (b)   the conduct of the parties before as well as during the proceedings;

  (c)   the importance of the matter to the parties;

  (d)   the time reasonably spent on the case;

  (e)   the degree of responsibility accepted by the attorney-at-law;

  (f)   the care, speed and economy with which the case was prepared;

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

(g) the novelty, weight and complexity of the case; and

(h) in the case of costs charged by an attorney-at-law to his client,

(i) any agreement that may have been made as to the basis of charging;

(ii) any agreement about what grade of attorney-at-law should carry out the work; and

(iii) whether the attorney-at-law advised the client and took the client's instructions before taking any unusual step or one which was unusually expensive having regard to the nature of the case.

**Ways in which costs are to be quantified**

**65.3.**    Costs of proceedings under these Rules are to be quantified as follows:

(a) where rule 65.4 applies, in accordance with the provisions of that rule;

(b) in all other cases if, having regard to rule 64.6, the court orders a party to pay all or any part of the costs of another party, in one of the following ways:

(i) costs determined in accordance with rule 65.5 (prescribed costs);

(ii) costs in accordance with a budget approved by the court under rule 65.8 (budgeted costs); or

(iii) where neither prescribed nor budgeted costs are applicable, by assessment in accordance with rules 65.11 and 65.12.

**Fixed Costs**

**65.4.**(1)    A party is entitled to the costs set out in column 3 of Appendix A to this Part in the circumstances set out in column 2 of that Appendix.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(2)     The court may direct that some other amount of costs be allowed for the work covered by any item in Part 2 of Appendix A.

(3)     Where the court so directs, the court must assess such costs.[*]

*[Rules 65.11 and 65.12 deal with the assessment of costs]*

## Prescribed Costs

**65.5.**(1)     The general rule is that where rule 65.4 does not apply and a party is entitled to the costs of any proceedings, those costs must be determined in accordance with Appendices B and C to this Part and sub-rules (2) to (4) of this rule.

(2)     In determining prescribed costs, the value of the claim is to be decided

    *(a)*     in the case of a claimant, by the amount agreed or ordered to be paid; or

    *(b)*     in the case of a defendant,

        (i)     by the amount claimed by the claimant in his claim form;

        (ii)     where the claim is for damages and the claim form does not specify an amount that is claimed, such sum as may be agreed between the party entitled to, and the party liable to such costs or if not agreed, a sum stipulated by the court as the value of the claim; or

        (iii)     where the claim is not for a monetary sum it is to be treated as a claim for $50,000 unless the court makes an order under rule 65.6(1)*(a)*.

(3)     The general rule is that the amount of costs to be paid is to be calculated in accordance with the percentages specified in column 3 of Appendix B against the appropriate value.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

(4)    The court may however

    *(a)*    award a proportion only of the sum referred to in sub-rule (3) having taken into account the matters set out in rule 64.6(4) and (5);

    *(b)*    order a party to pay costs

        (i)    from or to a certain date; or

        (ii)    relating only to a certain distinct part of the proceedings

in either of which cases it must specify the proportion of the fixed costs which is to be paid by the party liable to pay such costs, and in so doing may take into account the table set out in Appendix C.

### Applications to determine value of claim for purpose of prescribed costs

**65.6.**(1)    A party may apply to the court at a case management conference

    *(a)*    to determine the value to be placed on a case which has no monetary value or the monetary value of which is not apparent on the face of the proceedings; or

    *(b)*    where the monetary value is known, to direct that the prescribed costs be calculated on the basis of some higher or lower value.

(2)    The court may make an order under sub-rule (1)*(b)* only where it is satisfied that the costs as calculated in accordance with rule 65.5 are likely to be either

    *(a)*    excessive; or

    *(b)*    substantially inadequate

taking into account the nature and circumstances of the particular case.

(3)    Where an application is made for prescribed costs to be calculated on the basis of a higher value, rules 65.8(4)*(a)* and 65.9 apply.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

**What is included in prescribed costs**

**65.7.**(1)        Prescribed costs include all work that is required to prepare the proceedings for trial including, in particular, the costs involved in

   *(a)*  instructing any expert;

   *(b)*  considering and disclosing any report made by the expert;

   *(c)*  arranging the attendance of the expert at trial; and

   *(d)*  the attendance and advocacy at the trial including attendance at any case management conference or pre-trial review.

(2)    Prescribed costs exclude

   *(a)*  the making or opposing of any interlocutory application except at a case management conference or pre-trial review;

   *(b)*  expert's fees for preparing a report and attending any conference, hearing or trial;

   *(c)*  the cost of obtaining a daily transcript of the evidence where the trial judge certifies this as a reasonable disbursement in all the circumstances of the case; and

   *(d)*  costs incurred in enforcing any order which are generally fixed in accordance with rule 65.4 but may, in certain cases, be assessed in accordance with rule 65.12.

**Budgeted costs**

**65.8.**(1)        A party may apply to the court to set a costs budget for the proceedings.

(2)    An application for a costs budget must be made at or before the first case management conference.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

(3)    The application may be made by either or both parties but an order setting a costs budget may not be made by consent unless all relevant parties are bodies corporate.

(4)    An application for a costs budget must be accompanied by

    *(a)*    the written consent of the client in accordance with rule 65.9;

    *(b)*    a statement of the amount that the party seeking the order wishes to be set as the budget;

    *(c)*    a statement showing how that budget has been calculated and setting out in particular

        (i)    the hourly rate charged by the attorney-at-law, or other basis of charging;

        (ii)    a breakdown of the costs incurred to date;

        (iii)    the fees for advocacy, including advocacy by a Queen's Counsel or more than one counsel, advising or settling any documents that are anticipated to be paid to any attorney-at-law other than the attorney-at-law on record;

        (iv)    the disbursements other than expert witnesses' fees that are included in the budget;

        (v)    the anticipated amount of any expert witnesses' fees and whether or not those fees are included in the budget;

        (vi)    a statement of the number of hours of preparation time, including attendances upon the party, any witnesses and on any other parties to the proceedings, that the attorney-at-law for the party making the application has already spent and anticipates will be required to bring the proceedings to trial; and

        (vii)    what procedural steps or applications are or are not included in the budget.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(5)    A party may apply to vary the terms of an order made under this rule at any time prior to the commencement of the trial but no order may be made increasing the amount of the budgeted costs unless the court is satisfied that there has been a change of circumstances which became known only after the order was made.

### Client's consent to application for budgeted costs

**65.9.**(1)        The court may not make an order for budgeted costs unless

(a)  the litigating party seeking the order is present when the application is made except where

(i)   that party is a body corporate; or

(ii)  for some exceptional reason this is impracticable;

(b)  the court satisfies itself that each party fully understands the consequences of the order that is being sought as to

(i)   the litigating party's liability for costs to his own attorney-at-law whether he obtains an order for costs against any other party or not;

(ii)  his liability to pay costs in the budgeted sum to the other party if that party obtains an order for costs against him; and

(iii) what his liabilities referred to in sub-paragraphs (i) and (ii) might be if rules 65.5, 65.11 and 65.12, or one or more of them, applied;

(c)  there has been filed a document recording the express consent of the litigating party to the application and to any order made as a consequence of the application; and

(d)  the consent under paragraph *(c)* is in a separate document which

(i)   is signed by the litigating party;

(ii)  deals only with the question of budgeted costs;

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT

    (iii)  states the attorney-at-law's estimate of what the prescribed costs appropriate to the proceedings would be;

    (iv)  gives an estimate of the total costs of the proceedings as between the attorney-at-law and client; and

    (v)  sets out the basis of that estimate, including the amount of any hourly charge.

(2)    The written consent of the client must not be disclosed to the other party.

(3)    This rule also applies to any other litigating party who consents to or does not oppose an order for budgeted costs.

### What is included in budgeted costs

**65.10.**    Unless the budget of costs approved by the court specifies otherwise, rule 65.7 applies to budgeted costs as it does to prescribed costs.

### Assessed costs of procedural applications

**65.11.**(1)    On determining any interlocutory application except at a case management conference, pre-trial review or the trial, the court must

    *(a)*  decide which party, if any, should pay the costs of that application;

    *(b)*  assess the amount of such costs; and

    *(c)*  direct when such costs are to be paid.

(2)    In deciding what party, if any, should pay the costs of the application, the general rule is that the unsuccessful party must pay the costs of the successful party.

(3)    The court must however take account of all the circumstances including the factors set out in rule 64.6(5) but where the application is one that could reasonably have been made at a case management conference or pre-trial review, the court will order the applicant to pay the costs of the respondent unless there are special circumstances.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(4)    In assessing the amount of costs to be paid by any party, the court must take into account any representations as to the time that was reasonably spent in making the application and preparing for and attending the hearing and must allow such sum as it considers fair and reasonable.

(5)    A party seeking assessed costs must supply to the court and to all other parties a brief statement showing

    *(a)*   the disbursements incurred;

    *(b)*   the attorney-at-law's fees incurred; and

    *(c)*   how that party's attorney-at-law's costs are calculated.

(6)    The statement under sub-rule (5) must comply with any relevant practice direction.

(7)    The costs allowed under this rule may not exceed one tenth of the amount of the prescribed costs appropriate to the principal application unless the court considers that there are special circumstances of the case justifying a higher amount.

### Assessment of costs - general

**65.12.**(1)      This rule applies where costs fall to be assessed in relation to any matter or proceedings, or part of a matter or proceedings other than a procedural application.

(2)    Where the assessment relates to part of court proceedings, it must be carried out by the judge, Master or Registrar hearing the proceedings.

(3)    Where the assessment does not fall to be carried out at the hearing of any proceedings, then the person entitled to the costs must apply to the Master or Registrar for directions as to how the assessment is to be carried out.

(4)    The application must be accompanied by a bill or other document showing the sum in which the court is being asked to assess the costs and how such sum was calculated.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

(5)　On hearing an application under sub-rule (4) the Master or Registrar must either

  *(a)* assess the costs if there is sufficient material available for the Master or Registrar to do so; or

  *(b)* fix a date time and place for the assessment to be carried out.

(6)　The Master or Registrar may direct that the party against whom the bill is assessed pay the costs of the party whose bill is being assessed and, if so, must assess such costs and add them to the costs ordered to be paid.

(7)　The Master or Registrar may direct either party to pay the costs of the other on the ground of unreasonable conduct in respect of the bill or otherwise in respect of the assessment and, if so, must assess such costs and make an appropriate adjustment to the costs ordered to be paid.

### Costs of proceedings in Court of Appeal

**65.13.**　Unless

  *(a)* the Court of Appeal on an application made in accordance with rules 65.8 and 65.9 makes an order for budgeted costs; or

  *(b)* the parties to the appeal agree otherwise,

the costs of any appeal must be determined in accordance with rules 65.5, 65.6 and 65.7 and Appendix B, but the costs must be limited to two thirds of the amount that would otherwise be allowed.

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

## APPENDIX A

*(65.13)*

### *Fixed Costs*

### Part 1

This part of the Appendix sets out the fixed costs applicable to a claim for a specified sum of money:

*(a)* **Table 1** - costs which a defendant who does not defend must pay to the claimant, in addition to the amount claimed and interest and the court fees paid by the claimant, in order to avoid judgment being entered under Part 12. These sums are to be entered on the application. The Table also deals with claims for possession of land or delivery of goods and an application for an order for the attachment of debts.

*(b)* **Table 2** - costs which a claimant is entitled to include as costs in any default judgment under Part 12 in addition to the costs set out in the Table.

### Scale of Fixed Costs

### Table 1

**1.**        This Table shows the amounts to be entered on an application or provisional order for the attachment of debt in respect of the charges of an attorney-at-law in

*(a)* an action for payment of a specified sum of money;

*(b)* attachment of debt proceedings; or

*(c)* an action for the recovery of land.

**2.**        In addition to the fixed costs, the appropriate court fee is to be allowed together with the sum of $75 for personal service of the application:

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

380                          STATUTORY INSTRUMENT

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| *(a)* | claim exceeding $5,000 but not exceeding $15,000 or a claim for recovery of land or delivery of goods | $ 750 |
| *(b)* | claim exceeding $15,000 but not exceeding $50,000 | $1,200 |
| *(c)* | claim exceeding $50,000 but not exceeding $100,000 | $2,000 |
| *(d)* | claim exceeding $100,000 but not exceeding $500,000 | $3,500 |
| *(e)* | claim exceeding $500,000 | $5,000 |

**Table 2**

This Table shows additional costs which may be added on the entry of a default judgment under Part 12 or a judgment on admissions under Part 14 for a specified sum of money.

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| *(a)* | Basic costs | $ 500 |
| *(b)* | Where there is more than one defendant, in respect of each additional defendant served, against whom judgment is entered | $ 100 |
| *(c)* | Where an order is made under rule 5.14 (specified method of service), for each defendant served | $ 750 |
| *(d)* | Where an order is made under Part 7, for service out of the jurisdiction (to cover the obtaining of an order under Part 7 and service) | $ 750 |
| *(e)* | Where judgment is entered on an admission and the claimant accepts the defendant's proposals as to method of payment under rule 14.9 | $ 500 |

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

STATUTORY INSTRUMENT                               381

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| (f) | Where judgment is entered on an admission and the time and rate of payment are not agreed under rule 14.10 | $ 750 |

## Part 2

### Miscellaneous enforcement proceedings

### Table 3

This table shows the amount to be allowed in respect of the charges of an attorney-at-law's in the circumstances set out. The appropriate court fee is to be added.

The court may order that the costs of any such matter be assessed.

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| (a) | For filing a request for the issue of a writ of execution | $ 250 |
| (b) | For each attendance at a hearing of an | |
| | (i)     oral examination; | |
| | (ii)    application to suspend a writ of execution; or | |
| | (ii)    application for time to pay where the debt is admitted | $ 500 |
| (c) | For the costs of the judgment creditor where allowed in proceedings for an order for the attachment of debts or an application for payment out of money in court under rule 50.15 where the amount recovered | |
| | (i)     does not exceed $1000 | one half of the amount recovered |

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

382                              STATUTORY INSTRUMENT

| Column 1 | Column 2 | Column 3 |
|----------|----------|----------|
| | (ii)      exceeds $1000 | $ 500 |
| *(d)* | For the costs of the judgment creditor where allowed in an application for a charging order | $ 750 |
| *(e)* | In addition, for the personal service of any application requiring such service | $ 150 |

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

## APPENDIX B

*(65.13)*

### *Prescribed Costs*

### Scale of prescribed costs

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| | *Value of Claim* | *Percentage* |
| *(a)* | not exceeding $30,000 | 30% |
| *(b)* | exceeding $30,000 but not exceeding $50,000 | 25% |
| *(c)* | exceeding $50,000 but not exceeding $100,000 | 20% |
| *(d)* | exceeding $100,000 but not exceeding $250,000 | 15% |
| *(e)* | exceeding $250,000 but not exceeding $500,000 | 10% |
| *(f)* | exceeding $500,000 but not exceeding $1m | 5% |
| *(g)* | exceeding $1m but not exceeding $2m | 3% |
| *(h)* | exceeding $2m but not exceeding $5m | 1.5% |
| *(i)* | exceeding $5m but not exceeding $10m | .5% |
| *(j)* | exceeding $10m | .25% |

Notes:      *(a)*   The above scale is expressed in BDS$ and must be adjusted for damages in US$.

            *(b)*   The costs for each stage of the scale are cumulative.

## Example:

Claim value $750,000

          on the first      $ 30,000                        $ 9,000

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

384                         STATUTORY INSTRUMENT

|              |           |           |
|--------------|-----------|-----------|
| on the next  | $ 20,000  | $ 5,000   |
| on the next  | $ 50,000  | $10,000   |
| on the next  | $150,000  | $22,500   |
| on the next  | $250,000  | $25,000   |
| on the last  | $250,000  | $12,500   |
| Total        | $750,000  | $84,000   |

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados

# APPENDIX C

*(65.13)*

### *Prescribed Costs: Percentage to be allowed at various stages of claim*

Table showing the percentage of the prescribed costs to be allowed under Appendix B where an action concludes prior to trial.

| Column 1 | Column 2 | Column 3 |
|----------|----------|----------|
| | *Stage* | *Percentage* |
| *(a)* | Up to and including service of defence | 45% |
| *(b)* | After defence and up to and including the case management conference | 55% |
| *(c)* | From case management conference and up to and including listing questionnaire | 70% |
| *(d)* | From listing questionnaire and up to and including pre-trial review (if any) | 75% |
| *(e)* | To trial | 100% |
| *(f)* | Up to default judgment and including assessment of damages | 60% |

**(Example:**

Claim for $750,000 - full costs as in Appendix B -                    $84,000.

Claim discontinued after case management conference:

Defendant entitled to 70% of full costs =                    $58,800)

**THE LAWS OF BARBADOS**
Printed by the Government Printer, Bay Street, St. Michael
by the authority of the Government of Barbados