LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.,*<br><br>　　　　　　　Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**JOINT MEMORANDUM FOLLOWING NINTH CIRCUIT COURT OF APPEAL'S SECOND REMAND** |

　　　　Counsel for Plaintiff AMA Multimedia, LLC ("AMA"), and counsel for Defendants Sagan Limited ("Sagan"), Cyberweb Limited ("Cyberweb"), GLP 5, Inc. ("GLP 5"), 1890933 Ontario, Inc., formerly known as Netmedia Services, Inc. ("Netmedia"), and David Koonar ("Koonar") (collectively, "Defendants"), hereby confirm that they have conferred and submit this Joint Memorandum pursuant to the Court's May 21, 2020 Order (Dkt. No. 178) regarding course of action following the Ninth Circuit's remand after the

second appeal in this matter. After a good faith meet and confer, the parties simply disagree about the next steps, and each side presents its position separately below.

**Plaintiff's Position**

The Ninth Circuit explicitly stated the issues which remain on remand are:

1. Defendants' standing as "transaction participants" theory (to be decided by analyzing whether Defendants' *alleged conduct* "closely related" to the CPRA);

2. Enforcing forum selection clause based upon standing as an implied licensee;

3. Enforcing forum selection clause based upon standing as an agent of GIM;

4. Enforcing forum selection clause based upon third-party beneficiary status;

5. AMA's challenge to whether the forum selection clause applies to AMA's copyright claims; and

6. AMA's challenge that the forum selection clause is otherwise valid and enforceable.

*See*, Ninth Circuit Memorandum, dated April 24, 2020.

Defendants also previously moved for dismissal based upon lack of personal jurisdiction. The Court determined jurisdiction over Sagan Limited, but had not entered rulings specific to Cyberweb, Ltd., Netmedia Services, Inc., or David Koonar, finding it unnecessary to resolve jurisdiction because the forum selection clause was enforced. Jurisdiction over these parties is still at issue and needs to be resolved.

Plaintiff asserts that these foregoing seven (7) issues are the *only* issues remaining to be addressed pertaining to Defendants' pre-answer motions to dismiss.

It is Plaintiff's position that all previously filed briefs on these issues are sufficient for the Court to conduct necessary analysis and render a decision. Each of the stated issues have been briefed *ad nauseum* by the parties. After the remand following the first appeal (the same issues pending) Defendant's took the position that due to the volume of briefs it would be convenient for the Court to have supplemental briefing to center the arguments

1506986.1

1  in one place. The Court granted supplemental briefing and, thus, the parties' arguments
2  were previously consolidated. *See* Dkt. 154, 156, and 157. Arguments for both parties
3  with respect to issues 2 through 5 above sit on the record undisturbed awaiting analysis.
4  Further briefing can only restate and reiterate what has already been presented, and Plaintiff
5  believes it would violate judicial economy and waste the parties' resources to file additional
6  briefing. Plaintiffs's argument for the first issue above in addition to Defendant's Reply to
7  those arguments sit on the record undisturbed. (*See Dkt. 157 pg.7-8, 14-17 & 161 pg. 2-4)*.
8  The Court has sufficient briefing to consider "in the first instance, on remand," whether
9  Defendants' *alleged conduct* is closely related to the CPRA and whether Defendants are
10 "transaction participants" under *Manetti-Farrow*.

11      Furthermore, an evidentiary hearing is unnecessary. The Ninth Circuit, in fn. 1 of
12 its Memorandum, referenced discretion to conduct an evidentiary hearing on the issue of
13 "transaction participants." However, the parties' submissions have painstakingly detailed
14 respective positions regarding whether the infringed videos and images were ever part of
15 and therefore "closely related" to the CPRA, inclusive of declarations and documentary
16 evidence submitted by both Plaintiff and Defendants. (*See Dkt. 157 pg. 7-8 & 16-17, 161*
17 *pg. 2-4)* Because an evidentiary hearing would not add to nor detract from the factual
18 submissions, it would be unnecessary and would (again) waste judicial economy and the
19 parties' resources.

20      Plaintiff disagrees with the Defendants' proposal that there should be supplemental
21 briefing on all *forum non conveniens* issues, including that of assignment of the CPA. That
22 approach is self-serving and does nothing more than exacerbate legal fees and create novel
23 fighting grounds for the parties. That approach further "opens the door" to allow the
24 Defendants to create new/additional "facts" that it has already had *years* of opportunity to
25 provide. If more facts exist, they should have been briefed by now.
26

1506986.1

As a matter of fairness and in the interests of justice, AMA's arguments and evidence should be heard and analyzed before this Court asks for additional Supplemental Briefing. To support the need for Supplemental Briefing, Defendants should have to explain why they were unable to provide their argument and evidence previously when afforded the appropriate opportunity. The basis of the Ninth Circuit's ruling for what this Court must analyze has been consistent with AMA's arguments and evidence already on the record. Defendants' have had ample opportunities to properly address and respond to the Plaintiff's arguments and evidence.

In conclusion, Plaintiff specifically suggests that this Court now revisit the original *forum non conveniens* motions that Defendants filed and the supplemental briefings (*See Dkt 154, 157, 161*) filed after the last appeal to determine if the remaining arguments contain merit. To the extent that further briefing is desired by the Court, Plaintiff recommends that the parties be permitted to simply submit the briefs filed with the Ninth Circuit Court of Appeals, wherein *forum non conveniens* issues were extensively briefed/argued. This approach is intended to provide the most timely, efficient, and streamlined approach to moving this case forward and is not suggested for any improper purpose(s) whatsoever.

**Defendants' Position**

On April 24, 2020, the Ninth Circuit issued an unpublished memorandum, reversing this Court's October 24, 2018 Order dismissing the case on the basis of *forum non conveniens* and remanding this matter for further proceedings. Dkt. No. 177-1. The Ninth Circuit found that this Court "correctly identified the legal rule: Defendants, as non-parties, could enforce the forum selection clause if their alleged *conduct* was 'closely related to the contractual relationship' between AMA and GIM Corporation. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)." The Ninth Circuit concluded, however, that "the district court did not apply this rule. It focused solely on the relationship

1506986.1

between *Defendants* and the Content Partner Revenue Sharing Agreement ("CPRA"), instead of focusing on Defendants' *conduct:* (1) 'Defendants have standing to enforce the CPRA's forum selection clause because they are closely related to the contractual relationship between AMA and GIM'; (2) 'The evidence in this case, even when construed in AMA's favor, shows that Defendants are so closely related to the contractual relationship ...'; (3) 'In short, there can be no doubt that Defendants are all closely related to the contractual relationship ...'; and (4) 'In summary, the Court finds that Defendants have standing to enforce the CPRA's forum selection clause. They are closely related to the contractual relationship between AMA and GIM ...."  The Ninth Circuit held that this Court "should have analyzed whether Defendants' alleged conduct was 'closely related' to the CPRA—the contractual relationship between AMA and GIM. Only then could Defendants have standing to enforce the forum selection clause under *Manetti-Farrow*." The Ninth Circuit left it to this Court to consider on remand "whether Defendants are … 'transaction participants' under *Manetti-Farrow*, and expressly allowed Defendants to pursue on remand each of their previously asserted theories for enforcing the forum selection clause.[1]

In light of the Ninth Circuit's decision, the following issues remain to resolved:

(1) whether Defendants' alleged conduct was "closely related" to the CPRA;

(2) whether Defendants have standing to enforce the forum selection clause as transaction participants under *Manetti-Farrow* and its progeny;

(3) whether Defendants have standing to enforce the forum selection clause based on an implied license, agency relationships, third party beneficiary status, or assignment; and,

---

[1] The Ninth Circuit also held that AMA "may challenge on remand whether the CPRA's forum selection clause applies to AMA's copyright claims and is otherwise valid and enforceable" because "this finding was not left undisturbed on appeal." Rather, the Ninth Circuit "simply never reached the issue."

1506986.1

(4) whether the forum selection clause applies to AMA's copyright claims and is otherwise valid and enforceable (as this Court previously held in its January 26, 2017 order (Dkt. 126)).

AMA opposes any additional briefing, arguing that the issues already have been briefed *ad nauseum*. However, this is contrary to the Ninth Circuit's directive that this Court consider "in the first instance, on remand," whether Defendants' *alleged conduct* is closely related to the CPRA and whether Defendants are "transaction participants" under *Manetti-Farrow*. Defendants agree that an evidentiary hearing is unnecessary, but respectfully submit that the Court would benefit from supplemental briefing that focuses on, at a minimum, (i) the relationship between Defendants' alleged conduct and the CPRA and (ii) Defendants' participation in the transaction(s) at issue. While these issues were addressed in the parties' Ninth Circuit briefs, in the appellate record AMA had the benefit of a reply brief, but Defendants (as the moving parties) are entitled to the last word at the trial court level. Accordingly, Defendants propose that the Court allow Defendants to file a 20-page supplemental memorandum on the above issues, that Plaintiff be allowed to file a 20-page response, and that Defendants be allowed to file a 10-page reply.

Regarding AMA's request that the Court decide the pending personal jurisdiction issues, Defendants believe that the Court should forego ruling on these issues. Defendants believe that their standing arguments are correct, and will likely moot any remaining personal jurisdiction motions. In addition, the fundamental premise of Defendants' *forum non conveniens* motion is that this is not the proper forum for AMA's claims. With this in mind, the Court should not unnecessarily adjudicate any other issues while the propriety of this forum has yet to be decided.

/ / / /

/ / / /

1506986.1

1 | Dated this 5th day of June, 2020.

3 | **MANOLIO & FIRESTONE, PLC**

5 | By: /s/ Veronica L. Manolio

6 |    Veronica L. Manolio
   8686 E. San Alberto Drive, Suite 200
   Scottsdale, Arizona 85258
7 |    *Attorneys for Plaintiff*

9 | **LATHROP GPM LLP**

11 | By: /s/ Erica J. Van Loon

12 |    Erica J. Van Loon
   1888 Century Park East, Suite 1000
13 |    Los Angeles, CA 90067
   *Attorneys for Defendants Sagan Limited,*
14 |    *Cyberweb Ltd., GLP 5, Inc., Netmedia*
   *Services, Inc., and David Koonar*

1506986.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2020, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Erica J. Van Loon
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
erica.vanloon@lathropgpm.com
*Attorneys for Defendants Sagan Limited, Cyberweb Ltd., GLP 5, Inc., Netmedia Services, Inc., and David Koonar*

By: ___/s/ Veronica L. Manolio___

1506986.1