LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMA Multimedia, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Sagan, Ltd., a Republic of Seychelles company, individually and d/b/a Porn.com; Cyberweb, Ltd., formerly MXN, Ltd., a Barbados Company, individually and d/b/a Porn.com; Netmedia Services, Inc., a Canadian Company, individually and d/b/a Porn.com; GLP 5, Inc., a Michigan Company individually and d/b/a Trafficforce.com; David Koonar, an individual, *et. al.*,<br><br>Defendants. | Case No. CV-16-1269-PHX-DGC<br><br>**JOINT PROPOSED REVISED SCHEDULE/ CASE MANAGEMENT ORDER** |

Pursuant to this Court's Order (Doc. 183) filed on July 27, 2020, counsel for Plaintiff AMA Multimedia, LLC ("AMA"), and counsel for Defendants Sagan Limited ("Sagan"), Cyberweb Limited ("Cyberweb"), GLP 5, Inc. ("GLP 5"), 1890933 Ontario, Inc., formerly known as Netmedia Services, Inc. ("Netmedia"), and David Koonar (collectively, "Defendants") jointly propose the following amended schedule/Case Management Order to replace the prior schedule (Doc. 58).

Defendants have each moved to dismiss based upon lack of personal jurisdiction. (Doc. Nos. 27, 42, 49, and 70.)  The Court denied Sagan's motion on October 13, 2016. (Doc. No. 69.)  The Court dismissed the claims against GLP 5 for lack of personal jurisdiction (*see* Doc. Nos. 126 at 2 n.1, Doc. No. 171 at 3 n.1), but both of the Court's orders effectuating the dismissal were vacated or reversed by the Ninth Circuit on unrelated grounds.  The parties agree that the claims against GLP 5 should be dismissed for lack of personal jurisdiction and ask the Court to enter another order to that effect.

The Court has not yet decided personal jurisdiction as to Cyberweb, Netmedia, or Koonar.  Cyberweb and Netmedia are withdrawing their motions to dismiss based upon lack of personal jurisdiction (Doc. Nos. 27 and 70).  Koonar, however, requests that the Court rule on his motion.  Koonar believes that further briefing on his motion is unnecessary and respectfully requests that the Court enter a ruling based on the prior briefing relating to the motion (*see* Docket Nos. 49, 67, 75, 117, and 124).  Plaintiff, however, believes that Koonar's prior briefing is insufficient specifically because of late-filed and after-the-fact Declaration(s) by Koonar that remain unaddressed by Plaintiff.  Thus, Plaintiff suggests additional briefing (with a 5-7 page maximum permitted) on Koonar's personal jurisdiction **only**.  Koonar denies that any declarations were filed "late" or "after-the-fact."  If the Court allows additional briefing, however, Koonar requests that Plaintiff file first, with Koonar allowed a reply (as it is his motion).

The parties set forth below a new/proposed/amended schedule that allows time for the Court to rule on Koonar's motion.  The proposed deadlines are longer than would be suggested normally, but these are meant only to: (i) accommodate a planned paternity leave by one of Plaintiff's principals during the fourth quarter of 2020; and (ii) combat anticipated delays due to the COVID-19 pandemic. There is no dilatory motive by any party.

The new/proposed/amended schedule is suggested as follows:

1. <u>Deadline for Initial Disclosures</u>.  Initial disclosures required by Federal Rule of Civil Procedure 26(a) shall be exchanged no later than **October 16, 2020**.

2. <u>Deadline for Joining Parties, Amended Pleadings, and Filing Supplemental Pleadings</u>.  All Defendants remaining in the case shall file an answer to the operative complaint within **15 days** after the Court rules on Koonar's motion to dismiss based upon lack of personal jurisdiction. The deadline for joining parties, amended pleadings, and filing supplemental pleadings is **90 days** from the date of this Order.

3. <u>Discovery Limitations</u>.  Depositions shall be limited to four (4) hours each, with the exception of key witnesses, which may be deposed up to eight (8) hours each. The parties agree that the following individuals are key witnesses: Adam Silverman, Jason Tucker, David Koonar, Phillip Bradbury, and Kristen Richardson.  Each party reserves the right to assert that additional individuals are also key witnesses.

Each party may propound up to 25 interrogatories, including subparts; 25 requests for production of documents, including subparts, and 25 requests for admissions, include subparts, on every other party.

4. <u>Fact Discovery.</u>  The deadline for completing fact discovery, including discovery by subpoena, shall be **September 30, 2021**.  To ensure compliance with this deadline, the following rules shall apply:

   a. Written discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

   b. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5. <u>Expert Disclosures and Discovery.</u>

a. Plaintiff(s) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **June 25, 2021**.

b. Defendant(s) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **July 30, 2021**.

c. Rebuttal expert disclosures, if any, shall be by **August 20, 2021**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d. Expert depositions shall be completed by **September 30, 2021**.

e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id*. at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

- 4 -

witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates. The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts. Counsel should depose experts with this fact in mind.

      g.      Each side shall be limited to one retained or specifically employed expert witness per issue.

6. Discovery Disputes.

      a.      If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[2]

      b.      Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

      c.      Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7. Dispositive Motions.

      a.      Dispositive motions shall be filed no later than **November 1, 2021**.

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

      b.      No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

      c.      Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.

      d.      The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

      8.      <u>Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **March 15, 2021**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

      9.      <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

      10.      <u>Briefing Requirements</u>.

      a.      All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13-point font in text and footnotes.

      b.      Citations in support of any assertion in the text shall be included in the text, not in footnotes.

11. <u>Pre-Motion Conference</u>.

The Court will hold a conference with the parties before motions for summary judgment are filed. The purpose of the conference will be to narrow issues and focus the briefing, and perhaps dispense with statements of fact under Local Rule 56.1. The parties shall exchange two-page letters describing any anticipated motions for summary judgment and responses, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The parties shall file these letters with the Court on or before **October 11, 2021**, and shall call the Court the same day to schedule a time for a pre-motion conference.

Dated this 17th day of August, 2020.

**MANOLIO & FIRESTONE, PLC**

By: /s/ Veronica L. Manolio
Veronica L. Manolio
8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

**LATHROP GPM LLP**

By: /s/ Erica J. Van Loon
Erica J. Van Loon
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
*Attorneys for Defendants Sagan Limited, Cyberweb Ltd., Netmedia Services, Inc., and David Koonar*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2020, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Erica J. Van Loon
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Erica.vanloon@lathropgpm.com
*Attorneys for Defendants Sagan Limited, Cyberweb Ltd., Netmedia Services, Inc., and David Koonar*

By: ___/s/ Janel Rubert___