ERICA J. VAN LOON (admitted *Pro Hac Vice*)
Erica.VanLoon@LathropGPM.com
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, California 90067
Telephone:   (310) 789-4600
Facsimile:    (310) 789-4601

*Attorneys for Defendants Sagan Limited, Cyberweb Limited, 1890933 Ontario, Inc., formerly known as Netmedia Services, Inc., and David Koonar*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| AMA MULTIMEDIA LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SAGAN LIMITED, a Republic of Seychelles company, individually and d/b/a PORN.COM; CYBERWEB LTD., formerly MXN LTD., a Barbados Company, individually and d/b/a PORN.COM; NETMEDIA SERVICES INC., a Canadian Company individually and d/b/a PORN.COM; GLP 5, Inc., a Michigan Company individually and d/b/a/ Trafficforce.com; DAVID KOONAR, an individual; and John Does 1-20,<br><br>Defendants. | CASE NO. 2:16-cv-01269-PHX-DGC<br><br>Hon. David G. Campbell<br><br>**DEFENDANTS' MOTION TO SEAL PLAINTIFF'S SUPPLEMENTAL FILING REGARDING PERSONAL JURISDICTION OVER DAVID KOONAR (DOCKET NO. 186)** |

33117153

Pursuant to LRCiv5.6 and the Protective Order entered in this case (Dkt. 122), counsel for Defendants Sagan Limited, Cyberweb Limited, 1890933 Ontario, Inc., formerly known as Netmedia Services, Inc., and David Koonar (collectively, "Defendants") hereby move to have Plaintiff's Supplemental Memorandum Regarding Personal Jurisdiction Over David Koonar and Exhibit A attached thereto (Dkt. 186) (collectively, "Plaintiff's Supplemental Filing") ordered filed under seal.

Plaintiff's Supplemental Filing contains, includes quotes from, summarizes, constitutes, or otherwise discloses materials designated by Defendants as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and/or documents that have been filed in this case under seal. These include portions of: (1) the Declaration of David Koonar in Support of Defendants' Supplemental Briefing Re Personal Jurisdiction (Dkt. 124-4, filed under seal), (2) the Deposition of Philip Bradbury (Dkt. 117 at Ex. A, filed under seal), and (3) the Deposition of David Koonar (Dkt. 186-1) (collectively, the "Confidential Documents"). These documents meet the standard to seal.

"Two standards generally govern requests to seal documents." *TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083-PHX-DGC, 2014 WL 880408, at *2 (D. Ariz. Mar. 6, 2014). "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009), *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010) (internal citations omitted). Second, the "'good cause' standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies" to discovery materials unearthed during discovery because they are not part of the judicial record. *TSI Inc.*, 2014 WL 880408, at *2 (internal citations omitted). The "good cause" standard also applies to discovery documents attached to a non-dispositive motion. *Pintos*, 565 F.3d at 1115.

The Confidential Documents refer to and constitute documents produced by Defendants in response to Plaintiff's jurisdictional discovery requests. Thus, they were "unearthed during discovery." They were included in Plaintiff's Supplemental Memorandum Regarding Personal Jurisdiction Over David Koonar. On July 27, 2020, this

1  Court denied Defendants' motions to dismiss on the ground of *forum non conveniens*.
2  Dkt. 183.  Thus, the Confidential Documents are considered discovery materials not attached
3  to a dispositive motion.  Accordingly, the "good cause" standard should apply in determining
4  whether to seal these documents.

5  "The relevant standard for purposes of Rule 26(c) is whether good cause exists to
6  protect th[e] information from being disclosed to the public by balancing the needs for
7  discovery against the need for confidentiality." *Pintos*, 565 F.3d at 1115 (quoting *Phillips ex
8  rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal
9  quotation marks omitted). "When a court grants a protective order for information produced
10 during discovery, it already has determined that 'good cause' exists to protect this
11 information from being disclosed to the public by balancing the needs for discovery against
12 the need for confidentiality." *Phillips*, 307 F.3d at 1213.  Here, the Confidential Documents
13 have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
14 pursuant to the Protective Order entered by this Court and/or have been filed under seal
15 pursuant to the Court's order.  Dkt. 143.  Thus, the "good cause" standard is met.

16 Defendants' request to seal also meets the "compelling reasons" standard.  "Under
17 the compelling reasons standard, the Court must weigh relevant factors, base its decision
18 on a compelling reason, and articulate the factual basis for its ruling, without relying on
19 hypothesis or conjecture." *AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F.
20 Supp. 2d 928, 946 (D. Ariz. 2013) (internal quotations omitted). "Relevant factors
21 include the public interest in understanding the judicial process and whether disclosure of
22 the material could result in improper use of the material for scandalous or libelous
23 purposes or infringement upon trade secrets." *Id*. (internal quotations omitted).

24 Here, the Confidential Documents include information relating to Defendants'
25 business structure and operations that constitutes trade secret, proprietary, or
26 sensitive information.

27 If Plaintiff's Supplemental Filing is allowed to remain publicly available,
28 Defendants' competitors, including Plaintiff, could gain valuable information about

Defendants' business structure and operations, which would be detrimental to Defendants and cause irreparable harm. On the other hand, understanding such information would hardly assist the public in understanding the judicial process. Therefore, on balance, the relevant factors weigh in favor of granting Defendants' request for Plaintiff's Supplemental Filing to be filed under seal.

On September 4, 2020, approximately one hour after Plaintiff filed its Supplemental Memorandum, Defendant's counsel e-mailed Plaintiff's counsel as follows:

> Dear Counsel,
>
> Your filing today should have been filed under seal, as it contains information that Defendants designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."
>
> Please withdraw the filing and re-file it under seal.

Plaintiff's counsel did not respond to this e-mail.

Although Plaintiff filed a "Notice of Errata" on September 9, 2020, that corrected a typographical error in its Supplemental Memorandum (Dkt. 187), Plaintiff has failed to withdraw Dkt. 186 and re-file it under seal, thus necessitating this motion.

DATED: September 10, 2020

Respectfully submitted,

LATHROP GPM LLP

By: /s/ Erica J. Van Loon
       Erica J. Van Loon

*Attorneys for Defendants Sagan Limited, Cyberweb Limited, 1890933 Ontario, Inc., formerly known as Netmedia Services, Inc., and David Koonar*