1
2
3
4
5

ERICA J. VAN LOON (admitted *Pro Hac Vice*)
Erica.VanLoon@LathropGPM.com
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, California 90067
Telephone:    (310) 789-4600
Facsimile:    (310) 789-4601

6
7

*Attorneys for Defendants Sagan Limited,*
*Cyberweb Limited, 1890933 Ontario, Inc., formerly known as*
*Netmedia Services, Inc., and David Koonar*

8

IN THE UNITED STATES DISTRICT COURT

9

DISTRICT OF ARIZONA

10

11
12

AMA MULTIMEDIA LLC, a Nevada
limited liability company,

13

Plaintiff,

14

v.

15
16
17
18
19
20

SAGAN LIMITED, a Republic of Seychelles
company, individually and d/b/a
PORN.COM; CYBERWEB LTD., formerly
MXN LTD., a Barbados Company,
individually and d/b/a PORN.COM; 1890933
ONTARIO, INC. formerly known as
NETMEDIA SERVICES INC., a Canadian
Company individually and d/b/a
PORN.COM; GLP 5, Inc., a Michigan
Company individually and d/b/a/
Trafficforce.com; DAVID KOONAR, an
individual; and John Does 1–20,

21

Defendants.

CASE NO. 2:16-cv-01269-PHX-DGC

Hon. David G. Campbell

**DEFENDANTS SAGAN LIMITED,
CYBERWEB LTD., 1890933
ONTARIO, INC. FORMERLY
KNOWN AS NETMEDIA SERVICES
INC., AND DAVID KOONAR'S
ANSWER TO FIRST AMENDED
COMPLAINT**

22

23
24
25
26
27
28

Pursuant to Rule 8 of the Federal Rules of Civil Procedure and the Court's Second
Case Management Order in this action (Dkt. 185), Defendants Sagan Limited, Cyberweb
Ltd., 1890933 Ontario, Inc. formerly known as Netmedia Services Inc., and David Koonar
(collectively, "Defendants"), by and through their attorneys, hereby answer the First
Amended Complaint (Dkt. 16, "FAC") filed by Plaintiff AMA Multimedia LLC ("Plaintiff")
and assert defenses, as follows:

## GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation in the FAC.  To the extent the headings of the FAC are construed as allegations, they are each denied.  Due to ambiguity as to the timeframe of certain allegations in the FAC, which was filed almost four and a half years ago, Defendants' responses to the allegations in the FAC are effective as of the date this Answer is filed.

## ANSWER

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore deny each and every allegation contained in Paragraph 1.

2.     Defendants admit that Sagan Limited is a company organized and existing under the laws of the Republic of Seychelles and that Sagan Limited is a co-owner of Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 2.

3.     Defendants admit that Sagan Limited filed an Interim Designation of Agent to Receive Notification of Claimed Infringement with the United States Copyright Office in or about September 2013.  Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, and therefore deny the allegations contained in Paragraph 3.

4.     Defendants admit that Cyberweb Ltd. is a company organized in Barbados and that Cyberweb Ltd. is a co-owner of Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 4.

5.     Defendants admit that Cyberweb Ltd. purchased the domain porn.com in or about 2007 and that Cyberweb filed a UDRP complaint in or about 2014.  Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore deny the allegations contained in Paragraph 5.

6.      Defendants admit that 1890933 Ontario, Inc., formerly known as Netmedia Services Inc., is a company organized in Canada.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 6.

7.      Defendants deny each and every allegation contained in Paragraph 7.

8.      Defendants admit that David Koonar is an individual residing in Windsor, Ontario, Canada.  Due to ambiguity as to the timeframe of the allegations pled in Paragraph 8, except as expressly admitted herein, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore deny the allegations contained in Paragraph 8.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore deny each and every allegation contained in Paragraph 9.

10.     Defendants deny each and every allegation contained in Paragraph 10.

11.     Defendants deny each and every allegation contained in Paragraph 11.

12.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 12, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore deny each and every allegation contained in Paragraph 12.

13.     Defendants admit that Porn.com utilizes payment processors outside the United States for Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 13.

14.     Defendants deny each and every allegation contained in Paragraph 14.

15.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 15, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore deny each and every allegation contained in Paragraph 15.

16.     Defendants admit that they have a registered agent in Canada.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 16.

17.     Defendants deny each and every allegation contained in Paragraph 17.

18.     Defendants deny each and every allegation contained in Paragraph 18.

19.     Defendants deny each and every allegation contained in Paragraph 19.

20.     Defendants admit that Porn.com complies with the Children's Online Privacy Protection Act ("COPPA").  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 20.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 24.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 25.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 26.

**PARTIES**

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore deny each and every allegation contained in Paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore deny each and every allegation contained in Paragraph 28.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore deny each and every allegation contained in Paragraph 29.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore deny each and every allegation contained in Paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore deny each and every allegation contained in Paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore deny each and every allegation contained in Paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore deny each and every allegation contained in Paragraph 33.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore deny each and every allegation contained in Paragraph 34.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore deny each and every allegation contained in Paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore deny each and every allegation contained in Paragraph 36.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore deny each and every allegation contained in Paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore deny each and every allegation contained in Paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and therefore deny each and every allegation contained in Paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore deny each and every allegation contained in Paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore deny each and every allegation contained in Paragraph 41.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore deny each and every allegation contained in Paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore deny each and every allegation contained in Paragraph 43.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore deny each and every allegation contained in Paragraph 44.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore deny each and every allegation contained in Paragraph 45.

46.     Defendants admit that Sagan Limited and Cyberweb Ltd. are co-owners of Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 46.

47.     Defendants deny each and every allegation contained in Paragraph 47.

48.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 48, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 48, and therefore deny each and every allegation contained in Paragraph 48.

49.     Defendants admit that Sagan Limited and Cyberweb Ltd. are co-owners of Porn.com and that Porn.com sells advertising space on Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 49.

50.     Defendants deny each and every allegation contained in Paragraph 50.

51.     Defendants admit that Porn.com is registered as an Internet Service Provider with the United States Copyright Office and has appointed an agent to receive copyright take down notices.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 51.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and therefore deny each and every allegation contained in Paragraph 52.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore deny each and every allegation contained in Paragraph 53.

## STATEMENT OF FACTS

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore deny each and every allegation contained in Paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and therefore deny each and every allegation contained in Paragraph 55.

56.     Defendants admit that Porn.com displays adult entertainment content.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 56.

57.     Defendants admit that Porn.com sells advertising space on Porn.com.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 57.

58.     Defendants deny each and every allegation contained in Paragraph 58.

59.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 59, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and therefore deny each and every allegation contained in Paragraph 59.

60.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 60, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and therefore deny each and every allegation contained in Paragraph 60.

61.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 61, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore deny each and every allegation contained in Paragraph 61.

62.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 62, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and therefore deny each and every allegation contained in Paragraph 62.

63.     Defendants admit that they have a license to display Plaintiff's content pursuant to a Content Partnership Revenue Agreement with Plaintiff.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 63.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, and therefore deny each and every allegation contained in Paragraph 64.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65, and therefore deny each and every allegation contained in Paragraph 65.

66.     Due to ambiguity as to the timeframe of the allegations pled in Paragraph 66, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 66, and therefore deny each and every allegation contained in Paragraph 66.

67.     Defendants admit that the allegedly infringing videos at issue in this action were all uploaded to Porn.com by independent third parties.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 67.

68.     Defendants deny each and every allegation contained in Paragraph 68.

69.     Defendants deny each and every allegation contained in Paragraph 69.

70.     Defendants admit that Porn.com requires users to register as members of Porn.com in order to upload videos and that registering as a member of Porn.com includes establishing a user name, a password, and providing an email address.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 70.

71.     Defendants admit that users who register to become members of Porn.com in compliance with Porn.com's terms and conditions have profile pages.  Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 71.

72.     Defendants admit that videos uploaded to Porn.com in compliance with Porn.com's terms and conditions indicate the user name for the user who uploaded the video. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 72.

73.     Defendants admit that the profile page of a user who uploads a video to Porn.com in compliance with Porn.com's terms and conditions is viewable.  Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and therefore deny the allegations contained in Paragraph 73.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and therefore deny each and every allegation contained in Paragraph 74.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and therefore deny each and every allegation contained in Paragraph 75.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76, and therefore deny each and every allegation contained in Paragraph 76.

77.     Defendants deny each and every allegation contained in Paragraph 77.

78.     Defendants deny that they have no authority or license to display or distribute Plaintiff's works.  Except as expressly denied herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and therefore deny each and every allegation contained in Paragraph 78.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore deny each and every allegation contained in Paragraph 79.

80.     Defendants deny each and every allegation contained in Paragraph 80.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and therefore deny each and every allegation contained in Paragraph 81.

82.     Defendants deny each and every allegation contained in Paragraph 82.

83.     Defendants deny each and every allegation contained in Paragraph 83.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and therefore deny each and every allegation contained in Paragraph 84.

85.     Defendants deny each and every allegation contained in Paragraph 85.

86.     Defendants deny each and every allegation contained in Paragraph 86.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87, and therefore deny each and every allegation contained in Paragraph 87.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, and therefore deny each and every allegation contained in Paragraph 88.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and therefore deny each and every allegation contained in Paragraph 89.

90.     Defendants deny each and every allegation contained in Paragraph 90.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and therefore deny each and every allegation contained in Paragraph 91.

92.     Defendants deny that they published Plaintiff's video without authority and further deny that Defendants assigned an uploader to the video that did not upload the video. Except as expressed denied herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92, and therefore deny each and every allegation contained in Paragraph 92.

93.     Defendants deny each and every allegation contained in Paragraph 93.

94.     Defendants deny each and every allegation contained in Paragraph 94.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, and therefore deny each and every allegation contained in Paragraph 95.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, and therefore deny each and every allegation contained in Paragraph 96.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97, and therefore deny each and every allegation contained in Paragraph 97.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and therefore deny each and every allegation contained in Paragraph 98.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, and therefore deny each and every allegation contained in Paragraph 99.

100.    Defendants deny that they uploaded Plaintiff's allegedly infringed videos to Porn.com.  Except as expressly denied herein, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100, and therefore deny each and every allegation contained in Paragraph 100.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, and therefore deny each and every allegation contained in Paragraph 101.

102.    Defendants deny each and every allegation contained in Paragraph 102.

103.    Defendants deny each and every allegation contained in Paragraph 103.

104.    Defendants deny each and every allegation contained in Paragraph 104.

## COUNT I

## Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*

## Against All Defendants

105.    With respect to the allegations contained in Paragraph 105, Defendants incorporate by reference as if set forth and repeated verbatim their responses to Paragraphs 1 through 104.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106, and therefore deny each and every allegation contained in Paragraph 106.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107, and therefore deny each and every allegation contained in Paragraph 107.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108, and therefore deny each and every allegation contained in Paragraph 108.

109.    Defendants deny each and every allegation contained in Paragraph 109.

110.    Defendants deny each and every allegation contained in Paragraph 110.

111.    Defendants deny each and every allegation contained in Paragraph 111.

112.    Defendants deny each and every allegation contained in Paragraph 112.

113.    Defendants deny each and every allegation contained in Paragraph 113.

114.    Defendants deny each and every allegation contained in Paragraph 114.

115.    Defendants deny each and every allegation contained in Paragraph 115.

116.    Defendants deny each and every allegation contained in Paragraph 116.

117.    Defendants deny each and every allegation contained in Paragraph 117.

118.    Defendants deny each and every allegation contained in Paragraph 118.

119.    Defendants deny each and every allegation contained in Paragraph 119.

120.    Defendants deny each and every allegation contained in Paragraph 120.

121.    Defendants deny each and every allegation contained in Paragraph 121.

122.    Defendants deny each and every allegation contained in Paragraph 122.

123.    Defendants deny each and every allegation contained in Paragraph 123.

124.    Defendants deny each and every allegation contained in Paragraph 124.

125.    Defendants deny each and every allegation contained in Paragraph 125.

PRAYER FOR RELIEF:

A.    Defendants deny that Plaintiff is entitled to any preliminary or permanent injunctive relief whatsoever;

B.    Defendants deny that Plaintiff is entitled to an order requiring Defendants to transfer the domain Porn.com, and all similar domains held by Defendants, and domains held by Defendants linked to Porn.com and the content therein, to Plaintiff;

C.      Defendants deny that Plaintiff is entitled to an order requiring Defendants to serve a report setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      Defendants deny that Plaintiff is entitled any damages whatsoever;

E.      Defendants deny that Plaintiff is entitled to an accounting;

F.      Defendants deny that Plaintiff is entitled to any enhanced statutory damages and attorney's fees whatsoever;

G.      Defendants deny that Plaintiff is entitled to any pre-judgment or post-judgment interest whatsoever;

H.      Defendants deny that Plaintiff is entitled to recover any costs and expenses incurred in prosecuting this action whatsoever; and,

I.      Defendants deny that Plaintiff is entitled to any further preliminary or permanent relief whatsoever.

## COUNT II

### Contributory Copyright Infringement

### Against All Defendants

126.    With respect to the allegations contained in Paragraph 126, Defendants incorporate by reference as if set forth and repeated verbatim their responses to Paragraphs 1 through 104.

127.    Defendants deny each and every allegation contained in Paragraph 127.

128.    Defendants deny each and every allegation contained in Paragraph 128.

129.    Defendants deny each and every allegation contained in Paragraph 129.

130.    Defendants deny each and every allegation contained in Paragraph 130.

131.    Defendants deny each and every allegation contained in Paragraph 131.

132.    Defendants deny each and every allegation contained in Paragraph 132.

133.    Defendants deny each and every allegation contained in Paragraph 133.

134.    Defendants deny each and every allegation contained in Paragraph 134.

135.    Defendants deny each and every allegation contained in Paragraph 135.

136.    Defendants deny each and every allegation contained in Paragraph 136.

137.    Defendants deny each and every allegation contained in Paragraph 137.

138.    Defendants deny each and every allegation contained in Paragraph 138.

139.    Defendants deny each and every allegation contained in Paragraph 139.

PRAYER FOR RELIEF:

A.    Defendants deny that Plaintiff is entitled to any preliminary or permanent injunctive relief whatsoever;

B.    Defendants deny that Plaintiff is entitled to an order requiring Defendants to transfer the domain Porn.com, and all similar domains held by Defendants, and domains held by Defendants linked to Porn.com and the content therein, to Plaintiff;

C.    Defendants deny that Plaintiff is entitled to an order requiring Defendants to serve a report setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.    Defendants deny that Plaintiff is entitled any damages whatsoever;

E.    Defendants deny that Plaintiff is entitled to an accounting;

F.    Defendants deny that Plaintiff is entitled to any enhanced statutory damages and attorney's fees whatsoever;

G.    Defendants deny that Plaintiff is entitled to any pre-judgment or post-judgment interest whatsoever;

H.    Defendants deny that Plaintiff is entitled to recover any costs and expenses incurred in prosecuting this action whatsoever; and,

I.    Defendants deny that Plaintiff is entitled to any further preliminary or permanent relief whatsoever.

-15-

# COUNT III

## Vicarious Copyright Infringement

### Against All Defendants

140.    With respect to the allegations contained in Paragraph 140, Defendants incorporate by reference as if set forth and repeated verbatim their responses to Paragraphs 1 through 104.

141.    Defendants deny each and every allegation contained in Paragraph 141.

142.    Defendants deny each and every allegation contained in Paragraph 142.

143.    Defendants deny each and every allegation contained in Paragraph 143.

144.    Defendants deny each and every allegation contained in Paragraph 144.

145.    Defendants deny each and every allegation contained in Paragraph 145.

146.    Defendants deny each and every allegation contained in Paragraph 146.

147.    Defendants deny each and every allegation contained in Paragraph 147.

148.    Defendants deny each and every allegation contained in Paragraph 148.

149.    Defendants deny each and every allegation contained in Paragraph 149.

PRAYER FOR RELIEF:

A.    Defendants deny that Plaintiff is entitled to any preliminary or permanent injunctive relief whatsoever;

B.    Defendants deny that Plaintiff is entitled to an order requiring Defendants to transfer the domain Porn.com, and all similar domains held by Defendants, and domains held by Defendants linked to Porn.com and the content therein, to Plaintiff;

C.    Defendants deny that Plaintiff is entitled to an order requiring Defendants to serve a report setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.    Defendants deny that Plaintiff is entitled any damages whatsoever;

E.    Defendants deny that Plaintiff is entitled to an accounting;

F.    Defendants deny that Plaintiff is entitled to any enhanced statutory damages and attorney's fees whatsoever;

G.      Defendants deny that Plaintiff is entitled to any pre-judgment or post-judgment interest whatsoever;

H.      Defendants deny that Plaintiff is entitled to recover any costs and expenses incurred in prosecuting this action whatsoever; and,

I.      Defendants deny that Plaintiff is entitled to any further preliminary or permanent relief whatsoever.

**COUNT IV**

**Inducement of Copyright Infringement**

**Against All Defendants**

150.    With respect to the allegations contained in Paragraph 150, Defendants incorporate by reference as if set forth and repeated verbatim their responses to Paragraphs 1 through 104.

151.    Defendants deny each and every allegation contained in Paragraph 151.

152.    Defendants deny each and every allegation contained in Paragraph 152.

153.    Defendants deny each and every allegation contained in Paragraph 153.

154.    Defendants deny each and every allegation contained in Paragraph 154.

155.    Defendants deny each and every allegation contained in Paragraph 155.

156.    Defendants deny each and every allegation contained in Paragraph 156.

157.    Defendants deny each and every allegation contained in Paragraph 157.

158.    Defendants deny each and every allegation contained in Paragraph 158.

PRAYER FOR RELIEF:

A.      Defendants deny that Plaintiff is entitled to any preliminary or permanent injunctive relief whatsoever;

B.      Defendants deny that Plaintiff is entitled to an order requiring Defendants to transfer the domain Porn.com, and all similar domains held by Defendants, and domains held by Defendants linked to Porn.com and the content therein, to Plaintiff;

C.     Defendants deny that Plaintiff is entitled to an order requiring Defendants to serve a report setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     Defendants deny that Plaintiff is entitled any damages whatsoever;

E.     Defendants deny that Plaintiff is entitled to an accounting;

F.     Defendants deny that Plaintiff is entitled to any enhanced statutory damages and attorney's fees whatsoever;

G.     Defendants deny that Plaintiff is entitled to any pre-judgment or post-judgment interest whatsoever;

H.     Defendants deny that Plaintiff is entitled to recover any costs and expenses incurred in prosecuting this action whatsoever; and,

I.     Defendants deny that Plaintiff is entitled to any further preliminary or permanent relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants plead the following separate defenses.  Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.  By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a claim or defense where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE – LACK OF OWNERSHIP

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks ownership of some or all of the works identified in Plaintiff's FAC, including because Plaintiff is not listed as the claimant, author, and/or owner according to the United States Copyright Office records.

## SECOND AFFIRMATIVE DEFENSE – LACK OF STANDING

Defendants incorporate by reference their First Affirmative Defense.  Plaintiff lacks standing because Plaintiff lacks ownership of some or all of the works identified in

Plaintiff's FAC, including because Plaintiff is not listed as the claimant, author, and/or owner according to the United States Copyright Office records.  Plaintiff lacks standing to assert infringement of any copyrighted works in which Plaintiff does not possess the adequate ownership interest under the Copyright Act.

### THIRD AFFIRMATIVE DEFENSE – DMCA SAFE HARBOR

Plaintiff's claims are barred, in whole or in part, because Defendants are protected by one or more of the Digital Millennium Copyright Act ("DMCA") Safe Harbors under 17 U.S.C. § 512.  Defendants qualify as service providers under the DMCA and have adopted, informed users of, and reasonably implemented a repeat infringer policy and accommodated standard technical measures that are used by copyright owners to identify or protect copyrighted works and take down allegedly infringing materials.  Defendants lack actual knowledge of infringement and lack awareness of facts and circumstances that would make infringement apparent and expeditiously take down any allegedly infringing matter.  To the extent that Defendants have the right and ability to control any allegedly infringing activity, Defendants do not have a direct financial benefit from any alleged infringement.  Defendants have designated an agent for receipt of copyright claims both on the Porn.com website and with the United States Copyright Office.  Defendants adhere to the DMCA's notice-and-take-down regime and expeditiously remove any allegedly infringing content and/or block access to any such content on proper notice.  Defendants are thus protected at least by the safe harbor provisions of 17 U.S.C. § 512(c).

### FOURTH AFFIRMATIVE DEFENSE – NO ACT BY DEFENDANTS

Plaintiff's claims are barred, in whole or in part, against Defendants because none of the alleged conduct in the FAC that allegedly constitutes copyright infringement, even if true, was performed by any Defendant or anyone acting at the direction or on behalf of any Defendant.

### FIFTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Upon information and belief, Plaintiff is responsible for the allegedly infringing acts in the

FAC because Plaintiff has, and/or Plaintiff's agents at Plaintiff's direction have, created profiles on Porn.com (including the "fake profiles" alleged in the FAC), uploaded Plaintiff's alleged copyrighted works onto Porn.com, and accused Defendants of such conduct in order to bring this frivolous and baseless lawsuit for copyright infringement against Defendants. Upon information and belief, Plaintiff has a pattern of engaging in such practices.

### SIXTH AFFIRMATIVE DEFENSE – COPYRIGHT MISUSE

Defendants incorporate by reference their Fifth Affirmative Defense.  Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.  Upon information and belief, Plaintiff has (i) wrongfully attempted to expand the scope of the limited monopoly in ways not authorized or granted by the Copyright Act, and (ii) used its alleged copyrights in anti-competitive manners, including by filing this frivolous and objectively baseless lawsuit for the improper and unlawful purpose of stifling competition knowing that Defendants did not, and do not, infringe Plaintiff's alleged copyrights, and asserting copyrights in which it does not have ownership.

### SEVENTH AFFIRMATIVE DEFENSE – FAIR USE

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use under 17 U.S.C. § 707, including because any use by Defendants of the alleged copyrighted works identified in the FAC was non-commercial, and because Plaintiff routinely shares or makes available its videos and allegedly copyrighted works for free, including as "promotional materials."  *See, e.g.*, FAC ¶ 30.

### EIGHTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel, including because Plaintiff knew it had alleged copyrights in its works, Plaintiff intended for Defendants to use those copyrighted works, including under their relationship as "advertising affiliate[s] for Plaintiff," (*see, e.g., FAC ¶ 63*), Defendants reasonably inferred that Plaintiff intended to relinquish enforcement of its copyrights by not enforcing them against Defendants, and Defendants reasonably, justifiably, and to their detriment relied on

Plaintiff's misleading conduct and believed that Defendants' conduct was not wrongful and/or that Plaintiff would not pursue claims against Defendants.

### NINTH AFFIRMATIVE DEFENSE – ACQUIESCENCE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence because Plaintiff has acquiesced in any alleged copyright infringement, including because Plaintiff has failed to take action with respect to its alleged copyrighted works despite knowing such works are widely available on the Internet for free.

### TENTH AFFIRMATIVE DEFENSE – CONSENT

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent because Plaintiff has consented to any alleged usage of Plaintiff's alleged works, including as "promotional videos" Plaintiff routinely makes widely available.  *See, e.g.*, FAC ¶ 63.

### ELEVENTH AFFIRMATIVE DEFENSE – WAIVER

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver because Plaintiff has waived its right to claim any infringement of Plaintiff's alleged copyrighted works, including because Plaintiff has made its alleged works widely available on the Internet and failed to take action with respect to alleged copyright infringement.

### TWELFTH AFFIRMATIVE DEFENSE – LICENSE

Plaintiff's claims are barred, in whole or in part, because Defendants have one or more express or implied licenses to Plaintiff's alleged copyrighted works, including with respect to Plaintiff's "promotional videos."  *See, e.g.*, FAC ¶ 63.

### THIRTEENTH AFFIRMATIVE DEFENSE – INNOCENT INFRINGEMENT

Plaintiff's demands are limited because any alleged infringement by Defendants of Plaintiff's alleged copyrighted works was innocent.

### FOURTEENTH AFFIRMATIVE DEFENSE – LACHES

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff was not diligent in asserting its rights, causing prejudice to Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

Plaintiff's claims are barred, in whole or in part, by the statute of limitations under 17 U.S.C. § 507.

**SIXTEENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE AND PROTECT COPYRIGHTS**

Plaintiff's demands must be reduced or offset to the extent Plaintiff has failed to mitigate or avoid its purported harm or damages by failing to take reasonable steps to protect its alleged copyrights.

**SEVENTEENTH AFFIRMATIVE DEFENSE – NO DAMAGES**

Plaintiff cannot demonstrate that it has suffered any harm or damage from the display on Porn.com of its allegedly infringed full-length videos because those same full-length videos also appear elsewhere on the internet for free.

**EIGHTEENTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiff fails to state a claim against Defendants on which relief can be granted.

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues in the FAC and Defendant's Answer that may be tried by a jury.

DATED: October 26, 2020                Respectfully submitted,

                                       By: */s/ Erica J. Van Loon*

                                       Erica J. Van Loon (admitted *pro hac vice*)
                                       LATHROP GPM LLP
                                       2049 Century Park East, Suite 3500S
                                       Los Angeles, CA 90067
                                       Telephone: (310) 789-4600
                                       Facsimile:  (310) 789-4601
                                       erica.vanloon@lathropgpm.com

                                       *Attorneys for Defendants Sagan Limited,*
                                       *Cyberweb Limited, GLP 5, Inc., 1890933*
                                       *Ontario, Inc., formerly known as Netmedia*
                                       *Services, Inc., and David Koonar*

**<ins>CERTIFICATE OF SERVICE</ins>**

     I hereby certify that on October 26, 2020, I caused the foregoing DEFENDANTS SAGAN LIMITED, CYBERWEB LTD., 1890933 ONTARIO, INC. FORMERLY KNOWN AS NETMEDIA SERVICES INC., AND DAVID KOONAR'S ANSWER to be served via CM/ECF on the following individuals at the following email addresses:

    Veronica L. Manolio
    Manolio & Firestone, PLC
    8686 E. San Alberto Dr., Suite 200
    Scottsdale, Arizona 85258
    vmanolio@mf-firm.com

    Spencer Freeman
    Freeman Law Firm, Inc.
    1107 ½ Tacoma Ave. South
    Tacoma, Washington 98402
    sfreeman@freemanlawfirm.org

By: */s/ Erica J. Van Loon*
    Erica J. Van Loon